# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

ADVANCEME, INC.,

    Plaintiff

    v.

AMERIMERCHANT LLC,

    Defendant.

CASE NO. 6:06-CV-082 LED

## DEFENDANT AMERIMERCHANT LLC'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

### I.  ANSWER

Defendant AmeriMerchant LLC ("AmeriMerchant"), by the undersigned counsel, hereby files its First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint (the "Complaint"). Each of the paragraphs numbered 1-13 below corresponds to those paragraphs numbered 1-13 in the Complaint. AmeriMerchant denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

1. AmeriMerchant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies such allegations.

2. AmeriMerchant denies the allegations in paragraph 2 of the Complaint, except that it admits that it maintains its principal place of business at 475 Park Avenue South, New York, New York 10016.

3. The allegations set forth in paragraph 3 of the Complaint assert legal conclusions to which no response is necessary.

4. AmeriMerchant denies that it has, at any time, offered for sale any services that infringe the '281 patent in this or any other judicial district, and notes that the remainder of the allegations set forth in paragraph 4 of the Complaint assert legal conclusions to which no response is necessary.

5. AmeriMerchant admits that, according to the face of U.S. Patent No. 6,941,281 (the "'281 patent") it is entitled "Automated Payment" and was issued by the United States Patent and Trademark Office (the "Patent Office") on September 6, 2005. AmeriMerchant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, and therefore denies such allegations.

6. AmeriMerchant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies such allegations.

7. AmeriMerchant asserts and incorporates by reference its answers to paragraphs 1 through 6 herein.

8. AmeriMerchant denies each and every allegation set forth in paragraph 8 of the Complaint.

9. AmeriMerchant denies each and every allegation set forth in paragraph 9 of the Complaint.

10. AmeriMerchant denies each and every allegation set forth in paragraph 10 of the Complaint.

11. AmeriMerchant denies each and every allegation set forth in paragraph 11 of the Complaint.

12. AmeriMerchant denies each and every allegation set forth in paragraph 12 of the Complaint.

13. AmeriMerchant denies each and every allegation set forth in paragraph 13 of the Complaint.

## II. AFFIRMATIVE DEFENSES

14. The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

   (a) Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publications in this or a foreign country;

   (b) The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or were in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

   (c) The alleged invention of the '281 patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

   (d) The patentee did not invent the subject matter claimed in the '281 patent;

(e) Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it;

(f) The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g) The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h) The '281 patent does not contain a written description of the alleged invention thereof, and the manner and the process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which each alleged invention pertains or to which it is most nearly connected, to make and use the same; and

(i) The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent that are expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

15. AmeriMerchant has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

### III.     COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to AmeriMerchant's right to plead additional counterclaims as the facts of the matter warrant, Defendant hereby asserts the following counterclaims against Plaintiff.

1. AmeriMerchant is a limited liability company incorporated under the laws of the state of Delaware, with its principal offices at 475 Park Avenue South, New York, New York 10016.

2. Plaintiff alleges that it is a corporation organized under the laws of the state of Delaware with its principal place of business at 600 TownPark Lane, Suite 500, Kennesaw, Georgia 30144.

### JURISDICTION AND VENUE

3. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States and, more particularly, under Title 28 U.S.C. §§ 2201 and 2202, and Title 35 U.S.C. § 100, *et seq.*, respectively.  Jurisdiction is based on Title 28 U.S.C. §§ 1338 and 2201.  Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

5. Plaintiff alleges that based upon agreements it is the owner of all right, title, and interest in the '281 patent.

6. Plaintiff has asserted claims for patent infringement against AmeriMerchant and has filed this suit against AmeriMerchant in this Court for such alleged infringement.

7. There exists an actual justiciable controversy between AmeriMerchant and Plaintiff concerning the validity and alleged infringement of the '281 patent based upon Plaintiff's allegations of patent infringement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Invalidity of the '281 Patent)

8.  AmeriMerchant incorporates by reference paragraphs 1-7 above as though fully repeated here.

9.  The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112:

    (a)  Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publications in this or a foreign country;

    (b)  The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

    (c)  The alleged invention of the '281 patent was described in one or more patents granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

    (d)  The patentee did not invent the subject matter claimed in the '281 patent;

    (e)  Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by one or more persons who had not abandoned, suppressed, or concealed it;

    (f)  The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a

whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g)   The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h)   The '281 patent does not contain a written description of the alleged invention thereof, and the manner and the process of making and using them, in such full, clear, concise and exact terms as to enable any person skilled in the art to which each alleged invention pertains or to which it is most nearly connected, to make and use the same; and

(i)   The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent that are expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment –Non-Infringement of the '281 Patent)**

10.   AmeriMerchant incorporates by reference paragraphs 1-9 above as though fully repeated here.

11.   AmeriMerchant has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Judgment – Inequitable Conduct)**

12.   AmeriMerchant incorporates by reference paragraphs 1-11 above as though fully repeated here.

13. The '281 patent is unenforceable because the inventor and persons substantively involved in the prosecution of the '281 patent are guilty of inequitable conduct for violating their statutory duty of candor and good faith in prosecuting the '281 patent before the Patent Office.

(a) Those persons intentionally failed to alert the Patent Office of material publications describing or reflecting prior art systems and methods known to them during the prosecution of the '281 patent, including but not limited to documents reflecting the Clever Ideas-LeCARD method and system for automated payments by a merchant processor to LeCARD as repayment of obligations owed by a merchant to LeCARD, as well as other similar systems and methods, including but not limited to the Transmedia system and method; and the method and system used by FirstUSA for automated payments by FirstUSA, a merchant processor, for repayment of obligations owed by the merchant, as well as other similar merchant processor systems and methods.

(b) Those persons intentionally misrepresented to the Patent Office the inventorship of the '281 patent.

## IV.   EXCEPTIONAL CASE

14. This is an exceptional case under 35 U.S.C. § 285 and, as such, AmeriMerchant is entitled to recover from Plaintiff AmeriMerchant's attorneys' fees and costs incurred in connection with this action.

## REQUEST FOR RELIEF

Wherefore, AmeriMerchant respectfully requests that the Court grant it the following relief:

(a)     The entry of judgment for AmeriMerchant, dismissing Plaintiff's claims for relief in their entirety, with prejudice and costs;

(b)     a declaration that the claims of the '281 patent are invalid;

(c)     a declaration that AmeriMerchant has not and does not infringe any claim of the '281 patent and that AmeriMerchant is not liable for inducing or contributing to the infringement of any claim of the '281 patent;

(d)     a declaration that the '281 patent and all related patents are unenforceable for inequitable conduct;

(e)     a declaration that this case is exceptional;

(f)     an award of costs and attorney fees to AmeriMerchant; and

(g)     such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/ Hilary L. Preston
Hilary L. Preston
VINSON & ELKINS L.L.P.
666 Fifth Avenue – 26th Floor
New York, New York 10103
Phone: (212) 237-0000
Fax: (212) 237-0100

-and -

Willem G. Schuurman (TXBN 17855200)
Joseph D. Gray (TXBN 24045970)
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Phone: (512) 542-8400
Fax: (512) 236-3476

-and-

Douglas R. McSwane, Jr. (TXBN 13861300)
POTTER MINTON, P.C.
110 N. College
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

*ATTORNEYS FOR DEFENDANT
AMERIMERCHANT, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 7th day of July 2006.

/s/ Amy A. Reiley

721534_2.DOC