IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC. § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | CAUSE NO. 6:06cv082 LED | |
| § | | |
| AMERIMERCHANT LLC § | | |
|    Defendant § | | |

## STIPULATED PROTECTIVE ORDER

The parties hereto having stipulated and agreed, by and through their respective counsel, to the entry of a mutual Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court having approved the same,

**IT IS HEREBY ORDERED THAT:**

1.    Designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY"

Any party or third party witness or entity in this action (hereinafter "the designating party") shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" any document, information or other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains or reflects such information.

    a.    "CONFIDENTIAL INFORMATION" means information or other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, development, commercial, financial or personnel information.

{VAM\7560\0002\W0308836.1 }NewYork 183983v.2

  b. "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" means "CONFIDENTIAL INFORMATION" of a commercially sensitive nature that a producing party or producing third party determines in good faith would present a risk of negatively impacting its existing or prospective commercial relationships with business partners or governments, including, but not limited to, unpublished pending patent applications, foreign or domestic; non-public financial, marketing, strategic, organizational, operational, or competitive information; marketing and sales plans and forecasts; license information and agreements; or customer lists.

  2. <u>Restriction on Use and Disclosure of Designated and Non-Designated Materials</u>

No documents, information or things designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs 6, 7, 8, 9 and 10 of this Order. No person shall use any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," or any information derived therefrom, for any purpose other than to assist outside counsel of record in the preparation and trial of this action. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

  3. <u>Marking of Designated Materials</u>

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure. In the event that compilations of information are produced on computer systems or databases, such information shall be treated as "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" information pending the production of specific documents from such databases and systems at which time the documents will be formally designated. The legend shall substantially state: "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY." All documents to be so designated shall be marked prior to the provision of a physical copy thereof

to a receiving party. The designation as to things as to which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" legend in the form described above on the thing or the container within which it is stored. By agreement of counsel for the parties, documents may be made available for initial inspection by counsel for the requesting or receiving party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY." The furnishing party shall then have an opportunity to designate and mark the documents as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," pursuant to the provisions of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute a waiver of the attorney-client privilege, work product immunity or confidentiality with respect to any document so inspected.

4.   Designation of Deposition Testimony

Any party or deponent may unilaterally designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," provided such designation is either (a) made on the record during the deposition in which case the transcript of the designated testimony shall be bound in a separate volume and marked either "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by the reporter or (b) made by written notice to all counsel of record, given within ten (10) business days after a deposition transcript is received by the deponent or his counsel, in which case all counsel receiving a transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Pending the expiration of ten (10) days after a deposition transcript is received by the deponent or his counsel, all parties shall treat the deposition testimony and transcript as if it had been designated "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY." The designating party shall have the

right to have all persons, except the deponent and his counsel, outside counsel of record for named parties, the court reporter and such other persons as are permitted to see the designated material under 6 and 7 hereof , excluded from a deposition, or any portion thereof, before the taking therein of deposition testimony which the designating party designates under this Order.

5. Filing Designated Materials

Any materials which are filed with the Court for any purpose and which are designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each document there within and a statement substantially in the following form:

"CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER"

"This envelope (or container) containing documents (things) filed by [name of party] is not to be opened nor the contents thereof displayed, revealed or made public, except by written order of the Court or by agreement of the parties."

6. Access to "CONFIDENTIAL" Materials

Material designated as "CONFIDENTIAL" shall not be provided, shown, made available or communicated in any way to any person or entity with the exception of:

(i) outside counsel for the parties in this action whose duties and responsibilities require access to confidential information;

(ii) the regularly employed office staffs for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii) in-house counsel to the parties, provided that prior to disclosure of designated materials to any such in-house counsel, such in-house counsel indicates his or her agreement in writing to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT attached hereto as Exhibit A and a copy of such executed PROTECTIVE ORDER ACKNOWLEDGEMENT is provided to each outside counsel for the parties as identified in subparagraph (i) hereof;

   (iv) the Courts, court personnel and stenographic reporters;

   (v) experts specifically retained in and for this matter and subject to the provisions of paragraph 10 below;

   (vi) one technical or business employee of the parties to be designated in the future, on a need-to-know basis only, provided that prior to disclosure of designated materials to any such employee, such employee of the receiving party is provided with a copy of this Order and such individual agrees, in writing, to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT attached hereto as Exhibit A and a copy of such executed PROTECTIVE ORDER ACKNOWLEDGEMENT is provided to each outside counsel for the parties as identified in subparagraph (i) hereof;

   (vii) Jury consultants, who have first signed the PROTECTIVE ORDER ACKNOWLEDGEMENT, attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons; and

   (viii) Mock jurors and support vendors, who have first signed the PROTECTIVE ORDER ACKNOWLEDGEMENT, which shall be maintained by counsel retaining such persons.

   7. <u>Access to "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" Materials</u>

   Material designated as "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall not be provided, shown, made available or communicated in any way to any person or entity with the exception of:

   (i) outside counsel for the parties in this action whose duties and responsibilities require access to confidential information;

   (ii) the regularly employed office staffs for the outside counsel for the parties who are performing legal and other related support services in connection this action;

   (iii) the Courts, court personnel and stenographic reporters;

   (iv) experts specifically retained in and for this matter and subject to the provisions of paragraph 10 below;

   (v) Jury consultants, who have first signed the PROTECTIVE ORDER ACKNOWLEDGEMENT, attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons; and

   (vi) Mock jurors and support vendors, who have first signed the PROTECTIVE ORDER ACKNOWLEDGEMENT, which shall be maintained by counsel retaining such persons.

  8. <u>Disclosures to Authors and Previous Recipients</u>

  The designation of any document or other material as either "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information by the designating party.

  9. <u>Procedure for Seeking Additional Disclosures</u>

  Prior to any disclosure of material designated as either "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," other than as provided in 6, 7 and 8, above, counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosure, stating therein the specific material to be disclosed and the name, address and position of the person to whom it is intended that disclosure be made.  Disclosure to the person or persons so identified shall not be made until agreement of the designating party is obtained.  However, if the designating party does not convey an objection to the proposed disclosure within five (5) days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.  If within five (5) days of receipt of the written notification, the designating party gives written notification of its objection to the disclosure to counsel desiring

to make the disclosure, the proposed disclosure is forbidden until such time as the requesting party obtains a court order permitting such disclosure.

10. <u>Disclosure of Designated Material to Experts Specifically Retained For The Purposes of this Litigation</u>

Prior to any disclosure by a party of material designated as either "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by a designating party to any person specified in subsections 6 (v) and 7 (iv), counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosure, stating therein the specific material to be disclosed and the name, address and position of the person to whom it is intended that disclosure be made together with a current curriculum vitae including a list of all companies for which such person has consulted during the last three (3) years. Disclosure to the person or persons so identified shall not be made until five (5) days after a signed copy of PROTECTIVE ORDER ACKNOWLEDGEMENT has been provided to the designating party. If the designating party does not convey an objection to the proposed disclosure within five (5) days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If within five (5) days of receipt of the written notification, designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, the party seeking disclosure shall thereafter file a motion to permit such disclosure and the proposed disclosure will be forbidden until such time as the party seeking disclosure obtains a court order permitting such disclosure. Should the Court find that the position of the designating party opposing such disclosure is not made in good faith, the Court may award to the party seeking disclosure attorneys fees and other costs incurred in making the motion to permit disclosure.

11. <u>Retention of Confidential Materials</u>

All materials designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," and any and all copies or reproductions thereof, shall be retained (except as otherwise provided in paragraph number 14 hereof) as follows:

(i) materials designated "CONFIDENTIAL" are to be retained by the persons listed in subparagraph (i) of paragraph 6 hereof;

(ii) materials designated "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" are to be retained by the persons identified in subparagraph (i) of paragraph 6 hereof; and

(iii) independent experts authorized to view designated materials under the terms of this Order may retain custody of copies of such materials as may be necessary for their participation in this litigation.

12. <u>Use of Confidential Materials in Court Proceedings</u>

In the event that any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" is used in any court proceeding, including but not limited to use at trial, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. <u>Discovery Sought From Third Parties</u>

In the event that either party having possession, custody or control of any materials designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by the other party receives a subpoena or other process or order to produce such materials in another, unrelated legal proceeding from a non-party to this action, such party shall promptly notify counsel for the disclosing party of the subpoena or other process or order, furnish counsel for the disclosing party with a copy of said subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party whose interests may be affected. The party having designated such materials as "CONFIDENTIAL" or

"CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall have the burden of defending against such subpoena, process or order.

14. <u>Inadvertent Production of Privileged Materials</u>

It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity does not waive the attorney-client privilege or work-product immunity with respect to such production or with respect to other materials or information referred to in the materials produced if a request for return of such documents or information is made promptly after the disclosing party learns of its inadvertent production. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

15. <u>Disposition of Designated Materials at Conclusion of Case</u>

Within sixty (60) days of the adjudication or resolution through settlement of the claims at issue herein, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all material, including all copies and extracts thereof, to the party or third party witness or entity from whom the designated material was obtained. The party or parties receiving "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials may keep their attorney work product which refers or relates to any "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials. Attorney work product may be used in subsequent litigation provided that such use does not disclose or use "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" material or any information contained therein.

16. <u>Miscellaneous Provisions</u>

(i) This Protective Order shall be without prejudice to the right of either party to bring before the Court at any time the question of (a) whether any particular information is or is not confidential; or (b) whether any particular information is or is not relevant to any issue of

this case. Upon such hearing, the party asserting confidentiality or relevance shall have the burden of establishing the same.

    (ii) Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with this Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

    (iii) The inadvertent or unintended disclosure of materials designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by a designating party, or the failure to initially designate materials as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" under this Order, shall not be deemed a waiver of any claim for protection, provided the designating party gives prompt notice, after discovery of said inadvertent or unintended disclosure or the failure to initially designate, that the materials should be treated confidential in accordance with the provisions of this Order. Upon such notice, the receiving party must treat the material as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" and must then make a good faith effort to advise any person to whom such materials may have been disclosed as to the change in designation and the manner in which such materials should thereafter be treated.

    (iv) A party may object to the designation as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties are unable to resolve the objection within five (5) business

days after the time notice is received, the party or parties receiving the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials. Thereafter, the party or parties disclosing the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials shall have ten (10) days from the date of certification to file a motion for protective order with regard to any "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials in dispute. The party or parties producing the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials shall have the burden of establishing that good cause exists for maintaining the designation under this Protective Order. The disputed information shall be treated as designated (*i.e.*, "CONFIDENTIAL" or "CONFIDENTIAL OUSTIDE COUNSEL EYES ONLY") under the terms of this Protective Order until a party fails to timely move for a protective order or the Court rules on the motion.

(v) In the event any one shall violate, or threaten to violate, the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Protective Order shall continue to be binding after termination of this litigation, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials for enforcement of the provisions of this Protective Order following termination of this litigation.

(vi) Entry of this Order is without prejudice to any party seeking to impose further restrictions on the dissemination of certain materials designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" or seeking to rescind, modify, alter or amend this Order with respect to specific documents or information. The party seeking such relief shall first attempt in good faith to resolve the matter informally. If the matter cannot be resolved, the party seeking relief may then apply for a suitable order from the Court.

(vii) Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

(viii) Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

    a. at the time of disclosure hereunder, was generally known to the public or the document containing the information is already in the public record by publication or otherwise;

    b. since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

    c. at the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

    d. after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

    e. the disclosing party agrees may be disclosed to a third party under no obligation of confidentiality; or

    f. the disclosing party disclosed to any government entity without request for confidential treatment.

    g. The party claiming that he/she/it is relieved of the obligation of this Protective Order by operation of any of paragraph 16 (viii) (a-f) shall have the burden of proving that any of the provisions of paragraph 16 (viii) (a-f) apply.

  (ix) This Protective Order shall not bar any attorney herein, in the course of rendering advice to his/her client with respect to this litigation, from conveying to any party client his evaluation of the general implications of "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

 **SO ORDERED.**

 **DATED:** this \_\_\_\_ day of _____, 2006.

            _____
            The Honorable Leonard Davis
            United States District Judge