# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.,** § | |
| § | |
| *Plaintiff,* § | |
| § | **CAUSE NO. 6:06-CV-0082 LED** |
| v. § | |
| § | |
| **AMERIMERCHANT, LLC,** § | |
| *Defendant.* § | |

## Defendant AmeriMerchant, LLC's Motion for Leave to Amend
## Preliminary Invalidity Contentions

Defendant AmeriMerchant, LLC ("AmeriMerchant"[1]) files this Motion for Leave to Amend Preliminary Invalidity Contentions and, in support hereof, would respectfully show the Court as follows:

### Preliminary Statement

AmeriMerchant seeks leave to amend the Preliminary Invalidity Contentions filed in the above action to include prior art that anticipates all relevant asserted claims and was procured through diligent and extensive search efforts by Defendants after the service of their initial Preliminary Invalidity Contentions. As Plaintiff will suffer no prejudice from the amendment of the Preliminary Invalidity Contentions, AmeriMerchant respectfully requests that the Court grant its motion and permit the requested amendment.

---

[1] First Funds, LLC, Merchant Money Tree, Inc. and Reach Financial, LLC (collectively "the *RapidPay* Defendants," together with AmeriMerchant, "Defendants") are defendants in a parallel action, *AdvanceMe, Inc. v. Rapidpay, LLC et al.*, Civil Action No. 6:05-CV-424 LED (E.D. Tex.) (the "*RapidPay* action").

## I. BACKGROUND

On February 27, 2006, Plaintiff amended an existing complaint in the *RapidPay* action to add claims of infringement of United States Patent No. 6,941,281 (the "'281 Patent") against the RapidPay Defendants. Also on February 27, 2006, Plaintiff filed this parallel action against AmeriMerchant (the "*AmeriMerchant* action"), claiming infringement of the '281 Patent. Defendants' national counsel, Vinson & Elkins L.L.P. ("V&E"), was retained on April 20, 2006, and Defendants, with the assistance of counsel, immediately began searching for relevant prior art. Because of the nature of the claimed invention, a business method for automated payments, prior art could not be identified through the types of library, database, and patent office searches that are common, and often effective, in many patent infringement cases. As is shown below, locating prior art in this matter requires intensive personal investigation by Defendants into the decades-old practices of processing and related companies (who are often competitors of Defendants), location of witnesses who recall these practices (and are willing to speak with competitors about them), and location of relevant documents and agreements (which, if they have been maintained, are likely warehoused).

Nevertheless, by July 7, 2006, the deadline for filing preliminary invalidity contentions in the *RapidPay* action, the RapidPay Defendants identified four different pieces of prior art and served their preliminary invalidity contentions with supporting documentation. Defendants continued to search for relevant prior art, and on July 20, 2006, the deadline for filing preliminary invalidity contentions in the *AmeriMerchant* action, AmeriMerchant served its preliminary invalidity contentions, which included two pieces of prior art – referred to as the "Litle & Co. Prior Art" and "EDS Prior Art" – in

addition to the four pieces of prior art identified by the RapidPay Defendants, along with supporting documentation. The following day, July 21, 2006, the RapidPay Defendants amended their invalidity contentions to reflect these two new pieces of prior art.

*Search for Litle & Co. Prior Art.* The search for documents and information supporting the Litle & Co. Prior Art began days after V&E's retention when David Goldin (of AmeriMerchant) contacted Tim Litle, founder of Litle & Co. *See* April 26, 2006 E-Mail from David Goldin to Tim Litle, attached as Exhibit A to Declaration of Joseph D. Gray, dated September 13, 2006 ("Gray Declaration"). Mr. Litle sold the relevant company in 1995 and, accordingly, no longer possessed documents reflecting that company's practices in the late 1980s and early 1990s. As a result, locating potentially relevant documents took several months and required the cooperation of not only Mr. Litle but the new management of the company he sold (now called Paymentech, which is a competitor of Mr. Litle's current company). It was not until June 19, 2006 that Paymentech provided any documents regarding the prior art practiced by Litle & Co. in the early 1990s, and then provided only fragments of relevant documents. *See* Facsimile from Paymentech to David Goldin, dated June 19, 2006, attached as Exhibit B to Gray Declaration. Defendants diligently continued the effort to locate complete copies of documentation, and on July 14, 2006, Defendants received additional relevant documents from Paymentech. *See* E-Mail from David Goldin to Tim Litle, dated July 14, 2006, attached as Exhibit C to Gray Declaration. These documents were produced to Plaintiff and analyzed in AmeriMerchant's Preliminary Invalidity Contentions (*see* page 3, *supra*, served on July 20, 2006) and in the RapidPay Defendants' Amended Preliminary Invalidity Contentions (*see* page 3, *supra*, served July 21, 2006). On July 25, 2006,

3

Defendants finally received a complete agreement and additional supporting documentation regarding the prior art practiced by Litle & Co. *See* Facsimile from Paymentech to David Goldin, dated July 25, 2006, attached as Exhibit D to Gray Declaration. Defendants promptly provided these documents to Plaintiff on July 28, 2006.

On August 30 and 31, 2006, Defendants again promptly provided additional documents supporting the Litle & Co. Prior Art and served amended preliminary invalidity contentions in both actions (the AmeriMerchant Amended Preliminary Invalidity Contentions and the RapidPay Defendants' Second Amended Invalidity Contentions). These amendments did not add new prior art but only provided additional support for the Litle & Co. Prior Art previously identified in AmeriMerchant's Preliminary Invalidity Contentions, served July 20, 2006. Unfortunately, Defendants did not seek an order of the Court allowing these amendments in the *RapidPay* and *AmeriMerchant* actions or allowing the previous amendment on July 21, 2006 in the *RapidPay* action. Defendants respectfully seek by this motion an order of the Court permitting them to amend their preliminary invalidity contentions pursuant to P.R. 3-7.

## II.   ARGUMENT

As this Court has held, Preliminary Invalidity Contentions may be amended upon the showing of good cause. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004) (Davis, J.) ("Patent Rule 3-7 incorporates Rule 16(b)'s good cause standard by stating 'amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good

4

cause.'"); *see* FED. R. CIV. P. 16 (providing in part, "a [scheduling order] shall not be modified except upon a showing of good cause and by leave of the district court . . . .").

"The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines." *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006) (Davis, J.) (citing *S&W Enters., L.L.C. v. SouthtrustBank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). In a recent decision by this Court permitting amendment of invalidity contentions after the prescribed deadline, four considerations were weighed: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Alt v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 4435 (Feb. 1, 2006) (Davis, J.) (internal citations omitted). As set forth below, each of these factors weighs strongly in favor of permitting the requested amendment.

    **A.    Defendants Diligently Searched for Potentially Relevant Prior Art and Gave Notice to Plaintiff Promptly After Discovery**

As set forth above in the Background section, the documents and analysis contained in AmeriMerchant's Amended Preliminary Invalidity Contentions and the RapidPay Defendants' Second Amended Preliminary Invalidity Contentions could not have been submitted by the initial deadlines prescribed in the applicable Docket Control Orders because these documents and this information was not actually available to, or reasonably obtainable by, Defendants at that time. The materials supporting the Litle & Co. Prior Art were obtained after several months of diligent investigation and effort by Defendants. *See* pages 3-4, *supra*. Initial contact was made with Mr. Litle in April 2006, only days after V&E was retained. The documents sought were more than a decade out

5

of date, and the involved company, Litle & Co., had been sold in the intervening years. *See supra.* Relevant documents and information had to be unearthed from the archives of Litle & Co.'s successor company – and Mr. Litle's current competitor – Paymentech. Defendants obtained documents sufficient to show that Litle & Co.'s practices in the early 1990s anticipated asserted claims of the '281 patent just after the *RapidPay* deadline for submitting preliminary invalidity contentions, but just before the deadline in the *AmeriMerchant* action. Accordingly, AmeriMerchant timely included the Litle & Co. Prior Art in its Preliminary Invalidity Contentions. The following day, the RapidPay Defendants gave notice to Plaintiff, who is the same in both actions, that it would seek to include the Litle & Co. Prior Art in an amended version of their invalidity contentions, and the RapidPay Defendants provided the analysis required by P.R. 3-3 at that same time. Subsequently, Defendants obtained additional documentation supporting the Litle & Co. Prior Art. Defendants produced this documentation to Plaintiff within days of receiving it, and then also provided a revised P.R. 3-3 analysis. *See supra*.

The initial deadlines for provision of the Preliminary Invalidity Contentions were July 7 and 20 for the *RapidPay* and *AmeriMerchant* actions, respectively. Despite diligently beginning their efforts to obtain relevant Litle & Co. documents within days of V&E's involvement and several weeks before these deadlines, Defendants did not obtain complete copies of the supporting documents until late July. Accordingly, Defendants could not have filed by the initial deadline the invalidity contentions that it now seeks permission to include in an amendment.

6

### B.   The Litle & Co. Prior Art Anticipates All Relevant Asserted Claims

The second factor considered by the Court in evaluating whether a modification of the schedule is appropriate is the importance of the material that could be excluded if the modification is not permitted. *See Alt*, 2006 U.S. Dist. LEXIS 4435. Here, the additional documents and analysis included in the amended invalidity contentions are critically important to Defendants' defense of AdvanceMe's claims as they further demonstrate that Litle & Co. was practicing commercially and publicly a method and system that anticipates all relevant asserted claims. The importance of these materials was recently confirmed in a deposition of Mr. Litle, in which he testified in detail as to how the activities of the company he founded, as supported by these additional documents, anticipate every relevant claim of the '281 patent. Defendants intend to file a partial summary judgment motion for invalidity based on the prior art that was originally disclosed in the AmeriMerchant Preliminary Invalidity Contentions served July 20, 2006 (and in the RapidPay Defendants' Amended Preliminary Invalidity Contentions served July 21, 2006), further developed in the AmeriMerchant Amended Preliminary Invalidity Contentions and the RapidPay Defendants' Second Amended Preliminary Invalidity Contentions (both served August 30, 2006), and then confirmed in Mr. Litle's deposition.

Where, as is true here, the prior art sought to be included in an amendment shows a prior invention of the asserted claims "by someone other than the alleged inventor," this Court has agreed that defendants satisfy this second prong of the analysis. *See Alt*, 2006 U.S. Dist. LEXIS 4435, *12-13 (agreeing that such prior art is "very important to [defendant's] ability to mount a defense to [plaintiff's] infringement claims and that

7

[defendant] would suffer significant prejudice in the event it was not allowed to present these references").

### C. There Will Be No Prejudice to Plaintiff if the Court Permits the Amendment

Plaintiff cannot credibly argue that they have been or will be prejudiced if the requested amendment is permitted. AmeriMerchant included the initial framework for the Litle & Co. Prior Art in its Preliminary Invalidity Contentions, which were served by the deadline prescribed in this Court's Docket Control Order. As additional supporting documents were painstakingly obtained by Defendants, they were provided promptly to Plaintiff, as were supplemental analyses under P.R. 3-3. And all of these documents and supplemental analyses were provided to Plaintiff well in advance of any significant deadlines or other events in this matter and within weeks of the initial deadlines for serving preliminary invalidity contentions (approximately eight weeks in *RapidPay* action and five weeks in *AmeriMerchant* action). *Cf. Alt*, 2006 U.S. Dist. LEXIS 4435, *13-14 (rejecting claims of prejudice when amendment was sought *seven months* after the initial deadline for preliminary invalidity contentions and after claim construction briefing and the *Markman* hearing).

Furthermore, Plaintiff had sufficient notice of the Litle & Co. Prior Art to prepare document requests to (and receive a document production from) Mr. Litle, which Plaintiff did, in advance of Mr. Litle's deposition on September 6, 2006. And Counsel for Plaintiff had an ample opportunity at Mr. Litle's deposition to examine him on any aspects of the prior art references and documentation, thereby undercutting any claim of prejudice Plaintiff might assert.

Last, although Plaintiff now has determined to oppose Defendants' application for leave to amend, this position is surprising given that it stands in stark contrast to Plaintiff's *express* request on August 2, 2006 – after receiving AmeriMerchant's Preliminary Invalidity Contentions and the RapidPay Defendants' Amended Preliminary Invalidity Contentions – that "[i]n the interest of clarity" Defendants "amend [their] invalidity contentions to describe exactly how each of these pieces of alleged prior art directly anticipates each of the claims at issue and the precise evidence relied on by the defendants to establish this." *See* Letter from Ronald Lemieux to Willem Schuurman, dated August 2, 2006, attached as Exhibit E to Gray Declaration. Plaintiff's initial desire for "clarity" on the merits of this dispute apparently evaporated within the past month.

### D. Availability of a continuance to cure such prejudice

While the early notice to Plaintiff and opportunity to examine Mr. Litle regarding the Litle & Co. Prior Art precludes any credible claim of prejudice, any prejudice that Plaintiff does claim could be resolved by a continuance of the pre-trial deadlines. This Court has recently recognized that such a continuance may cure the prejudice caused by amendments to infringement or invalidity contentions. *See Ciena Corp.,* 233 F.R.D. at 496; *Alt v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 4435 at *16 (E.D.Tex. Feb. 1, 2006) (Davis, J.).

### III. CONCLUSION

As demonstrated above, AmeriMerchant has established the good cause required to amend its preliminary invalidity contentions pursuant to P.R. 3-7. For this reason, AmeriMerchant respectfully requests that the Court grant its Motion for Leave to Amend Preliminary Invalidity Contentions.

September 13, 2006                                  Respectfully submitted,

                                              By:  */s/ Joseph Gray*
                                                   William G. Schuurman
                                                   Texas State Bar No. 17855200
                                                   bschuurman@velaw.com
                                                   Joseph D. Gray
                                                   Texas State Bar No. 24045970
                                                   jgray@velaw.com
                                                   **VINSON & ELKINS L.L.P.**
                                                   2801 Via Fortuna, Suite 100
                                                   Austin, Texas 78746
                                                   Telephone: 512.542.8400
                                                   Facsimile: 512.236.3476

                                                   Hilary L. Preston
                                                   hpreston@velaw.com
                                                   **VINSON & ELKINS L.L.P.**
                                                   666 Fifth Avenue – 26th Floor
                                                   New York, NY 10103
                                                   Telephone: 212.237.0000
                                                   Facsimile: 212.237.0100

                                                   Douglas R. McSwane, Jr.
                                                   State Bar No. 13861300
                                                   **POTTER MINTON**
                                                   A Professional Corporation
                                                   110 N. College
                                                   500 Plaza Tower (75702)
                                                   P.O. Box 359
                                                   Tyler, Texas 75710
                                                   Telephone: 903.597.8311
                                                   Facsimile: 903.593.0846
                                                   E-mail:
                                                   dougmcswane@potterminton.com

                                                   *Counsel for Defendant*
                                                   *AmeriMerchant, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 13th day of September, 2006. Any other counsel of record will be served by first class mail on this same date.

*/s/ Joseph Gray*
Joseph Gray

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendant has conferred with counsel for Plaintiff regarding the substance of this motion in a good faith attempt to resolve the matter without court intervention. Plaintiff is OPPOSED to the relief sought herein.

*/s/ Joseph Gray*
Joseph Gray

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADVANCEME, INC., § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | | CAUSE NO. 6:06-CV-0082 LED |
| § | | |
| AMERIMERCHANT, LLC, § | | |
|     *Defendant.* § | | |

**Order Granting Defendant AmeriMerchant, LLC's Motion for Leave to Amend
Preliminary Invalidity Contentions**

On this day, the Court considered Defendant AmeriMerchant, LLC's Motion for Leave to Amend Preliminary Invalidity Contentions. After careful consideration and having found good cause exists for the amendment, the Court is of the opinion that the motion should be, and is hereby, GRANTED.

It is, therefore, ORDERED that Defendant AmeriMerchant, LLC may amend its preliminary invalidity contentions.

SIGNED this ____ day of September, 2006.

_____
The Honorable Leonard Davis
United States District Court
for the Eastern District of Texas