# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC., | § § § | CIVIL CASE NO. 6:06-cv-82 (LED |
| Plaintiff, | § | |
| v. | § § | JURY TRIAL DEMANDED |
| AMERIMERCHANT, LLC, | § § | |
| Defendant. | § | |

## ADVANCEME, INC.'S OPPOSITION TO AMERIMERCHANT, LLC'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT .............................................................................1

II.   FACTUAL BACKGROUND ...............................................................................2

    A.    Defendants Submit Preliminary Invalidity Contentions That Vaguely
        Describe the Litle Prior Art ......................................................................2

    B.    After Extensive Discovery Is Underway, AmeriMerchant Suddenly
        Purports to Serve A Set of "Amended" Contentions..................................4

    C.    AdvanceMe Informs AmeriMerchant That Its Amendments Are
        Unauthorized .............................................................................................5

    D.    AdvanceMe's Efforts to Finally Cease AmeriMerchant's "Shifting Sands"
        Approach to its Invalidity Contentions Is Unsuccessful ...........................6

III.  ARGUMENT....................................................................................................7

    A.    Standards Governing This Motion ............................................................7

    B.    AmeriMerchant's Lack of Diligence and Violations of the Court's Patent
        Rules Compel Denial of the Motion..........................................................8

    C.    AmeriMerchant's Failure to Attach Its Proposed Amendments Requires
        Denial of the Motion..................................................................................9

    D.    AmeriMerchant's Motion Fails to Satisfy the Factors Delineated By This
        Court ........................................................................................................10

    E.    In the Event This Motion Is Granted, This Should Be the Last Amendment
        That AmeriMerchant Is Permitted to Serve In This Case ......................12

IV.   CONCLUSION ...............................................................................................13

# TABLE OF AUTHORITIES

Page

## CASES

S & W Enters., L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 535
    (5th Cir. 2003) ...................................................................................................................7, 8

STMicroelectronics, Inc. v. Motorola, Inc. 307 F.Supp.2d 845, 849
    (E.D. Tex. 2004) ..........................................................................................................7, 8, 9, 10

Plaintiff AdvanceMe, Inc. ("AdvanceMe") hereby opposes AmeriMerchant, LLC's ("AmeriMerchant") Motion for Leave to Amend its Preliminary Invalidity Contentions and, in support thereof, would respectfully show the Court as follows:

## I.    PRELIMINARY STATEMENT

AmeriMerchant's motion should be denied. AmeriMerchant is seeking to significantly revamp its invalidity contentions, even though AmeriMerchant was fully aware of the information it now seeks to add at the time it served its original Preliminary Invalidity Contentions. There is simply no excuse for AmeriMerchant to have waited several months to add this information. Since AmeriMerchant filed its original Preliminary Invalidity Contentions, the parties have conducted extensive discovery, traveled across the country to take depositions, and prepared for mediation and claim construction. AmeriMerchant's lack of diligence compels the denial of this motion.

AmeriMerchant's motion also suffers from another fatal flaw – AmeriMerchant has failed to submit the content of the proposed amendments to the Court. AdvanceMe is at a loss as to how this Court can adequately evaluate a motion for leave to amend, when the proposed amendments have not even been disclosed. It is AmeriMerchant's burden to disclose its proposed amendments to the Court and explain why it has acted diligently with respect to each amendment. AmeriMerchant has not even attempted to carry this burden.

AmeriMerchant acts like its invalidity contentions are something that can be changed at its whim and be regularly "updated" whenever it takes a deposition or conducts further analysis of a prior art reference. This approach is simply not permitted by this Court's Patent Rules. Under the Patent Rules, a "shifting sands" approach to invalidity contentions is impermissible; rather, AmeriMerchant was required to provide complete contentions early in the case so that the

parties could conduct discovery thereon. Yet, not only has AmeriMerchant brought the instant motion to add information it has known for months, it has also threatened to bring *another* motion to further amend its invalidity contentions after the instant one is decided!

AdvanceMe needs finality in this process. Under the Patent Rules, AdvanceMe was entitled to know on July 20, 2006 the entire scope of AmeriMerchant's invalidity contentions. Yet, several months later, AmeriMerchant is still attempting to rewrite large portions of its contentions. At some point, enough must be enough. Accordingly, to the extent that AmeriMerchant is permitted any amendment of its Preliminary Invalidity Contentions pursuant to this motion, this should be the *last* amendment permitted to AmeriMerchant in this case.

## II.    **FACTUAL BACKGROUND**

### A.    **Defendants Submit Preliminary Invalidity Contentions That Vaguely Describe the Litle Prior Art.**

On February 27, 2006, AdvanceMe filed its complaint for patent infringement against AmeriMerchant. Docket Entry ("D.E.") 1. After the filing of the complaint, AmeriMerchant immediately conducted efforts to locate relevant prior art. Indeed, the documentation submitted by AmeriMerchant on this motion indicates that its search began at least as early as March 3, 2006, six days after the Complaint was filed. Gray Declaration, Exh. B (facsimile dated March 3, 2006 concerning alleged prior art, which was re-faxed in June). Under the Court's Docket Control Order, AmeriMerchant had several months – until July of 2006 – to disclose its Preliminary Invalidity Contentions.

At least as early as April of 2006, AmeriMerchant began communications with an individual named Tim Litle, concerning an alleged prior art process by a company called Litle & Co. that involved postage financing. On April 26, contact information was exchanged between Mr. Litle and Mr. Goldin, the CEO of AmeriMerchant. Declaration of Michael Edelman

-2-

("Edelman Decl."), Exh. A. On April 27, Mr. Goldin forwarded an article from Forbes magazine he had located concerning a customer of Litle & Co. called Exposures, which allegedly references the postage financing program. Id., Exh. B.

On June 19, 2006, almost a month before the deadline for Preliminary Invalidity Contentions, Mr. Goldin was forwarded further documentation relating to the Litle postage financing system, including a Promissory Note for Postage Advances, a Security Agreement, a Demand Promissory Note for Postage Advances, and a Subordination Agreement. Edelman Decl., Exh. C. This documentation was apparently forwarded by Paymentech, the company that had acquired Litle & Co. in 1995.

On June 20, 2006, Mr. Goldin contacted Mr. Litle and attached a "copy of the schedule/security agreement of the postage financing agreement w/ Exposures." Edelman Decl., Exh. D. The email further stated that "[t]he patent attorneys think it's enough to "start" and we may ask for testimony from you, etc. that further details how the program worked if needed." Id. As this email indicates, one month *before* the July 20, 2006 deadline for AmeriMerchant to submit its Preliminary Invalidity Contentions, it had already received information about the Litle program, and its "patent attorneys" had already analyzed the documents and considered asking for testimony from Mr. Litle about them.

On June 27, 2006, discussions with Mr. Litle continued concerning the alleged prior art. On that date, Mr. Litle informed Mr. Goldin of yet more details concerning this alleged prior art. Edelman Decl., Exh. E. Mr. Goldin responded that Mr. Litle's testimony will help "put the pieces of the puzzle together," and further talked about the need to do "automatic disclosures" for the Court. Id. The email further stated that "[t]he patent attorney's know about your

-3-

willingness to testify and I will keep you posted well ahead in advance of the progress of what's going on." Id.

As the above indicates, long *before* the time that AmeriMerchant was required to serve its Preliminary Invalidity Contentions on July 20, 2006, it had received extensive information about the alleged Litle prior art. AmeriMerchant had received documents about this alleged prior art, reviewed those documents, communicated with Mr. Litle about the documents, and specifically discussed with Mr. Litle the fact that this alleged prior art might be disclosed. Accordingly, AmeriMerchant had the ability to provide contentions which contained its complete positions concerning the alleged Litle prior art.

On July 20, 2006, AmeriMerchant served its Preliminary Invalidity Contentions. Edelman Decl., Exh. G. Even though AmeriMerchant had spent *weeks* communicating with Mr. Litle, the disclosures about the Litle prior art were vague and conclusory. Id. at Ex. 6.

**B.      After Extensive Discovery Is Underway, AmeriMerchant Suddenly Purports to Serve A Set of "Amended" Contentions.**

In July and August of 2006, the parties conducted extensive discovery to prepare for trial in this case. For instance, AmeriMerchant noticed the deposition of named inventor Barbara Johnson in New York, and therefore AdvanceMe was forced to incur substantial costs and expenses to defend that deposition. The parties also propounded extensive document requests, engaged in a huge amount of meet and confer, propounded interrogatories, and engaged in meet and confer over claim construction. Throughout this entire process, AmeriMerchant never once brought a motion for leave to amend its Preliminary Invalidity Contentions.

On August 30, 2006, AmeriMerchant purported to serve a set of "amended" invalidity contention. Edelman Decl., Exh. Q. However, AmeriMerchant did *not* bring a motion to amend its invalidity contentions as required by Court order, and therefore these purported amendments

-4-

were without any force or effect.  Further, the attempted "amendments" in these set of conditions were very extensive.  In essence, these amendments attempted to completely rewrite the disclosures concerning the alleged Litle prior art.  Id., Exh. M.

Clearly, the further attempt by AmeriMerchant to "amend" its contentions without leave of court threatened to throw the discovery process into chaos.  Indeed, between the time that the Preliminary Invalidity Contentions and the "Amended" contentions were served, the parties had engaged in even more discovery and trial preparation, and AdvanceMe had heavily relied upon the Preliminary Invalidity Contentions to prepare its case.  Accordingly, AdvanceMe was left with no choice but to inform AmeriMerchant that its "amendments" were unauthorized and impermissible.  Edelman Decl., Exh. N.

## C.  AdvanceMe Informs AmeriMerchant That Its Amendments Are Unauthorized.

On September 1, 2006, AdvanceMe sent a letter to AmeriMerchant informing it that its attempted "amendments" were impermissible and unauthorized.  Edelman Decl., Exh. N. AdvanceMe assumed that would be the end of the matter.

However, a few days later, the parties attended the deposition of Mr. Litle in Lowell, Massachusetts.  During a break in this deposition, AmeriMerchant's counsel suddenly raised, for the very first time, the prospect that it would file a motion for leave to amend its Preliminary Invalidity Contentions to add the new information in its "Amended" contentions.  Edelman Decl., ¶17.  AdvanceMe responded that it had very good arguments as to why none of those amendments would be permitted.  Id.  AdvanceMe further indicated that, if it was to consider agreeing to any of these amendments, it could not do so unless it received a stipulation that the attempts by AmeriMerchant to amend its contentions would be at an end.  Id.

-5-

AmeriMerchant's response to this point was to reveal that it anticipated bringing a *second* motion to amend their invalidity contentions at some undetermined future date, based on information it may learn in the Litle deposition. Edelman Decl., ¶17. In other words, even if AdvanceMe decided to overlook AmeriMerchant's previous violation of the Court rules and agree that the "Amended" contentions were permissible, AmeriMerchant would still be filing *another* motion for leave to amend their invalidity contentions, containing even *more* proposed amendments.

During the deposition of Mr. Litle, AmeriMerchant's counsel introduced as an exhibit a chart relating to their "new" contentions concerning the Litle prior art – even though those contentions had never been approved by the Court and had only recently been served by the Defendants. Edelman Decl., Exh. P. AmeriMerchant then proceeded to ask a series of questions of Mr. Litle concerning these "amended" contentions. Id., ¶18. This placed AdvanceMe in an impossible situation. Since AdvanceMe had just received the contentions and they were not yet even part of the case, AdvanceMe had not even received the opportunity to conduct investigation on the unauthorized "amendments," and therefore could not conduct its own questioning of Mr. Litle on these new contentions.

### D.    AdvanceMe's Efforts to Finally Cease AmeriMerchant's "Shifting Sands" Approach to its Invalidity Contentions Is Unsuccessful.

After the Litle deposition, the parties met and conferred further on the prospect of a motion to amend the Defendants' Preliminary Invalidity Contentions. During the meet and confer, AdvanceMe continued to make clear that it believed any such motion would be unsuccessful. Edelman Decl., ¶19. However, AdvanceMe also explored the possibility of stipulating to one or more of the AmeriMerchant's unauthorized amendments, if it would mean that AmeriMerchant's attempt to "amend" its contentions would finally come to an end. Id.

AmeriMerchant refused, however, to agree to this condition. Id. Indeed, AmeriMerchant again repeated that, even if the upcoming motion to amend was granted, it intended to bring yet *another* motion to amend in the future. Id. In response, AdvanceMe's counsel suggested that, at minimum, AmeriMerchant should just place all its sought-after amendments in a single document, rather than burdening the parties with multiple motions. Id. AmeriMerchant refused to agree to this suggestion, and instead stated that it was not yet "ready" to make a decision as to whether to file another motion for leave. Id.

On September 13, 2006, AmeriMerchant filed the instant motion. D.E. 42. In the motion, AmeriMerchant failed to submit *any* of its proposed amendments to the Court, nor did it submit a redlined version showing the changes it proposed to make from the Preliminary Invalidity Contentions. Id. Nor did AmeriMerchant mention that it had threatened to file another motion for leave to amend, even if the Court was to grant this one. Id. Shortly after the instant motion was filed, AmeriMerchant sent a letter to AdvanceMe saying that it had decided to add yet *more* amendments, and asked AdvanceMe to stipulate to a brand-new set of amended contentions. Edelman Decl., Exh. O.

## III.    ARGUMENT.

### A.    Standards Governing This Motion.

A party seeking to amend its patent contentions must show "good cause," i.e., the same standard that applies to amend a court's scheduling order. FRCP 16(b); STMicroelectronics, Inc. v. Motorola, Inc., 307 F.Supp.2d 845, 849 (E.D. Tex. 2004) This good cause standard *"requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."* Id. at 850, quoting S & W Enters., L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003) (emphasis added). Further, a party

seeking to modify or update their contentions must act *immediately* after it discovers that its disclosure is incomplete or inaccurate. STMicroelectronics, 307 F.Supp.2d at 850.

There are four elements trial courts have been directed to consider when determining whether to allow a modification: (1) the explanation for the failure to meet the deadline, (2) the importance of the thing that would be excluded, (3) potential prejudice in allowing that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. STMicroelectronics, 307 F.Supp.2d at 850. Under element one, a party's failure to meet a deadline due to mere inadvertence "is tantamount to no explanation at all." S & W Enters., 315 F.3d at 536.

### B.    AmeriMerchant's Lack of Diligence and Violations of the Court's Patent Rules Compel Denial of the Motion.

In order for a party to amend its patent contentions under the Patent Rules, it must first carry its burden of demonstrating that it acted with *diligence*. To meet its burden, AmeriMerchant was required to show that "the deadlines cannot reasonably met despite the diligence of the party needing the extension." S & W Enters., L.L.C., 315 F.3d at 535. If this demonstration is not made, the inquiry as at an end. STMicroelectronics, 307 F.Supp.2d at 851 (denying motion to amend due to failure to carry burden of showing diligence, before even reaching issue of prejudice).

Here, the evidence conclusively reflects that AmeriMerchant did *not* act diligently. Though AmeriMerchant had received the Litle documents in June, and had full access to Mr. Litle in June, its invalidity contentions about the Litle prior art were vague and conclusory. Now, several months later, AmeriMerchant wants to revamp its contentions about this art from scratch. This is the very opposite of reasonable diligence.

-8-

Further, AmeriMerchant alleges that it obtained "complete" copies of the supporting documentation in "late July." Motion, p. 6. If this is true, then why did AmeriMerchant wait for *an additional two months* to file the instant motion, during which time the parties were engaged in intense discovery and claim construction activities? The law is clear that a party seeking to modify or update their contentions in a patent case must act *immediately* after it discovers that its disclosure is incomplete or inaccurate. STMicroelectronics, 307 F.Supp.2d at 850. AmeriMerchant's two-month delay is completely unaddressed by its motion.

Rather than squarely acknowledge that this motion is months too late, the most that AmeriMerchant acknowledges is that "[u]nfortunately, Defendants did not seek an order of the Court allowing these amendments . . ." Motion, p. 4. AmeriMerchant fails to recognize that its failure to follow this Court's Patent Rules is not simply "unfortunate," but threatens to cause significant prejudice to the prosecution of this case. Under this Court's precedents, the failure of AmeriMerchant to act diligently is the death knell for the relief that it seeks.

C.    **AmeriMerchant's Failure to Attach Its Proposed Amendments Requires Denial of the Motion.**

AmeriMerchant's motion must also fail for another threshold reason – AmeriMerchant has not submitted its proposed amendments to the Court. Rather, AmeriMerchant vaguely states that it seeks amendments relating to the Litle prior art, but never identifies precisely what amendments it is talking about. This omission is a most serious matter. It was AmeriMerchant's burden to attach its proposed amendments to its motion, explain to the Court where the amended contentions differ from the Preliminary Invalidity Contentions, and specifically address why the "new" information could not with reasonable diligence have been included in the Preliminary Invalidity Contentions. AmeriMerchant's failure to do any of this dooms its motion.

Presumably, the reason that AmeriMerchant failed to attach its proposed amendments to their motion is because, if it had done so, it would have instantly revealed the startling nature of those amendments. AmeriMerchant's "Amended" contentions contain dozens of changes from the Preliminary Invalidity Contentions, including a complete rewrite of the portion of the contentions discussing the Litle prior art. Edelman Decl., Exh. M. AmeriMerchant's motion does not attempt to specifically address these new contentions, nor does it explain why the contentions could not have been asserted earlier.

### D.    AmeriMerchant's Motion Fails to Satisfy the Factors Delineated By This Court.

The four factors set forth in <u>STMicroelectronics</u> for determining whether to allow a modification weighs heavily in favor of denying AmeriMerchant's motion to amend its invalidity contentions.

The first factor is the "explanation for the failure to meet the deadline." <u>STMicroelectronics</u>, 307 F.Supp. at 851. As explained at length above, AmeriMerchant failed to attach or cite its proposed amendment, much less provide any specific explanation for why the information in these amendments, could not have been included in the original Preliminary Invalidity Contentions. Accordingly, this factor weighs overwhelmingly in favor of denial of this motion.

The second factor is the importance of the material that would be excluded. AmeriMerchant contends that the Litle prior art would somehow anticipate the patent claims. Yet, AmeriMerchant fails to attach or cite *any evidence* to demonstrate this is so, but rather relies only on lawyer's argument. Further, AmeriMerchant overlooks that it is making precisely the same anticipation argument with respect to five other prior art references, each of which were timely disclosed in AmeriMerchant's Preliminary Invalidity Arguments. Accordingly, denial of

this motion would not deprive AmeriMerchant of the ability to file a summary judgment motion on anticipation grounds.

The third factor is the prejudice to AdvanceMe if the Court permits the amendments. A re-writing of the invalidity contentions to include the amendments requested by AmeriMerchant would significantly prejudice AdvanceMe. For the last several months, AdvanceMe has prepared discovery requests, responded to discovery, conducted depositions, and prepared for claims construction relying on AmeriMerchant's original Preliminary Invalidity Contentions. If this motion was granted, AdvanceMe would be required to do much of this work over again simply because AmeriMerchant did not act with diligence in including these amendments in its original contentions.

The deposition of Mr. Litle is a perfect example of the extreme prejudice that the belated amendments would inflict on AdvanceMe. At the time that AdvanceMe noticed Mr. Litle's deposition, AdvanceMe had not received an opportunity to even review AmeriMerchant's "Amended" contentions, much less be prepared to conduct deposition questioning on them. If AmeriMerchant's motion was granted, AdvanceMe would have to re-depose Mr. Litle all over again.

This prejudice is just the tip of the iceberg. The "Amended" contentions served by AmeriMerchant contain numerous new contentions that were not previously contained in the Preliminary Invalidity Contentions. To address these new issues, AdvanceMe would have to revamp its discovery efforts, and would have to propound new interrogatories, new requests for admission, and new requests for production. In essence, as a result of AmeriMerchant's delay, AdvanceMe would be punished by having to start the cycle of discovery all over again.

The fourth factor is the availability of a continuance to cure the prejudice to AdvanceMe. AmeriMerchant blithely contends that any prejudice could be "resolved by a continuance of the pre-trial deadlines." Motion, p. 8. This statement seriously underestimates the damage that would be caused by AmeriMerchant's proposed amendments. Currently, the claim construction hearing is set for October 19, the deposition of other third parties have begun to be scheduled for October, the 30(b)(6) deposition of AmeriMerchant is scheduled to take place in October, and the parties are finishing their efforts to complete written discovery. If AmeriMerchant is permitted to completely revamp its invalidity contentions, all of the planning for this discovery would have to be modified.

### E. In the Event This Motion Is Granted, This Should Be the Last Amendment That AmeriMerchant Is Permitted to Serve In This Case.

As this opposition reveals, the manner in which AmeriMerchant has proceeded with its contentions has been completely inappropriate. AmeriMerchant's "shifting sands" approach to its invalidity contentions threatens to make a mockery of this Court's Patent Rules. Indeed, AmeriMerchant has threatened to bring *another* such motion immediately after the resolution of this one. This is simply unacceptable, as it is critical for AdvanceMe to receive *finality* in this process so that it can finish its preparation for trial. Accordingly, if the Court was to decide to grant this motion, it should only be under condition that this be the *last* set of amended contentions that AmeriMerchant is permitted to serve in this case.

Further, to the extent any portion of this motion is granted, it will clearly require AdvanceMe to do follow-up discovery based upon the new contentions that were not contained in the Preliminary Invalidity Contentions. Accordingly, AdvanceMe should be permitted to re-take the deposition of Tim Litle on the new material, without any questioning permitted by AmeriMerchant (since AmeriMerchant already engaged in such questioning anyway). Further,

-12-

AmeriMerchant should be required to reimburse to AdvanceMe the costs of having to travel to

Lowell, Massachusetts to take this deposition over again, as well as any other costs that

AdvanceMe would be forced to incur as a result of AmeriMerchant's new amendments.

///

///

## IV.   **CONCLUSION**

For the reasons stated above, AmeriMerchant's motion should be denied.


Date:  September 25, 2006          Respectfully submitted,

By: _____ /s/ Michael N. Edelman _____
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Michael N. Edelman
(CA Bar No. 180948) (Admitted Pro Hac Vice)
Ronald S. Lemieux
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Vidya R. Bhakar
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email:  medelman@paulhastings.com

IRELAND, CARROLL & KELLEY, P.C.
Otis W. Carroll, Attorney-in-Charge
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
6101 South Broadway, Suite 500
Tyler, TX  75703
Telephone:  903-561-1600
Facsimile:  903-581-1071
Email:  fedserv@icklaw.com
ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

-13-

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC.,<br>      Plaintiff,<br>v.<br><br>AMERIMERCHANT, INC.,<br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 6:06-cv-82 (LED<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3) on this the 25th day of September, 2006.  Any other counsel of record will be served by first class mail on this same date.

                                /s/ Michael N. Edelman
                                Michael N. Edelman