IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>AMERIMERCHANT, LLC, §<br>*Defendant.* § | CAUSE NO. 6:06-CV-0082 LED<br>JURY TRIAL DEMANDED |

### DEFENDANT AMERIMERCHANT, LLC'S REPLY
### IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND
### PRELIMINARY INVALIDITY CONTENTIONS

Defendant AmeriMerchant, LLC ("AmeriMerchant") hereby files its Reply in Support of its Motion for Leave to Amend Preliminary Invalidity Contentions and, in support hereof, would respectfully show the Court as follows:

### I.

### BACKGROUND

As described in AmeriMerchant's Motion for Leave to Amend Preliminary Invalidity Contentions ("Motion"), AmeriMerchant has gone to great lengths to diligently pursue and collect any documentary evidence supporting invalidating prior art in this matter, including undertaking the daunting task of convincing its direct competitors to search for documents over a decade old. *See* Timeline of Facts Relevant to AmeriMerchant's Motion to Amend Invalidity Contentions ("Timeline"), attached hereto as Ex. F; Motion at 2-4. As soon as these documents were located and provided to AmeriMerchant, AmeriMerchant has both (a) promptly provided the documents to Plaintiff AdvanceMe, Inc. ("AdvanceMe"), and (b) promptly incorporated the documents into, and served on AdvanceMe, invalidity charts identifying where each element of each

1

claim may be found in the produced documents. *Id*. Upon being told by AdvanceMe that it would object to the updated invalidity contentions, AmeriMerchant realized it had omitted to obtain leave and immediately filed its motion for leave to amend.

Rather than explain how AmeriMerchant could have possibly been more diligent in its effort to discover and disclose the Litle & Company prior art systems and supporting documentation, AdvanceMe, in its Opposition to AmeriMerchant, LLC's Motion for Leave to Amend Invalidity Contentions ("Opposition"), disregards the documented timeline of relevant facts set forth in AmeriMerchant's Motion and instead responds with assertions regarding when it *thinks* AmeriMerchant may have gained knowledge of the Litle & Company prior art. Further, AdvanceMe makes specious claims of hypothetical prejudice, all of which are either wholly unsupported or inapplicable to the instant case, as described herein.

Having shown good cause for its proposed amendment of its Preliminary Invalidity Contentions ("Original Contentions"), AmeriMerchant respectfully requests that the Court grant its Motion. As explained in its Motion, AmeriMerchant seeks leave to amend its Original Contentions to include facts contained in documents received after the scheduling order deadline for submitting its Original Contentions. *See* Ex. G, Comparison of Proposed Amendment to Original Contentions. As illustrated in Ex. G, the only supplementation to AmeriMerchant's invalidity contentions related to Litle & Company are those facts contained in documents obtained by AmeriMerchant after the scheduling order deadline for AmeriMerchant's Original Contentions.

## II.

## ARGUMENT

**A.   AmeriMerchant Has Shown Good Cause for the Proposed Amendment**

As the parties agree, the Court may grant AmeriMerchant's Motion if AmeriMerchant shows good cause for the proposed amendment.  *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004) (Davis, J.); Opposition at 7.  Four considerations are relevant to the Court's determination: (1) AmeriMerchant's <u>reasons</u> for not including the proposed amendment by the scheduling order deadline; (2) the <u>importance</u> of the additional documentary support for the Litle & Company prior art systems; (3) potential <u>prejudice</u> in allowing the additional documentary support for the Litle & Company prior art systems; and (4) the availability of a continuance to cure such prejudice.  *See Alt v. Medtronic*, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) (Davis, J.).  As explained in its Motion and below, each of these four factors weighs strongly in favor of permitting AmeriMerchant's requested amendment.  AdvanceMe's only arguments in opposition are either contrary to the documented facts or unsupported assertions of prejudice.

    **1.   <u>AmeriMerchant Received the Documents Upon Which its Proposed Amendment is Based *After* its Preliminary Invalidity Contentions Were Due</u>**

As demonstrated in the Motion and reiterated herein, the first factor – the explanation for the delay – weighs heavily in favor of granting AmeriMerchant's proposed amendment.  AmeriMerchant did not receive the documents upon which its proposed amendment is based until July 25, 2006 (*after* the July 20, 2006 deadline for

serving its Original Contentions).[1]  *See* Motion at 2-4; Ex. F.  This documented timeline demonstrates that AmeriMerchant could not have reasonably met the scheduling order deadline for the additional Litle & Company documentary support, despite its diligence.  AdvanceMe's Opposition does nothing to undercut that demonstration.  Instead, it responds by making bald and unsupported assertions about AmeriMerchant's knowledge, all of which are contradicted by the objective facts.

AdvanceMe argues that AmeriMerchant received "the Litle documents" in June, Opposition at 8, although fails to recognize that the *only* Litle documents received in June were fragments of a single postage advance agreement.  *See* Ex. F; Ex. B to the Declaration of Joseph Gray in Support of Defendant's Motion ("Gray Declaration").  At that time, AmeriMerchant had not obtained enough information about Litle & Company (which was sold in 1995) to determine whether and to what extent Litle & Company practiced the claimed invention in the early 1990s.  It was not until AmeriMerchant received additional information and additional documentation on July 14, 2006 that AmeriMerchant was able to assert in good faith that Litle & Company publicly and commercially practiced U.S. Patent No. 6,942,281's (the "281 Patent") claimed invention.  *See* Ex. F; Ex. C to Gray Declaration.  Six days later, on the July 20, 2006 scheduled date, AmeriMerchant served its Original Contentions, which included the Litle & Company prior art systems and citations to the relevant documents that AmeriMerchant had received as of that date.  *See* Ex. F.

---

[1] As explained in AmeriMerchant's Motion at 7, AmeriMerchant's proposed amendment includes only additional information regarding the Litle & Company prior art systems contained in these later-obtained documents.  *See* Ex. G; Ex. C to Gray Declaration.  Also as explained in AmeriMerchant's Motion, the proposed amendment further supplements the disclosures regarding Litle & Company made in AmeriMerchant's Original Contentions served July 20, 2006.

4

AdvanceMe also states that AmeriMerchant "had full access to Mr. Litle in June." Opposition at 8. However, AdvanceMe fails to offer any basis for this statement, fails to recognize that any relevant documents are in the possession of Paymentech (a multi-billion dollar processing company and competitor of AmeriMerchant, which evolved from First USA years after First USA bought Litle & Co. in 1995), and fails to recognize that Mr. Litle is the CEO of a large processing company (also AmeriMerchant's competitor) and has no immediate interest in the outcome of this litigation. *See id.*; Ex. H. AmeriMerchant has painstakingly gained only limited access to Mr. Litle and has had an extremely difficult time convincing Paymentech to search for decade-old documents and provide them to AmeriMerchant.

AmeriMerchant has exerted incredible effort in its search for documentation regarding the Litle & Company prior art and has provided to AdvanceMe all relevant information it has obtained every step of the way.[2] *See* Ex. F; Motion at 2-4. Indeed, AmeriMerchant now seeks to supplement its contentions about the Litle & Co. prior art, to include documentary evidence that it received July 25, 2006 and that it promptly produced to AdvanceMe on July 28, 2006. AdvanceMe's statement that "AmeriMerchant was fully aware of the information it now seeks to add at the time it served its original Preliminary Invalidity Contentions," Opposition at 1, is simply inaccurate, as it is directly contradicted by AmeriMerchant's documented correspondence with Tim Litle and Paymentech.

---

[2] AmeriMerchant brought this motion as soon as it was brought to AmeriMerchant's attention that it had failed to file a motion for leave to amend its Original Contentions. *See* Ex. I (Letter from Robert Matz to Hilary Preston dated September 1, 2006). AdvanceMe's attempt to attribute a lack of good faith or gamesmanship to the delay in bringing the motion is thus misplaced. AmeriMerchant has promptly provided all relevant information to AdvanceMe as it has become available to AmeriMerchant, as described in its Motion and herein.

5

### 2. The Litle & Company Prior Art Systems Anticipate All Relevant Claims of the '281 Patent

As explained in AmeriMerchant's Motion, the documents obtained by AmeriMerchant, and the accompanying analysis in AmeriMerchant's proposed amendment, are critically important to AmeriMerchant's defense of AdvanceMe's claims, as they further demonstrate invalidity of all relevant asserted claims. *See* Motion at 7; Ex. G. AdvanceMe, in its Opposition, does not explain any basis for contending that Litle & Company does not constitute invalidating prior art, but rather states that AmeriMerchant "relies only on lawyer's argument." Opposition at 10. But AmeriMerchant does no such thing. The detailed facts demonstrating how Litle & Company's systems anticipated the relevant asserted claims are found in the July 20, 2006 Invalidity Contentions, and are further supported in the Litle & Company documents (produced to AdvanceMe on or before July 28, 2006) and in AmeriMerchant's Amended Preliminary Invalidity Contentions (served August 30, 2006).

AdvanceMe fails to mention that Mr. Litle testified at his deposition on September 6, 2006, that AmeriMerchant's proposed Amended Invalidity Contentions accurately describe the manner in which the Litle & Company systems anticipate all relevant claims of the patent-in-suit. *See* Ex. J, Tim Litle Deposition Transcript at 123-158. AdvanceMe also fails to mention that it cross-examined Mr. Litle for about three hours and was unable to raise even one single basis for contending that any relevant asserted claims could somehow avoid anticipation by the Litle & Co. systems. As this Court has agreed that an amendment to include invalidating prior art weighs in favor of

permitting the amendment, AmeriMerchant has satisfied this second prong of the analysis.[3]  *See Alt*, 2006 U.S. Dist. LEXIS 4435, *12-13.

### 3. AdvanceMe Will Suffer No Relevant Prejudice if the Court Permits the Amendment

As explained in AmeriMerchant's Motion and confirmed by AdvanceMe's Opposition, AdvanceMe will suffer no relevant prejudice if the Court permits the proposed amendment.  AmeriMerchant included the initial framework for the Litle & Company prior art in its Original Contentions, which were served on AdvanceMe on July 20, 2006.  *See* Ex. F.  AdvanceMe was thus on notice of this prior art system by the scheduling order deadline.  On July 28, 2006, eight days after serving its Original Contentions, AmeriMerchant produced the additional documentation to AdvanceMe on which the entirety of AmeriMerchant's proposed amendment is based.  *See* Ex. F.  Further, trial is set for January 14, 2008, and discovery does not close until July 17, 2007.  Both parties thus have ample time to conduct all necessary discovery.

But, instead of addressing these facts directly, AdvanceMe ignores the precedent of this Court that permitted an amendment seven months after the original deadline for submission of preliminary invalidity contentions (and after the *Markman* hearing)[4] and proffers several stock claims of prejudice that are wholly disconnected from the facts of this case.  AdvanceMe claims that AmeriMerchant's proposed amendment threatens "to throw the discovery process into chaos" because AdvanceMe has "prepared discovery requests, responded to discovery, conducted depositions, and prepared for claims

---

[3] AmeriMerchant again notes that it is not proposing an amendment to include a prior art reference that was undisclosed in its original Preliminary Invalidity Contentions; rather, it is proposing to *supplement* its Original Contentions to include *further* support found in documents obtained *after* the Original Contentions were served.

[4] *See Alt v. Medtronic, Inc.,* 2006 U.S. Dist. LEXIS 4435, *13-14 (E.D. Tex. Feb. 1, 2006).

construction relying on AmeriMerchant's original Preliminary Invalidity Contentions." Opposition at 11. AdvanceMe also inexplicably claims that it would have to propound "new requests for admission and new requests for production." *Id*. AdvanceMe's specious claims of prejudice may appear credible in a vacuum, but they are wholly inapplicable to this case.

First, as the parties in this action are to produce all documents relevant to any claim or defense without discovery requests, pursuant to the patent rules and Discovery Order, and as AdvanceMe has not served a single request for admission on AmeriMerchant, AdvanceMe's claim of prejudice based on propounding "new requests for admission and new requests for production" are questionable at best. Regarding "respond[ing] to discovery," AdvanceMe has not produced a <u>single</u> non-publicly available document in this action,[5] but instead has only produced several thousand pages of publicly available prosecution histories, and the articles and patents cited therein. Nor has AdvanceMe responded to the single interrogatory propounded by AmeriMerchant. AdvanceMe does not explain how its *lack* of discovery response has in any way been affected by AmeriMerchant's proposed amendment.

Second, AdvanceMe argues that it has "prepared for claims construction relying on AmeriMerchant's original Preliminary Invalidity Contentions." Opposition at 11. While it is clear from AdvanceMe's proposed constructions that it is attempting to exclude prior art through erroneous claim construction, as explained in AmeriMerchant's Responsive Claim Construction Brief at 5-12 and 16-21, invalidity contentions and prior art are *wholly irrelevant* to claim construction analysis and thus provide no basis for

---

[5] However, yesterday, Plaintiff, for the first time produced some discovery, in the form of excerpts from three depositions in another case, where Defendants had been requesting the entire deposition transcripts for some time.

8

AdvanceMe's claims of prejudice. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1327 (Fed. Cir. 2005) (en banc).

Third, only two depositions have been taken in this case, *both of which were noticed by AmeriMerchant*: Mr. Litle and the alleged inventor, Barbara Johnson.[6] At Mr. Litle's deposition on September 6, 2006, both parties examined Mr. Litle on the documents that AmeriMerchant received by July 25, 2006 and that AmeriMerchant produced to AdvanceMe on or before July 28, 2006. In other words, AdvanceMe received all Litle & Company documents on which AmeriMerchant's proposed amendment is based, and on which AmeriMerchant's questioning at Mr. Litle's deposition was largely based, over a *month prior* to Mr. Litle's deposition, and AdvanceMe had the opportunity to question Mr. Litle based on all of those documents. Further, AdvanceMe served a subpoena requesting *additional* documents on Mr. Litle, and Mr. Litle produced all relevant documents pursuant to that subpoena in advance of the deposition. AdvanceMe thus had every opportunity to examine Mr. Litle based on all relevant documents at his deposition September 6th, which it did for roughly three hours. AdvanceMe also fails to mention that upon receiving Defendant's updated invalidity contentions on August 31, 2006, AdvanceMe contacted Mr. Litle, asked him questions, and told him that his deposition would be taken on September 6, 2006. How can AdvanceMe now pretend it was not ready for the deposition on the date it chose for the deposition?

As shown above, AdvanceMe's stock claims of prejudice are untenable under the facts of this case. The reality is that, despite AdvanceMe's rhetoric of "enough [is]

---

[6] Barbara Johnson was deposed on June 28, 2006 at the location of AdvanceMe's choice, well before the July 20, 2006 scheduling order deadline for submitting preliminary invalidity contentions.

9

enough," Opposition at 2, the trial in this case is more than a year away and discovery does not close for nearly 10 months, and AdvanceMe will suffer no actual prejudice from the Court's granting AmeriMerchant's Motion. This factor thus also weighs in favor of permitting AmeriMerchant's proposed amendment.

### 4. Availability of a Continuance

As explained in AmeriMerchant's Motion, any prejudice suffered by AdvanceMe could be cured by a continuance of the pre-trial deadlines. Motion at 9. AdvanceMe does not argue that such a continuance would not cure any prejudice suffered; instead, AdvanceMe claims that its "planning for [certain unrelated] discovery would have to be modified," including the claim construction hearing and AmeriMerchant's 30(b)(6) deposition. Opposition at 12. AdvanceMe, however, fails to explain how its "planning" for this discovery would "have to be modified," or why a continuance would not resolve any such "planning" issues. This factor thus weighs heavily in favor of permitting AmeriMerchant's proposed amendment.

## B.  The Court Should Deny AdvanceMe's Premature Request

In what appears to be AdvanceMe's true motivation in opposing AmeriMerchant's meritorious Motion, AdvanceMe argues that it would have been willing to agree to the amended Invalidity Contentions provided that "this should be the last set of amended contentions that AmeriMerchant is permitted to serve in this case." Opposition at 12. AdvanceMe's novel suggestion of a preemptive approach to *future* amendments, even if based on good cause, is not only unsupported, but contrary to the interests of justice. Indeed, such an argument reveals the lack of a credible argument in opposition to the *current* Motion. The Court should not permit AdvanceMe to cower behind stock claims of prejudice in an attempt to avoid introduction or development of

invalidating prior art. Third party depositions to provide additional evidence to support the disclosed prior art are still being scheduled,[7] and additional facts regarding prior art systems which were used commercially more than 10 years ago by various companies, many of whom no longer exist, are still being investigated on an urgent basis. AmeriMerchant thus respectfully requests that AdvanceMe's request for an arbitrary, preemptive exclusion of any future proposed amendments to AmeriMerchant's Preliminary Invalidity Contentions be disregarded.

### III.

### CONCLUSION

Defendant therefore respectfully requests that the Court grant the motion for leave to amend, and that any future motions for leave to amend be considered on their own merits.

October 3, 2006                                              Respectfully submitted,

By: /s/ Willem G. Schuurman
Willem G. Schuurman
Texas State Bar No. 17855200
bschuurman@velaw.com
Joseph D. Gray
Texas State Bar No. 24045970
jgray@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8400
Facsimile: 512.236.3476

-and-

---

[7] For example, the deposition of Lee Suckow (the CEO of Clever Ideas-LeCard, Inc., another invalidating prior art system) is scheduled for Wednesday, October 4, 2006.

Hilary L. Preston
hpreston@velaw.com
**VINSON & ELKINS L.L.P.**
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100

   -and-

Douglas R. McSwane, Jr.
State Bar No. 13861300
**POTTER MINTON**
A Professional Corporation
110 N. College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846
E-mail: dougmcswane@potterminton.com

*Counsel for Defendant AmeriMerchant, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ADVANCEME, INC.,** § | |
| § | |
| *Plaintiff,* § | |
| § | **CAUSE NO. 6:06-CV-0082 LED** |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| **AMERIMERCHANT, LLC,** § | |
| *Defendant.* § | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3rd day of October, 2006. Any other counsel of record will be served by first class mail on this same date.

                                                                   /s/ Willem G. Schuurman
                                                                    Willem G. Schuurman