AdvanceMe Inc v. AMERIMERCHANT LLC
Doc. 58 Att. 3

# EXHIBIT G

Dockets.Justia.com

| CLAIMS | PRIOR PUBLICATION REFERENCES |
|---|---|
| 1. A method for automated payment, comprising: | Litle & Co. ("Litle") utilized a method for automated payments to Litle as repayment of obligations owed by merchants ~~arising out of Litle's advance of cash or postage costs to merchants. *See*~~either for postage or cash advances. *See, e.g.*, Litle & Co. Member Agreement, LI_00017-29 (hereafter "Member Agreement"); *see, e.g.*, Demand Promissory Note for Postage Advances between Museum Publications of America and Litle & Co., dated September 27, 1993, LI_00033-35 (hereafter "Promissory Note"); *see, e.g.*, February 17, 1994 Letter from Robert George to Michael Duffy, LI_00030-31; *see* M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2), LI_00001-03 (hereafter "Forbes Article")~~; *See* Promissory Note for Postage Advances between Exposures, Inc~~. ~~and Litle & Co., dated June 22, 1990 ("Promissory Note").~~ |
| at a merchant,<br><br>accepting a customer identifier as payment from the customer, | The merchant, either directly or via its agent, would accept a customer identifier, *e.g.*, a card, as payment from the customer. *See* Member Agreement, LI_00017-29.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and<br>WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."<br><br>Member Agreement at LI_00018.<br><br>"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER."  *Id.*** <br><br> **"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark.  A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon."  *Id.*** <br><br> **"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.*** <br><br> ~~accepted credit cards as a customer identifier from customers for payment.  *See* Forbes Article (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment).~~**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover.  A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon."  *Id.* at LI_00019.** |
| and electronically forwarding information related to the payment to a computerized merchant processor; | The merchant, either directly or via its agent, **electronically** forwarded information related to **the** payment~~ electronically~~ to Litle, the computerized merchant processor.  ~~*See also* Forbes Article (referring to Litle as the "~~ <br><br> **"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and** <br> **WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby.”<br><br>Member Agreement at LI_00018 (showing that the merchant electronically forwarded information related to the payment to Litle, a computerized merchant processor).<br><br>“SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE.” *Id.* at LI_00019 (showing that the merchant electronically accepts the customer identifier).<br><br>“c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS’s signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER’s signature shall be obtained). . . .” *Id.* at LI_00019 (showing that the merchant electronically forwarded information related to the payment to Litle, a computerized merchant processor).<br><br>“SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE.” *Id.* at LI_00019.<br><br>“Litle & Co. continues to be your credit card processor”). and will continue to work directly with you to provide a high level of customer and technical service.” February 28, 1992 letter from Tim Litle to Robert George, LI_00016. |
| at the computerized merchant processor,<br><br>acquiring the information related to the payment | Litle acted as the computerized merchant processor, *see* Forbes Article (referring to Litle as the ““Litle & Co. continues to be your credit card processor”), and language of the patent makes clear that merchant processors acquire payment |

~~LITLE & CO.~~

~~INVALIDITY CLAIM CHART~~UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| from the merchant, authorizing and settling the payment, | ~~information and authorize and settle the payment.~~ **and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George, LI_00016.** |
| and forwarding at least a portion of the payment to a computerized payment receiver as payment of at least a portion of an obligation made by the merchant; | ~~"Litle agreed to finance [Exposures'] postage by discounting his [Exposures'] credit card receivables." *See* Forbes Article (showing that a portion of the payment from credit card companies was forwarded as payment on Exposures' obligation to Litle, as a computerized payment receiver, for financing postage costs, with the remainder, the discounted credit card receivables, being forwarded to Exposures).~~<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS . . . ." Member Agreement at LI_00018.**<br><br>"In consideration of Litle & Co. making advances for the account of [~~Exposures] to Postmaster, Atlanta, GA, [Exposures~~**Museum Publications of America] to United States Postal Service, [Museum Publications of America**] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . .~~**management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.** Notwithstanding that such amounts are otherwise payable on demand, ~~[Exposures]~~**MEMBER** agrees that . . . **(ii) the** Daily Repayments shall be deducted from daily NET PROCEEDS**. . . .**" ~~*See*~~<br><br>Promissory Note **at LI_00033** (showing that a portion of **the card** payments ~~("Net Proceeds") are~~**were** forwarded to Litle, as a computerized payment receiver, ~~in satisfaction of the~~**as payment of at least a portion of an** obligation that arose when Litle ~~advance~~**advanced** postage costs ("Principal Amount of |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | Advance”) to **merchant).** <br><br> **“NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS.”** <br><br> **Member Agreement at LI_00018.** <br><br> **“Litle agreed to finance [Exposures, Inc.’s (“Exposures”)] postage by discounting his [Exposures’] credit card receivables.” *See* Forbes Article at LI_00003 (describing how a portion of the payment from credit card companies was forwarded as payment on Exposures’ obligation to Litle, as a computerized payment receiver, for financing postage costs, with the remainder, the discounted credit card receivables, being forwarded to Exposures).** <br><br> **“As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the “Accounts”).”** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | February 17, 1994 Letter from Robert George to Michael Duffy at LI_00030-31 (showing that Litle forwarded a portion of the payment to the loan payment receiver, *e.g.*, Hanover Finance, as payment of at least a portion of an obligation made by the merchant)., *e.g.*, Boston Publishing). |
| and at the computerized payment receiver,<br><br>receiving the portion of the payment forwarded by the computerized merchant processor and applying that portion to the outstanding obligation made by the merchant to reduce such obligation. | "Litle agreed to finance his [Exposures'] postage by discounting his [Exposures'] credit card receivables." *See* Forbes Article (showing that a portion of the payment from credit card companies was diverted by the merchant processor as payment on Exposures' obligation to Litle for financing postage costs).<br><br>"In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [ExposuresMuseum Publications of Americal] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . .management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, [Exposures]MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." *See*<br><br>Promissory Note at LI_00033 (showing that a portion of payments ("Net Proceeds") arethe payment is received by Litle as repayment of an obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant); *see* Promissory Note Repayment Schedule at LI_00035 (showing that Litle received and applied the forwarded portion of the payment to Museum Publication of America's outstanding obligation to Litle).<br><br>"NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS.”**<br><br>**Member Agreement at LI_00018.** |
| 2. The method of claim 1 wherein the accepting step comprises accepting a credit card number as the customer identifier. | ~~The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, “People thought I was nuts”, FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter “Forbes Article”) (referring to Exposures’ “credit card processor” and “credit card receivables”, showing that credit cards were received as payment).~~**“WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER’s customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby.”**<br><br>**Member Agreement at LI_00018.**<br><br>**“CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER.” *Id.***<br><br>**“BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa’s Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown,** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | and through and including the expiration date embossed thereon." *Id.*<br><br>"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.*<br><br>"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LI_00019. |
| 3. The method of claim 1 wherein the accepting step comprises accepting a debit card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, *e.g.* for debit cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including debit cards.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and<br>WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."<br><br>Member Agreement at LI_00018. |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.***<br><br>**"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.***<br><br>**"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.***<br><br>~~The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, "People thought I was nuts~~**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon.**"~~, FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment).~~ ***Id.* at LI_00019.** |
| 4. The method of claim 1 wherein the accepting step comprises accepting a smart card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, *e.g.* for smart cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | method or system work in the same way for any customer identifier, including smart cards.<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER."** ***Id.***<br><br>**"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon."** ***Id.***<br><br>**"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD."** ***Id.***<br><br>~~The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, "People thought I was nuts~~**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon.**"~~, FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment).~~ ***Id.* at LI_00019.** |
| 5. The method of claim 1 wherein the accepting step comprises accepting a charge card number as the customer identifier. | ~~It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, *e.g.* for charge cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including charge cards.~~**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.***<br><br>**"BANK CARD means a valid and unexpired CHARGE CARD issued by an** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.*<br><br>"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.*<br><br>The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, "People thought I was nuts"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon.", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment). *Id.* at LI_00019. |
| 6. The method of claim 1 wherein the accepting step comprises accepting the customer identifier at a merchant location. | On information and belief, customer identifiers were accepted at a the location of a merchant or merchant's agent"c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." Member Agreement at LI_00019. |
| 7. The method of claim 1 wherein the accepting step comprises electronically accepting the customer identifier. | On information and belief, customer identifiers were accepted electronically."c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained) . . . ." Member Agreement at LI_00019.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS . . . ." Member Agreement at LI_00018 (showing that the merchant electronically accepts the customer identifier).<br><br>"SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." *Id.* at LI_00019 (showing that the merchant electronically accepts the customer identifier). |
| 8. The method of claim 1 wherein the steps performed at the merchant processor further comprise accumulating the payments until a predetermined amount is reached and then forwarding at least a portion of the accumulated payments to the payment receiver. | ~~"In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . . Notwithstanding that such amounts are otherwise payable on demand, [Exposures] agrees that . . . Daily Repayments shall be deducted from daily NET PROCEEDS." *See* Promissory Note (showing that payments were forwarded on a periodic basis~~Litle would accumulate the payments until a predetermined amount was reached and then forward at least a portion of the accumulated payments to the payment receiver. *See, e.g.,* Promissory Note Repayment Schedule at LI_00035 (outlining specified daily and weekly payment amount).~~[1]~~ |
| 9. The method of claim 1 wherein the steps performed at the merchant processor comprise periodically forwarding at least a portion of the | Litle would periodically forward at least a portion of the payment to the payment receiver. *See, e.g.,* Promissory Note Repayment Schedule at |

~~[1] At this pre-claim construction stage of the action, Defendant takes no position as to the appropriateness of the claim construction applied in AdvanceMe's Preliminary Infringement Contentions for Defendants ("Infringement Contentions") but note that under the approach in the Infringement Contentions, which equates periodic forwarding with accumulation to a pre-determined amount, the Litle method anticipates this claim.~~

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| payment to the payment receiver. | **LI_00035 (outlining daily and weekly payment schedules).**<br><br>"In consideration of Litle & Co. making advances for the account of [~~Exposures] to Postmaster, Atlanta, GA, [Exposures~~**Museum Publications of America] to United States Postal Service, [Museum Publications of America**] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . .~~**management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.** Notwithstanding that such amounts are otherwise payable on demand, ~~[Exposures]~~**MEMBER** agrees that . . . **(ii) the** Daily Repayments shall be deducted from daily NET PROCEEDS. **. . .**" ~~*See*~~ Promissory Note **at LI_00033** (showing that payments were **periodically** forwarded ~~on a periodic basis~~). |
| 10. A system for automated payment of an obligation made by a merchant, comprising: | Litle ~~utilizes~~**utilized** a system for automated payments to Litle as repayment of obligations owed by merchants either for postage or cash advances. *See* **Member Agreement;** Promissory Note ~~and~~**; February 17, 1994 Letter from Robert George to Michael Duffy;** Forbes Article. |
| at a merchant,<br><br>means for accepting a customer identifier as payment from the customer and | The merchant, ~~Exposures, Inc.,~~<br><br>~~accepted credit cards from customers for payment and means~~**either directly or via its agent, would accept a customer identifier as payment from the customer. Means** for accepting a customer identifier as payment existed, including, on information and belief, a ~~merchant terminal or point-of-sale device. *See* M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment).~~ **magnetic card reader, keyboard input and/or** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| for electronically forwarding information related to the payment to a computerized merchant processor,<br><br>wherein the merchant associated with the payment has an outstanding obligation to a third party; | **telephone.**<br><br>~~"Litle agreed to finance [Exposures'] postage by discounting his [Exposures'] credit card receivables." *See* Forbes Article (showing implicitly that means exist in the Litle system for electronically forwarding a portion of the payment from credit card companies to Litle, including, on information and belief, a computer running appropriate software).~~<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018 (showing that the merchant maintained a magnetic card reader and/or keyboard input and/or telephone for accepting a customer identifier and electronically forwarded information related to the payment to Litle, a computerized merchant processor).**<br><br>**"c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ."  *Id.* at LI_00019 (showing that the merchant maintained a magnetic card reader and/or keyboard input and/or telephone for accepting a customer identifier and electronically forwarded information related to the payment to Litle, a computerized merchant** |

| CLAIMS | SPECIFICATION REFERENCES |
| --- | --- |
| | **processor).**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER."  *Id.***<br><br>**"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark.  A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon."  *Id.* at LI_00018.**<br><br>**"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD."  *Id.***<br><br>**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover.  A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon."  *Id.* at LI_00019.**<br><br>"In consideration of Litle & Co. making advances for the account of [~~Exposures] to Postmaster, Atlanta, GA, [Exposures~~**Museum Publications of America] to United States Postal Service, [Museum Publications of America**] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . ." *See*~~ **management fee to Litle & Co., or order.  MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.  Notwithstanding that such amounts are otherwise payable** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | on demand, MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ."<br><br>Promissory Note ~~(showing obligation from the merchant to Litle).~~at LI_00033 (showing that Litle acted as the merchant processor and that the merchant had an outstanding obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant).<br><br>"As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")."<br><br>February 17, 1994 Letter from Robert George to Michael Duffy at LI_00030-31 (showing that the merchant, *e.g.*, Boston Publishing, had an outstanding obligation to a third party, *e.g.*, Hanover Finance). |
| and at the computerized merchant processor,<br><br>means for receiving the information related to the payment from the merchant, | ~~"Litle agreed to finance his [Exposures'] postage by discounting his [Exposures'] credit card receivables." *See* Forbes Article (showing implicitly that means exist in the Litle system for Litle, as the merchant processor, to receive the payment information, including, on information and belief, a computer running appropriate~~ |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| means for authorizing and settling the payment,<br><br>and means for forwarding a portion of the payment to the third party to reduce the obligation. | ~~software).~~<br><br>The language of the patent makes clear that **a** merchant ~~processors acquire~~**processor acquires** payment information and ~~authorize~~**authorizes** and ~~settle~~**settles** the payment. On information and belief, the means for performing ~~this function is a~~**these functions and for forwarding a portion of the payment to the third party to reduce the obligation is a modem and** computer running appropriate software.<br><br>**"Litle & Co. continues to be your credit card processor and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George at LI_00016.**<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>"In consideration of Litle & Co. making advances for the account of [~~Exposures] to Postmaster, Atlanta, GA, [Exposures~~**Museum Publications of America] to United States Postal Service, [Museum Publications of America**] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . .~~ **management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **processed by Litle & Co. while any amount owed under this note is still outstanding.** Notwithstanding that such amounts are otherwise payable on demand, ~~[Exposures]~~**MEMBER** agrees that . . . **(ii) the** Daily Repayments shall be deducted from daily NET PROCEEDS. **. . .**" ~~*See*~~ Promissory Note **at LI_00033 and Promissory Note Repayment Schedule at LI_00035** (showing that ~~means exist for forwarding~~ a portion of **card** payments ~~("Net Proceeds") to Litle as repayment of~~**are forwarded to Litle, as a computerized payment receiver, to reduce the** obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to **merchant).**<br><br>**"NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS."**<br><br>**Member Agreement at LI_00018.**<br><br>**"As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")."** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **February 17, 1994 Letter from Robert George to Michael Duffy at LI_00030-31 (showing that Litle could forward a portion of the payment to the loan payment receiver, *e.g.*, Hanover Finance, to reduce the** merchant~~, including, on information and belief, a computer running appropriate software).~~ **'s, *e.g.*, Boston Publishing, obligation).** |
| 11. The system of claim 10 wherein the accepting means comprises means for accepting a credit card number as the customer identifier. | The merchant~~, Exposures~~**, *e.g.*, Museum Publications of America**, ~~Inc.,~~<br><br>accepted credit cards from customers for payment. ~~*See* M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment and that means for accepting a credit card exist, including, on information and belief, a terminal, computer, or other point of sale device).~~**Means for accepting a credit card number as the customer identifier included, on information and belief, a magnetic card reader, keyboard input and/or telephone.**<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.*<br><br>"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.*<br><br>"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.*<br><br>"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LI_00019. |
| 12. The system of claim 10 wherein the accepting means comprises means for accepting a debit card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, *e.g.* for debit cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including debit cards. Debit card numbers may be accepted, for example, using the merchant's terminal or computer inputmagnetic card reader, keyboard input and/or telephone.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.***<br><br>**"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.***<br><br>**"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.***<br><br>~~The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment and that means for accepting a credit card exist, including, on information~~**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | and belief, a terminal, computer, or other point of sale device).**after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LI_00019.** |
| 13. The system of claim 10 wherein the accepting means comprises means for accepting a smart card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, *e.g.* for smart cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including smart cards. Smart card numbers may be accepted, for example, using the merchant's terminal or computer input**magnetic card reader, keyboard input and/or telephone**.<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.*** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.***<br><br>**"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.***<br><br>~~The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment and that means for accepting a credit card exist, including, on information and belief, a terminal, computer, or other point of sale device).~~**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LI_00019.** |
| 14. The system of claim 10 wherein the accepting means comprises means for accepting a charge card number as the customer identifier. | ~~It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, *e.g.* for charge cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including charge cards. Charge card numbers may be accepted, for example, using the merchant's~~ |

| CLAIMS | SPECIFICATION REFERENCES |
| --- | --- |
| | terminal or computer input.<br><br>The merchant, Exposures, Inc., accepted credit cards from customers for payment. *See* M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment and that means for accepting a credit card exist, including, on information and belief, a terminal, computer or other point of sale device).**The merchant, *e.g.*, Museum Publications of America, accepted charge cards from customers for payment. Means for accepting a charge card number as the customer identifier included, on information and belief, a magnetic card reader, keyboard input and/or telephone.**<br><br>**"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and**<br>**WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."**<br><br>**Member Agreement at LI_00018.**<br><br>**"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.***<br><br>**"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | **service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.***<br><br>**"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.***<br><br>**"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LI_00019.** |
| 15. The system of claim 10 wherein the accepting means comprises means for accepting the customer identifier at a merchant location. | On information and belief, means for accepting **the** customer ~~identifiers exist~~**identifier existed** at a location of a merchant or merchant's agent, including, on information and belief, a ~~terminal, computer or other point of~~**magnetic card reader, keyboard input and/or telephone.**<br><br>**"c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the** sale ~~device.~~**was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." Member Agreement at LI_00019.** |
| 16. The system of claim 10 wherein the accepting means comprises means for electronically accepting the customer identifier. | On information and belief, means for **a merchant's electronically** accepting **a** customer ~~identifiers electronically exist~~**identifier existed in the Litle system**, including, on information and belief, a ~~terminal, computer or other electronic point of sale device.~~**magnetic card reader, keyboard and/or telephone.**<br><br>**"c. MEMBER shall complete each SALES RECORD to include a notation in** |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained) . . . ." Member Agreement at LI_00019.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS . . . ." Member Agreement at LI_00018 (showing that the merchant electronically accepts the customer identifier).<br><br>"SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." *Id.* at LI_00019 (showing that the merchant electronically accepts the customer identifier). |
| 17. The system of claim 10 wherein the means at the merchant processor further comprise means for accumulating the payments until a predetermined amount is reached and means for forwarding at least a portion of the accumulated payments to the third party. | ~~"In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . . Notwithstanding that such amounts are otherwise payable on demand, [Exposures] agrees that . . . Daily Repayments shall be deducted from daily NET PROCEEDS." *See* Promissory Note (showing that means for periodically forwarding payments exist in the Litle system, including, on information and belief, a~~Litle would accumulate the payments until a predetermined amount was reached and then forward at least a portion of the accumulated payments. *See* Promissory Note Repayment Schedule at LI_00035 (outlining specified daily and weekly payment amount).<br><br>On information and belief, the means for accumulating the payments until a predetermined amount was reached and means for forwarding at least a portion of the accumulated payments was a modem and computer running |

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | appropriate software~~)~~.~~[2]~~ |
| 18. The system of claim 10 wherein the forwarding means at the merchant processor comprises means for periodically forwarding at least a portion of the payment to the third party. | **Litle would periodically forward at least a portion of the payment. *See* Promissory Note Repayment Schedule at LI_00035 (outlining daily and weekly payment schedules). On information and belief, the means for performing this function was a modem and computer running appropriate software.**<br><br>"In consideration of Litle & Co. making advances for the account of [~~Exposures] to Postmaster, Atlanta, GA, [Exposures~~**Museum Publications of America] to United States Postal Service, [Museum Publications of America**] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . .~~**management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.** Notwithstanding that such amounts are otherwise payable on demand, ~~[Exposures]~~**MEMBER** agrees that . . . **(ii) the** Daily Repayments shall be deducted from daily NET PROCEEDS. **. . .**" *See* ~~Promissory Note (showing that means for periodically forwarding payments exist in the Litle system, including, on information and belief, a computer running appropriate software~~**Promissory Note at LI_00033 (showing that payments were periodically forwarded**). |
| 19. The system of claim 10 wherein the forwarding means at the merchant processor comprises means for forwarding to the third party an amount that is a percentage of the | **Litle forwarded an amount that is a percentage of the obligation. On information and belief, the means for performing this function was a computer running appropriate software.** |

~~[2] At this pre-claim construction stage of the action, Defendant takes no position as to the appropriateness of the claim construction applied in AdvanceMe's Preliminary Infringement Contentions for Defendants ("Infringement Contentions") but note that under the approach in the Infringement Contentions, which equates periodic forwarding with accumulation to a pre-determined amount, the Litle system anticipates this claim.~~

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| obligation. | "In consideration of Litle & Co. making advances for the account of [~~Exposures] to Postmaster, Atlanta, GA, [Exposures~~**Museum Publications of America] to United States Postal Service, [Museum Publications of America**] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . .~~ **management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.** Notwithstanding that such amounts are otherwise payable on demand, ~~[Exposures]~~**MEMBER** agrees that . . . **(ii) the** Daily Repayments shall be deducted from daily NET PROCEEDS**. . .**." ~~*See*~~<br><br>Promissory Note **at LI_00033** (showing that ~~means for forwarding~~**payments forwarded were in** an amount that ~~is~~**was** a percentage of the obligation ~~exist in the Litle system, including, on information and belief, a computer running appropriate software~~**); *see also* Promissory Note Repayment Schedule at LI_00035 (outlining daily and weekly payment amount, all of which individually and collectively constituted a percentage of the merchant's total obligation**). |