# EXHIBIT I

# Paul*Hastings*
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

September 1, 2006

**Via E-Mail**

Hilary Preston, Esq.
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103

Re:   *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
      *AdvanceMe, Inc. v. AmeriMerchant, LLC* (No. 6:06-CV-82)(E.D. Tex.).
      Defendants' Amended and Second Amended Invalidity Contentions

Dear Hilary:

I write to inform you that Defendants in the above-referenced matters have violated the Patent Rules of the Eastern District of Texas by purporting to amend their Preliminary Invalidity Contentions without an order of the Court.

P.R. 3-7 provides:

> Amendment or modification of the....Preliminary or Final Invalidity Contentions, other than as expressly provided in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

In the *RapidPay* matter, Defendants have twice purported to amend their Preliminary Invalidity Contentions without an order of the Court. On July 21, 2006, Defendants attempted to amend their Preliminary Invalidity Contentions by adding a number of alleged prior publication references to their Preliminary Infringement Contentions: (1) a credit card processing agreement among Electronic Data Systems Corporation, Reno Air, and First USA Merchant Services, (2) an article from *Forbes* magazine, and (3) a Promissory Note between Litle & Co. and Exposures, Inc.. On August 30, 2006, the *RapidPay* Defendants purported to amend their Preliminary Invalidity Contentions to include additional prior publication references with respect to Litle & Co., including (1) a Litle & Co. Member Agreement, (2) a Demand Promissory Note for Postage Advances between Museum Publications of America and Litle & Co., (3) a February 17, 1994 Letter from Robert George to Michael Duffy. Since amendment of Defendants' Preliminary Invalidity Contentions can be made only by order of the Court, and since there is no order of the Court granting Defendants permission to amend their Preliminary Invalidity Contentions, these purported Amended and Second Amended Invalidity Contentions are of no legal effect.

Hilary Preston, Esq.
September 1, 2006
Page 2


In the *AmeriMerchant* matter, on August 30, 2006, Defendant purported to amend its Preliminary Invalidity Contentions to include prior publication references with respect to Litle & Co., including (1) a Litle & Co. Member Agreement, (2) a Demand Promissory Note for Postage Advances between Museum Publications of America and Litle & Co., (3) a February 17, 1994 Letter from Robert George to Michael Duffy. Again, since amendment of Defendant's Preliminary Invalidity Contentions can be made only by order of the Court, and since there is no order of the Court granting Defendant permission to amend its Preliminary Invalidity Contentions, its Amended Preliminary Invalidity Contentions are of no legal effect.

In light of the foregoing, please be advised that AdvanceMe will only be considering those contentions set forth in Merchant Money Tree, Inc., First Funds LLC, and Reach Financial, LLC's Preliminary Invalidity Contentions, dated July 7, 2006, and AmeriMerchant, LLC's Preliminary Invalidity Contentions, dated July 20, 2006.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 54328782.1