UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC., <br>     Plaintiff, <br> v. <br><br> RAPIDPAY LLC, FIRST FUNDS LLC, <br> MERCHANT MONEY TREE, INC., <br> REACH FINANCIAL, LLC, and <br> FAST TRANSACT, INC. d/b/a <br> SIMPLE CASH, <br>     Defendants. | § § § § § § § § § § § § | CIVIL CASE NO. 6:05-cv-424 (LED–JDL) |
| ADVANCEME, INC., <br>     Plaintiff, <br> v. <br><br> AMERIMERCHANT, LLC, <br>     Defendant. | § § § § § § § § § | CIVIL CASE NO. 6:06-cv-082 (LED-JDL) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF ADVANCEME, INC.'S OBJECTION TO
EXTRINSIC EVIDENCE OFFERED BY DEFENDANTS
IN SUPPORT OF THEIR RESPONSIVE CLAIM CONSTRUCTION BRIEF**

Plaintiff AdvanceMe, Inc. ("AdvanceMe") hereby objects to Exhibits H (Excerpt of 06/28/06 Deposition Testimony of Barbara Johnson), J (Microsoft Press Computer Dictionary entry for "input/output device"), K (Microsoft Press Computer Dictionary entry for "modem"), and L (Microsoft Press Computer Dictionary entry for "hardwired") that were submitted with Defendants' Responsive Claim Construction Brief (see Docket Entries 117 (*RapidPay*) and 54 (*AmeriMerchant*)) on the grounds that Merchant Money Tree, Inc., Reach Financial, LLC, First Funds, LLC, and AmeriMerchant, LLC (collectively, "Defendants") failed to disclose this extrinsic evidence to AdvanceMe prior to the date of AdvanceMe's Opening Brief, as required by P.R. 4-2 and 4-3.

///

///

Plaintiff AdvanceMe, Inc.'s
Objection To Extrinsic Evidence
-1-
Case No. 6:05-CV-424 (LED-JDL)
Case No. 6:06-CV-082 (LED-JDL)

Dockets.Justia.com

P.R. 4-2(b) provides:

> [a]t the same time the parties exchange their respective "Preliminary Claim Constructions, they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

P.R. 4-2(b). Defendants did not disclose Exhibits H, J, K, or L to AdvanceMe when the parties exchanged their respective Preliminary Claim Constructions, nor during the meet and confer process required by P.R. 4-2(c).

P.R. 4-3(b) further provides that:

> the parties shall complete and file a Joint Claim Construction and Prehearing Statement...which shall contain...each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of...any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

P.R. 4-3(b). Defendants did not disclose Exhibits H, J, K, or L to AdvanceMe when the parties filed their Joint Claim Construction and Prehearing Statement. See Docket Entries 86 (*RapidPay*) and 32 (*AmeriMerchant*). Further, when Defendants submitted their portion of the Joint Claim Construction and Prehearing Statement to the Court, they did not identify any of this extrinsic evidence in their claim charts (see id.), and affirmatively represented to AdvanceMe that they did not have any such extrinsic evidence to disclose.

One of the purposes of this Court's local Patent Rules is to require the parties to fully disclose any extrinsic evidence they intend to rely upon so that the parties can effectively address the relevant evidence in their claim construction briefing. Rather than abiding by the local Patent Rules, Defendants sandbagged AdvanceMe by waiting until after AdvanceMe submitted its Opening Claim Construction Brief before disclosing – for the first time – the extrinsic evidence

upon which they intended to rely. This kind of conduct is not permitted under the local Patent Rules.

Since it is undisputed that the Defendants are now relying on extrinsic evidence that they failed to disclose under local Patent Rules 4-2 and 4-3, AdvanceMe hereby enters its objection to the introduction of this extrinsic evidence.

Date: October 10, 2006

Respectfully submitted,

By: /s/ Ronald S. Lemieux
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Ronald S. Lemieux
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email: ronlemieux@paulhastings.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record or parties will be served by facsimile transmission and/or first class mail this 10th day of October, 2006.

/s/
_____
Rosemary Jones-Shine