# EXHIBIT B

Dockets.Justia.com

# Vinson&Elkins

Hilary L. Preston hpreston@velaw.com
Tel 212.237.0066  Fax 917.849.5387

August 25, 2006

**<u>Via Facsimile and First Class Mail</u>**

Robert Matz, Esq.
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

  Re: *AdvanceMe, Inc. v. Rapidpay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
     *AdvanceMe, Inc. v. AmeriMerchant LLC* (No. 6:06-cv-082) (E.D. Tex.)

Dear Robert:

  We write to follow up on our telephone conference on August 24, 2006 and in response to your two letters dated August 24, 2006. As an initial clarification, yesterday's telephone conference was scheduled so that the parties could discuss any outstanding issues with both plaintiff's and defendants' document productions. Your letter suggests that the conference covered only defendants' production. If it is your position that we did not discuss plaintiff's production, including the issues outlined below, please explain immediately.

Defendants' Production:

  First, we agreed that the defendants in the *RapidPay* action will produce all relevant cash advance agreements that have not yet been produced. (These documents have already been produced by AmeriMerchant.) This agreement is a modification of our original, although tentative, agreement for defendants to produce a sample merchant cash advance agreement and stipulate that the produced example was substantially similar, if not identical to all other such agreements. AdvanceMe has determined that an exemplar and stipulation will not suffice, and Defendants have agreed to accommodate this request.

  Second, with respect to any agreement(s) with any processor(s) that exist and are not being produced due to lack of relevance in either of the above mentioned cases, we have agreed at your request to take the highly unusual step of identifying such documents within the relevant time period, if any exist, for you so that you may determine whether you wish to

move to compel the production of these agreements despite defendants' determination that the documents are wholly irrelevant to the claims and defenses in these actions.

Third, in response to your letters of July 12, 2006, even though defendants are not required in this forum to incur the burden and expense of generating formal objections and responses to the dozens of requests in these letters, we have agreed that defendants will identify any requests that call for the production of documents irrelevant to the claims and defenses in these actions.

Fourth, with respect to the "batch reports" described in your August 24, 2006 letter, we have agreed to meet again with our clients to search for any such documents.

AdvanceMe's Production:

You acknowledged that, as of August 24, 2006, although AdvanceMe has produced numerous documents, they consist only of certified copies of the prosecution history and a handful of publicly available articles. To date, AdvanceMe has not produced any internal documents, emails, memoranda, etc. You have agreed to confer with AdvanceMe to ensure that all documents relevant to the claims or defenses in these action will be produced or included in AdvanceMe's privilege log. Mike Edelman assured us that, although he could not provide an exact date on which AdvanceMe's production would be complete, he is "just about ready to get everything out the door."

You agreed to confer with AdvanceMe and communicate to us next week any objection to, or confirmation that AdvanceMe does not object to, production of all documents that were prepared prior to the issuance of the patent-in-suit and that reference any of the companies, methods, or systems identified in our invalidity contentions, including Clever Ideas-LeCard, Litle & Co., Transmedia,[1] First USA and/or Bank of America. Defendants maintain that all documents that relate to any prior art and were prepared prior to the issuance of the patent-in-suit, whether or not included in the defendants' invalidity contentions, are potentially relevant to the claims or defenses in these actions and should be produced.

During our August 24th telephone conference, we also discussed the documents referenced in Mr. Gray's July 5, 2006 letter to Ron Lemieux. With respect to Gary

---

[1] Transmedia may also be referred to as Idine or Rewards Network.

Johnson's and Les Falke's depositions in *Angrisani v. Capital Access Network, Inc.* (No. 2:02-cv-3167) (D.N.J.), you have represented that they each consist of thousands of pages of transcripts. We have made no objection to producing these transcripts but have requested that we provide you with search terms so that you can produce relevant pages. We believe it would be much more efficient for all parties if you provided the transcripts in their entirety.

Regarding minutes of meetings of AdvanceMe's Board of Directors, you have represented that the only relevant portions are privileged and will be identified in AdvanceMe's privilege log. Defendants maintain that any discussion during Board meetings, agendas of such meetings, and documents distributed during such meetings regarding the subject of the patent, the status of prosecution, or of any of the companies practicing prior art, or the prior art itself, including those companies and systems identified in defendants' amended invalidity contentions, are relevant. As most, if not all, of these documents are very likely not subject to a proper claim of privilege, please provide a privilege log as soon as is possible so that we can assess your claim of privilege.

With respect to potentially relevant emails, you have explained that a vendor is currently analyzing AdvanceMe's email system and that you will provide a status update next week regarding production of relevant emails. As AdvanceMe has known since at least November of 2005 that it would be obligated to produce all relevant documents in these actions, including emails, please advise as to why a vendor has only recently been retained for this purpose.

As you will understand, AdvanceMe's failure to produce timely any single document other than the prosecution history and a few publicly available articles threatens to impede defendants' ability to defend these actions and to proceed with additional discovery. Although defendants would prefer to resolve these issues amicably, they might be forced to move for an order compelling your production of all documents relevant to the claims or defenses in these actions, and will additionally seek attorneys' fees and costs, if AdvanceMe is unable to remedy its production deficiencies.

\* \* \*

Last, we must correct two misstatements in your first letter dated August 24, 2006. Your comments directed at inquiries into "the relevance" of certain of the numerous categories of documents listed in your July 12, 2006 letters to the defendants misrepresents

NewYork 187342v.1

Case 6:06-cv-00082-LED-JDL   Document 75   Filed 11/13/2006   Page 5 of 5

our inquiries. Mr. Gray's comment regarding the production of every merchant agreement for the defendants in the *RapidPay* action was, as you well know, only that AdvanceMe's recent request for these documents appeared to be in conflict with our tentative agreement that defendants would produce an exemplar agreement and stipulate as to its similarity to other such agreements. Because AdvanceMe has now decided not to accept such a stipulation, as you related to Mr. Gray during your August 22nd telephone conference, defendants have agreed to produce all relevant cash advance agreements, as described above.

You also stated that Merchant Money Tree's statement that its processor agreements are oral is "demonstrably false." During our August 24, 2006 call, you agreed that if you actually possessed or knew of any documents or other information "demonstrating" that this statement was "demonstrably false," you would provide them to us so that we can follow up with our clients.

Thank you for a productive telephone conference on August 24th. We look forward to working cooperatively with you in the future.

Sincerely,

Hilary Preston

cc:  Ronald S. Lemieux, Esq. (via facsimile)
     Willem Schuurman, Esq. (via facsimile)