# EXHIBIT D

# Vinson&Elkins

Hilary L. Preston hpreston@velaw.com
Tel 212.237.0066 Fax 917.849.5387

September 5, 2006

Via Facsimile and First Class Mail

Robert Matz, Esq.
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re: *AdvanceMe, Inc. v. Rapidpay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
*AdvanceMe, Inc. v. AmeriMerchant LLC* (No. 6:06-cv-082) (E.D. Tex.)

Dear Robert:

We write on behalf of defendants First Funds, Merchant Money Tree, Reach Financial, and AmeriMerchant (collectively "Defendants") in response to your letter of August 31, 2006.

*First*, we must once again clarify the scope of the issues that have been discussed in our telephonic meet-and-confers and related letters. Your letter of August 24, 2006 suggested that these discussions were limited only to defendants' production. We pointed out in our letter of August 25, 2006 that outstanding issues with both Defendants' and Plaintiff's production had been discussed. Now, in your August 31 letter, you state that your "previous *letters* make it clear that all meet and confers to date have been limited to document production issues in the *RapidPay* matter." We cannot understand this purported limitation as the parties' *actual discussions* during these meet and confers have covered outstanding production issues in both cases.

*Second*, several statements made in the August 31, 2006 make clear that the all agreements reached during the parties meet-and-confers need to be memorialized verbatim contemporaneously with the parties' telephonic discussions. We have attempted from the beginning to negotiate any discovery disputes in good faith and without the needless waste of attorneys' time and our clients' money that can result when the parties are forced to reflect each and every discussion regarding discovery in a letter. This should not be necessary among experienced counsel, as both our firms are, but it appears that Plaintiff would prefer this type of proceeding. For example, you now state that there was never any tentative

agreement by Plaintiff to accept in place of production of each and every merchant cash advance agreement by the *RapidPay* Defendants, the production of an exemplar cash advance agreement and a stipulation that the produced example was substantially similar, if not identical to, all other such agreements. Defendants in the *RapidPay* proceeded in good faith on this basis of this tentative agreement, producing exemplar agreements to Plaintiff. Defendants cannot understand why Plaintiff now disclaims that any such discussions were had. Accordingly, we request that a court reporter transcribe all future discussions.

As an additional, and perhaps most troubling, example, your August 31 letter makes much of Defendants' request that Plaintiff search for documents relevant to the companies, methods, or systems identified in the Defendants' Amended Invalidity Contentions. Plaintiff states that this is a request that "threatens to throw the discovery phase of this case into chaos" because Defendants were "springing this issue on AdvanceMe." We will not engage in these unnecessary squabbles. The discovery obligations of both parties are well-defined in the local rules and discovery order in place in these cases. Defendants have been proceeding, and have trusted that Plaintiff has been proceeding, in compliance with their obligation to produce all documents "relevant to the pleaded claims or defenses involved" in these actions. Plaintiff's surprise that Defendants would consider documents relevant to prior art or to plaintiff's knowledge of that prior art to be documents relevant to the claims or defenses in this action is incomprehensible. If it truly is your client's position that these documents are irrelevant, please advise us of that at your earliest convenience so that we can seek the Court's guidance through a motion to compel.

*Third*, with respect to the deposition transcripts of Gary Johnson and Les Falke in the *Angrisani* case, we are unclear as to the basis for your objection to producing a complete version of these documents, which, as you admit, contain relevant information. As an initial matter, please advise of the number of days each deponent was deposed, as your claim of the existence of (thousands) of pages of deposition transcripts seems improbable. You have proposed that Defendants provide you with search terms so that you can produce excerpts of the transcripts, but this is not a feasible solution. As you know, a search of a transcript using only discrete words or phrases will yield only the line or two containing those words or phrases and not the surrounding paragraphs or pages that are necessary to put the discussion into context. If Plaintiff refuses to produce the complete documents, please advise us of that so that we can also seek the Court's guidance on this issue.

*Fourth*, with respect to the additional documents over which Plaintiff has advised it is asserting a privilege, including the Board meeting minutes and e-mails noted in your August 30 letter, please advise when we can expect to receive your updated privilege log.

*Last*, we have extended you courtesies in the form of additional time for production as you have requested it, and you have likewise, up to this point, extended that courtesy to us. But in your August 31 letter, you have set an artificial deadline for Defendants' production of September 8, 2006, but in the same breath, have stated that Plaintiff "cannot provide you with a definite date by which documents will be produced," is "*continuing* to search for all relevant, non-privileged" documents, and that "[t]his representation should be sufficient" for Defendants. Given that Plaintiff filed the *RapidPay* action nearly 10 months ago, but brought Defendants into only 7 months ago, Plaintiff's request that they be permitted more (and indefinite) time to meet their discovery obligations and simultaneous demand that Defendants complete their production in four business days is striking. Plaintiff has not produced a single document other than the file histories and a handful of publicly available articles. Defendants are amenable to setting a deadline for production, but such a deadline should put Plaintiff's production on schedule, if not ahead of, that of Defendants. If you would like to set parallel discovery deadlines, please advise us of your suggested date.

We look forward to receiving your response to the above requests.

Sincerely,

*Hilary Preston / KLey permission*

Hilary Preston

cc:  Ronald S. Lemieux, Esq. (via facsimile)
     Willem Schuurman, Esq. (via facsimile)