# EXHIBIT F

Dockets.Justia.com

# Vinson&Elkins

**Joseph D. Gray**  jgray@velaw.com
**Tel** 512.542.8420  **Fax** 512.236.3224

October 9, 2006

***VIA FACSIMILE & U.S. MAIL***

Ronald Lemieux
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155

Re:  *AdvanceMe, Inc. v. Rapidpay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
     *AdvanceMe, Inc. v. AmeriMerchant LLC* (No. 6:06-cv-082) (E.D. Tex.)

Dear Ron:

We write in response to Robert Matz's letter dated September 30, 2006. Due to Mr. Matz's repeated misrepresentations of the results of discussions between counsel, we previously requested that a court reporter transcribe any future conferences. In his latest letter, Mr. Matz again misrepresents the results of discussions between counsel – discussions of which he was not a part – thus, we address this letter to you.

Contrary to Mr. Matz's misrepresentation, Defendants have <u>never</u> agreed to AdvanceMe's production of less than complete deposition transcripts from the *Angrisani* matter. AdvanceMe's only explanation for its refusal to produce complete deposition transcripts has been that the transcripts consist of "thousands" of pages. However, AdvanceMe has flatly refused to inform Defendants of the actual length of the transcripts or the number of days each individual was deposed. Why AdvanceMe cannot simply copy the CD(s) containing the transcripts or simply copy the transcripts in their entirety is beyond the defendants. Please produce these relevant transcripts in full immediately.

Please also produce any other relevant documents from the *Angrisani* matter. While Mr. Matz's August 31, 2006 letter states that the documents being produced are responsive to Bill Schuurman's July 5, 2006 letter requesting documents from the *Angrisani* matter, AdvanceMe produced only portions of prosecution histories that had already been produced to Defendants. Please let us know immediately if you are aware of <u>any</u> document produced to Defendants from the *Angrisani* matter that is not one of the deposition excerpts discussed above or a duplicate copy of prosecution histories.

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Beijing  Dallas  Dubai  Houston  London
Moscow  New York  Shanghai  Tokyo  Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
**Tel** 512.542.8400  **Fax** 512.542.8612  www.velaw.com

With regard to the third and fourth paragraphs of Mr. Matz's letter, we once again point out that AdvanceMe has an absolute obligation to produce *all* documents that deal with relevant prior art.     AdvanceMe's failure to produce documents establishing that AdvanceMe was aware of the prior art that was known to the drafters then being prosecuted in connection with the '544 patent or the '281 patent – prior art that was withheld from the patent office -- constitutes misconduct and significantly prejudices Defendants' ability to prosecute their claims of inequitable conduct.

To date, AdvanceMe has not produced one single document that reflects the knowledge of any AdvanceMe employee regarding prior art, the consideration of prior art, discussions of prior art, or competitive analyses referring to any prior art.  It is difficult to imagine that *all* relevant documents have been embodied in "old format" back-up tapes and cannot possibly be produced.  Please clarify whether AdvanceMe has exhausted its search of all materials not embodied in back-up tapes, including by speaking with, and searching the hard copy and electronic files of, any persons having knowledge of prosecution of the '544 or '281 patents, of the inventions described therein, or of prior art.

Regarding the back-up tapes, please inform us immediately which categories of documents should be contained on the back-up tapes (including whether they should contain competitive analyses, board meeting minutes or agendas, documents distributed in off-site executive meeting notebooks or agendas, business plans, and/or emails).  Please also:

1. Identify the time periods for which AdvanceMe has backed-up documents;
2. Describe how often files were transferred to back-up tapes;
3. Describe when files were transferred to back-up tapes for each specific time period;
4. Describe whether individual back-up tapes contain information for only particular months and/or years; and
5. Describe whether all documents not backed up have been destroyed.

Because the development of our defenses is being severely hampered by AdvanceMe's delays, Defendants request AdvanceMe's response to the issues raised herein by October 13, 2006.  If AdvanceMe does not conduct a proper investigation and search, and produce relevant documents, by October 20, 2006, Defendants will file an appropriate motion with the court.  AdvanceMe's apparent attempt to stall this litigation through discovery gamesmanship is improper and must cease immediately.

Sincerely,

Joseph D. Gray

cc:     Michael Edelman
        Robert Matz
        Hilary Preston
        Bill Schuurman