# EXHIBIT H

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:05-cv-424-LED-JDL |
| RAPIDPAY LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH | § § § § § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' AMENDED FIRST SET OF INTERROGATORIES TO PLAINTIFF ADVANCEME, INC.

Pursuant to Federal Rule of Civil Procedure 33, First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC (collectively "Defendants") hereby submit an amended version of their First Set of Interrogatories to Plaintiff AdvanceMe, Inc. ("Plaintiff" or "AdvanceMe"), dated September 1, 2006. Plaintiff is directed to give answers to the following written interrogatories separately, fully, in writing, under oath, and in accordance with the following instructions and definitions. The answers must be signed by the person making them and any objections must be signed by the attorney making them. Both answers and objections must be served on the undersigned attorney within thirty days of September 1, 2006, the date of service of the Defendants' initial First Set of Interrogatories.

## INSTRUCTIONS

The answers to these interrogatories shall include such information and documents as are within Plaintiff's custody, possession, or control, or are within the custody, possession, or the control of Plaintiff's consultants, accountants, attorneys, or their agents, or which are otherwise available to Plaintiff. Plaintiff is specifically instructed to review any storage and archive facilities and the personal files, records, notes, personal notebooks or journals, correspondence, daily calendars, telephone logs, and records of all persons who have knowledge of the information inquired about in each interrogatory.

If the answer to any interrogatory is not made from the personal knowledge of the person signing the answers, identify each person from whom information or documents were obtained to make the particular answer and identify each person having personal knowledge of such information. If the answers or portions of answers to these interrogatories are supplied upon information and belief rather than upon actual knowledge, so state and specifically describe or identify the source or sources of such information and belief.

The answers to these interrogatories shall include, but not be limited to, an identification of each person having knowledge of the information provided in the answer, and of all documents (including calculations) and communications relating to that information.

If Plaintiff claims that any conversation, meeting or oral discussion inquired about in this interrogatory is privileged, Plaintiff shall nevertheless identify such conversation in the manner required herein and set out separately a detailed description of the factual circumstances supporting Plaintiff's claim of privilege with respect to each such conversation, meeting, or oral discussion.

If any part of an interrogatory cannot be answered in full, answer to the extent and the manner possible, using an estimate if exact figures or detailed records are not available, and specifying if an estimate rather than exact figures or statements have been used. If the precise number, figure, or facts are not now available due to the destruction of records or documents, set forth when and why the pertinent documents and records were destroyed.

The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa in order to give these interrogatories the broadest scope. All words and phrases shall be construed as masculine, feminine or neuter gender, according to the context.

## DEFINITIONS

A.    The word "document" includes the plural as well as the singular, has the meaning ascribed to them in Federal Rule of Civil Procedure 34(a), and is synonymous with the terms "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and is intended to include any all manner of written, typed printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings or other representations of any kind of anything pertaining, describing, referring or-relating, directly or indirectly, in whole or in part, to the subject matter of the interrogatory, and the term includes, but without limitation:

1.    Papers, books, journals, ledgers, statements, memoranda, reports, invoices, work sheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, or any other writing, typing, printing, photostatic or other forms of

communications that are recorded, reproduced or stored electronically as well as all notations on the foregoing;

      2.      Originals and all copies; and

      3.      All drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

B.      The term "identify" when used with reference to a document or documents, means to state, for each such document:

      1.      Its nature, e.g., letter, memorandum, photograph, etc.;

      2.      Its title or designation;

      3.      The date it bears;

      4.      The name, title, business affiliation, and business address of the person to by whom the document was prepared.

      5.      The name, title, business affiliation, and business address of all persons to whom the document was directed;

      6.      A precise description of the place where such document is presently kept, including (i) the title or the description of the file in which such documents would be found, and (ii) the exact location of such file;

      8.      The name, title, business affiliation and business address of each person who presently has custody of such document; and

      9.      Whether any claim of privilege exists as to such document and if so, a precise statement of the facts upon which said claim of privilege is based.

  C. The term "person" means, in the plural as well as in the singular, any natural person, firm, association, partnership, corporation, federal, state, or local government or government agency, or other form of legal entity, as the case may be.

  D. The phrase "identify" when used with reference to a person or persons means to state, for each such person:

    1. His/her full name;

    2. His/her current and last known business affiliation, title, and employment position, including a description of his/her duties and responsibilities;

    3. His/her current business address; if that be unknown, the last known business address;

    4. If a normal person or persons, the present residential address, the business affiliation, business address, and the correct title of such person with respect to the business, organization or entity with which he or she is or was last associated.

  E. The phrase "identify", when used in reference to a Document means to

  F. The term "entity" includes, in the plural as well as in the singular, without limitation all businesses, corporations, companies, enterprises, organizations, associations, trade groups, and any divisions, affiliates, subsidiaries, sections, branches, elements or parts thereof.

  G. The phrase "identify" when used with reference to an entity or entities means to state, for each entity:

    1. The name of the entity;

    2. The entity's current business address and telephone number; if that be unknown, the last known business address and telephone number;

        3.       The person or persons at that entity who are most knowledgeable about the nature, scope, and cost of work performed regarding the Accused Instrumentalities.

      H.       The term "281 Patent" means U.S. Patent No. 6,941,281.

      J.       The words "Plaintiff" and "AdvanceMe" refer to AdvanceMe, Inc., and each of its officers, consultants, representatives, employees and agents.

      K.       The words "you" and "your" refer to the Plaintiff and all of its officers, directors, employees, consultants and agents.

      L.       "Any" and "all" shall include "each" and "every".

      M.       The phrase, "Second Amended Invalidity Contentions," refers to Defendants' Second Amended P.R. 3-3 Preliminary Invalidity Contentions, dated August 30, 2006.

      N.       The phrase "LeCard Prior Art" refers to the prior art identified in Exhibit 1 to the Second Amended Invalidity Contentions.

      O.       The phrase "Litle & Co. Prior Art" refers to the prior art identified in Exhibit 6 to the Second Amended Invalidity Contentions.

      P.       The phrase "First USA Prior Art" refers to the prior art identified in Exhibit 3 to the Second Amended Invalidity Contentions.

## INTERROGATORY

*Interrogatory No. 1:*

For each of the LeCard Prior Art, Litle & Co. Prior Art, and First USA Prior Art identify every element in both of the asserted independent claims of the '281 Patent (Claims 1 and 10) that is not disclosed in these three prior art references and state all facts supporting Plaintiff's contention that these identified pieces of prior art do not anticipate every element of both asserted independent claims of the '281 Patent (Claims 1 and 10).

| | |
|---|---|
| Dated: September 26, 2006 | Respectfully submitted,<br><br>*/s/ Hilary Preston w/ permission o'Reilly*<br>Willem G. Schuurman<br>Texas State Bar No. 17855200<br>Joseph D. Gray<br>Texas State Bar No. 24045970<br>VINSON & ELKINS L.L.P.<br>2801 Via Fortuna, Suite 100<br>Austin, Texas 78746<br>Phone: (512) 542-8400 –<br>Fax: (512) 236-3476<br><br>- and –<br><br>Hilary Preston<br>Admitted Pro Hac Vice<br>VINSON & ELKINS L.L.P.<br>666 Fifth Avenue<br>26th Floor<br>New York, New York 10103<br>Phone: (212) 237-0000<br>Fax: (212) 237-0100<br><br>- and –<br><br>Douglas McSwane<br>Texas State Bar No. 13861300<br>POTTER MINTON, P.C.<br>110 North College<br>500 Plaza Tower<br>Tyler, Texas 75702<br>Phone: (903) 597-8311<br>Fax: (903) 593-0846<br><br>*ATTORNEYS FOR FIRST FUNDS, LLC, MERCHANT MONEY TREE, INC., AND REACH FINANCIAL LLC* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of September, 2006, I served a true and correct copy of the foregoing First Set of Interrogatories to the last known address for all counsel of record listed below in the manner indicated:

*Via Electronic Mail and U.S. Mail*
Ronald S. Lemieux
Robert C. Matz
Michael Edelman
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Tel: (650) 320-1800
Fax: (650) 320-1900
ronlemieux@paulhastings.com
robertmatz@paulhastings.com
michaeledelman@paulhastings.com

Otis Carroll
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-7071
Fedserv@icklaw.com

*Via U.S. Mail*
Stephanie Nimberg, President
Lawrence Morrison, General Counsel
17 Battery Place Suite 1330
New York, New York 10004

*/s/ Amy A. Reiley*