# EXHIBIT M

Joseph D. Gray jgray@velaw.com
Tel 512.542.8420 Fax 512.236.3224

October 31, 2006

**VIA FACSIMILE & U.S. MAIL**

Michael Edelman
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re:   AdvanceMe, Inc. v. Rapidpay LLC, et al. (No. 6:05-cv-00424) (E.D. Tex.);
      AdvanceMe, Inc. v. AmeriMerchant LLC (No. 6:06-cv-082) (E.D. Tex.)

Dear Michael:

We write in response to your letter of October 27, 2006 regarding Defendants' Notice of Deposition of AdvanceMe, Inc.

Defendants agree with your characterizations of the scope of certain deposition topics, although they do not agree to withdraw any of the topics as requested in your letter, as explained below.

## Agreed Topics

*Topics 1, 2, 3, and 5*:

Defendants agree with Plaintiff's proposed scope of these topics, with one minor change. These topics will be limited to encompass non-privileged knowledge of the six methods or systems listed in Defendants' current preliminary invalidity contentions, <u>as well as prior art cited during prosecution,</u> with respect to all individuals who were involved other than in a purely administrative capacity in (a) the prosecution of the '281 Patent or its parent, (b) the preparation of materials regarding prosecution of the '281 Patent or its parent, or (c) non-privileged discussions about patent prosecution at any off-site, executive, or employee meetings.

Vinson & Elkins LLP Attorneys at Law
Austin Beijing Dallas Dubai Houston London
Moscow New York Shanghai Tokyo Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400 Fax 512.542.8612 www.velaw.com

*Topics 4-6, 8-10, 22*:

As explained in Mrs. Preston's October 25, 2006 letter, Defendants are seeking only non-privileged information regarding each topic in the Notice of Deposition – including these topics. Plaintiff must designate a witness to testify as to each of these topics, and if Plaintiff's counsel believes Defendants' examination delves into privileged matters, Plaintiff's counsel can object during the deposition. Plaintiff has agreed to this approach with respect to Topic 7, that is to produce a witness to testify only as to non-privileged responsive information. *See* October 27, 2006 letter from Michael Edelman to Hilary Preston at 3. Plaintiff's purported concern is not an appropriate basis for refusing to produce a witness to testify on the non-privileged information responsive to these topics, and is certainly not a basis for holding up testimony on all other topics, as Plaintiff apparently seeks to do.

*Topic 16*:

Defendants agree with Plaintiff that the scope of topic 16 is limited to: "Whether AdvanceMe has or had a relevant documentation policy and if so, what that policy (or policies) provided."

*Topics 17 and 20*:

Defendants agree with Plaintiff's characterization of these topics. These topics will be limited to: Any discussion of patent prosecution or the Prior Art at any off-site, executive, or employee meetings, or included in any business plans. "Prior Art" will be limited as described above with respect to Topics 1, 2, 3, and 5.

*Topic 19*:

Defendants agree to Plaintiff's characterization of the scope of this topic, with one minor change. Topic 19 will be limited to: AdvanceMe's use of pending patent applications, or the issued Patents, as a promotion, marketing, <u>or recruitment</u> tool.

*Topic 21*:

Defendants agree to Plaintiff's characterization of the scope of this topic. Topic 21 will be limited to: Any discussion of the Prior Art contained within any competitive analysis conducted or distributed between January 1996 and September 2005. Prior Art will be limited as described above with respect to Topics 1, 2, 3, and 5.

## Sole Remaining Disagreement

### Topics 11-15:

Plaintiff's objection to these topics based on their calling for expert testimony is surprising, considering that it is directly contrary to the position Plaintiff has taken with respect to interrogatories requesting similar information that it served on Defendants. Indeed, after AmeriMerchant served its initial interrogatory responses, Plaintiff objected to AmeriMerchant's objection to Interrogatory Nos. 13 and 14, which initial objection was based in part on their calling for expert testimony.

After meeting and conferring, AmeriMerchant agreed to provide, and has since provided, responses to Interrogatory Nos. 13 and 14 (regarding whether AmeriMerchant practices each element of each claim of the '281 Patent, separately applying both the constructions proposed by Plaintiff (Interrogatory No. 13) and the constructions proposed by Defendants (Interrogatory No. 14)). In other words, Plaintiff's interrogatories explicitly called for claim construction and application to Defendants' methods and systems, and Plaintiff demanded that AmeriMerchant respond. (And, as you know, interrogatory responses are the parties' responses, not an expert's responses.)

In contrast to Plaintiff's interrogatories, Defendants' Topics 11-15 cover factual bases or features, if any, on which Plaintiff distinguishes the invention described in the '281 Patent from the Prior Art – not a claim element by claim element analysis of the Prior Art. They do not request or require claim construction; instead, they simply seek any differences Plaintiff perceives, if any, between (a) the six methods and systems identified in Defendants' current preliminary invalidity contentions and the prior art cited during prosecution, and (b) the inventions described in the Patents.

Case 06-cv-50178  Document 7  Filed 11/13/2006  Page 5 of 5

      Defendants insist that Plaintiff's deposition commence on or before November 15, 2006, as Plaintiff's delay in making a witness available has already severely hampered Defendants' defense of this action. Although the Notice of Deposition was served October 9, 2006 – nearly a month ago – Plaintiff has failed to propose *any* date for the deposition, despite the fact that there are many topics to which Plaintiff does not object.

      If Plaintiff maintains its objection to Topics 11-15, Defendants intend to proceed with a deposition on the remaining topics while the Court settles the parties' dispute.

      Please confirm that Plaintiff agrees with each of the above compromise topics, and that Plaintiff is available November 15, 2006, at your earliest convenience.

Regards,

Joseph D. Gray

102315:5459

761676v1

cc:    Robert Matz
        Bill Schuurman
        Hilary Preston