# EXHIBIT Q

Dockets.Justia.com

# Vinson&Elkins

Joseph D. Gray  jgray@velaw.com
Tel 512.542.8420  Fax 512.236.3224

November 3, 2006

Michael Edelman , Esq.
Paul Hastings Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re:   AdvanceMe, Inc. v. Rapidpay LLC, et al. (No. 6:05-cv-00424) (E.D. Tex.);
      AdvanceMe, Inc. v. AmeriMerchant LLC (No. 6:06-cv-082) (E.D. Tex.)

Dear Michael:

        We write regarding Plaintiff's failure to produce documents relevant to the claims and defenses of the parties to the above actions.  Plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Discovery Orders, thus Defendants will be forced to file a costly motion to compel if the following issues are not resolved immediately:

1.  Plaintiff has failed to provide *any* documents reflecting Plaintiff's knowledge of the systems and methods identified in Defendants' preliminary invalidity contentions.  Please produce all documents evidencing Plaintiff's knowledge of any identified prior art references immediately, including but not limited to business plans, off-site executive meeting notebooks, Board Meeting Minutes, and internal memoranda.

2.  Plaintiff has failed to produce complete deposition transcripts from the *Angrisani* litigation, despite Defendants' repeated requests.  The only explanation it has provided Defendants is that it believes the redacted portions of those transcripts are not relevant.  However, the produced excerpts appear to have relevant testimony redacted, and Plaintiff has failed to include the transcripts in a privilege log – much less include the transcripts in a privilege log with a sufficient description of all redacted portions to enable Defendants to assess Plaintiff's claim of irrelevance.  If Plaintiff has any authority whatsoever for redacting portions of a single document containing admittedly relevant information, based on relevance grounds alone, please inform Defendants of that authority.

3.  Plaintiff has claimed that relevant documents may be located on backup tapes within Plaintiff's possession, custody, or control.   Defendants have

Vinson & Elkins LLP  Attorneys at Law
Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400  Fax 512.542.8612  www.velaw.com

persistently requested either (a) that Plaintiff search the backup tapes for all documents relevant to the claims or defenses of any party, as the Federal Rules require, or (b) provide Defendants more specific information about the contents of the backup tapes. Defendants are obviously unable to assess Plaintiff's proposal for restoring the backup tapes without the requested information. If Plaintiff continues to refuse to search the backup tapes, Defendants reiterate their request for the information requested in Joseph Gray's October 9, 2006 letter to Michael Edelman and Hilary Preston's October 30, 2006 letter to Michael Edelman.

Case 6:06-cv-00089-LED Document 75 Filed 11/13/2006 Page 3 of 5

4. The descriptions of documents listed in Plaintiff's September 30, 2006 privilege log ("Privilege Log") are grossly inadequate. Some of the Privilege Log's deficiencies include:

   a. Plaintiff's descriptions of documents in the privilege log are too vague to establish that a privilege exists, contrary to the requirements of FED. R. CIV. P. 26(b)(5). For example, "Internal document reflecting a response to a request for legal services" fails to even approach a description sufficient to enable Defendants to assess the applicability of the privilege. *See* Privilege Log at 1. Under the Federal Rules, Plaintiff must describe every document in the Privilege Log with sufficient particularity to enable Defendants to assess Plaintiff's claims of privilege.

   b. Plaintiff's Privilege Log contains multiple glaring omissions. For example: Board Meeting Minutes without a distribution list (Privilege Log at 9-14, 17-18); Attorney notes produced by Gary Johnson, a non-attorney (Privilege Log at 12); and a fax communication without a recipient (Privilege Log at 15).

   c. Plaintiff's descriptions of the Board Meeting Minutes, in addition to failing to provide a description sufficient to enable Defendants to assess the applicability of the privilege, lack a complete list of those in attendance at the meeting. Plaintiff must immediately identify all attendees of these meetings and provide a general description of the matters that were discussed. Such information is required to assess the merit of Plaintiff's claims that either the entirety of the Board

Meetings Minutes are privileged, or that the Board Meeting Minutes contain irrelevant, non-privileged matter.

Plaintiff's Privilege Log describes a number of documents as "draft correspondence." In addition to failing to sufficiently describe the document as required by the Federal Rules, the Privilege Log fails to include the final version or identify the recipient(s) of the final version. Of particular note is the fact that several of these draft correspondences have been sent to non-attorneys. Plaintiff must immediately provide additional information for each "draft correspondence" to enable Defendants to assess Plaintiff's claim of privilege.

e. Several documents are described as "attorney notes on correspondence," yet fail to identify the correspondence on which an attorney is taking notes. Plaintiff's privilege log must identify such correspondence.

5. Plaintiff has identified several documents as privileged for which privilege has been waived. *See, e.g.*, Privilege Log at 4-5. Barbara Johnson testified that she has never been an employee of AdvanceMe, and her status as a stockholder or named inventor does not create an attorney-client relationship. Privilege has thus been waived on all allegedly privileged correspondence that was distributed to Barbara Johnson, and Plaintiff must immediately produce all such documents.

6. Plaintiff asserts that a Gymboree Contract is covered by a confidentiality agreement, but has apparently made no effort to obtain approval for its production under the protective order in this case. Defendants sought and obtained approval to produce material similarly covered by confidentiality agreements, and Plaintiff must at least attempt to do the same.

7. Defendants request that Plaintiff assign numbers to the entries in the Privilege Log so that specific entries may be referenced by Defendants and by the Court.

V&E

Defendants have attempted throughout the past several months to obtain Plaintiff's cooperation regarding these discovery disputes.  If Plaintiff fails to resolve each issue by November 10, 2006, Defendants will be forced to file a motion to compel.

Regards,

Joseph Gray