**EXHIBIT D**
**TO DECLARATION OF MICHAEL N. EDELMAN**
**IN SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Dockets.Justia.com

06/18/06  MON 14:16 FAX 214 849 2067     PAYMENTECH                          ☑001

## CHASE ◆
## Paymentech

# Facsimile

1601 Elm Street, 9th Floor
Dallas, Texas 75201
www.chasepaymentech.com

March 3, 2006

To:      David Golden

Fax:     646-349-3272

From:    Paul Henkins

Phone:   214-849-2072          Fax:  (214) 849-2067

Number of pages including cover 12

The pages comprising this facsimile contain confidential information of Paymentech, Inc.  This information is
intended for use solely by the individual or entity named as the recipient.  Any disclosure, copying, distribution, or use
of the contents of this transmission is prohibited.  If you have received this transmission in error, please notify us by
telephone at (214) 849-2083 immediately so that we may arrange to retrieve this transmission at no cost to you.

6/18/00

Schedule E - 1

## Promissory Note for Postage Advances

| | |
|---|---|
| Principal Amount of Advance is: | $170,210.30 |
| Advance is Payable to: | Postmaster, Atlanta, GA |
| Advance will be made on: | 6/26/90 |
| First repayment will be made on | 7/16/90 |
| Daily Repayment amount is | $4311.47 |
| Last repayment will be made on: | 9/7/90 |

In consideration of Lide & Co. making advances for the account of MEMBER to Postmaster, Atlanta, GA, MEMBER agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% to Lide & Co., or order. Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that (i) the Principal Amount of Advance, plus accrued interest at 10% less prior payments shall be paid in full on or before Sept. 10, 1990 and (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS.

Upon a default in payment of any obligation of MEMBER under this Schedule, Lide & Co., may, upon 48 hours notice, at its option, declare all obligations of MEMBER to Lide & Co. immediately due and payable and exercise all rights and remedies available under applicable law. The rights and remedies of Lide & Co. under this Schedule are cumulative of, in addition to, and not in limitation of, any rights or remedies otherwise available to Secured Party including without limitation such other rights and remedies as may be available under the OPERATING GUIDE or MASTER MEMBERSHIP AGREEMENT. MEMBER shall pay reasonable costs of collection incurred by Secured Party, including reasonable fees of attorney.

No delay or omission on the part of Secured Party in exercising any right hereunder shall operate as a waiver of such right or of any other right. MEMBER waives presentment, demand, protest and notices of every kind and assents to any one or more extensions of time or other indulgences, to any substitutions, exchanges or releases of collateral (if any), and to the addition or release of any person primarily or secondarily liable.

Encoutex, Inc.
MEMBER

ALLEN ABBOTT - VP. MARKETING
By (Type or Print Name & Title)

_Signature_

6/22/90
Date

06/19/06  MON 14:18 FAX 214 849 2067        PAYMENTECH                                    ☑003

**FINANCE, Inc. OPERATING GUIDE**

June 18, 1990 - Page 11 of 11

TOTAL P.03

06/19/06  MON 14:18 FAX 214 849 2057        PAYMENTECH        ━━━ ━━━ ━━ ━━        ━━━━ ━━━        ☒004

Schedule F-1

**Security Agreement**

To secure the prompt and full payment of any and all obligations, whether due or to become due, now existing or hereafter arising, of MEMBER to Lüle & Co., Inc. ("Secured Party"), including without limitation those obligations arising under Schedule E-1 of the OPERATING GUIDE for Postage Advances, MEMBER grants Secured Party a continuing security interest in all accounts, inventory, equipment, customer lists, furniture, fixtures, CARD SALES and all other tangible and intangible property of MEMBER, wherever located, now owned or hereafter acquired or arising and any and all additions, substitutions, proceeds and products thereto and thereof. All cash, deposits, instruments, sums due MEMBER from Secured Party, or other property of MEMBER in possession of Secured Party (whether for safekeeping or otherwise) shall constitute security for the obligations and may be applied or set off by Secured Party against the obligations at any time and whether or not any of the obligations are then due or other collateral is available to Secured Party.

MEMBER agrees that a copy of this security agreement may be filed as a financing statement and MEMBER agrees to take such additional acts and deliver such additional documents as Secured Party may reasonably request in order to protect, preserve and perfect the rights of Secured Party.

Upon a default in payment of any of the obligations secured hereby or performance of any obligation of MEMBER under this Schedule, Secured Party may, upon 48 hours notice, at its option, declare all obligations immediately due and payable and exercise all rights and remedies available to a secured party under applicable law. All rights and remedies of Secured Party under this Schedule are cumulative of, in addition to, and not in limitation of, any rights or remedies otherwise available to Secured Party including without limitation such other rights and remedies as may be available under the OPERATING GUIDE or MASTER MEMBERSHIP AGREEMENT. MEMBER shall pay reasonable costs of collection incurred by Secured Party, including reasonable fees of attorney.

No delay or omission on the part of Secured Party in exercising any right hereunder shall operate as a waiver of such right or of any other rights. MEMBER waives presentment, demand, protest and notice of every kind and assents to one or more extensions of time or other indulgences, to any substitutions, exchanges or releases of collateral (if any), and to the addition or release of any other person, primarily or secondarily liable.

Exposures, Inc.                              Lüle & Co., Inc.
MEMBER

ALLEN ABBOTT  VP MARKETING    By  JOHN E. SNIDER
By (Type or Print Name & Title)

[signature]                                  [signature] John E. Slury
Signature                                    Signature

70 South Main St.                            54 Stiles Road

South Norwalk, CT 06854                      Salem, NH 03079
Mailing Address                              Mailing Address

June 15, 1990                                      6/25/90
Date                                         Date

'06/19/06  MON 14:19 FAX 214 849 2057           PAYBENTECH

Schedule F - 4

## Security Agreement

To secure the prompt and full payment of any and all obligations, whether due or to become due, now existing or hereafter arising, of MEMBER to Lillo & Co., Inc. ("Secured Party"), including without limitation those obligations arising under Schedule E - 4 of the OPERATING GUIDE for Postage Advances, MEMBER grants Secured Party a continuing security interest in all accounts, inventory, equipment, customer lists, furniture, fixtures, CARD SALES and all other tangible and intangible property of MEMBER, wherever located, now owned or hereafter acquired or arising and any and all additions, substitutions, proceeds and products thereto and thereof. All cash, deposits, instruments, sums due MEMBER from Secured Party, or other property of MEMBER in possession of Secured Party (whether for safekeeping or otherwise) shall constitute security for the obligations and may be applied or set off by Secured Party against the obligations at any time and whether or not any of the obligations are then due or other collateral is available to Secured Party.

MEMBER agrees that a copy of this security agreement may be filed as a financing statement and MEMBER agrees to take such additional acts and deliver such additional documents as Secured Party may reasonable request in order to protect, preserve and perfect the rights of Secured Party.

Upon a default in payment of any of the obligations secured hereby or performance of any obligation of MEMBER under this Schedule, Secured Party may, upon 48 hours notice, at its option, declare all obligations immediately due and payable and exercise all rights and remedies available to a secured party under applicable law. All rights and remedies of Secured Party under this Schedule are cumulative of, in addition to, and not in limitation of, any rights or remedies otherwise available to Secured Party including without limitation such other rights and remedies as may be available under the OPERATING GUIDE or MASTER MEMBERSHIP AGREEMENT. MEMBER shall pay reasonable costs of collection incurred by Secured Party, including reasonable fees of attorney.

No delay or omission on the part of Secured Party in exercising any right hereunder shall operate as a waiver of such right or of any other rights. MEMBER waives presentment, demand, protest and notices of every kind and assents to one or more extensions of time or other indulgences, to any substitutions, exchanges or releases of collateral (if any), and to the addition or release of any other person, primarily or secondarily liable.


Exposures, Inc.
MEMBER

J. Randall Bourne
By (Type or Print Name & Title)

_J.A. Bourne_
Signature

70 South Main St.

South Norwalk, CT 06854
Mailing Address

June 19, 1991
Date

M-OG-12M

06/19/06  MON 14:20 FAX 214 849 2087    PAYMENTECH    ☒000

Schedule E - 4

## Demand Promissory Note for Postage Advances

Principal Amount of Advance is:                          $168,000.00
Advance is Payable to:                                   Postmaster, Atlanta, GA
Advance will be made on:                                 06/25/91
First repayment will be made on                          07/08/91
. . ity Repayment and Management Fee is:                 $4412.50
. . st repayment will be made on:                        08/30/91

In consideration of Lile & Co. making advances for the account of MEMBER to Postmaster, Atlanta, GA., MEMBER agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% and $6720.00 Management Fee to Lile & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Lile & Co. while any amount owed under this note is still outstanding. Notwithstanding that cash amounts are otherwise payable on demand, MEMBER agrees that (i) the Principal Amount of Advance, plus accrued interest at 10% and non-interest bearing Management Fee, less prior payments shall be paid in full on or before September 2, 1991 and (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS.

Until such time as demand is made MEMBER shall make payments in accordance with the schedule above. The rights and remedies of Lile & Co. under this Schedule are cumulative of, in addition to, and not in limitation of, any rights or remedies otherwise available to Secured Party including without limitation such other rights and remedies as may be available under the OPERATING GUIDE or MASTER MEMBERSHIP AGREEMENT. MEMBER shall pay reasonable costs of collection incurred by Secured Party, including reasonable fees of attorney.

No delay or omission on the part of Secured Party in exercising any right hereunder shall operate as a waiver of such right or of any other right. MEMBER waives presentment, demand, protest and notices of every kind and assents to any one or more extensions of time or other indulgences, to any substitutions, exchanges or releases of collateral (if any), and to the addition or release of any person primarily or secondarily liable.

Exposures, Inc.
MEMBER

J. Randall Bonrue
(Type or Print Name & Title)

Signature  _____

Date  6/19/91

06/19/06  MON 14:20 FAX 214 849 2087....    PAYMENTECH    @007
         JUN 21 '50 15:59 CONSUMER VENTURE 203-629-2819    P.2

## SUBORDINATION AGREEMENT

THIS SUBORDINATION AGREEMENT, dated as of June 22, 1990 by
and among EXPOSURES INC., a Delaware corporation ("Exposures"),
THE CONNECTICUT BANK AND TRUST COMPANY, N.A., a national banking
association (the "Bank"), CONSUMER VENTURE PARTNERS I, L.P., a
Delaware limited partnership ("Consumer Venture Partnership") and
FIRST BOSTON INVESTMENT LIMITED PARTNERSHIP NO. 5, a
New York limited partnership ("First Boston Partnership" and
together with Consumer Venture Partnership, the "Guarantors").

WHEREAS, on August 30, 1989, Exposures and the Bank entered
into a Line of Credit/Grid Agreement (the "Line of Credit") and a
Security Agreement (the "CBT Security Agreement");

WHEREAS, pursuant to the CBT Security Agreement, Exposures
has granted to the Bank a continuing security interest (the "CBT
Security Interest") in certain of its properties, including all
of Exposures' accounts receivable and customer lists (Exposures'
accounts receivable and customer lists, together with the
proceeds thereof, but no other collateral subject to the CBT
Security Interest or the Guarantors' Security Interest (defined
below), are hereinafter called the "Priority Collateral");

WHEREAS, on August 30, 1989, Exposures, Consumer Venture
Partners, L.P., a Delaware limited partnership ("CVP
Partnership"), Consumer Venture Parallel Fund, L.P., a
Delaware limited partnership ("CVPF Partnership") and First
Boston Partnership entered into a Security Agreement (the
"Guarantors' Security Agreement") with respect to the guarantee
of the Line of Credit by CVP Partnership, CVPF Partnership and
First Boston Partnership;

WHEREAS, pursuant to the Guarantors' Security Agreement,
Exposures has granted to CVP Partnership, CVPF Partnership and
First Boston Partnership a continuing security interest in
certain of its assets (the "Guarantors' Security Interest");

WHEREAS, Consumer Venture Partnership has succeeded to all
of the rights and obligations of CVP Partnership and CVPF
Partnership under the Guarantors' Security Agreement;

WHEREAS, Little & Co., Inc., a Delaware corporation
("Little"), has agreed to make certain advances in the aggregate
amount not to exceed $175,000 for the account of Exposures to
Postmaster, Atlanta, Georgia and in connection therewith

06/19/06  MON 14:21 FAX 214 849 2007    PAYMENTECH    [illegible]    ⌀008
          JUN 21 '98 15:59 CONSUMER VENTURE 288-629-2819    P.3    ⌀003

-2-

Exposures has executed a security agreement dated as of the date hereof (the "Litle Security Agreement");

WHEREAS, the Bank has deemed the aforesaid advances for the account of Exposures to be in its interest as a creditor of Exposures and has entered into an amendment to the CBT Security Agreement in order to consent to the security interest granted pursuant to the Litle Security Agreement;

WHEREAS, the Guarantors have deemed the aforesaid advances for the account of Exposures to be in their respective interests as guarantors of the Line of Credit and have consented in writing to said advances; and

WHEREAS, in connection with the Litle Security Agreement, Exposures has agreed to obtain subordination of the CBT Security Interest and the Guarantors' Security Interest to Litle's security interest with respect to the Priority Interest or the other collateral subject to the CBT Security Interest or the Guarantors' Security Interest (as so limited, the "Litle Security Interest"), and the Bank has agreed to subordinate the CBT Security Interest and the Guarantors have agreed to subordinate the Guarantors' Security Interest to the Litle Security Interest.

NOW, THEREFORE, in consideration of the premises and the mutual promises herein contained, it is hereby agreed:

1.  The Litle Security Interest shall take precedence over and have priority with respect to the CBT Security Interest and the Guarantors' Security Interest in the Priority Collateral.

2.  The Bank hereby subordinates the CBT Security Interest, and the Guarantors hereby subordinate the Guarantors' Security Interest, in the Priority Collateral to and in favor of the Litle Security Interest, and any proceeds of the Priority Collateral shall be applied against amounts owing under the Litle Security Agreement, and paid over to Litle to the extent of the amount of Exposures' then-outstanding obligations to Litle secured by the Priority Collateral, prior to any application thereof against amounts owing to the Bank or to the Guarantors.

3.  Neither the Bank nor the Guarantors shall institute any action or take any steps or use any means to realize upon the Priority Collateral so long as any claim made in respect to the Litle Security Interest remains unsatisfied and so long as Litle is diligently pursuing the satisfaction of its claims by, among other

06/19/98   MON 14:21 FAX 214 849 2067      PAYMENTECH            ☐ 009
           JUN 21 '98 16:00 CONSUMER VENTURE 223-629-2019        P.4  ☐ 004

-3-

things, realizing or attempting to realize upon the
Priority Collateral.

4.   Upon distribution of any assets of Exposures, whether
     by reason of sale, reorganization, liquidation,
     dissolution, arrangement, bankruptcy, receivership,
     assignment for the benefit of creditors, foreclosure or
     otherwise, Litle shall be entitled to receive the
     proceeds from the sale, collection or other disposition
     of the Priority Collateral until all amounts owing with
     respect to the Litle Security Agreement have been paid
     in full.

5.   Neither the Bank nor the Guarantors shall sell,
     assign, transfer, pledge or hypothecate at any time
     while this Subordination Agreement remains in effect
     any right, claim or interest of any kind in or to any
     of the Priority Collateral without making such sale,
     assignment, transfer, pledge or hypothecation expressly
     subject to the terms of this Subordination Agreement.

6.   The Bank, the Guarantors and Exposures will execute
     such further instruments and do such further acts as
     any party may reasonably request to effectively carry
     out the terms and purposes of this Subordination
     Agreement.

7.   Nothing in this Agreement shall be deemed to affect
     the validity or priority of the CBT Security Interest
     or the Guarantors' Security Interest, except to the
     extent that the respective security interests of the
     Bank and the Guarantors in the Priority Collateral are
     subordinated to the Litle Security Interest hereunder.
     The Guarantors acknowledge that the CBT Security
     Interest shall take precedence over and have priority
     with respect to the Guarantors' Security Interest.  No
     third party shall have any rights under this Agreement.
     Any failure of Litle to duly perfect its security
     interest under the Litle Security Agreement shall
     render this Subordination Agreement null and void.

8.   This Subordination Agreement may be amended only by a
     writing signed by the parties and, if its interest is
     affected, by Litle.  For so long as this Subordination
     Agreement is in effect, Exposures shall not increase
     the amount of the advances from Litle beyond $175,000
     without the prior consent of the Bank and the
     Guarantors.

08/19/06  MON 14:22 FAX 214 849 2067        PAYMENTECH _____        @010
     08/21/90  15:55  ☎203 977 7351        DAY BERRY HOWARD        @005

-4-

9.   Any notice or demand required or made hereunder shall
     be by hand, by a nationally recognized overnight
     courier service or by express or certified mail, return
     receipt requested, to the following addresses:

          If to Exposures:

          Exposures, Inc.
          70 South Main Street
          South Norwalk, Connecticut  06854
          Attention:  Mr. J. Randall Bourne

          If to the Bank:

          The Connecticut Bank and Trust Company, N.A.
          Norwalk Commercial CTLF 015N
          Four Stamford Forum
          Stamford, CT 06901
          Attention:  Mr. John Stanley
                      Vice President

          If to the Guarantors:

          Consumer Venture Partners I, L.P.
          Three Pickwick Plaza
          Greenwich, Connecticut  06830
          Attention:  Mr. Pearson C. Cummin, III

          and

          First Boston Investment Partnership No. 6
          The First Boston Corporation
          Tower Forty-Nine *Park Avenue Plaza*
          ~~45 East 49th Street~~ 53 East 52nd St.
          New York, New York  ~~10017~~ 10055
          Attention:  Mr. John P. Kenny, Jr.
                      Vice President

10.  This Subordination Agreement may be executed in
     counterparts, each of which shall be deemed an
     original but all of which together shall constitute one
     and the same instrument.  This Subordination Agreement
     shall be binding upon, and inure to the benefit of, the
     parties hereto and Little, as third party beneficiary,
     and their respective successors and assigns.

05/19/06  MON 14:22 FAX 214 849 2067          PAYMENTECH                              ☒011

-5-

11.  This Subordination Agreement shall be governed by, and
     construed and interpreted according to, the laws of the
     State of Connecticut.

     IN WITNESS WHEREOF, the parties hereto have caused this
Subordination Agreement to be executed as of the date first above
written.

                          EXPOSURES INC.

                          By: _____
                              Its        President

                          CONSUMER VENTURE
                          PARTNERS I, L.P.

                          By: CONSUMER VENTURE
                              ASSOCIATES, L.P.

                          By: _____
                              General Partner

                          FIRST BOSTON INVESTMENT
                          PARTNERSHIP NO. 6

                          By: FBGB, INC.

                          By: _____
                              Its

                          THE CONNECTICUT BANK AND
                          TRUST COMPANY, N.A.

                          By: _____
                              Its  VICE PRESIDENT

06/19/06   MON 14:28 FAX 214 849 2067        PAYMENTECH                                    012
                                             ONE BRENT HOWARD                              007

-5-

11.   This Subordination Agreement shall be governed by, and
      construed and interpreted according to, the laws of the
      State of Connecticut.

      IN WITNESS WHEREOF, the parties hereto have caused this
Subordination Agreement to be executed as of the date first above
written.

                                    EXPOSURES INC.

                                    By:_____
                                        Its

                                    CONSUMER VENTURE
                                    PARTNERS I, L.P.

                                    By: CONSUMER VENTURE
                                        ASSOCIATES, L.P.

                                    By:_____
                                        General Partner

                                    FIRST BOSTON INVESTMENT
                                    PARTNERSHIP NO. 6

                                    By: FBGS, INC.

                                    By:_____
                                        Its

                                    THE CONNECTICUT BANK AND
                                    TRUST COMPANY, N.A.

                                    By:_____
                                        Its

06/19/06  MON 14:23 FAX 214 849 2967        PAYMENTECH    DAY BERRY HOWARD        ☒013
06/21/00   15:55   ☎203 877 7501         DAY BERRY HOWARD                        ☒008

-5-

11. This Subordination Agreement shall be governed by, and construed and interpreted according to, the laws of the State of Connecticut.

IN WITNESS WHEREOF, the parties hereto have caused this Subordination Agreement to be executed as of the date first above written.

EXPOSURES INC.

By: _____
       Its

CONSUMER VENTURE
PARTNERS I, L.P.

By: CONSUMER VENTURE
       ASSOCIATES, L.P.

By: _____
       General Partner

FIRST BOSTON INVESTMENT
PARTNERSHIP NO. 6

By: FBCP, INC.

By: _____
       Its   President

THE CONNECTICUT BANK AND
TRUST COMPANY, N.A.

By: _____
       Its