# EXHIBIT 3
# TO OPPOSITION TO MOTION TO COMPEL

Dockets.Justia.com

# Paul*Hastings*
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

July 12, 2006

<u>Via Facsimile</u>

Hilary L. Preston, Esq.
Vinson & Elkins, LLP
666 Fifth Ave., 26th Fl.
New York, New York 10103

Re:    *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.)/
       Merchant Money Tree's Initial Disclosures

Dear Ms. Preston:

We are in receipt of Merchant Money Tree, Inc. and Merchant Money Tree LLC's (hereinafter collectively referred to as "Merchant Money Tree") Initial Disclosures and write to request a telephonic conference – on Wednesday, July 19, 2006, at 1:00 p.m.(EST) – to discuss apparent deficiencies in your document production. This letter and the proposed telephonic conference constitute good faith attempts to resolve the dispute as to the deficiencies in your document production without Court intervention, as provided for under Local Rule CV-7(h).

As you are aware, Judge Davis' February 24, 2006, Discovery Order requires your client to produce to us a copy of all documents, data compilations, and tangible things in the possession, custody, or control of Merchant Money Tree that are relevant to the pleaded claims or defenses in this action. Merchant Money Tree, Inc.'s initial disclosure of documents on June 26, 2006 was comprised of a mere fifteen (15) pages. This miniscule number of documents cannot possibly constitute "all documents in the possession, custody, or control of Merchant Money Tree, Inc. that are relevant to the pleaded claims or defenses in this action." Accordingly, we do not believe that Merchant Money Tree has met its disclosure obligations imposed by Judge Davis' Discovery Order, the Local Rules for the Eastern District of Texas, and the Federal Rules of Civil Procedure.

To assist Merchant Money Tree in its efforts to produce documents relevant to the pleaded claims and defenses in this action, we provide you with the following list that sets forth the types of documents that AdvanceMe expects to receive from Merchant Money Tree. We use the terms merchant, processor, and guarantor as these terms are used in the documents produced by Merchant Money Tree (See, e.g., Merchant Money Tree's Cash Advance Agreement (MMT_00002-MMT_00007)). The term "Rapid Cash Advance Program" refers to the cash advance program referred to in the documents produced by Merchant Money Tree, or any similar service offered by Merchant Money Tree. Merchant

Paul*Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 2

Money Tree should understand that this list is not exhaustive or exclusive; Merchant
Money Tree is obligated to produce all documents relevant to the pleaded claims and
defenses in this action even if they do not fall under one of categories set forth in this list:

1.    All contracts and agreements between Merchant Money Tree and any merchant or
      guarantor who has enrolled in or utilized Merchant Money Tree's Rapid Cash
      Advance Program.

2.    All contracts and agreements between Merchant Money Tree and any processor
      utilized or designated by Merchant Money Tree in connection with Merchant
      Money Tree's Rapid Cash Advance Program.

3.    All contracts and agreements between Merchant Money Tree and any entity that
      has advanced or loaned money to a merchant pursuant to Merchant Money Tree's
      Rapid Cash Advance Program.

4.    All contracts and agreements between Merchant Money Tree and Legacy
      Merchant Services, Inc., Legacy Merchant Holdings, Inc., or Loans for Merchants
      related to Merchant Money Tree's Rapid Cash Advance Program.

5.    All instruction manuals or directions given to a merchant in connection with
      Merchant Money Tree's Rapid Cash Advance Program, including but not limited
      to instructions for reprogramming or reconfiguring a point-of-service machine or
      credit card reader.

6.    All instruction manuals or directions given to a processor in connection with
      Merchant Money Tree's Rapid Cash Advance Program, including but not limited
      to instructions for reprogramming or reconfiguring a point-of-service machine or
      credit card reader.

7.    All instruction manuals or directions given to any entity in connection with
      Merchant Money Tree's Rapid Cash Advance Program, including but not limited
      to instructions for reprogramming or reconfiguring a point-of-service machine or
      credit card terminal.

8.    All documents related to the structure, function, or operation of Merchant Money
      Tree's Rapid Cash Advance Program, including but not limited to any systems
      employed by Merchant Money Tree to facilitate the operation of its Rapid Cash
      Advance Program.

9.    All versions of any computer code used by Merchant Money Tree to operate its
      Rapid Cash Advance Program.

**Paul***Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 3

10. One copy of any software (including the source code for this software) used by Merchant Money Tree to reprogram or reconfigure a point-of-service system or credit card terminal.

11. All documents and things concerning any Merchant Money Tree policy or practice regarding the retention or destruction of documents.

12. Documents and things sufficient to identify the organizational structure of Merchant Money Tree and the names, positions, titles, duties, and reporting relationships of its officers, employees, and other personnel who are or have been responsible for the design, development, operation, or marketing of Merchant Money Tree's Rapid Cash Advance Program.

13. Documents and things sufficient to describe Merchant Money Tree's corporate organization, including but not limited to any affiliates, parent companies, subsidiaries, acquisitions, partnerships, joint ventures, or divisions.

14. Documents and things sufficient to identify the location and function of any facilities relating to the research, design, development, testing, modification, operation, or marketing of Merchant Money Tree's Rapid Cash Advance Program.

15. Documents and things sufficient to identify the bank accounts, checking accounts, holding accounts, trust accounts, or other accounts that Merchant Money Tree utilizes in the operation of its Rapid Cash Advance Program.

16. All documents and things concerning any meetings of directors or officers of Merchant Money Tree at which any of the following were discussed: AdvanceMe, Capital Access Network, Barbara Johnson, Gary Johnson, the patent-in-suit, license discussions with AdvanceMe, or this litigation.

17. All documents and things relating to the design and development of Merchant Money Tree's Rapid Cash Advance Program.

18. All documents that refer or relate to the promotion or marketing of Merchant Money Tree's Rapid Cash Advance Program.

19. All documents and things relating to or mentioning AdvanceMe.

20. All documents and things relating to or mentioning Barbara Johnson.

21. All documents and things relating to or mentioning Gary Johnson.

Paul *Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 4

22.  All documents and things relating to U.S. Patent Number 6,941, 281 (hereinafter "'281 Patent" or "patent-in-suit").

23.  All documents and things relating to U.S. Patent Number 6,826,544 (hereinafter "'544 Patent").

24.  All documents and things relating to Merchant Money Tree's claim that "prior to the time the alleged invention of the '281 Patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(a).

25.  All documents and things relating to Merchant Money Tree's claim that "the alleged invention of the '281 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(b).

26.  All documents and things relating to Merchant Money Tree's claim that "the alleged invention of the '281 Patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(c).

27.  All documents and things relating to Merchant Money Tree's claim that "the patentee did not invent the subject matter claimed in the '281 Patent." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(d).

28.  All documents and things relating to Merchant Money Tree's claim that "before the alleged invention of the '281 Patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(e).

Paul *Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 5

29. All documents and things relating to Merchant Money Tree's claim that "the differences, if any, between the subject matter of the alleged invention of the '281 Patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains. See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(f).

30. All documents and things relating to Merchant Money Tree's claim that "the '281 Patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(g).

31. All documents and things relating to Merchant Money Tree's claim that "the '281 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same... " See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(h).

32. All documents and things relating to Merchant Money Tree's claim that "the specification of the '281 Patent does not describe corresponding structure, material, or acts for the elements in the claims of the '281 Patent which are expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(i).

33. All documents and things relating to Merchant Money Tree's claim that it "has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 Patent, either literally or under the doctrine of equivalents." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶20.

34. All documents and things relating to Merchant Money Tree's claim that "this is an exceptional case under 35 U.S.C. §285 and, as such, Merchant Money Tree is entitled to recover from the Plaintiff Merchant Money Tree's attorneys' fees and costs incurred in connection with this action." See Merchant Money Tree's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, p. 9.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 6

35. All documents and things relating to any search for prior art concerning the patent-in-suit, including the search performed, the result of the search, and any prior art references or occurrences.

36. All documents and things relating to any assertions, judgments, investigation, opinions, testing, or analysis as to whether or not any claim of the patent-in-suit is patentable, valid, enforceable, or infringed, including but not limited to oral or written opinions or statements.

37. One copy of all of filings (including but not limited to UCC filings) made by Merchant Money Tree pursuant to a Cash Advance Agreement or Unconditional Personal Guarantee.

38. All documents that refer or relate to Merchant Date Systems.

39. All documents that refer or relate to Legacy Merchant Holdings, Inc.

40. All documents that refer or relate to Money for Merchants.

41. All contracts and agreements between Merchant Money Tree and Electronic Payment Systems, Inc. that facilitate the operation of Merchant Money Tree's Rapid Cash Advance Program.

42. All contracts and agreements between Merchant Money Tree and any Automated Clearing House that facilitates the operation of Merchant Money Tree's Rapid Cash Advance Program.

43. All PowerPoint presentations, meeting notes, or handouts that refer or relate to Merchant Money Tree's Rapid Cash Advance Program.

44. One copy of all training materials that refer or relate to Merchant Money Tree's Rapid Cash Advance Program.

45. All documents that refer or relate to a "Replacement Merchant Account Set-up Doc."

46. One copy of all Unconditional Personal Guarantees of Payment and Performance entered into between Merchant Money Tree and a merchant.

47. All documents that refer or relate to the relationship between Merchant Money Tree, Inc. and Merchant Money Tree LLC.

48. All documents that refer or relate to the relationship between Merchant Money Tree, Inc. and Legacy Merchant Holdings.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 7

49. All documents that refer or relate to the relationship between Merchant Money Tree, Inc. and Legacy Merchant Services.

50. All documents that refer or relate to the relationship between Merchant Money Tree, Inc. and Money for Merchants.

51. All documents that refer or relate to the relationship between Merchant Money Tree, Inc. and Merchant Date Systems.

52. All documents that refer or relate to the relationship between Merchant Money Tree LLC and Legacy Merchant Holdings.

53. All documents that refer or relate to the relationship between Merchant Money Tree LLC and Legacy Merchant Services.

54. All documents that refer or relate to the relationship between Merchant Money Tree LLC and Money for Merchants.

55. All documents that refer or relate to the relationship between Merchant Money Tree LLC and Merchant Date Systems.

56. All documents that refer or relate to Merchant Money Tree's Signature Cash Advances.

57. All documents that refer or relate to lawsuits filed on behalf of Merchant Money Tree, Inc. or Merchant Money Tree LLC against a merchant pursuant to a Cash Advance Agreement or Unconditional Personal Guarantees of Payment and Performance.

58. All documents that refer or relate to lawsuits filed against Merchant Money Tree in connection with its Rapid Cash Advance Program.

59. All documents that refer or relate to the "reloading" of a cash advance, as that term is used and understood by Merchant Money Tree.

60. All documents that refer or relate to all of the services that Merchant Money Tree, Inc. or Merchant Money Tree LLC offers its customers.

61. All documents that refer or relate to the ownership or operation of www.merchantmoneytree.com, including any changes made to that website after November 2005.

62. All documents that compare the services offered or systems employed by AdvanceMe, Inc. and Merchant Money Tree.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 8

Please contact us on or before Friday, July 14, 2006 to confirm your availability for the above-referenced telephonic conference. If you have any questions, do not hesitate to contact me.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W# 53965522.1



ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hilary L. Preston, Esq. | Vinson & Elkins, LLP | 212-237-0000<br>917-849-5387 | 212-237-0066 |

**from:** Robert C. Matz

**facsimile:** (650) 320-1900

**telephone:** (650) 320-1823

**initials:** RCM

**client name:** AdvanceMe

**client matter number:** 34717.00007

**date:** July 12, 2006

**pages (with cover):** 9

**comments:**

**If you do not receive all pages, please call immediately Facsimile Center:**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

LEGAL_US_W # 54008193.1

07/12/2006 16:17 FAX  650 320 1900          PAUL HASTINGS                          002 001

```
                         ***********************
                    ***      TX REPORT      ***
                         ***********************

          TRANSMISSION OK

          TX/RX NO                0446
          RECIPIENT ADDRESS       19178495387
          DESTINATION ID
          ST. TIME                07/12 16:13
          TIME USE                04'00
          PAGES SENT              9
          RESULT                  OK
```

# Paul Hastings
ATTORNEYS

**Paul, Hastings, Janofsky & Walker LLP**
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hilary L. Preston, Esq. | Vinson & Elkins, LLP | 212-237-0000<br>917-849-5387 | 212-237-0066 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Robert C. Matz | (650) 320-1900 | (650) 320-1823 | RCM |

| client name: | AdvanceMe | client matter number: | 34717.00007 |
|---|---|---|---|
| date: | July 12, 2006 | pages (with cover): | 9 |

comments: