# EXHIBIT 4
# TO OPPOSITION TO MOTION TO COMPEL

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

August 31, 2006

<u>Via E-Mail</u>

Hilary Preston
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103

Re:   *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
      Response to Letter Dated August 25, 2006

Dear Hilary:

I am in receipt of your letter dated August 25, 2006 and write to both correct inaccuracies contained therein and confirm the scope of the promises made during our second meet and confer of August 24, 2006. If we are unable to confirm the scope of your clients' promises with respect to the production of documents, AdvanceMe will be forced to file a motion to compel since our previous attempts to obtain your clients' cooperation without the Court's intervention have been unsuccessful.

As a preliminary matter, my previous letters make it clear that all meet and confers to date have been limited to document production issues in the *RapidPay* matter.

**Representations Related To Defendants' Production of Documents:**

It was AdvanceMe's understanding that Defendants have (after two meet and confers and a number of lengthy letters written on this subject) agreed to produce all contracts and agreements that they have with merchants, including signed copies of all "merchant agreements" and "cash advance agreements." To be perfectly clear, AdvanceMe believes *all* agreements between the Defendants and merchants in connection with defendants' programs should be (and should have been) produced. In my July 12, 2006 letters, AdvanceMe asked for "all contracts and agreements between the [Defendants] and any merchant or guarantor who has enrolled in or utilized" defendants' cash advance programs. Thus, "cash advance agreements" are only a subset of a larger category of contracts and agreements that should have been produced. If, for example (and without limitation), any of the defendants have entered into any agreement(s) with a merchant concerning the sale or leasing of credit card readers, POS terminals, cash registers, or any other hardware or software that facilitates the operation of defendants' programs, then these agreements should be (and should have been) produced.

**Paul**Hastings
ATTORNEYS

Hilary Preston, Esq.
August 31, 2006
Page 2

AdvanceMe never "agreed" – tentatively or otherwise – that Defendants could meet their discovery obligations with respect to this first category of documents by providing a sample merchant cash advance agreement and entering into a stipulation that all other such agreements were substantially similar. My July 25, 2006 letter to you made it clear that AdvanceMe expects to see all documents requested in my July 12, 2006 letter in the defendants' supplemental production. In short, Defendants are not "accommodating" AdvanceMe by agreeing to produce signed copies of all merchant agreements; rather, Defendants appear to be backing away from their promise to produce all documents requested in my July 12, 2006 letter (or to identify any requests that call for the production of documents Defendants believe are irrelevant to the claims and defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence). Accordingly, AdvanceMe's patience with the Defendants is coming to an end. Please produce the above-mentioned documents by Friday, September 8, 2006 at 5:00 p.m. PST, or we will be forced to file a motion to compel.

As for the "processor agreements" Defendants agreed to produce copies of all agreements between each of the Defendants and any processor, including the separate contract with Merchant Date Systems that is referenced in the Merchant Money Tree documents. In addition, AdvanceMe has a good faith basis for believing that Merchant Money Tree's agreements with Electronic Payment Systems, Inc. are not an "oral contract," as has been previously represented. In my July 12, 2006 letters, AdvanceMe requested "all contracts and agreements between the [defendants] and any processor utilized or designated by [defendants] in connection with" defendants' cash advance programs. Again, as we see it, a signed agreement between a defendant and a processor concerning payment instructions is only a subset of documents within this category. If, for example, any of the defendants have entered into any agreement(s) with a processor concerning the sale or leasing of credit card readers, POS terminals, cash registers, or any other hardware or software that facilitates the operation of defendants' programs, then these agreements should be (and should have been) produced. Please produce the above-referenced "processor agreements" by Friday, September 8, 2006 at 5:00 p.m. PST, or AdvanceMe will be left with no choice but to file a motion to compel the production of these processor agreements.

As for the document requests set forth in my July 12, 2006 letter, Defendants appear to be laboring under the false assumption that since no formal document requests are necessary in the Eastern District of Texas, Defendants need not respond in any manner whatsoever with respect to the specific categories of documents that are set forth in my July 12, 2006 letters. Paragraph 19 of the Court's Discovery Order should set the record straight:

> Should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel [the production] of documents without the necessity of a movant propounding formal requests for production.

Hilary Preston, Esq.
August 31, 2006
Page 3

02/24/06 Discovery Order, ¶19. As you know, my letter of July 12, 2006 was written in response to palpable deficiencies in defendants' production of documents in this case. We have now met and conferred on a number of occasions with respect to these requests and document production in general, and it was my understanding – based on our latest meet and confer – that defendants were now willing to produce all documents responsive to the requests set forth in my July 12, 2006 letter, or to inform us which of these requests were objectionable. But based on the statements made in your letter concerning "merchant agreements" and "processor agreements," it appears Defendants believe that production of a mere subset of documents within a particular category will suffice – which it won't. Please produce all documents responsive to the requests set forth in my July 12, 2006 letter and/or inform us as to which categories it finds objectionable (and why) by Friday, September 8, 2006 at 5:00 p.m. PST, or AdvanceMe will have no choice but to file a motion to compel.

As for the "batch reports" you promised to produce in our second meet and confer, if you review my July 12, 2006 and August 24, 2006 letters, you will see that we asked you to produce documents related to the "structure, function, and operation" of cash advance programs, including "reports which detail payments made by processors to the defendants pursuant to a cash advance agreement." Although you have promised to meet with your clients to search for any such documents, your search for these documents should have been completed long ago. Given that some of the Defendants have had to order additional filing cabinets to hold these reports, and given that the Defendants have, in some instances, "real time" access to them, AdvanceMe does not understand why these reports were not produced earlier.

Conspicuously absent from your letter is any mention of our discussion with respect to defendants' failure to produce e-mails. As we discussed, only First Funds has produced any e-mails in this case, and even First Funds' skimpy production of e-mails cannot possibly constitute all e-mails that are relevant to the pleaded claims and defenses in this case or reasonably calculated to lead to the discovery of admissible evidence. Please confirm that Defendants will be producing all relevant e-mails, including all e-mails falling within the scope of the categories set forth in my July 12, 2006 letters by Friday, September 8, 2006 at 5:00 p.m. PST, or AdvanceMe will be forced to file a motion to compel.

**Plaintiff's Production of Documents:**

With respect to AdvanceMe's "internal documents," your letter falsely suggests that such documents are – by definition – relevant to this case. In fact, since most of Defendants' affirmative defenses are premised on alleged public knowledge of the invention, AdvanceMe's internal documents would have little or no bearing on Defendants' claims or defenses. The only claims or defenses Defendants have raised which would conceivably involve AdvanceMe's internal documents are the alleged intentional misrepresentation of the inventorship of the '281 Patent and alleged "inequitable conduct." We have already

Hilary Preston, Esq.
August 31, 2006
Page 4

told you that AdvanceMe has both searched and are continuing to search for all relevant, non-privileged meeting minutes, file histories, and files from the prosecuting attorney, as well as all relevant, non-privileged "internal documents" discussing the application, the patent, or the prosecution of the patent. This representation should be sufficient.

AdvanceMe is under no obligation to produce internal documents that are privileged (see Discovery Order, ¶5). AdvanceMe has identified numerous internal documents that are protected by the attorney-client privilege. Thus, AdvanceMe has already provided Defendants with evidence it has been diligently searching its internal documents for information that is relevant to the pleaded claims and defenses in the action. In contrast, all AdvanceMe has from Defendants in this regard is a representation that the Defendants are "small companies" who do not have "formal policies" as to e-mails; Defendants have not even represented that they have looked for -- much less produced -- all e-mails that are responsive to the categories of documents we have identified.

Before our latest teleconference, the record was clear as to the categories of relevant documents that would be produced by AdvanceMe, including all relevant, non-privileged meeting minutes, file histories, and files from the prosecuting attorney. At no point before this teleconference did the Defendants ever indicate, or even suggest, that more AdvanceMe internal documents would be relevant to this case. Indeed, when Mr. Edelman asked you at the beginning of the call whether AdvanceMe could even identify any internal documents that would be relevant to pleaded claims and defenses in this case, the Defendants were unable to identify any such documents other than (as discussed below) documents relating to the cited prior art.

During the teleconference, we explained that AdvanceMe has been searching for documents that indicated use by third parties of the patented invention before the priority date. In other words, AdvanceMe has already been searching for any documents that could conceivably support the plaintiff's claims or the defenses raised by the Defendants. This representation should have resolved this matter. Incredibly, however, during this teleconference, Defendants suggested *for the very first time* that the category of internal documents that they believed to be relevant to the pleaded claims or defenses in this case were any documents that so much as referred to or mentioned any of the companies that have been discussed in the prior art references. This is absurdly overbroad. For example, this category would require AdvanceMe to search for and produce every document in its possession, custody, or control that so much as mentions "Bank of America," "LeCard," "First USA," "TransMedia," "Electronic Data Systems," "Litle & Co.," or "Reno Air." This search would require us to review a huge number of documents that have nothing whatsoever to do with this case.

AdvanceMe believed it was reaching the end of its document search, but the Defendants' brand-new demand threatens to throw the discovery phase of this case into chaos. If the

Hilary Preston, Esq.
August 31, 2006
Page 5

Defendants had wanted AdvanceMe to search for every internal document that so much as mentions the companies referred to in the prior art references, they should have said as much at our first meet and confer rather than springing this issue on AdvanceMe months later. AdvanceMe will continue to search for documents that are relevant to the pleaded claims and defenses in this action, including relevant internal documents related to the alleged prior art references. AdvanceMe will not, however, start its search all over again simply because the Defendants have suddenly decided to change their tune.

With respect to Gary Johnson's and Les Falke's depositions in the *Angrisani* case, we have indeed made an objection to producing the transcripts – the transcripts contain thousands of pages that discuss issues which have no conceivable relevance to this case. AdvanceMe is willing to produce any relevant excerpts from these deposition transcripts, however, we wanted the Defendants input as to the search terms to be used because we wanted to avoid any suggestion that AdvanceMe had not produced all relevant pages from these depositions. If the Defendants are unwilling to supply AdvanceMe with appropriate search terms, then we will simply search the transcripts using key words we believe are appropriate. The choice is yours. Please inform us of how Defendants wish to proceed by Tuesday, September 5, 2006 at 5:00 p.m. PST. Otherwise, AdvanceMe will proceed as outlined above.

With respect to Board meeting minutes, we again point out that the Defendants' brand-new definition of "relevance" is unacceptable. Further, we are amazed that Defendants can confidently claim that these board minutes are "very likely not subject to a proper claim of privilege" even though Defendants have no idea what was discussed at these meetings, how these meetings were conducted, and who attended these meetings (and for what purpose). As we told you during our latest teleconference, the only portions of the meeting minutes that are relevant are attorney-client privileged, and therefore there is nothing for AdvanceMe to produce. And AdvanceMe has already agreed to update its privilege log to reflect the fact that these board minutes are privileged. This hubbub about board minutes is pure theatrics.

With respect to the production of e-mails, we again point out that the e-mails we have seen to date that could conceivably be relevant are privileged, which will be reflected in AdvanceMe's privilege log. Given the volumes of e-mails in AdvanceMe's possession, it will still be some time before we can confirm whether any additional relevant e-mails exist, though we are not currently aware of any. AdvanceMe is working diligently and going to great lengths to ensure its production is complete, and we can only hope that the Defendants are working as diligently on their end. Again, since the only representation that you have made with respect to e-mails is that Defendants are "small companies" and do not have "formal policies" concerning e-mails, and since you have not even indicated that you have searched through your clients e-mails (much less represented that you will produce them), we fear that AdvanceMe is the only party in this litigation who is taking its

Hilary Preston, Esq.
August 31, 2006
Page 6

discovery obligations seriously. That your clients are "small companies" with no "formal policies" is no excuse for failing to conduct a diligent search of their e-mail systems.

Finally, your letter seeks to twist Mr. Edelman's characterization of the status of document production in this case into a representation that "everything" is about to go out the door. Mr. Edelman never said any such thing. Given that you have refused to provide us with a search protocol for Gary Johnson and Les Falke's deposition transcripts in the *Angrisani* matter, the nature of the additional diligence we are conducting with respect to e-mails, and your recent change of heart as to what Defendants believe to be relevant in this case, we cannot provide you with a definite date by which documents will be produced. Defendants have likewise refused to make such a certification.

If you have any questions concerning the contents of this letter, please contact me.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 54307483.1