# EXHIBIT 8
# TO OPPOSITION TO MOTION TO COMPEL

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

November 10, 2006

**Via E-mail**

Joseph Gray
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568

Re:   *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
      Your Two Letters Dated 11/3/2006; Received Saturday, November 4, 2006

Dear Joey:

I write in response to your two letters dated November 3, 2006, which were not actually received by AdvanceMe until Saturday, November 4, 2006, wherein you demand that AdvanceMe "resolve" all of the issues raised in these letters by November 8 and 10, 2006, respectively, or Defendants would seek Court intervention.

It is unreasonable for Defendants to demand that AdvanceMe review, research, respond, and resolve all of the issues addressed in your two letters within two working days. This is especially true given that this is the first time that AdvanceMe has heard that Defendants take issue with its objections and response to Defendants' Amended Interrogatory Number 1, and with its privilege log. In addition, it appears that the November 8 and 10, 2006 deadlines have been deliberately set to coincide with the scheduled dates for AmeriMerchant and First Funds' 30(b)(6) depositions. As you are aware, Michael Edelman, the attorney taking these 30(b)(6) depositions, has been deeply involved in the meet and confer process on many of the discovery issues addressed in your letter, and it is unreasonable for Defendants to expect him to review, research, respond, and "resolve" these issues in two working days while simultaneously preparing for the 30(b)(6) depositions of the Defendants. In fact, Mr. Edelman's preparation for these depositions was made much more difficult (if not impossible) because Defendants failed to respond to AdvanceMe's interrogatories, and failed to produce documents that are admittedly relevant to the claims and defenses and admittedly in their possession, custody, and control. The foregoing demonstrates that the November 8 and 10, 2006 deadlines are unreasonable, and therefore AdvanceMe respectfully requests additional time to respond to the issues raised in these letters.

**Paul**Hastings

Joseph Gray, Esq.
November 10, 2006
Page 2

AdvanceMe also notes that the Local Rules provide that attorneys practicing in the Eastern District of Texas should not schedule discovery as a means of harassment, and in fact owe opposing counsel a duty of courtesy and cooperation. Here, it is clear that you deliberately set the deadline for a response to the many concerns laid out in your November 3, 2006 letters to coincide with the dates for the 30(b)(6) depositions of the Defendants – November 8 and 10, 2006. Under the Local Rules, this is improper. AdvanceMe acknowledges receipt of these letters, and respectfully requests that Defendants extend AdvanceMe the courtesy of extending these deadlines so that Mr. Edelman has a reasonable period of time to review, research, respond, and resolve these issues, if possible.

In the future, when setting deadlines by which AdvanceMe must respond to Defendants' discovery concerns, AdvanceMe respectfully requests that Defendants refrain from setting the deadlines to coincide with significant litigation events, as it has done in these two letters. AdvanceMe, for its part, will extend the same courtesy to Defendants, as required by the Local Rules.

Please contact me if Defendants indeed intend to seek Court intervention as to any of the issues raised in your letters dated November 3, 2006.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 54850013.1