# EXHIBIT 10
# TO OPPOSITION TO MOTION TO COMPEL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC.,<br>　　　　Plaintiff,<br>v.<br><br>RAPIDPAY LLC, FIRST FUNDS LLC,<br>MERCHANT MONEY TREE, INC.,<br>REACH FINANCIAL LLC, and<br>FAST TRANSACT, INC. d/b/a<br>SIMPLE CASH,<br>　　　　Defendants. | § § § § § § § § § § § § § | CIVIL CASE NO. 6:05-cv-424 (LED–JDL) |

### PLAINTIFF ADVANCEME, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANTS' AMENDED FIRST SET OF INTERROGATORIES TO PLAINTIFF ADVANCEME

**Propounding Parties:** Merchant Money Tree, Inc., First Funds, LLC, and Reach Financial LLC

**Responding Party:** AdvanceMe, Inc.

**Set Number:** One (Interrogatory No. 1)

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of the Eastern District of Texas, plaintiff AdvanceMe, Inc. ("AdvanceMe") hereby responds to Defendants' Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc., served via U.S. mail on September 1, 2006.

### General Objections

The following General Objections apply to Defendants' Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc. and are incorporated by reference into AdvanceMe's response to Interrogatory No. 1; the insertion of specific objections in the response to any interrogatory shall not be construed as a waiver of these General Objections:

1. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they seek to expand the requirements of, or are inconsistent with, the Federal Rules of Civil Procedure.

2. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they seek to expand the requirements of, or are inconsistent with, the Court's Discovery Order and the Local Rules for the United States District Court, Eastern District of Texas.

3. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they call for information protected by the attorney-client privilege, work product doctrine, and any other applicable privileges and immunities. Such information will not be provided in response to the interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or any work product that may attach thereto.

4. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they seek information that is not relevant to any pleaded claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

5. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they are vague and ambiguous.

6. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they are overly broad and unduly burdensome.

7. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they seek legal conclusions or opinions.

Plaintiff AdvanceMe's Objections and Response to Defendants'    -2-    CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

8.  AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they assume facts that have not been established and/or are not true or accurate.

9.  AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they are premature because the Court has not yet construed the claims of the patent-in-suit.

10. AdvanceMe objects to Defendants' Amended First Set of Interrogatories on the ground that the Second Amended Invalidity Contentions referenced in Interrogatory No. 1 are not operative in this action, have no legal effect, and therefore this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

11. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they are premature in that they call for expert opinion testimony prior to the date when such expert reports are due under the Court's Amended Docket Control Order.

12. AdvanceMe objects to Defendants' Amended First Set of Interrogatories to the extent that they are premature in that discovery is ongoing. AdvanceMe shall not be limited by its responses if, as this matter progresses, AdvanceMe gathers additional information responsive to Defendants' Amended First Set of Interrogatories or any individual interrogatory set forth therein. AdvanceMe reserves the right to supplement these responses prior to the trial of this matter.

## Response to Interrogatories

**Interrogatory No. 1:**

For each of the LeCard Prior Art, Litle & Co. Prior Art, and First USA Prior Art identify every element in each of the asserted independent claims of the '281 Patent (Claims 1 and 10) that is not disclosed in these three prior art references and state all facts supporting Plaintiff's

Plaintiff AdvanceMe's Objections and Response to Defendants'    -3-    CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

contention that these identified piece of prior art do not anticipate every element of both asserted independent claims of the '281 Patent (Claims 1 and 10).

**Response to Interrogatory No. 1:**

AdvanceMe objects to Interrogatory No. 1 on the grounds that it is premature in that the Court has not yet construed the claims of the '281 Patent and therefore a complete response cannot be given to Interrogatory No. 1 until such time as the Court has properly construed the claims of the '281 Patent. AdvanceMe further objects to Interrogatory No. 1 on the grounds that it is premature in that it calls for expert opinion testimony before the date that expert reports are due. AdvanceMe further objects to Interrogatory No. 1 on the grounds that it is compound and that a response would require AdvanceMe to respond to more than 25 interrogatories, including discrete subparts, which violates this Court's Discovery Order. AdvanceMe further objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous in that Defendants have not defined the term "disclosed." AdvanceMe further objects to Interrogatory No. 1 on the grounds that the Defendants have refused to provide answers to contention interrogatories in this case, and have refused to provide adequate or intelligible invalidity contentions. Instead, the Defendants have continually shifted their invalidity contentions, including their contentions with respect to the prior art referenced in this interrogatory, making it impossible for AdvanceMe to understand the Defendants' position.

Subject to and without waiving these objections and its General Objections, AdvanceMe responds as follows: As discussed below, none of the elements of Claims 1 and 10 are disclosed by the LeCard Prior Art, the Litle & Co. Prior Art, or the First USA Prior Art.

Plaintiff AdvanceMe's Objections and Response to Defendants'    -4-    CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

*The LeCard Alleged Prior Art.* The alleged prior art set forth in Exhibit 1 to Defendants' Second Amended Invalidity Contentions relating to LeCard transactions does not disclose any of the elements of Claims 1 and 10 of the '281 Patent, for at least the following reasons:

1. The LeCard alleged prior art does not disclose a "computerized merchant processor" within the meaning of the claims. Under independent Claims 1 and 10, the party that processes the payments that are then forwarded to the payment receiver in Claim 1 or the third party in Claim 10 is a computerized merchant processor. Exhibit 1 explicitly discloses that Diner's Club does not process LeCard transactions. LC_00004 (Diners Club statement explicitly stating that LeCard charge "could not be processed" by Diners Club, and stating "LeCard will settle directly with you"); LC__00005 ("There [sic] transactions were not paid by Diners Club and were referred to LeCARD for payment"). In addition, there is no disclosure in Exhibit 1 showing that Clever Ideas is computerized.

2. The LeCard alleged prior art does not disclose "acquiring the information relating to the payment from the merchant" at a computerized merchant processor as recited in Claim 1. Exhibit 1 fails to show Clever Ideas as the entity that acquires the information relating to LeCard payments from the merchant.

3. The LeCard alleged prior art does not disclose "means for accepting the information relating to the payment from the merchant" at a computerized merchant processor as recited in Claim 10. Exhibit 1 fails to show Clever Ideas as the entity that acquires the information relating to LeCard payments from the merchant.

4. The LeCard alleged prior art does not disclose "authorizing . . . the payment" at a computerized merchant processor as recited in Claim 1. Exhibit 1 fails to show that Clever Ideas obtains authorization for the payments.

Plaintiff AdvanceMe's Objections and Response to Defendants'   -5-   CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

5. The LeCard alleged prior art does not disclose "means for authorizing . . . the payment" at a computerized merchant processor as recited in Claim 10. Exhibit 1 fails to show that Clever Ideas obtains authorization for the payments.

6. The LeCard alleged prior art does not disclose "settling the payment" at the computerized merchant processor as recited in Claim 1. Exhibit 1 fails to show that Clever Ideas settles the LeCard payments.

7. The LeCard alleged prior art does not disclose "means for. . . settling the payment" at the computerized merchant processor as recited in Claim 10. Exhibit 1 fails to show that Clever Ideas settles the LeCard payments.

8. The LeCard alleged prior art does not disclose "forwarding at least a portion of the payment to a computerized payment receiver as payment" at the computerized merchant processor as recited in Claim 1. Exhibit 1 fails to show that Clever Ideas forwards the LeCard transactions to a computerized payment receiver. Further, Diners Club does not forward a portion of the payment to Clever Ideas "as payment."

9. The LeCard alleged prior art does not disclose "means for forwarding a portion of the payment to the third party to reduce the obligation" at the computerized merchant processor as recited in Claim 10. Exhibit 1 fails to show that Clever Ideas forwards the LeCard transactions to a third party. Further, Diners Club does not forward a portion of the payment to Clever Ideas "as payment."

10. The LeCard alleged prior art does not disclose "receiving the portion of the payment forwarded by the computerized merchant processor . . ." at the computerized payment receiver as recited in Claim 1. Exhibit 1 fails to show any forwarding of LeCard payments by Clever Ideas to a computerized payment receiver. Accordingly, Exhibit 1 also fails to show a

Plaintiff AdvanceMe's Objections and Response to Defendants'    -6-    CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

computerized payment receiver receiving the portion of a payment forwarded by the computerized merchant processor.

11.  The LeCard alleged prior art does not disclose "applying that portion to the outstanding obligation made by the merchant to reduce such obligation." Exhibit 1 fails to show the reduction of a portion forwarded by a computerized merchant processor.

*Litle & Co. Alleged Prior Art.* The alleged prior art set forth in Exhibit 6 to the Second Amended Invalidity Contentions (the "Litle alleged prior art") does not disclose any of the elements of Claims 1 and 10 of the '281 Patent, for at least the following reasons:

1.  The Litle alleged prior art does not disclose "electronically forwarding information relating to the payment to a computerized merchant processor." Exhibit 6 fails to show the electronic forwarding of information from a merchant to Litle & Co.

2.  The Litle alleged prior art does not disclose "authorizing . . . the payment" at the computerized merchant processor as recited in Claim 1. Exhibit 6 fails to provide any disclosure relating to the authorization of payments at Litle & Co.

3.  The Litle alleged prior art does not disclose "means for authorizing . . . the payment" at the computerized merchant processor as recited in Claim 10. Exhibit 6 fails to provide any disclosure relating to the authorization of payments at Litle & Co.

4.  The Litle alleged prior art does not disclose "settling the payment" at the computerized merchant processor as recited in Claim 1. Exhibit 6 fails to provide any disclosure relating to the settling of payments at Litle & Co., as the phrase "settling the payment" has been construed in this litigation.

5.  The Litle alleged prior art does not disclose "means. . . settling the payment" at the computerized merchant processor as recited in Claim 10. Exhibit 6 fails to provide any

Plaintiff AdvanceMe's Objections and Response to Defendants'   -7-   CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

disclosure relating to the settling of payments at Litle & Co., as the phrase "means for . . . settling the payment" has been construed in this litigation.

6. The Litle alleged prior art does not disclose "forwarding at least a portion of the payment to a computerized payment receiver as payment of at least a portion of an obligation made by the merchant" as recited in Claim 1. Exhibit 6 fails to show that Litle & Co. forwards any portion of payment to a payment receiver, or that any amount is forwarded to a payment receiver "as payment." Exhibit 6 fails to show any obligation made by a merchant, or any payment of a portion of such obligation, within the meaning of the '281 Patent.

7. The Litle alleged prior art does not disclose "means for forwarding a portion of the payment to the third party to reduce the obligation" as recited in Claim 1. Exhibit 6 fails to show that Litle & Co. forwards any portion of payment to a third party, or that any amount is forwarded to a third party "as payment." Exhibit 6 fails to show any obligation made by a merchant, or any payment of a portion of such obligation, within the meaning of the '281 Patent.

8. The Litle alleged prior art does not disclose a "computerized payment receiver" as recited in Claim 1. Under independent claim 1, a payment receiver is the account or entity that receives the payment *from* a computerized merchant processor. Exhibit 6 fails to show any such payment receiver.

9. The Litle alleged prior art does not disclose "receiving the portion of the payment forwarded by the computerized merchant processor" at the computerized payment receiver as recited in Claim 1. Exhibit 6 fails to show a payment receiver receiving any payment forwarded from a merchant processor.

10. The Litle alleged prior art does not disclose "applying that portion to the outstanding obligation made by the merchant to reduce such obligation" at the computerized

Plaintiff AdvanceMe's Objections and Response to Defendants'   -8-   CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

payment receiver as recited in Claim 1. Exhibit 6 fails to show a payment receiver applying a portion forwarded to it by a computerized merchant processor. Exhibit 6 fails to show an outstanding obligation or a reduction of an obligation within the meaning of the claims.

*FirstUSA Alleged Prior Art.* The alleged prior art set forth in Exhibit 3 to the Second Amended Invalidity Contentions (the "FirstUSA alleged prior art") does not disclose any of the elements of Claims 1 and 10 of the '281 Patent, for at least the following reasons:

1. The FirstUSA alleged prior art does not disclose "forwarding at least a portion of the payment to a computerized payment receiver" at the computerized merchant processor as recited in Claim 1. Exhibit 3 fails to show the forwarding of payments from First USA to any computerized payment receiver.

2. The FirstUSA alleged prior art does not disclose "means for forwarding a portion of the payment to the third party to reduce the obligation" at the computerized merchant processor as recited in Claim 10. Exhibit 3 fails to show the forwarding of payments from First USA to any third party.

3. The FirstUSA alleged prior art does not disclose a "computerized payment receiver" as recited in Claim 1. Under Claim 1, a payment receiver is the account or entity that receives the payment *from* a computerized merchant processor. Exhibit 3 fails to show any such payment receiver.

4. The FirstUSA alleged prior art does not disclose forwarding payment to a computerized payment receiver "as payment of at least a portion of an obligation made by the merchant" as recited in Claim 1. Exhibit 3 fails to show that First USA forwards any amount to a payment receiver "as payment." Exhibit 3 fails to show any obligation made by a merchant, or any payment of a portion of such obligation, within the meaning of the '281 Patent.

Plaintiff AdvanceMe's Objections and Response to Defendants'   -9-   CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

5. The FirstUSA alleged prior art does not disclose a means for forwarding payment to the third party "to reduce the obligation" as recited in Claim 10. Exhibit 3 fails to show that First USA forwards any amount to a third party "as payment." Exhibit 3 fails to show any obligation made by a merchant, or any payment of a portion of such obligation, within the meaning of the '281 Patent.

6. The FirstUSA alleged prior art does not disclose "receiving the portion of the payment forwarded by the computerized merchant processor" at the computerized payment receiver as recited in Claim 1. Exhibit 3 fails to show a payment receiver receiving any payment forwarded from a merchant processor.

7. The FirstUSA alleged prior art does not disclose "applying that portion to the outstanding obligation made by the merchant to reduce such obligation" at the computerized payment receiver as recited in Claim 1. Exhibit 3 fails to show a payment receiver applying a portion forwarded to it by a computerized merchant processor. Exhibit 3 fails to show an outstanding obligation or a reduction of an obligation within the meaning of the '281 Patent.

The above solely addresses the information actually disclosed within the alleged prior art references. Further, the Defendants' other invalidity defense based upon alleged public use suffers from a wide range of additional deficiencies, which are outside the scope of this interrogatory.

Date: October 31, 2006   Respectfully submitted,

By: _____
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Michael N. Edelman

Plaintiff AdvanceMe's Objections and Response to Defendants' -10- CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

(CA Bar No. 180948) (Admitted Pro Hac Vice)
Ronald S. Lemieux
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Vidya R. Bhakar
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email: medelman@paulhastings.com

IRELAND, CARROLL & KELLEY, P.C.
Otis W. Carroll, Attorney-in-Charge
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: 903-561-1600
Facsimile: 903-581-1071
Email: fedserv@icklaw.com
ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

Plaintiff AdvanceMe's Objections and Response to Defendants'     -11-     CASE NO 6:05-cv-424 (LED)
Amended First Set of Interrogatories to Plaintiff AdvanceMe, Inc.
LEGAL_US_W # 54669890.2
10/30/06

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2006, a true and correct copy of PLAINTIFF, ADVANCEME, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF ADVANCEME, INC. was served upon the following counsel of record via U.S. mail and e-mail:

Willem G. Schuurman
Joseph D. Gray
VINSON & ELKINS, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746
Phone: (512) 542-8400 Fax: (512) 236-3476
Attorneys for Defendants MERCHANT
MONEY TREE, INC., REACH FINANCIAL
LLC, and FAST TRANSACT, INC.

Hilary Preston
VINSON & ELKINS, LLP
666 Fifth Ave., 26th Fl.
New York, NY 10103
Phone: 212.237.0000 Fax: 212.237.0100
Attorneys for Defendants MERCHANT MONEY
TREE, INC., REACH FINANCIAL LLC, and
FAST TRANSACT, INC.

Douglas R. McSwane, Jr.
POTTER MINTON, P.C.
110 North College
Tyler, Texas 75702
Phone: (903) 597-8311 Fax: (903) 593-0846
Attorneys for Defendants MERCHANT
MONEY TREE, INC., REACH FINANCIAL
LLC, and FAST TRANSACT, INC.

I declare the foregoing to be true and correct. Executed this 31st day of October, 2006, at Palo Alto, California.

_____
Christina Henderson