# EXHIBIT 18
# TO OPPOSITION TO MOTION TO COMPEL

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington. DC

(650) 320-1822
michaeledelman@paulhastings.com

34717.00007

November 7, 2006

**VIA E-MAIL**

Joseph D. Gray
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

Re:    *AdvanceMe v. RapidPay, et al.*
       *AdvanceMe v. Amerimerchant*

Dear Mr. Gray:

This is in response to your letters dated October 31 and November 7, 2006 regarding the 30(b)(6) deposition of AdvanceMe.

AdvanceMe's position on the various deposition topics are as follows:

**A.    Topics 1, 2, 3, and 5**

The addition of "prior art cited during prosecution" is a significant addition to the scope of this deposition topic, since there were numerous such prior art references cited by either the Applicant or the Examiner. Further, we do not understand why this addition is relevant; the Defendants have not (and cannot) allege that there was inequitable conduct based upon references that were cited during prosecution. Please explain the relevance of this addition (and explain how it is relevant to the defense that the Defendants have actually pled).

**B.    Topics 4-6, 8-10, 22**

We completely disagree with your position on these topics. As we have previously explained, these topics are explicitly targeted to seeking privileged information, and your previous letter confirms that this is precisely what the Defendants are seeking. Your letter entirely overlooks the fact that AdvanceMe is required to prepare a witness for the deposition, and therefore as currently phrased the deposition notice would require AdvanceMe to prepare a witness to testify on privileged matters. This is inappropriate. We will not agree to designate a witness on a topic that only seeks privileged information.

Paul*Hastings*

Joseph D. Gray
November 7, 2006
Page 2


**C.    Topics 11-15**

Your letter claims that AdvanceMe is being "inconsistent" in its positions with respect to contention questions. Not so. The Defendants fail to recognize the distinction between contention interrogatories (which are clearly appropriate, despite the fact that the Defendants themselves have refused to answer them) and contention deposition topics (which, at least in the form stated in the depo notice, are clearly not). It is not appropriate to notice deposition topics that call, in essence, for the witness to interpret the patent claims and then compare those interpreted claims to the numerous pieces of prior art. We will not agree to present a witness on these topics.


**D.    Topic 19**

We are not entirely sure what your letter means by "as a recruitment tool." Nevertheless, we will endeavor to do the best we can to provide a witness on the modified topic set forth in your letter.


**E.    Topics 16, 17, 20, and 21**

Per your letter, the parties are in agreement on these topics.

Thus, the parties are still in disagreement as to Topics 1, 4-6, 8-15, and 22. AdvanceMe believes that the Defendants need to withdraw these topics before the deposition goes forward (although AdvanceMe believes the parties ought to be able to easily resolve their differences with respect to Topic 1).

Nevertheless, if you wish to commence the deposition sooner, AdvanceMe is willing to produce a 30(b)(6) designee to testify as to all agreed upon topics on December 8, 2006 if the Defendants agree that (a) the Defendants will not ask any deposition questions on the topics which are in dispute until the matters are resolved by the parties or the Court (i.e., Topic Nos. 1, 4-6, 8-15, and 22), and (b) to the extent that any further 30(b)(6) questioning is permitted in the future, the total amount of questioning on all the 30(b)(6) topics combined will not exceed seven hours.

Sincerely,

Michael N. Edelman /by permission
Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP