# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH,**<br><br>Defendants. | **CASE NO. 6:05-CV-424 (LED – JDL)** |
| **ADVANCEME, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERIMERCHANT, LLC,**<br><br>Defendant. | **CASE NO. 6:06-CV-082 (LED – JDL)**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'s OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

I, Robert C. Matz, declare as follows:

1. I am an Associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-referenced matter. I have personal knowledge of the following facts and, if called upon to do so, could and would testify competently thereto.

2. During the meet and confer process, the only documents that Defendants claimed were relevant were documents relating to the '281 Patent, such as the patent file history or internal documentation at AdvanceMe relating to the patent.

3. By October of 2006, AdvanceMe had largely completed its search for documents, and had either produced or was in the course of producing all documents located in this search. This production included thousands of pages of documents. AdvanceMe has produced more documents in this case than all of the Defendants combined.

4. During the meet and confer process, Defendants initially took the position that the search could be limited to documents in the possession of those individuals involved in the prosecution of the '281 Patent, they refused to commit to this position, and at varying times took the position that the records of every employee in the company should be searched.

5. It took several weeks to conduct a second search of AdvanceMe's internal documents, and several more weeks for me to review the documents that were collected. I searched more than 240 thousand pages of documents to locate the type of documents the Defendants claimed to be looking for.

6. Many of the documents that I collected and marked for production were only marginally relevant to this case and none of them appeared to support Defendants' "inequitable conduct" theory.

7.	Defendants were fully aware that AdvanceMe had voluntarily decided to perform another search, and that any documents located in the search would soon be produced. During the course of this second search of AdvanceMe's internal documents, I and my colleague Michael Edelman kept the Defendants informed of the progress of the search during the course of telephone conferences.

8.	I reviewed thousands of pages of deposition testimony from the Angrisani litigation – line-by-line – and produced all testimony that was relevant to the '281 Patent, the prosecution of that patent, the prior art to that patent, or anything else that I thought could possibly be relevant. In addition, I produced additional lines of testimony located before and after the relevant testimony so that the questions and answers would have context.

9.	Counsel for Defendants did not contact me on November 13, 2006 prior to filing their motion to compel.

I declare the foregoing to be true and correct under the penalty of perjury under the laws of the United States of America. Executed this 28th day of November, 2006, at Palo Alto, California.

_____/s/_____
Robert C. Matz

**CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Local Rule cv-5(a)(3) on this the 28th day of November, 2006.  Any other counsel of record will be served by first class mail on this same date.

                                                                 /s/
                                            *Rose Jones-Shine*