## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 6:05-CV-424 (LED)** |
| **RAPIDPAY, LLC, BUSINESS CAPITAL** | § | |
| **CORPORATION, FIRST FUNDS LLC,** | § | |
| **MERCHANT MONEY TREE, INC.,** | § | |
| **REACH FINANCIAL, LLC and** | § | |
| **FAST TRANSACT, INC. d/b/a** | § | |
| **SIMPLE CASH** | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CAUSE NO. 6:06-CV-0082 (LED)** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **AMERIMERCHANT, LLC,** | § | |
| *Defendant.* | § | |

### DEFENDANTS' REPLY IN SUPPORT
### OF THEIR EXPEDITED MOTION FOR LEAVE TO
### AMEND PRELIMINARY INVALIDITY CONTENTIONS

Defendants First Funds, LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant, LLC ("Defendants") hereby file their Reply in Support of their Motion for Leave to Amend Preliminary Invalidity Contentions and, in support hereof, would respectfully show the Court as follows:

## I.
## BACKGROUND

As described in Defendants' Expedited Motion for Leave to Amend Preliminary Invalidity Contentions ("Motion"), Defendants seek to include in their preliminary invalidity contentions new information regarding the Litle & Company prior art reference that was

revealed by Tim Litle's deposition testimony on September 6, 2006.[1]  Similar to Plaintiff's

opposition to Defendants' first motion for leave to amend preliminary invalidity contentions,

which this Court granted on October 4, 2006, Plaintiff again responds only with unsubstantiated

assertions of when it *thinks* Defendants may have obtained information regarding Litle &

Company and fails to identify *any* cognizable prejudice that would result from the proposed

amendments.  Plaintiff's repeated attempts to improperly exclude additional invalidating

examples of a previously disclosed prior art reference, despite Defendants' showing of good

cause, should continue to be rejected.

## II.
## ARGUMENT

### A.  Defendants Have Shown Good Cause for the Proposed Amendments

As explained in Defendants' Motion, the proposed amendments relate only to new facts

revealed by Mr. Litle's September 6, 2006 deposition testimony.  Defendants were not

previously aware of the discrete facts at issue on this Motion;[2] as the documented

communications reveal, Mr. Litle did not provide comprehensive details of Litle & Company's

system or method prior to his deposition.  *See*, *e.g.*, Ex. J to Edelman Declaration in Support of

Plaintiff's Opposition to Defendants' Motion ("Edelman Declaration") (revealing additional

information related to the Litle & Company system and method *after* conversations with

Defendants).  Instead, prior to his deposition, Mr. Litle provided the details of the Litle &

Company system and method that appear in Defendants' existing preliminary invalidity

contentions.

---

[1] The Litle & Company prior art reference is identified in Exhibit 6 of Defendants' existing preliminary invalidity contentions.  *See* Ex. G to AmeriMerchant's Reply in Support of its Motion for Leave to Amend Preliminary Invalidity Contentions, filed October 3, 2006 (Civil Action No. 6:06-CV-0082); Ex. G to Defendants' Reply in Support of Their Motion for Leave to Amend Preliminary Invalidity Contentions, filed October 3, 2006 (Civil Action No. 6:05-CV-424).

[2] Defendants' proposed amendments are attached as Ex. B to Defendants' Motion.

Defendants have diligently searched for documents and witnesses with knowledge of the system and method employed by Litle & Company over 15 years ago since they learned of its existence, and they were able to obtain and incorporate the majority of information regarding this prior art reference in their existing preliminary invalidity contentions. Despite these extensive efforts, there were nevertheless additional relevant facts related to Litle & Company that were revealed by Mr. Litle for the first time during his deposition. Plaintiff's claim that Defendants did not act diligently with respect to the proposed amendments relies exclusively on: (1) unsupported speculation regarding Defendants' communications with Mr. Litle, and (2) improper imputation of Plaintiff's dilatory tactics to Defendants.

1.  Plaintiff's Speculation is Contrary to the Documented Evidence

Without support, and contrary to the documented communications between Defendants and Mr. Litle, Plaintiff asserts that Defendants' proposed amendments were known to Defendants prior to Mr. Litle's deposition. Plaintiff goes to great lengths to regurgitate communications between Mr. Litle and Defendants prior to his deposition as support for its assertion that "Defendant[s] had received full information about" the proposed amendments. Plaintiff's Opposition at 4. However, nowhere in any of these communications are the underlying facts of the proposed amendments discussed. Indeed, the *first* discussion of the proposed amendments occurred at Mr. Litle's deposition.[3] *See* Defendants' Motion at 7.

Plaintiff appears to argue that because Defendants had some contact with Mr. Litle, Mr. Litle must have necessarily downloaded to Defendants any and all details of the Litle & Company system and method. This conclusion is wholly unsupported, as Plaintiff offers nothing

---

[3] Although Mr. Litle mentioned "facilitat[ing] catalogs in the early eighties" to Defendants prior to his deposition, *see* Ex. G to Edelman Declaration, he did not provide additional information regarding this aspect of the Litle & Company system or method or explain the facts of the proposed amendment, which were revealed for the first time at his deposition.

but its own speculation in support.  While Defendants sought to obtain all relevant information during their brief discussions with Mr. Litle prior to his deposition, and were able to include the overwhelming majority of details related to Litle & Company in their existing preliminary invalidity contentions, his comprehensive testimony on September 6, 2006 revealed facts that were previously unknown to Defendants and thus could not have possibly been included in their existing preliminary invalidity contentions.  Defendants' communications with Mr. Litle prior to his deposition revealed the facts supporting Defendants' current preliminary invalidity contentions – and *not* the new facts revealed by his deposition testimony and included in Defendants' proposed amendments.

  2. Plaintiff's Delays Should not be Attributed to Defendants

   After they received the transcript of Mr. Litle's deposition on September 25, 2006, Defendants asked Plaintiff on September 28, 2006 whether it would oppose the present amendment based on Mr. Litle's testimony.  *See* Ex. C to Defendants' Motion, September 29, 2006 e-mail from Hilary Preston to Michael Edelman.  Plaintiff failed to respond to Defendants' request until October 30, 2006 – after Mrs. Preston's September 29, 2006 e-mail, *id.*, after Joseph Gray's October 9, 2006 letter to Michael Edelman identifying the proposed amendments and again asking whether it would oppose Defendants' motion, Ex. B to Defendants' Motion, and after Joseph Gray's additional follow-up letter on October 30, 2006 letter, Ex. D to Defendants' Motion.[4]

---

[4] Plaintiff argues that Defendants should have included these proposed amendments in its first motion for leave to amend, filed September 13, 2006, although Plaintiff fails to recognize that the parties did not receive the transcript of Mr. Litle's deposition until September 25, 2006.  *See* Plaintiff's Opposition at 9-10.  Furthermore, Plaintiff refused to inform Defendants that it intended to oppose the instant motion until October 30, 2006, more than three weeks after this Court granted their first motion for leave to amend preliminary invalidity contentions.  As described in Defendants' first motion to compel, Defendants informed counsel for Plaintiff at the close of Mr. Litle's deposition on September 6, 2006 that they would likely be seeking leave to amend their preliminary invalidity contentions based on his testimony upon receipt of the transcript, thus Plaintiff knew that Defendants would likely

In its Opposition, Plaintiff surprisingly argues that *Plaintiff's* refusal to respond to Defendants' repeated inquiries constitutes lack of diligence on the part of *Defendants*. *See* Plaintiff's Opposition at 6 ("After Defendant[s'] letter was sent, several weeks passed without the Defendants[s] taking any action."). Such an absurd attempt should be rejected. Defendants acted diligently both in their investigation of Litle & Company and in seeking leave to amend their preliminary invalidity contentions to reflect this new information revealed by Mr. Litle's testimony, thus the Court should grant Defendants' Motion.

### B. **<u>Plaintiff Will Suffer No Prejudice if the Proposed Amendments are Allowed</u>**

As explained in Defendants' Motion, Plaintiff will suffer no prejudice if the proposed amendments are allowed. *See* Defendants' Motion at 7-9. Defendants are seeking only to incorporate additional information regarding this previously disclosed prior art reference, without changing the existing portions of their preliminary invalidity contentions. Plaintiff asserts that it "has engaged in an extensive amount of other discovery and pretrial preparation," although fails to describe how or why *any* of the discovery it has actually conducted would be affected, or *how* Plaintiff would be prejudiced by Defendants' proposed amendments. Plaintiff's reason for skirting the issue is obvious – it would not be prejudiced in the slightest by Defendants' proposed amendments.

Plaintiff was in possession of all relevant Litle & Company documents well before Mr. Litle's deposition. And Plaintiff was present at Mr. Litle's deposition, where Plaintiff was unable to raise any question as to the invalidating impact of Litle & Company's prior art system and method. Plaintiff's claims of hypothetical prejudice should thus be rejected.

---

be seeking leave to amend their preliminary invalidity contentions based on Mr. Litle's testimony as soon as a transcript was available.

**III.**
**CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that the Court grant their

Expedited Motion for Leave to Amend Preliminary Invalidity Contentions.

November 29, 2006                    Respectfully submitted,

By:  /s/ Joseph D. Gray

Willem G. Schuurman
Texas State Bar No. 17855200
bschuurman@velaw.com
Joseph D. Gray
Texas State Bar No. 24045970
jgray@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8400
Facsimile: 512.236.3476


Hilary L. Preston
hpreston@velaw.com
**VINSON & ELKINS L.L.P.**
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100


Douglas R. McSwane, Jr.
State Bar No. 13861300
**POTTER MINTON**
A Professional Corporation
110 N. College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846
E-mail: dougmcswane@potterminton.com

*Counsel for Defendants First Funds, LLC,*
*Merchant Money Tree, Inc., Reach Financial,*
*LLC, and AmeriMerchant, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3) on this the 29th day of November, 2006.  Any other counsel of record will be served by first class mail on this same date.

/s/ Joseph D. Gray
Joseph D. Gray