**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ADVANCEME, INC.,** § <br>§ <br>Plaintiff, § <br>§ <br>§ <br>v. § <br>§ <br>**RAPIDPAY LLC, FIRST FUNDS LLC,** § <br>**MERCHANT MONEY TREE, INC.,** § <br>**REACH FINANCIAL, LLC, and FAST** § <br>**TRANSACT, INC. d/b/a SIMPLE CASH,** § <br>§ <br>Defendants. § | **CASE NO. 6:05-CV-424 (LED – JDL)** |
| **ADVANCEME, INC.,** § <br>§ <br>Plaintiff, § <br>§ <br>§ <br>v. § <br>§ <br>**AMERIMERCHANT, LLC,** § <br>§ <br>Defendant. § <br>§ | **CASE NO. 6:06-CV-082 (LED – JDL)** <br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF ADVANCEME, INC.'S MOTION TO COMPEL FURTHER
INTERROGATORY RESPONSES**

REPLY IN SUPPORT OF ADVANCEME'S
MOTION TO COMPEL
LEGAL_US_W # 55253149.1

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

Dockets.Justia.com

## I. INTRODUCTION

Defendants' opposition to AdvanceMe's motion to compel illustrates the lengths Defendants will go to in order to avoid providing straightforward discovery responses. Defendants First Funds and AmeriMerchant have flatly refused to answer simple contention interrogatories seeking the factual basis for their non-infringement defenses, ostensibly because doing so would require them to "make an implicit, and unwarranted, admission of validity." Defendants Merchant Money Tree and Reach Financial, for their part, admit that while they provided "additional information" as to the factual basis for their non-infringement defenses, their response was not intended to be an exhaustive listing of all the factual bases as to support why Defendants do not infringe the asserted claims. Defendants Merchant Money Tree, Reach Financial, and First Funds have refused to answer Interrogatories 9-21 because they do not believe that "each party" is required to respond to the same 25 interrogatories, but rather that each defendant need answer only its proportionate share of the 25. Finally, even though AdvanceMe provided Defendants with at least nine reasons why the information called for by Interrogatory 11 is relevant to this case, Defendants now argue that they are not required to respond to this interrogatory because AdvanceMe has "offered neither Defendants nor this Court any explanation as to how this information is even plausibly relevant to the claims and defenses in this case." Defendants have abused the discovery process for far too long. AdvanceMe respectfully requests that they be compelled to answer these interrogatories.

## II. ARGUMENT

AdvanceMe's motion to compel should be granted for the following reasons:

### A. Defendants Should Be Compelled To Provide The Factual Basis For Their Non-infringement Defenses In Response To Interrogatory 7

Defendants should be compelled to provide further responses to Interrogatory 7, which is a simple contention interrogatory asking them for the factual basis for the non-infringement

defenses they have asserted in this case. Defendants cannot dispute that they have all asserted non-infringement as an affirmative defense in this case, and that these non-infringement defenses are set forth in paragraphs 20 (RapidPay Defendants) and 15 (AmeriMerchant) of their Amended Answers. See D.E. 71, ¶20 (Merchant Money Tree's First Amended Answer); D.E. 72, ¶20 (Reach Financial's First Amended Answer); D.E. 70, ¶20 (First Funds' First Amended Answer); D.E. 21, ¶15 (AmeriMerchants' First Amended Answer). Defendants also cannot dispute that AdvanceMe's Interrogatory 7 quotes the exact language of paragraphs 20 and 15 of Defendants' Answers and Affirmative Defenses. Compare D.E. 71, ¶20 (Merchant Money Tree's First Amended Answer); D.E. 72, ¶20 (Reach Financial's First Amended Answer); D.E. 70, ¶20 (First Funds' First Amended Answer); D.E. 21, ¶15 (AmeriMerchants' First Amended Answer) with D.E. 146, Exhs. A, B, C and D (Text of Interrogatory 7). Since Defendants have asserted non-infringement as an affirmative defense in this case, and since AdvanceMe's Interrogatory 7 properly asks them to provide the factual basis for their non-infringement defense (using the exact language they used to assert it), AdvanceMe respectfully submits that Defendants should be compelled to provide AdvanceMe with the factual basis of their non-infringement defense, as required by the Local and Federal Rules.

To date, Defendants have failed to provide a complete, substantive, and non-evasive response to AdvanceMe's Interrogatory 7. AmeriMerchant and First Funds' responses to Interrogatory 7 have been limited to a statement that they do not infringe "because all claims of the '281 patent are invalid." D.E. 146, Exhs. G and H (First Funds and AmeriMerchant's Responses to Interrogatory 7). This response is evasive because it simply reiterates Defendants' invalidity defenses and fails to provide AdvanceMe with the factual basis for their non-infringement defenses. If, in fact, AmeriMerchant and First Funds' only grounds for asserting non-infringement as an affirmative defense in this case is their mistaken belief that "all claims of

the '281 patent are invalid," then this Court should strike their "non-infringement" defenses as being factually unfounded and duplicative of the invalidity defenses they asserted in their Amended Answers. As for Defendants Merchant Money Tree and Reach Financial, they admit – for the first time in their opposition to the instant motion – that while they "provided additional information" on their non-infringement defenses in response to Interrogatory 7, their responses were not intended to be "an exhaustive listing of all the factual bases as to why Defendants do not infringe the asserted claims. D.E. 160, p. 5 n. 5. In other words, Merchant Money Tree and Reach Financial now admit they provided incomplete and inaccurate responses to AdvanceMe's Interrogatory 7. Since Defendants have failed to provide complete and substantive responses to Interrogatory 7, this Court should compel them to do so.

**B.    This Court's Discovery Order Unambiguously Requires Defendants To Respond To 25 Interrogatories**

Defendants Merchant Money Tree, Reach Financial, and First Funds should be compelled to respond to the same 25 interrogatories, as required by this Court's Discovery Order. Even though the language of this Court's Discovery Order is used in hundreds, if not thousands, of patent cases in the Eastern District of Texas, and even though AdvanceMe's local counsel is unaware of any litigant who has claimed to be confused by the language of this Court's Discovery Order, Defendants Merchant Money Tree, Reach Financial, and First Funds have all claimed there is an "ambiguity" in this Court's Discovery Order which – coincidentally – allows them to refuse to disclose information in response to Interrogatories 9-21. Despite the fact that this Court's Discovery Order clearly and unambiguously requires "each party" to respond to 25 interrogatories, Defendants argue that the "per side" limitation, which only applies to third-party depositions, ought to apply to *all* of the disclosures required by paragraph 4 (including interrogatories), thereby limiting AdvanceMe to less than 5 interrogatories for each named Defendant in this case. Defendants' interpretation of paragraph 4 leads to absurd results.

Indeed, Defendants' local counsel in other cases has not adopted this interpretation and routinely asks all parties on a "side" to answer the same interrogatories, regardless of the number of parties on a side. AdvanceMe served 21 interrogatories on Defendants that were substantively identical. Therefore, under Defendants' own logic, AdvanceMe has only asked the "Defendants' side" of the case to respond to 21 interrogatories. This motion to compel should be granted.

AdvanceMe's attempt to resolve this alleged dispute without the need for court intervention is simply common sense and not, as Defendants suggest in their opposition, a sign of weakness. Although AdvanceMe believes Defendants' professed confusion over the meaning of paragraph 4 is both disingenuous and strategic in nature, AdvanceMe met and conferred with Defendants in good faith and even offered to resolve this alleged dispute by inviting Defendants to agree to a joint motion to amend the language of this Court's Discovery order to make it clear (to Defendants) that "each party" was required to respond to 25 interrogatories. Not only was AdvanceMe's reasonable offer refused, Defendants now seek to use it as evidence that AdvanceMe "does not believe its own position." D.E. 160, p. 7. AdvanceMe's motion to compel should be granted.

### C. Defendants Have Waived Their Right to Object to Interrogatory 11

Defendants should be compelled to respond to Interrogatory 11 because they failed to state a specific objection or substantiate their alleged claim of privilege. It is undisputed that Defendants entered no specific objection to Interrogatory 11 based on privilege or relevancy. See D.E. 146, Exhs. E, F, G, and H (Responses to Interrogatory 11). In their opposition, Defendants (now) admit that they are relying exclusively on their "general objections" to preserve an alleged privilege (which they have failed to substantiate) and to challenge the relevancy of this interrogatory. See D.E. 160, p. 3-4. The Federal Rules provide that all grounds for objection need to be stated with specificity. Fed.R.Civ.P. 33(b)(4). Federal courts have ruled

that general objections are "universally held to be impermissible," (White v. Beloginiss, 53 F.R.D. 480 (S.D.N.Y. 1971)) and can lead to waiver of the right to object. In re Folding Carton Antitrust Litigation, 83 F.R.D. 260 (N.D. Ill. 1979). Defendants have waived their right to object because they (1) produced documents disclosing the existence of a joint defense agreement, (2) failed to claim this production was "inadvertent," and (3) failed to enter specific objections. Defendants' opposition falsely suggests AdvanceMe has only stated it needs this information because it "impacts on settlement." See D.E. 160, p. 3. In fact, AdvanceMe provided Defendants with at least nine reasons why this information is relevant to this case. See D.E. 160, Exh. C. AdvanceMe needs this information; Defendants should be compelled to provide it.

Date: December 5, 2006    Respectfully submitted,

By: _____/s/ Robert C. Matz_____
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Michael N. Edelman
(CA Bar No. 180948) (Admitted Pro Hac Vice)
Ronald S. Lemieux
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Vidya R. Bhakar
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email: medelman@paulhastings.com

IRELAND, CARROLL & KELLEY, P.C.
Otis W. Carroll, Attorney-in-Charge, State Bar No. 03895700
Deborah Race, State Bar No. 16448700
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: 903-561-1600
Facsimile: 903-581-1071
Email: fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Local Rule cv-5(a)(3) on this the 5th day of December, 2006. Any other counsel of record will be served by first class mail on this same date.

                                                            /s/
                                         Rose Jones Shine