**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | **CASE NO. 6:05-CV-424 (LED – JDL)** |
| Plaintiff, | § | |
| v. | § | |
| **RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH,** | § | |
| Defendants. | § | |
| **ADVANCEME, INC.,** | § | **CASE NO. 6:06-CV-082 (LED – JDL)** |
| Plaintiff, | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| **AMERIMERCHANT, LLC,** | § | |
| Defendant. | § | |

### ADVANCEME'S SUR-REPLY IN OPPOSITION TO

### DEFENDANTS' MOTION TO COMPEL

ADVANCEME'S SUR-REPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

I.     **INTRODUCTION**

Plaintiff AdvanceMe, Inc. ("AdvanceMe") is deeply concerned by the false statements contained in Defendants' reply brief in support of their motion to compel. It is one thing for Defendants to exceed the page limit by 10 pages in order to rehash the meritless arguments set forth in their initial moving papers;[1] it is quite another thing for them to use their reply brief to make false and misleading statements in an attempt to create a false record before the Court. Defendants' numerous false statements compel AdvanceMe to submit this sur-reply in order to set the record straight.

Perhaps the most egregious misrepresentation contained in Defendants' reply brief is their statement that AdvanceMe has "refused" to produce a 30(b)(6) witness. When Defendants submitted their reply brief, they *knew* that AdvanceMe had agreed in writing to appear at the 30(b)(6) deposition on the very date, December 8, 2006, that they had insisted upon. Yet, Defendants filed their reply *without informing the Court of AdvanceMe's agreement*, and – a mere seven minutes after filing their reply brief – *Defendants themselves* canceled the deposition after AdvanceMe's lead trial counsel had traveled to Atlanta to attend it.

AdvanceMe has continually attempted to take the high road in this case and, in the interest of moving the case forward, has refrained from filing motions for sanctions or otherwise seeking relief for Defendants' discovery abuses. Defendants' knowing misrepresentations to the Court in its reply brief, however, leave AdvanceMe no choice but to respond. Accordingly, AdvanceMe respectfully submits this sur-reply and requests that the Court deny Defendants' motion to compel in its entirety.

---

[1] With reluctance, AdvanceMe agreed not to oppose Defendants' motion to exceed the page limits because it did not want to burden this Court with additional motion practice. In the Certificate of Conference, however, AdvanceMe requested that Defendants insert a statement pointing out that asking for 15 pages for a reply brief was both excessive and unreasonable.

## II.    ARGUMENT

### A.    MISREPRESENTATION # 1: ADVANCEME'S ALLEGED "REFUSAL" TO PROVIDE A 30(B)(6) WITNESS.

Defendants' reply brief complains that AdvanceMe has refused to provide a 30(b)(6) witness, and that the Defendants are therefore "without a 30(b)(6) deposition of Plaintiff." D.E. 176, p. 2. These statements are false and misleading. Before Defendants filed their reply brief, AdvanceMe had agreed in writing to produce a 30(b)(6) deponent on the agreed-upon deposition topics, and *had agreed in writing to produce this deponent at the date, time, and location that the Defendants had insisted upon*. See Exhs. A (Defendants' Letter Demanding Production of Witness on or before December 8, 2006) and B (Letter Confirming Deposition). Further, a mere seven minutes after filing their reply brief, Defendants themselves *cancelled* the very deposition they insisted upon and complained about in their reply brief despite the fact that AdvanceMe's lead trial counsel had traveled from California to Atlanta to attend it. Exhs. C (Notification of Filing of Reply Brief), D (E-mail Transmitting Letter), and E (Letter Canceling Deposition). Defendants failed to inform this Court of any of these facts in their reply brief.

As this sur-reply is being submitted, AdvanceMe's lead trial counsel is sitting in Atlanta, Georgia waiting to attend the very 30(b)(6) deposition that Defendants insisted upon, but cancelled. Incredibly, Defendants' excuse for canceling this deposition is that AdvanceMe "only" gave Defendants three full business days' notice to confirm that the deposition was going forward, and thus Defendants' counsel decided to make other plans and is no longer available to take the deposition. Exh. E.

There is no possible justification for the Defendants' failure to include these facts in their reply brief. The Defendants' last-second cancellation of the very deposition they are seeking by way of this motion, and their failure to inform the Court of any of the facts surrounding this

cancellation, is a vivid example of the type of discovery misconduct that AdvanceMe has had to deal with in this case.  Exhs. G, H.

> B.  MISREPRESENTATION # 2:  ADVANCEME'S ALLEGED "REFUSAL" TO SEARCH FOR "HIGHLY RELEVANT" DOCUMENTS.

In its reply brief, Defendants contend that AdvanceMe's Opposition "refuses to address the whereabouts of these highly relevant documents," and alleges that AdvanceMe has only searched for "self-contained admissions of inequitable conduct."  D.E. 176, pp. 3-5.  Incredibly, however, Defendants fail to disclose to the Court that *before* their reply brief was filed, AdvanceMe had already *confirmed in writing* that it has now completed its electronic search of its files for the documents Defendants had asked for, and produced all relevant documents it had located in this search.  Exh. F.  AdvanceMe also informed Defendants in writing that it believed its hard copy search and production of these documents was complete as well, but there were a few areas AdvanceMe was checking one more time.  Id.  Incredibly, the Defendants could not find room in their 15-page reply brief to disclose any of this to the Court.

It is clearly misleading for the Defendants to represent to the Court that AdvanceMe has "refused" to search for documents relating to the alleged prior art while, on the other hand, omitting from the record AdvanceMe's confirmation in writing that it has *already* conducted a diligent search for such documents.  As AdvanceMe informed Defendants, AdvanceMe's search did not merely look for "smoking gun" documents, but rather encompassed a search for all documents relating to AdvanceMe's knowledge of the systems and methods in Defendants' invalidity contentions.  Defendants *knew* when they filed their reply brief that this confirmation had been provided by AdvanceMe, but excluded it in order to mislead the Court.

      C.      **MISREPRESENTATION #3**:  DEFENDANTS' MISREPRESENTATION OF ADVANCEME'S POSITION CONCERNING THE BACK-UP TAPES

In their reply brief, Defendants state "Plaintiff, not Defendants, raised the issue of back-up tapes as a source of potentially relevant documents." D.E. 176, p. 7. This is not true. During the meet and confer process, Defendants asked AdvanceMe to conduct an extended search of its historical documents for any document that *so much as mentioned* the entities listed in their Invalidity Contentions. D.E. 176, Exh. E. Since these backup tapes potentially contain a large volume of older documents, AdvanceMe believed the proper thing to do was to alert Defendants that these back-up tapes existed so that they could decide whether they wanted to spend the huge amount of resources necessary to search through these historical documents for any document that *so much as mentioned* the entities listed in their Invalidity Contentions, in the off-chance that some of these documents might actually contain relevant information.

Defendants also imply that AdvanceMe is refusing to restore and search the back-up tapes. Again, not true. AdvanceMe has not refused to restore and search the tapes; rather it has stated that it is willing to engage in these tasks *as long as the Defendants are willing to pay for it*. Since Defendants have not presented any evidence to indicate that any relevant information is on these tapes, as is their discovery burden, it is clearly up to Defendants to pay the money to restore for and search the tapes in the extremely unlikely event that there is anything of interest in them.

      D.      **MISREPRESENTATION # 4**:  DEFENDANT'S' MISREPRESENTATION OF ADVANCEME'S VALIDITY POSITION.

In their reply brief, Defendants represent that AdvanceMe believes the "only" fact supporting its validity position is that "the evidence of invalidity in the record is not sufficiently corroborated." D.E., 176, p. 12. This is not true. Nowhere in its opposition did AdvanceMe state or even suggest that it was solely relying on the corroboration point (though, it should be

noted, that issue by itself will be sufficient to dispose of Defendants' entire invalidity defense). In truth, it makes no difference whether one believes the third party deposition testimony Defendants refer to or not; even if the alleged prior art systems performed *exactly* according to this uncorroborated testimony, *these systems would still not come remotely close to the inventions in the '281 Patent*. This will be fully proven at trial.

### III. CONCLUSION

For all the reasons stated above, AdvanceMe respectfully requests that Defendants' motion be denied.

Date: December 7, 2006           Respectfully submitted,

By: _____/s/ Michael N. Edelman_____
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Michael N. Edelman
(CA Bar No. 180948) (Admitted Pro Hac Vice)
Ronald S. Lemieux
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Vidya R. Bhakar
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email:  medelman@paulhastings.com

IRELAND, CARROLL & KELLEY, P.C.
Otis W. Carroll, Attorney-in-Charge
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
6101 South Broadway, Suite 500
Tyler, TX  75703
Telephone:  903-561-1600
Facsimile:  903-581-1071
Email:  fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

**CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Local Rule cv-5(a)(3) on this the 7th day of December, 2006. Any other counsel of record will be served by first class mail on this same date.

                                                                           /s/

                                                    Rosemary Jones-Shine

LEGAL_US_W # 55275196.1 34717.00007