# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § <br> § <br> *Plaintiff,* § <br> § <br> VS. § <br> § <br> **RAPIDPAY, LLC, BUSINESS CAPITAL** § <br> **CORPORATION, FIRST FUNDS LLC,** § <br> **MERCHANT MONEY TREE, INC.,** § <br> **REACH FINANCIAL, LLC and** § <br> **FAST TRANSACT, INC. d/b/a** § <br> **SIMPLE CASH** § <br> § <br> *Defendants.* § | **CAUSE NO. 6:05-CV-424 LED** |
| **ADVANCEME, INC.,** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **AMERIMERCHANT, LLC,** § <br> § <br> *Defendant.* § | **CAUSE NO. 6:06-CV-0082 LED** <br><br> **JURY TRIAL DEMANDED** |

## ORDER GRANTING DEFENDANTS' STATEMENT OF OBJECTIONS TO AND MOTION FOR MODIFICATION OF MAGISTRATE JUDGE LOVE'S *MARKMAN* MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendants' Statement of Objections to and

Motion for Modification of Magistrate Judge Love's December 21, 2006 *Markman*

Memorandum Opinion and Order. After careful consideration, the Court finds

Defendants' objections to be meritorious. Accordingly, Defendants' objections shall be,

and are hereby, **GRANTED**.

It is, therefore, **ORDERED** that the *Markman* Memorandum Opinion and Order is modified in the following ways:

1. "Obligation" shall be construed as: "an amount owed by the merchant that is independent of any particular purchase and outside of any of the fees and/or costs normally imposed on the merchant for a typical processing transaction."

2. "Third Party" shall be construed as: "party other than the merchant."

3. The Court finds that no structure is disclosed for the claimed functions of "forwarding a portion of the payment to the third party" (Claim 10), "forwarding at least a portion of the accumulated payments to the third party" (Claim 17), "periodically forwarding at least a portion of the payment to the third party" (Claim 18), or "forwarding to the third party an amount that is a percentage of the obligation" (Claim 19).