# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | **CASE NO. 6:05-CV-424 (LED – JDL)** |
| Plaintiff, | § | |
| v. | § | |
| **RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH,** | § | |
| Defendants. | § | |
| **ADVANCEME, INC.,** | § | **CASE NO. 6:06-CV-082 (LED – JDL)** |
| Plaintiff, | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| **AMERIMERCHANT, LLC,** | § | |
| Defendant. | § | |

### AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

I, Robert C. Matz, declare as follows:

1.  I am an Associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-referenced matter. I have personal knowledge of the following facts except as otherwise noted and, if called upon to do so,

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER
-1-
CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

Dockets.Justia.com

could and would testify competently thereto.

2. On Friday, January 12, 2007 at 4:10 p.m., less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant sent an e-mail to counsel for AdvanceMe attaching deposition and document subpoenas for Cliff Hardwick and John Konop. A true and correct copy of this e-mail is attached hereto as Exhibit 1. These deposition subpoenas commanded Mssrs. Hardwick and Konop to produce documents and provide deposition testimony on Saturday, January 20, 2007, and Sunday, January 21, 2007. True and correct copies of these subpoenas are attached hereto as Exhibits 2, 3, 4, and 5.

3. In the Eastern District of Texas, attorneys are expected to meet and confer with opposing counsel as to the scheduling of depositions. The Local Rules provide that attorneys are not to use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel. Local Rule AT-3. Counsel for Defendants did not contact counsel for AdvanceMe prior to scheduling these depositions on the following Saturday and Sunday, nor did counsel for Defendants contact counsel for AdvanceMe after the Martin Luther King, Jr. federal holiday to see if the scheduling of these depositions presented any difficulties for counsel for AdvanceMe.

4. On Tuesday, January 16, 2007, I discussed the scheduled dates for the depositions of Mssrs. Hardwick and Konop with my colleague and counsel for AdvanceMe, Michael Edelman. After reviewing Mr. Edelman's schedule and the schedules of other attorneys of record for AdvanceMe, we determined that counsel for AdvanceMe would be unable to attend these depositions, which were scheduled on Saturday, January 20, 2007, and Sunday, January 21, 2007. Mr. Edelman asked me to contact Joseph Gray, counsel for Defendants Merchant Money

Tree, Reach Financial, First Funds, and AmeriMerchant, to inform him that counsel for AdvanceMe would be unable to attend these depositions and to arrange for an alternate date.

5. On Wednesday, January 17, 2007, I called Joseph Gray to discuss the scheduling of these depositions. Mr. Gray was unavailable and did not return my telephone call.

6. On Thursday, January 18, 2007 at approximately 10:00 a.m., I again called Joseph Gray to discuss the scheduling of these depositions. Mr. Gray was unavailable and did not return my telephone call. Shortly thereafter I contacted Deborah Race, local counsel for AdvanceMe, and asked her to discuss the scheduling of these depositions with Douglas McSwaine, local counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant.

7. At approximately 12:10 p.m. on Thursday, January 18, 2007, Amy Reilly, a paralegal working for counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant, sent an e-mail attaching another deposition subpoena. Shortly thereafter, I responded to this e-mail, asking her to contact Mr. Gray and ask him to give me a call. A true and correct copy of this e-mail is attached hereto as Exhibit 6.

8. At approximately 1:08 p.m. on January 18, 2007, Mr. Gray sent me an e-mail stating that he was in New York for the 30(b)(6) deposition of AdvanceMe, and planned to head to Atlanta tomorrow for the depositions there. Mr. Gray stated that he would return my call upon his return from Atlanta, and suggested that we could correspond by e-mail. A true and correct copy of this e-mail is attached hereto as Exhibit 7.

9. At approximately 1:12 p.m. on January 18, 2007, I sent Mr. Gray an e-mail stating that Otis Carroll, Lead Attorney and local counsel for AdvanceMe was speaking to Doug McSwane, Lead Attorney and local counsel for Defendants Merchant Money Tree, Reach

Financial, First Funds, and AmeriMerchant, about the depositions he had noticed for Saturday and Sunday in Atlanta, and further suggesting that Mr. Gray contact Mr. McSwane before flying to Atlanta. A true and correct copy of this e-mail is attached hereto as Exhibit 8. Mr. Gray has not contacted me via e-mail or by telephone after I sent him this e-mail.

10. At approximately 4 p.m. on January 18, 2007, Otis Carroll, Lead Attorney and Local Counsel for AdvanceMe, sent a facsimile to Doug McSwane, Lead Attorney and local counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant. A true and correct copy of this facsimile is attached hereto as Exhibit 9. Mr. McSwane has not contacted me or Otis Carroll after this facsimile was sent to him.

11. Since I had not heard from Mr. Gray, Mr. McSwane, or any other counsel of record for Defendants, I began drafting the instant emergency motion and contacted our Atlanta office to inquire as to the requisite procedure.

12. At approximately 4:30 p.m. on January 18, 2007, I spoke to Michael Edelman, counsel for AdvanceMe, and asked him if he had spoken to Joseph Gray and counsel for Defendants. Mr. Edelman indicated that Joseph Gray and counsel for Defendants refused to continue the dates of these depositions even after it was explained to them that counsel for AdvanceMe could not attend these depositions, that the discovery cut-off was months away, that the Defendants had failed to meet and confer with AdvanceMe as required by the Local Rules, and that counsel for AdvanceMe had concerns about the disclosure of AdvanceMe's privileged and confidential information.

13. At approximately 5:20 p.m. on January 18, 2007, I sent an e-mail to Joseph Gray, Hilary Preston, Willem Schuurman, and Doug McSwane informing them that I had drafted the motions to quash or modify these subpoenas or, in the alternative, for a protective order, and that

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

-4-

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

we intended to file these motions unless we heard from counsel for Defendants by 6 p.m. Pacific Standard Time. I received no response to this e-mail. Shortly after 6 p.m., I learned that I would be unable to electronically file the instant emergency motion as I did not have a case number. A true and correct copy of this facsimile is attached hereto as Exhibit 10.

14. At approximately 7:57 p.m. on January 18, 2007, I sent an e-mail to counsel for Defendants informing them that we would be filing emergency motions to quash or modify the subpoenas, and that John Parker, a Partner in our Atlanta office, would be arguing this motion in the United States District Court for the Northern District of Georgia. I also included Mr. Parker's telephone number. I also informed counsel for Defendants that we would be filing an emergency motion in the Eastern District of Texas, and that Otis Carroll would be arguing this motion. I also included Mr. Carroll's telephone number. A true and correct copy of this facsimile is attached hereto as Exhibit 11.

15. The parties are presently meeting and conferring as to an extension of the discovery cut-off in the AdvanceMe v. RapidPay matter. The discovery cut-off in this matter is presently set for February 20, 2007. However, the parties are presently seeking to extend this discovery cut-off to late March 2007, if not later. The discovery cut-off in the AdvanceMe v. AmeriMerchant matter is July 17, 2007. I have no reason to believe that Judge Love in the United States District Court for the Eastern District of Texas will deny the parties' request to extend the discovery cut-off in the AdvanceMe v. RapidPay matter.

16. Cliff Hardwick is a former employee of AdvanceMe. Mr. Hardwick worked as a salesman for AdvanceMe. I have spoken to Parris Sanz, General Counsel for AdvanceMe, who has indicated that when Mr. Hardwick was terminated by AdvanceMe, he signed a severance agreement wherein he agreed to return all materials belonging to AdvanceMe prior to his

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

-5-

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

departure. In addition, Mr. Hardwick signed a confidentiality/non-disclosure agreement upon the commencement of his employment with AdvanceMe providing that he was not to disclose AdvanceMe's confidential information.

17. John Konop is AdvanceMe's former Director of Operations and therefore a member of AdvanceMe's management. I have spoken to Parris Sanz, General Counsel for AdvanceMe, who stated that upon the commencement of Mr. Konop's employment with AdvanceMe, he signed a confidentiality/non-disclosure agreement providing that he was not to disclose AdvanceMe's confidential information.

18. As a result, AdvanceMe filed an emergency motion to quash or modify the subpoenas of Cliff Hardwick and John Konop, or, in the alternative, for a protective order, in the Eastern District of Texas, where these cases are currently pending.

19. AdvanceMe is not moving for a protective order or an order quashing or modifying these subpoenas for any improper purpose.

An Order is attached for the Court's convenience.

DATED: January 19, 2007        Respectfully submitted,

                               /s/
                 Ronald S. Lemieux, Bar No. 120822, Admitted *pro hac vice*
                 Michael N. Edelman, Bar No. 180948, Admitted *pro hac vice*
                 Vid R. Bhakar, Bar No. 220210, Admitted *pro hac vice*
                 Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*
                 Paul, Hastings, Janofsky & Walker LLP
                 Five Palo Alto Square, Sixth Floor
                 Palo Alto, CA 94306-2155

                 Otis W. Carroll, Jr., Bar No. 03895700, Lead Attorney
                 Deborah J. Race, Bar No. 16448700
                 Ireland Carroll & Kelley
                 6101 S. Broadway, Suite 500
                 Tyler, TX 75703

                 Attorneys for Plaintiff ADVANCEME, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Fed.R.Civ.P. 5(d) and Local Rule 5(c) on this the 19th day of January, 2007. Any other counsel of record will be served by first class mail on this same date.

/s/
Christina Henderson

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for plaintiff AdvanceMe, Inc. has conferred with counsel for Defendants Merchant Money Tree, Inc., First Funds, LLC, Reach Financial, LLC, and AmeriMerchant, LLC in a good faith attempt to resolve the matter of this motion without Court intervention but was unable to reach any agreement. Defendants oppose this motion.

/s/
Robert C. Matz

LEGAL_US_W # 55481173.1

ORDER GRANTING PLAINTIFF'S
EMERGENCY MOTION TO QUASH OR MODIFY
THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP,
OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER

1

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082