# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.** | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| **RAPIDPAY, LLC, BUSINESS CAPITAL** | § | |
| **CORPORATION, FIRST FUNDS LLC,** | § | **CAUSE NO. 6:05-CV-424 LED** |
| **MERCHANT MONEY TREE, INC.,** | § | |
| **REACH FINANCIAL, LLC and** | § | |
| **FAST TRANSACT, INC. d/b/a** | § | |
| **SIMPLE CASH** | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | |
| *Plaintiff,* | § | |
| v. | § | **CAUSE NO. 6:06-CV-082 LED** |
| | § | **JURY TRIAL DEMANDED** |
| **AMERIMERCHANT, LLC,** | § | |
| *Defendant.* | § | |

### Declaration of Willem Schuurman in Support of
### Defendants' Emergency Motion to Compel

I, Willem Schuurman, hereby declare:

1. I am over the age of 18 and capable of testifying to the facts set forth herein.

2. I am a licensed attorney in the State of Texas.

3. Vinson & Elkins L.L.P. is counsel of record for First Funds, LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant, LLC ("Defendants") in the above-styled actions. I am a partner in the Austin, Texas office of Vinson & Elkins L.L.P. and serve as counsel for Defendants.

4. I aver to the matters set forth herein based upon personal knowledge and information.

1

5. On January 12, 2007, Defendants subpoenaed John Konop's deposition for Mr. Konop's expressly requested date of Sunday, January 21, 2007. On Friday, January 19, two days before Mr. Konop's scheduled deposition, however—and after Defendants' counsel had already traveled to Atlanta to attend Mr. Konop's deposition—Plaintiff AdvanceMe, Inc. ("Plaintiff") filed a motion to quash his deposition on various grounds, including that Plaintiff had never agreed to a deposition on a Sunday. That same day, and despite Plaintiff's failure to timely notify Defendants of its inability to attend Mr. Konop's deposition, Defendants agreed to postpone his deposition until a later date.

6. When I contacted Mr. Konop on the evening of January 19, 2007 to inform him of the postponement of his deposition, Mr. Konop informed me that the only day he was available during the month of February was February 8, 2007. Therefore, on January 22, 2007 (the day after Mr. Konop's originally subpoenaed date of January 21st), Defendants' counsel sent a letter to Plaintiff's counsel informing Plaintiff's counsel of their intent to commence Mr. Konop's deposition on February 8, 2007.

7. Attached hereto as Exhibit A is a true and correct copy of a January 22, 2007 letter from Floyd Walker to Michael Edelman informing Plaintiff's counsel of the rescheduled date for Mr. Konop's deposition.

8. Plaintiff's counsel did not respond to Defendants' letter regarding the rescheduled depositions until after close of business on Tuesday, January 30, 2007—eight days after Defendants' counsel sent the letter rescheduling the

|  |  |
|---|---|
|  | depositions. At that time, Plaintiff's counsel insisted that Mr. Konop's deposition be again postponed. |
| 9. | Attached hereto as Exhibit B is a true and correct copy of a January 30, 2007 letter from Michael Edelman to Willem Schuurman and Joseph Gray insisting that Mr. Konop's deposition again be postponed. |
| 10. | Plaintiff's counsel stated only that they "are unavailable to attend the Konop deposition" and that they are unwilling to move the 30(b)(6) deposition of Reach Financial also set for February 8, 2007. Plaintiff's counsel provided no other explanation as to why none of the five attorneys from their firm who have appeared in these actions is available to attend Mr. Konop's deposition on February 8, 2007. Plaintiff's counsel also stated that Mr. Konop has informed them that he is available for deposition on February 15th or February 22nd |
| 11. | As Mr. Konop had already informed counsel for Defendants that he was unavailable any other day during the month of February, upon receipt of Mr. Edelman's letter after my return to Austin from a deposition in Boston late Wednesday night, January 31, 2007, I called Mr. Konop the morning of February 1st to inquire as to his availability for deposition during the month of February. Mr. Konop again informed me that February 8th is the only day that he is available for deposition during the month of February. |
| 12. | In response to Plaintiff's counsel's letter and pursuant to my discussion with Mr. Konop, I responded via letter to Michael Edelman on February 1, 2007. A true and correct copy of that letter is attached hereto as Exhibit C. |

13. In this letter, I informed Mr. Edelman that Mr. Konop had again informed me that he is unavailable on any other date in February, that this deposition was interfering with Mr. Konop's other matters, and that Mr. Konop was annoyed that his deposition is being repeatedly rescheduled. He also told me that Plaintiff had called him on Monday, January 29 and had told him that they would let him know that day if his deposition was going to be postponed. Because Plaintiff had failed to contact him again on Monday, January 29, on Tuesday, January 30 he had rearranged his schedule and was only available on February 8 for the entire month of February.

14. As the 30(b)(6) deposition of Reach Financial is also currently scheduled for February 8, 2007, Defendants had offered on January 22nd to postpone the Reach Financial deposition in order to make Plaintiff's counsel available for Mr. Konop's deposition. Defendants offered to make Reach Financial available for deposition as early as Monday of next week.

15. On Friday afternoon, February 2, 2007, I spoke to Plaintiff's local counsel, Otis Carroll. Mr. Carroll and I spoke about Mr. Konop's and Reach Financial's depositions, and he memorialized our conversation in a letter that same afternoon. A true and correct copy of Mr. Carroll's February 2, 2007 letter to me is attached hereto as Exhibit D.

16. I also spoke to Mr. Konop on February 2, 2007 to determine whether there was any chance he would be available on February 15th or February 22nd, and he again informed me that he would be unavailable. Mr. Konop informed

4

        me that Plaintiff's counsel contacted him that morning and that he told Plaintiff's counsel that he was unavailable on any other date in February.

17. Then after the close of business on Friday, February 2nd, Mr. Carroll left a voicemail message for me stating—for the first time—that Plaintiff's in-house counsel was insisting that either Ronald Lemieux or Michael Edelman attend Mr. Konop's deposition, and that neither of them was available on February 8th.

18. I feel that Defendants have no choice but to file this Emergency Motion to Compel in order to ensure that Defendants are able to take the deposition of this important third party witness prior to the close of discovery on March 2, 2007. Defendants' offer to reschedule the 30(b)(6) deposition of Reach Financial remains in order to make Plaintiff's counsel available for Mr. Konop's deposition.

19. Plaintiff will have a lawyer attending the deposition of another third party, Cliff Hardwick, in Atlanta on February 7, 2007. There is no good reason why he cannot stay on for the Konop deposition the next day in Atlanta.

20. Additionally, discovery in these actions has been consistently delayed by Plaintiff, which has left Defendants with at least 14 depositions remaining to be conducted before the close of discovery on March 2, 2007 (which leaves only 19 business days). If Mr. Konop's deposition is again postponed, it will be very difficult for the parties to arrive at a mutually agreeable schedule for all the remaining depositions in these actions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

6

SIGNED the 5th day of February, 2007.

                                                   */s/* Willem G. Schuurman
                                                   Willem G. Schuurman