# EXHIBIT B

# Paul Hastings
**ATTORNEYS**

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeledelman@paulhastings.com

January 30, 2007

34717.00007

*VIA FACSIMILE*

Willem G. Shuurman, Esq.
Joseph D. Gray, Esq.
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

Re:    *AdvanceMe, Inc. v. RapidPay, LLC, et al.*
       *AdvanceMe, Inc. v. AmeriMerchant, LLC*

Dear Mr. Shuurman and Mr. Gray:

This letter concerns deposition scheduling and some disturbing recent revelations regarding defense counsel's contacts with former AdvanceMe employees.

First, the Defendants have once again failed to meet and confer with us on deposition scheduling, despite our prior motion for protective order on this very same topic. We are unavailable to attend the Konop deposition on the currently scheduled time of February 8 (and we are not willing to move the previously scheduled deposition of Reach Financial set for that date, which was noticed and scheduled much earlier). We have spoken to Mr. Konop, and he informs us that he is available for deposition on any Thursday this month. We are available to attend the deposition on February 22. Please confirm this date is available for the Defendants.

We also note that the Defendants have now propounded a flurry of additional deposition notices and subpoenas without conferring with us on availability. The parties are never going to get through the rest of discovery with this type of approach. We suggest that the parties exchange by Thursday a list of all remaining witnesses that they intend to depose in this case, and then participate in a conference call on Friday (or early the following week) to arrive at a global deposition schedule. Please confirm this is acceptable.

Second, we have very serious concerns about the Defendants' ex parte contacts with Mr. Konop and other former AdvanceMe employees. It is our understanding that, during the Defendants' prior interview of Mr. Konop, the Defendants' counsel directly inquired as to the content of meetings between Mr. Konop and patent counsel (and concerning alleged communications between Mr. Konop and AdvanceMe's in-house counsel on patent matters and other confidential issues), and that the alleged content of those meetings or communications was discussed by Mr. Konop with the Defendants' counsel. It is our

**Paul Hastings**
ATTORNEYS

Willem G. Shuurman, Esq.
Joseph D. Gray, Esq.
January 30, 2007
Page 2

further understanding that the Defendants engaged in this same tactic with respect to Mr. Angrisani, and perhaps other witnesses.

As you must know, the eliciting of privileged or confidential information from former AdvanceMe employees is a blatant violation of the appropriate ethical rules. Indeed, numerous courts around the country have granted motions for disqualification or other serious sanctions arising out of this type of misconduct. The Defendants and their counsel are not permitted, under any circumstances, to inquire into the content of privileged discussions between AdvanceMe and its counsel. Nor are the Defendants permitted to obtain such information to serve as a basis for further discovery. We are shocked that a firm of your caliber would engage in such misconduct, and we are carefully considering our available remedies associated therewith.

In light of this misconduct, and given the numerous depositions of AdvanceMe employees that are approaching, we at minimum need your firm's commitment that the Defendants will not engage in this conduct in the future. Please immediately confirm in writing that the Defendants (a) will not engage in any further questioning of any current or former AdvanceMe employees relating to any privileged or confidential information of AdvanceMe, (b) will not utilize in this case, in any way, shape, or form, any information learned from discussions with Mr. Konop, Mr. Angrisani, or any other witnesses concerning the content of any communications or meetings between AdvanceMe and its patent, in-house, or corporate counsel, and (c) will not seek, during any remaining depositions in this case, any information on the content of privileged discussions between any AdvanceMe employees and counsel.

In addition, as we are still evaluating the appropriate remedy for the Defendants' past misconduct, it is imperative for us to fully understand the nature of the discussions that the Defendants engaged in with these witnesses. To this end, please forward to us immediately any and all notes, memoranda, or other documents which discuss or summarize the content of the interviews between the Defendants and Mr. Konop, Mr. Angrisani, or any other current or former AdvanceMe employee. As this is a matter of great urgency to AdvanceMe, please provide the confirmations and information requested no later than <u>Thursday, February 1, 2007</u>. We cannot understate the importance of receiving your firm's complete disclosure on this issue by Thursday.

Sincerely,

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

MNE:ch
cc: Hilary L. Preston, Esq. *(via facsimile)*
Douglas R. McSwane, Jr., Esq. *(via facsimile)*

LEGAL_US_W # 55545466.1