IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC.<br><br> Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, et. al,<br><br> Defendants. | CASE NO. 05-000424 (LED-JDL) |
| ADVANCEME, INC.<br><br> Plaintiff,<br><br>v.<br><br>AMERIMERCHANT LLC,<br><br> Defendant. | CASE NO. 06-000082 (LED-JDL)<br><br>**JURY TRIAL DEMANDED** |

**ADVANCEME, INC.'s EMERGENCY MOTION FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Emergency Movant AdvanceMe, Inc. ("AdvanceMe" or "Emergency Movant"), brings this emergency motion for a protective order in connection with a deposition subpoena that was issued by Joseph Gray, counsel for Defendants Merchant Money Tree, Inc. ("Merchant Money Tree"), Reach Financial LLC ("Reach Financial"), First Funds LLC ("First Funds"), and AmeriMerchant LLC ("AmeriMerchant") and served on third party John Konop ("Mr. Konop"), commanding the production of documents and deposition testimony on Thursday, February 8, 2007, a date previously scheduled for the 30(b)(6) deposition of defendant Reach Financial and a date that other counsel for AdvanceMe is unable to attend due to depositions and other meetings in other matters that cannot be changed.

This is the second emergency motion AdvanceMe has been forced to file in connection with the third party subpoena that was served on Mr. Konop. Previously, Defendants unilaterally noticed the deposition of Mr. Konop on Sunday, January 21, 2007 without AdvanceMe's consent and without the approval of Magistrate Judge Love or Judge Davis. Despite Local Rule CV-30's clear prohibition against the taking of depositions on weekends without the approval of a judge or the agreement of counsel, counsel for Defendants nonetheless refused to take this deposition off calendar and even flew to Atlanta, Georgia for the purpose of taking Mr. Konop's deposition. Only after AdvanceMe filed an emergency motion in this Court and made arrangements to file a similar motion in the United States District Court in Atlanta, Georgia did Defendants relent and agree to take Mr. Konop's deposition off calendar. Thereafter, Defendants again unilaterally scheduled Mr. Konop's deposition on February 8, 2007 – a date previously set for the 30(b)(6) deposition of defendant Reach Financial. At the time Defendants unilaterally scheduled Mr.

Konop's deposition for February 8, 2007, Mr. Konop was available "on any Thursday" in the month of February or March. In other words, it appears that Defendants deliberately noticed Mr. Konop's deposition to conflict with the 30(b)(6) deposition of defendant Reach Financial.

Counsel for AdvanceMe cannot attend the deposition of Mr. Konop on February 8, 2007 due to an expert deposition in a matter that is presently pending before Judge Davis, a critical client conference that cannot be postponed in another matter and other depositions. AdvanceMe would be prejudiced if this deposition of a former corporate officer of AdvanceMe were to go forward without the presence of counsel since the subpoenas calls for the production of documents and deposition testimony as to matters that are likely protected by the attorney-client privilege. For these reasons, AdvanceMe respectfully moves this Court for a protective order providing that (1) the production of documents and deposition testimony of Mr. Konop not go forward on February 8, 2007, as currently scheduled, (2) this deposition go forward at a date, time, and location that is mutually agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop, and (3) any documents Mr. Konop intends to produce in response to this subpoena be provided only to counsel for AdvanceMe, not counsel for Defendants, so that counsel for AdvanceMe can review these documents and remove from production any documents that are protected by the attorney-client privilege.

In support of this motion, AdvanceMe relies on its supporting memorandum of points and authorities, filed contemporaneously with this emergency motion.

DATED: February 5, 2007          Respectfully submitted,

                                                    /s/
                                 _____
                                 Ronald S. Lemieux, Bar No. 120822, Admitted *pro hac vice*
                                 Michael N. Edelman, Bar No. 180948, Admitted *pro hac vice*
                                 Vid R. Bhakar, Bar No. 220210, Admitted *pro hac vice*

Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Otis W. Carroll, Jr., Bar No. 03895700, Lead Attorney
Deborah J. Race, Bar No. 16448700
Ireland Carroll & Kelley
6101 S. Broadway, Suite 500
Tyler, TX 75703

Attorneys for Plaintiff ADVANCEME, INC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADVANCEME, INC. <br><br> Plaintiff, <br><br> v. <br><br> RAPIDPAY LLC, et. al, <br><br> Defendants. | CIVIL ACTION NO. 05-000424-LED-JDL |
| ADVANCEME, INC. <br><br> Plaintiff, <br> v. <br><br> AMERIMERCHANT LLC, <br><br> Defendant. | CIVIL ACTION NO. 06-000082-LED-JDL |

**MEMORANDUM OF LAW IN SUPPORT OF ADVANCEME, INC.'s EMERGENCY MOTION FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Emergency Movant AdvanceMe, Inc. ("AdvanceMe" or "Emergency Movant"), moves for a protective order in connection with a third party subpoena that was served on John Konop, a former corporate officer of AdvanceMe who had significant exposure to attorney-client communications during his employment with AdvanceMe. The subpoenas at issue seek to command the production of documents and deposition testimony on February 8, 2007. For the second time, counsel for Defendants unilaterally set the date and time of this deposition without consulting counsel for

AdvanceMe, as required under the Local Rules. Counsel for AdvanceMe are unable to attend Mr. Konop's deposition on February 8, 2007; Ronald Lemieux is scheduled to conduct the deposition of an expert witness in another case pending before Judge Davis, Michael Edelman will be attending a critical client conference in California that cannot be postponed, Vidya Bhakar is defending a deposition in another matter, and Robert Matz is taking the previously agreed to and scheduled deposition of one of the defendants in this case. See Affadavits of Mssrs. Lemieux, Edelman, Bhakar, and Matz in Support of AdvanceMe's Emergency Motion for a Protective Order. AdvanceMe would be prejudiced if this deposition of a former corporate officer of AdvanceMe were to go forward without the presence of counsel since the subpoenas calls for the production of documents and deposition testimony as to matters that are likely protected by the attorney-client privilege.

Accordingly, AdvanceMe respectfully moves this Court for a protective order providing that (1) the production of documents and deposition testimony of Mr. Konop not go forward on February 8, 2007, the date unilaterally set by counsel for Defendants, (2) this third party deposition go forward at a date, time, and location that is mutually agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop, and (3) any documents Mr. Konop intends to produce in response to this subpoena be provided only to counsel for AdvanceMe, not counsel for Defendants, so that counsel for AdvanceMe can review these documents and remove from production any documents that are protected by the attorney-client privilege.

## BACKGROUND

On Friday, January 12, 2007 at 4:10 p.m. – less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, Joseph Gray, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant served subpoenas on counsel for AdvanceMe seeking to command John Konop, a former corporate officer of AdvanceMe, to produce documents and provide deposition testimony on Sunday, January 21, 2007. Under the Local Rules of the Eastern District of Texas, depositions can be scheduled on weekends only "with approval of a judge or by agreement of counsel." L.R. CV-30. Defendants did not meet and confer with counsel for AdvanceMe before scheduling this deposition on a Sunday, nor did they seek the approval of Magistrate Judge Love or Judge Davis. Nonetheless, counsel for Defendants refused to take this deposition off calendar, forcing AdvanceMe to file an emergency motion to quash this deposition. On Friday, January 19, 2007, counsel for Defendants finally relented and took this deposition off calendar.

Thereafter, counsel for Defendants again unilaterally set the date for Mr. Konop's deposition for February 8, 2007 without consulting counsel for AdvanceMe. Robert Matz, counsel for AdvanceMe, contacted Mr. Konop on January 26, 2007 and again on January 29, 2007 to discuss the date set for his deposition. During these conversations, Mr. Konop indicated that he was available "on any Thursday" in the months of February and March. After informing Defendants that counsel for AdvanceMe was unable to attend Mr. Konop's deposition on February 8, 2007, and that Mr. Konop had indicated that he was available on "any Thursday" in the month of February or March, counsel for Defendants contacted Mr. Konop. Following this conversation with counsel for Defendants, Mr. Konop indicated that he was not – as he

previously represented to counsel for AdvanceMe – available on any Thursday in February or March of 2007, and that the deposition "needed" to take place on February 8, 2007. When asked why the deposition needed to go forward on February 8, 2007, Mr. Konop indicated that he had an important client meeting on February 7, 2007, where his schedule for the months of February and March would be discussed. Mr. Konop further stated that he "wanted to be available" for this client whenever they needed him to be available, and that therefore he preferred to have his deposition taken on February 8, 2007. When counsel for AdvanceMe suggested that Mr. Konop wait until after the February 7, 2007 meeting with his client and then inform counsel for Defendants and AdvanceMe of his availability, Mr. Konop stated that he was unwilling to do so because he wanted to "get this thing over with" and "move on with his life."

Defendants subpoenas seek to command Mr. Konop to produce "any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent." Matz Affidavit, Exhibits 1 and 2. Although Defendants failed to identify the scope of the deposition testimony they seek from Mr. Konop, it is presumably coterminus with the document requests they served on this former corporate officer of AdvanceMe. John Konop is a former corporate officer of AdvanceMe who had significant exposure to attorney-client communications during his employment with AdvanceMe. Given the importance of this deposition, AdvanceMe desires to have one of its senior attorneys familiar with the case attend the deposition to protect its interests. As indicated above, however, all of the senior attorneys most familiar with the case have other commitments on that day. Plaintiff's counsel has indicated its availability for any day other than February 8, 2007, but Defendants' counsel has refused to change the date of this deposition.

## ARGUMENT AND CITATION OF AUTHORITY

A.  This Court Should Enter a Protective Order Because the Subpoena Seeks Documents and Testimony on Privileged Matters and Counsel for AdvanceMe Are Unable to Attend Mr. Konop's Deposition on February 8, 2007

This Court is empowered to enter a protective order to prevent the disclosure of confidential information and information that is protected by the attorney-client privilege. *See* F.R.C.P. 26(c)(7)(2006). Here, the subpoenas that were served on Mr. Konop require him to produce "any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent" and, presumably, to provide deposition testimony on these same issues. *See* Declaration of Robert Matz in Support of AdvanceMe's Emergency Motion for a Protective Order ("Matz Decl."), Exhs. 1 and 2. Since Mr. Konop was AdvanceMe's former Chief Development Officer and had considerable access to attorney-client privileged documents and communications during his employment at AdvanceMe, there is a substantial risk that Mr. Konop could produce documents and provide deposition testimony on matters that are protected by the attorney-client privilege. In fact, AdvanceMe understands that counsel for Defendants have already contacted Mr. Konop *ex parte* and asking him to disclose the content of privileged discussions he had with outside counsel for AdvanceMe and AdvanceMe's in-house counsel. *See* Matz Decl., Exh. 3. Clearly, counsel for AdvanceMe must be at this deposition to prevent the disclosure of privileged documents and information.

Due to the unavailability of counsel described above, AdvanceMe respectfully requests that this Court enter a protective order providing that this deposition should go forward on a date, time, and location that is mutually-agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop. *See* Fed.R.Civ.P. 26(c) (1)-(2)(2006) (providing that the court may

enter a protective order providing that the requested discovery "not be had" or at a "designated time and place."). AdvanceMe also requests that this Court require Mr. Konop to produce any responsive documents only to AdvanceMe prior to the deposition so that counsel for AdvanceMe has an adequate amount of time to review these documents and ensure no attorney-client privileged documents are produced. See Fed.R.Civ.P. 26(c)(2)-(3) (providing that the court may order a method of discovery other than that selected by the party seeking discovery and may order the scope of discovery to be limited).

      B.      This Deposition is Oppressive In That it Was Scheduled On the Same Date as a 30(b)(6) Deposition of Defendant Reach Financial, Without Consulting Counsel for AdvanceMe, and Counsel for Defendants Have Refused to Accommodate Reasonable Requests for Rescheduling

Federal Rule of Civil Procedure 26(c) provides "upon motion by a party…the court in the district where the deposition is to be taken may make any order which justice requires to protect a party…from annoyance….oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(2006). The subpoena that was served on counsel for AdvanceMe is oppressive in that it was scheduled (1) to take place on the same date as the 30(b)(6) deposition of defendant Reach Financial, (2) without first consulting counsel for AdvanceMe, and (3) without accommodating reasonable requests for rescheduling.

First, Defendants scheduled this deposition on February 8, 2007, the same date as the 30(b)(6) deposition of defendant Reach Financial. The February 8, 2007 deposition of Reach Financial was confirmed on January 11, 2007 – two weeks before Defendants even noticed the deposition of Mr. Konop. See Matz Affadavit, Exhs. 4 and 5. The Local Rules of the Eastern District of Texas provide that attorneys practicing in the Eastern District of Texas "should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing

counsel." Local Rule AT-3 (H) (Standards of Practice to be Observed by Attorneys). During the meet and confer process over the date for Mr. Konop's deposition, counsel for Defendants insisted that they were unwilling to consider any other date for the deposition of Mr. Konop, but they were perfectly willing to reschedule the 30(b)(6) deposition of Reach Financial "for a later date." This demonstrates that the February 8, 2007 date for Mr. Konop's deposition was selected in an attempt to harass counsel for AdvanceMe by distracting them from the preparation for the deposition of Reach Financial and forcing them to file an emergency motion for a protective order to accomplish a simple scheduling accommodation.

Second, Defendants set the February 8, 2007 date for Mr. Konop's deposition without consulting counsel for AdvanceMe. This Court's Local Rules encourages attorneys practicing in the Eastern District of Texas to be familiar with the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers. The very first standard of pretrial conduct provides that "before noticing or scheduling a deposition....a lawyer should consult and work with opposing counsel to accommodate the needs and reasonable requests of all witnesses and participating lawyers." See American College of Trial Lawyers Standards for Pretrial Conduct, Rule 1(a)(1). Here, counsel for AdvanceMe contacted Mr. Konop on January 26, 2007 and January 29, 2007, and was told both times by Mr. Konop that he could attend this deposition on "any Thursday" in February or March. However, after counsel for Defendants contacted Mr. Konop, Mr. Konop suddenly changed his story, stating that he wanted the deposition to go forward on February 8, 2007. When counsel for AdvanceMe inquired as to why the deposition now needed to go forward on February 8, 2007, Mr. Konop stated that he had an important client meeting on February 7, 2007, where his schedule for the months of February and March would

be discussed. Mr. Konop further stated that he "wanted to be available" for this client whenever they needed him to be available, and that therefore he preferred to have his deposition taken on February 8, 2007. When counsel for AdvanceMe suggested that Mr. Konop wait until after the February 7, 2007 meeting with his client and then inform counsel for Defendants and AdvanceMe of his availability for the months of February and March, Mr. Konop stated that he was unwilling to do so because he wanted to "get this thing over with" and "move on with his life." Counsel for AdvanceMe respectfully submits that Mr. Konop's sudden change of heart following his telephone conversation with counsel for Defendants, coupled with Mr. Konop's inability to articulate any meaningful reason why the deposition has to go forward on February 8, 2007, demonstrates that counsel for Defendants are using the scheduling of Mr. Konop's deposition as a means of harassing counsel for AdvanceMe.

Third, counsel for Defendants have refused counsel for AdvanceMe's reasonable requests for scheduling accommodations. Even after his sudden change of heart, Mr. Konop indicated that he would be discussing his schedule for the month of February and March with his client on February 7, 2007. Accordingly, during the meet and confer process prior to the filing of this emergency motion, counsel for AdvanceMe reasonably suggested to counsel for Defendants that that Mr. Konop's February 8, 2007 deposition be taken off calendar and that the parties meet and confer again after Mr. Konop's client meeting to set a date for this deposition. AdvanceMe also stated that it was willing to stipulate that this deposition could take place after the discovery cut-off if the deposition could not go forward before March 2, 2007. Counsel for Defendants refused this reasonable request as well. In short, AdvanceMe has repeatedly requested that a reasonable scheduling accommodation be made, but counsel for Defendants have refused, citing Mr.

Konop's vague desire to "put this behind him" as the reason why this deposition must be held on February 8, 2007, despite counsel for AdvanceMe's unavailability.

## CONCLUSION

This is the second time the Defendants have forced Plaintiff to bring an emergency motion over a scheduling matter. The first time they unilaterally scheduled this deposition for a Sunday and only backed down after counsel filed a motion for relief. Rather than learning their lesson, Defendants again unilaterally scheduled this deposition and once again refuse to discuss alternative dates. For the reasons stated above, AdvanceMe respectfully requests that this Court enter a protective order providing that (1) the production of documents and deposition testimony of Mr. Konop not go forward on February 8, 2007, as currently scheduled, (2) this deposition go forward at a date, time, and location that is mutually agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop, and (3) any documents Mr. Konop intends to produce in response to this subpoena be provided only to counsel for AdvanceMe, not counsel for Defendants, so that counsel for AdvanceMe can review these documents and remove from production any documents that are protected by the attorney-client privilege.

DATED: February 5, 2007                     Respectfully submitted,

                                            /s/
                                            ──────────────────────────────
                                            Ronald S. Lemieux, Bar No. 120822, Admitted *pro hac vice*
                                            Michael N. Edelman, Bar No. 180948, Admitted *pro hac vice*
                                            Vid R. Bhakar, Bar No. 220210, Admitted *pro hac vice*
                                            Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*
                                            Paul, Hastings, Janofsky & Walker LLP
                                            Five Palo Alto Square, Sixth Floor
                                            Palo Alto, CA 94306-2155

                                            Otis W. Carroll, Jr., Bar No. 03895700, Lead Attorney
                                            Deborah J. Race, Bar No. 16448700
                                            Ireland Carroll & Kelley

6101 S. Broadway, Suite 500
Tyler, TX 75703

Attorneys for Plaintiff ADVANCEME, INC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Fed.R.Civ.P. 5(d) and Local Rule 5(c) on this the 5th day of February, 2007. Any other counsel of record will be served by first class mail on this same date.

/s/
Robert C. Matz

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for plaintiff AdvanceMe, Inc. has in good faith conferred with counsel for Defendants Merchant Money Tree, Inc., First Funds, LLC, Reach Financial, LLC, and AmeriMerchant, LLC and third party John Konop in an effort to resolve the dispute without court action but was unable to reach any agreement. Defendants oppose this motion.

/s/
Robert C. Matz