IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH, <br><br> Defendants. | CASE NO. 6:05-CV-424 (LED – JDL) |
| ADVANCEME, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERIMERCHANT, LLC, <br><br> Defendant. | CASE NO. 6:06-CV-082 (LED – JDL) <br><br> JURY TRIAL DEMANDED |

**AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND**

I, Robert C. Matz, declare as follows:

1. I am an Associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-referenced matter. I have personal knowledge of the following facts except as otherwise noted and, if called upon to do so,

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER RE DEPOSITION OF JOHN KONOP

-1-

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

dockets.Justia.com

could and would testify competently thereto.

2. On Friday, January 12, 2007 at 4:10 p.m., less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant sent an e-mail to counsel for AdvanceMe attaching deposition and document subpoenas for John Konop. These deposition subpoenas commanded Mr. Konop to produce documents and provide deposition testimony on Sunday, January 21, 2007. True and correct copies of these subpoenas are attached hereto as Exhibits 1 and 2.

3. Counsel for Defendants did not contact counsel for AdvanceMe prior to scheduling this deposition on the following Sunday, nor did counsel for Defendants contact counsel for AdvanceMe after the Martin Luther King, Jr. federal holiday to see if the scheduling of these depositions presented any difficulties for counsel for AdvanceMe.

4. On Friday, January 19, 2007, after AdvanceMe filed an emergency motion to quash this deposition subpoena, counsel for Defendants finally relented and took this deposition off calendar.

5. Thereafter, counsel for Defendants again unilaterally set the date for Mr. Konop's deposition for February 8, 2007 without consulting counsel for AdvanceMe.

6. I contacted Mr. Konop on January 26, 2007 and again on January 29, 2007 to discuss the date set for his deposition. During these conversations, Mr. Konop indicated that he was available "on any Thursday" in the months of February and March.

7. After informing Defendants that counsel for AdvanceMe was unable to attend Mr. Konop's deposition on February 8, 2007, and that Mr. Konop had indicated that he was available on "any Thursday" in the month of February or March, counsel for Defendants contacted Mr.

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME,
INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER RE
DEPOSITION OF JOHN KONOP

-2-

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

Konop. Following this conversation with counsel for Defendants, Mr. Konop indicated that he was not – as he previously represented to counsel for AdvanceMe – available on any Thursday in February or March of 2007, and that the deposition "needed" to take place on February 8, 2007. When asked why the deposition needed to go forward on February 8, 2007, Mr. Konop indicated that he had an important client meeting on February 7, 2007, where his schedule for the months of February and March would be discussed. Mr. Konop further stated that he "wanted to be available" for this client whenever they needed him to be available, and that therefore he preferred to have his deposition taken on February 8, 2007.

   8.   When counsel for AdvanceMe suggested that Mr. Konop wait until after the February 7, 2007 meeting with his client and then inform counsel for Defendants and AdvanceMe of his availability, Mr. Konop stated that he was unwilling to do so because he wanted to "get this thing over with" and "move on with his life."

   9.   Attached hereto as Exhibit 3 is a true and correct copy of letter describing Defendants' improper *ex parte* contact with Mr. Konop.

   10.  Attached hereto as Exhibit 4 is a true and correct copy of a January 11, 2007 e-mail sent by Joey Gray, counsel for Defendants, requesting confirmation that the 30(b)(6) deposition of defendant Reach Financial would be going forward on February 8, 2007.

   11.  Attached hereto as Exhibit 5 is a true and correct copy of a January 11, 2007 e-mail I sent to Joey Gray, counsel for Defendants, confirming that the 30(b)(6) deposition of defendant Reach Financial would be going forward on February 8, 2007.

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME,
INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER RE
DEPOSITION OF JOHN KONOP

-3-

CASE NO.6:05-CV-424
CASE NO.6:06-CV-082

12. AdvanceMe is not moving for a protective order or an order quashing or modifying these subpoenas for any improper purpose.

DATED: February 5, 2007

_____
Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*

AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME,
INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER RE
DEPOSITION OF JOHN KONOP

-4-

CASE NO. 6:05-CV-424
CASE NO. 6:06-CV-082

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Fed.R.Civ.P. 5(d) and Local Rule 5(c) on this the 15th day of February, 2007. Any other counsel of record will be served by first class mail on this same date.

/s/
Robert C. Matz

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for plaintiff AdvanceMe, Inc. has conferred with counsel for Defendants Merchant Money Tree, Inc., First Funds, LLC, Reach Financial, LLC, and AmeriMerchant, LLC in a good faith attempt to resolve the matter of this motion without Court intervention but was unable to reach any agreement. Defendants oppose this motion.

/s/
Robert C. Matz

LEGAL_US_W # 55481173.1

ORDER GRANTING PLAINTIFF'S
EMERGENCY MOTION TO QUASH OR MODIFY
THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP,
OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER

1

CASE NO. 6:05-CV-424
CASE NO. 6:06-CV-082