UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC., <br>     Plaintiff, <br> v. <br> AMERIMERCHANT, LLC, <br>     Defendant. | § § § § § § § § § | CIVIL CASE NO. 6:06-CV-082 LED-JDL |

**PLAINTIFF ADVANCEME, INC'S OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**

PLAINTIFF ADVANCEME, INC.'S
OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO AMEND ITS INVALIDITY
CONTENTIONS

Case No. 6:06-CV-082 LED -JDL

Dockets.Justia.com

## TABLE OF CONTENTS

                                                                                                                          **Page**

I.     INTRODUCTION ................................................................................................1

II.    FACTUAL BACKGROUND..............................................................................2

         A.     AmeriMerchant Makes Numerous Amendments to Its Invalidity Contentions..................................................................................................3

         B.     AdvanceMe Objects to the Belated Assertion of Section 102(g) and Hanover Finance in Connection with the RapidPay Defendants' Motion for Summary Judgment ...........................................................................4

         C.     AmeriMerchant Claims an Intent To Rely upon the Bieler Documents .................4

         D.     AmeriMerchant Files This Motion Without Any Showing of Diligence ...............5

III.   ANALYSIS ..........................................................................................................5

         A.     The Relevant Legal Authority ................................................................5

         B.     AmeriMerchant's Failure To Provide Any Explanation for Its Delay in Identifying Bieler Compels the Denial of This Motion..........................................7

         C.     AmeriMerchant Has Not Established the Importance of the Bieler Documents ..................................................................................................9

         D.     The Potential Prejudice to AdvanceMe Weighs Heavily Against AmeriMerchant.........................................................................................11

         E.     A Continuance Would Further Prejudice AdvanceMe ...........................................13

IV.   CONCLUSION ...................................................................................................14


# TABLE OF AUTHORITIES

Page

## CASES

*Alt v. Medtronic,*
   No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) .......................... 9

*Ciena Corp. v. Nortel Networks, Inc.,*
   233 F.R.D. 493 (E.D. Tex. 2006) ................................................................................. 8, 9

*Nike, Inc. v. Adidas America Inc.,*
   479 F. Supp. 2d 664 (E.D. Tex. 2007) ............................................................................ 6

*Softvault Sys., Inc. v. Microsoft Corp.,*
   No. 2:06-CV-16, 2007 WL 1342554 (E.D. Tex. May 4, 2007) ................................... 5-6

*STMicroelectronics, Inc. v. Motorola, Inc.,*
   307 F. Supp. 2d 845 (E.D. Tex. 2004) ..................................................................... 5, 6, 8

*S&W Enterprises, L.L.C. v. Southtrust Bank of Ala., NA,*
   315 F.3d 533 (5th Cir. 2003) ....................................................................................... 6, 7

## STATUTES

35 U.S.C. § 102 ................................................................................................. 1, 2, 3, 4, 11

## I. INTRODUCTION

This Court has already rejected the attempt of Defendants in the *AdvanceMe v. RapidPay et al*, action (Case No. 6:05-CV-0424) from relying on invalidity contentions asserted late in that action. For the same reasons that the *RapidPay* Defendants were not permitted to rely on 35 U.S.C. § 102(g), AmeriMerchant should not be permitted to amend its invalidity contentions to assert information produced by Bieler Marketing Associates ("Bieler") in response to a subpoena served nearly two months *after* AmeriMerchant served its final contentions.

This Court has repeatedly rejected parties' attempts to amend their contentions after the deadline set forth in the Court's scheduling orders absent a detailed explanation for how they acted ***diligently*** to obtain the information proposed for amendment. However, AmeriMerchant's Motion offers no explanation for why it waited months after its final invalidity contentions were served to seek information from Bieler. Indeed, AmeriMerchant has not even identified when it first became aware of Bieler, how it first became aware of Bieler, when it first attempted to contact Bieler, or when it first requested that Bieler produce information. AmeriMerchant's failure to provide ***any*** showing of diligence compels the denial of this motion.

AmeriMerchant contends that Bieler is related to processes allegedly implemented by processor Litle & Co. Since early 2006, AmeriMerchant has been in contact with Tim Litle, and Mr. Litle has been an eager and willing participant in AmeriMerchant's efforts to locate alleged prior art. When Mr. Litle was deposed in September of 2006, he disclosed the existence of the very relationships with infomercial companies that AmeriMerchant claims to have now belatedly "discovered."[1] Yet, AmeriMerchant did absolutely nothing from September of 2006 until now to

---

[1] Although AmeriMerchant does not make this assertion, the *RapidPay* Defendants claim that they "discovered" Bieler's infomercial-related activities by clicking on the Media Funding website. *RapidPay* Docket No. 264. However, this website has been publicly available since at least ***2003*** in substantially the same form as it currently exists. *RapidPay* Docket No. 277 at Exh. 11. AmeriMerchant cannot possibly claim that it acted diligently by waiting until months after serving its final invalidity contentions to click onto a publicly accessible website. Indeed, if
(continued...)

obtain supporting documentation or otherwise follow-up on this testimony. Rather, AmeriMerchant waited until weeks after it served its final invalidity contentions to serve a subpoena on Bieler. AdvanceMe should not bear the burden of AmeriMerchant's extraordinary lack of diligence.

The prejudice to AdvanceMe from AmeriMerchant's attempt to introduce this new evidence would be overwhelming. If the Bieler documents had been produced in a timely fashion, AdvanceMe would have been able to spend months conducting needed discovery on the issues raised by those documents. From the face of the documents alone, there are at least ten depositions that would have been taken relating to the Bieler documents, in addition to the propounding of substantial written discovery. AdvanceMe would have conducted substantial discovery concerning the confidentiality provisions contained in the agreements, and the numerous factual issues relating to the "public use" and "corroboration" requirements under 35 U.S.C. § 102(b). Since, however, AmeriMerchant waited nearly two months after serving its final invalidity contentions to make any effort to "discover" these documents, AdvanceMe has been robbed of the ability to conduct this critical discovery.

In short, AmeriMerchant was not diligent in seeking information from Bieler and therefore has not established good cause for the requested relief. Accordingly, this Motion must be denied.

## II.  FACTUAL BACKGROUND

The relevant factual background was set forth in AdvanceMe's Opposition to Motion for Leave To Supplement Discovery Based on Newly Discovered Evidence filed in *AdvanceMe v. RapidPay et al.*, Action No. 6:05-CV-0424 (LED) pending in this Court. RapidPay Docket No. 276. AdvanceMe incorporates herein by this reference the Factual Background set forth on pages 2-6 of the Opposition as though set forth in full herein, and specifically addresses in this

---

(...continued)
a party was permitted to establish diligence in such a fashion, the deadlines in the Docket Control Order would be rendered meaningless.

Opposition the additional facts that are specifically pertinent to this Motion. Additionally, AdvanceMe will cite to the Declaration of Shanée Y. Williams submitted in support of that Opposition (*RapidPay* Docket No. 277) so as to avoid unnecessary duplication.

### A.     AmeriMerchant Makes Numerous Amendments to Its Invalidity Contentions.

On July 20, 2007, AmeriMerchant served its preliminary invalidity contentions. Declaration of Shanée Y. Williams in Support of AdvanceMe's Opposition to AmeriMerchant's Motion for Leave ("Williams Decl."), Exh. 1. These contentions did not, however, make any mention of Bieler or any agreements involving Bieler.

On August 30, 2006, AmeriMerchant purported to amend its contentions without seeking permission from the Court. *Id.*, Exh. 2. Those contentions also did not make any mention of Bieler or any agreements involving Bieler. When AmeriMerchant requested that AdvanceMe retroactively stipulate to service of these amended contentions, AdvanceMe responded that it would consider doing so if AmeriMerchant agreed not to make any further amendments in the future. AmeriMerchant refused AdvanceMe's proposal, and instead sought leave of Court to amend their invalidity contentions. Docket No. 42.

Over AdvanceMe's vigorous objections, AmeriMerchant's motion was granted on October 4, 2006. Docket No. 61. AmeriMerchant never amended its contentions pursuant to that order. Rather, on November 2, 2006 AmeriMerchant again sought leave to amend its contentions. Docket No. 74. Once again, although leave was granted on December 5, 2006 (Docket No. 96), AmeriMerchant made no attempt to amend its contentions until February 12, 2007. Williams Decl., Exh. 3. Though these final invalidity contentions attempted to add 35 U.S.C. §§ 102(a) and 102(g) as invalidity defenses, the contentions still did not make any mention of Bieler or any agreements involving Bieler.

**B.    AdvanceMe Objects to the Belated Assertion of Section 102(g) and Hanover Finance in Connection with the RapidPay Defendants' Motion for Summary Judgment.**

On March 12 and April 12, 2007, the *RapidPay* Defendants filed motions for partial summary judgment of invalidity based on the Litle & Co. and Clever Ideas prior art, respectively. *See RapidPay* Docket Nos. 215, 232. As part of the briefing on those motions, AdvanceMe objected, among other things, to Defendants' attempt to assert a new defense under Section 102(g) and to assert new prior art, the "Hanover Finance Program" due to the prejudice to AdvanceMe. The Court sustained AdvanceMe's objections to the Section 102(g) defense. *RapidPay* Docket No. 266. However, because the Defendants had previously identified the two-page Hanover Finance security agreement in their invalidity contentions, the Court overruled AdvanceMe's objection to the Hanover Finance Program. *Id.*

**C.    AmeriMerchant Claims an Intent To Rely upon the Bieler Documents.**

On April 30, 2007, AmeriMerchant purported to "add" Bieler to their identification of witnesses with knowledge in this action. Declaration of R. Floyd Walker ("Walker Decl."), Exh. C. AmeriMerchant claimed that the Bieler documents "independently establish an example of another third party merchant financing arrangement that utilized the Litle & Co. systems and methods outlined in Defendants' invalidity contentions (with reference to LI_00001-67) and described by third party witnesses who have provided testimony in this case." *Id.* Additionally, AmeriMerchant purported to inform AdvanceMe of its intent to assert the Bieler documents in support of its claims under 35 U.S.C. §§ 102(a), 102(b), and 102(g). *Id.*

On May 4, 2007, AdvanceMe responded that AmeriMerchant's alleged "newly discovered" evidence was untimely, and explained the substantial prejudice AdvanceMe would suffer if AmeriMerchant were permitted to rely on documents produced long after service of its final invalidity contentions. Walker Decl., Exh. D. AdvanceMe further explained that it is impossible for the Bieler documents to be encompassed by AmeriMerchant's final invalidity contentions, as such contentions do not even mention Bieler Marketing or Media Funding

Corporation nor provide any information required by the local rules concerning this alleged prior art. *Id.* Given the numerous prior amendments to AmeriMerchant's invalidity contentions, AdvanceMe informed AmeriMerchant of its belief that any further amendment would not be permitted by this Court. *Id.*

### D. AmeriMerchant Files This Motion Without Any Showing of Diligence.

On May 25, 2007, AmeriMerchant filed the instant motion without any attempt to provide an explanation for its failure to diligently pursue discovery from Bieler before the deadline to submit final invalidity contentions. Indeed, AmeriMerchant's Motion is not accompanied by any evidence that would support a showing of diligence. Rather, AmeriMerchant merely attached the authenticating declaration of its counsel. However, AmeriMerchant's counsel failed to identify the date AmeriMerchant or its counsel first learned of Bieler, the steps AmeriMerchant took before the deadline to amend its contentions to obtain information from Bieler, or the reason why a subpoena was not issued until several months after that deadline passed. Nor did AmeriMerchant purport to recognize the voluminous discovery that would necessarily have followed from a timely identification of Bieler.

## III. ANALYSIS

### A. The Relevant Legal Authority.

AmeriMerchant seeks to revise its invalidity contentions months after the deadline for service of those contentions has passed. In order to obtain such relief, this Court has repeatedly indicated that a detailed showing of diligence must be made, and that this showing must go well beyond vague assertions of a continuing investigation. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 851 (E.D. Tex. 2004) (Davis, J.) (denying motion for leave to amend infringement contentions where movant failed to provide any details concerning the alleged "investigation" that resulted in the proposed amendment); *Softvault Sys., Inc. v. Microsoft Corp.*, No. 2:06-CV-16, 2007 WL 1342554, *1 (E.D. Tex. May 4, 2007) (Davis, J.) (denying motion for leave to amend infringement contentions to assert earlier priority date based on previous

application because plaintiff could not establish diligence in light of its failure to "fully analyze" the information); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667, 669-670 (E.D. Tex. 2007) (the rules governing infringement contentions "are 'designed specifically to "require parties to crystallize their theories of the case early in the litigation"'" and allowing parties to adopt a 'rolling' approach to such contentions "in the hope of hiding their true intentions until late in a case . . . would thwart the purpose of the local patent rules.").

Courts consistently recognize their power to exclude evidence as a means of enforcing a pre-trial scheduling order. *S&W Enterprises LLC*, 315 F.3d at 535 ("We owe the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order' . . . which, toward the end of court efficiency, is to expedite pretrial procedure.") (internal citations omitted); *STMicroelectronics, Inc.*, 307 F. Supp. 2d at 848 ("It is beyond question that district courts have broad power to control their dockets and enforce their orders."). The cases relied upon by AmeriMerchant also refused to allow the movant to amend its complaint because the movant had not diligently sought such amendment. *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003); *STMicroelectronics, Inc.*, 307 F.Supp.2d at 848. There is no reason to depart from this well-settled law here.

In order to obtain the type of relief sought by AmeriMerchant, there must be an adequate showing of good cause. *STMicroelectronics, Inc.*, 307 F. Supp. 2d at 850. To establish good cause, AmeriMerchant *must* demonstrate that the relevant deadlines in the Docket Control Order could not have been met despite the diligence of the party needing the extension. *S&W Enters., LLC*, 315 F.3d at 535. If this threshold standard is not met, AmeriMerchant cannot establish good cause as a matter of law and the inquiry ends. *STMicroelectronics, Inc.*, 307 F. Supp. 2d at 851 (denying motion to amend due to failure to carry burden of showing diligence, before even reaching issue of prejudice). Further, in considering whether good cause has been shown, the Court may also consider (1) the explanation for the failure to meet the deadline; (2) the

importance of the thing that would be excluded; (3) potential prejudice in admitting the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id.* at 850.

### B. AmeriMerchant's Failure To Provide Any Explanation for Its Delay in Identifying Bieler Compels the Denial of This Motion.

In order to establish good cause, AmeriMerchant must establish that it acted diligently to gather the relevant evidence before the deadlines in the Docket Control Order, and that it could not meet those deadlines despite its diligent efforts. *S&W Enters., LLC*, 315 F.3d at 535. AmeriMerchant has not attempted to make the required showing. In particular, AmeriMerchant fails to provide *any* explanation for its failure to obtain the Bieler documents prior to submission of its final invalidity contentions.

Rather than addressing its own diligence before the discovery cutoff date, AmeriMerchant's motion only addresses its alleged diligence after it received the documents from Bieler on April 27, 2007. AmeriMerchant's Motion at p. 4. Whether, however, AmeriMerchant acted diligently since April 27, 2007 is totally beside the point. To establish good cause, AmeriMerchant must demonstrate that it acted diligently during the year-long discovery period *before* its final invalidity contentions were due, and that despite the exercise of this diligence it simply was not possible for AmeriMerchant to have located and produced the Bieler documents and amend its invalidity contentions before the relevant deadline in the Docket Control Order. Since AmeriMerchant has not even attempted to make this showing, its motion must fail.

The only evidence submitted by AmeriMerchant in support of its motion is an authenticating declaration from AmeriMerchant's counsel. This declaration does not make any attempt to provide an explanation for AmeriMerchant's delay. In fact, not only did AmeriMerchant fail to make the required showing of diligence, the vague statements contained in its motion affirmatively indicate that it did not act diligently. For example, AmeriMerchant claims that the Bieler documents are related to the processing relationships of Litle & Co. AmeriMerchant Motion at p. 4. However, AmeriMerchant has been in regular contact with Mr.

Litle since the spring of 2006, and Mr. Litle has clearly expressed an interest in providing whatever information it needs to help its case. Given the alleged relationship between Litle & Co. and the Bieler documents, there is no possible excuse for AmeriMerchant's failure to investigate the Bieler documents a year ago.

Indeed, during his deposition in September of 2006, Mr. Litle expressly testified of relationships between Litle & Co. and infomercial companies, which clearly should have placed AmeriMerchant on notice that this was an issue they could investigate. *RapidPay* Docket No. 277, Exh. 6. Yet, AmeriMerchant did not even attempt to explain why it waited ***seven months*** after this deposition to investigate the matter further or serve Bieler with a subpoena. To establish good cause, AmeriMerchant was required to provide a detailed explanation for this lengthy delay, yet it offers none.

The vague statements contained in AmeriMerchant's motion simply do not pass legal muster. Indeed, AmeriMerchant's statements are even more deficient than those rejected by this Court in *STMicroelectronics*. In that case, the plaintiff moved to supplement its infringement contentions five days before the claim construction hearing by asserting that "ST Inc. promptly supplemented its contentions after its continuing investigation revealed additional infringing products and infringed claims." *STMicroelectronics*, 307 F.Supp.2d at 850. The court found this conclusory statement woefully insufficient because the plaintiff failed to explain, among other things, "what new information its 'investigation' revealed that would warrant the [new] claims," "what diligence it used prior to the disclosure date," and "why its diligence was not sufficient." *Id.* The facts are no different here.

The cases cited by AmeriMerchant are inapposite. For example, AmeriMerchant's reliance on *Ciena Corp. v. Nortel Networks, Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006) (Davis, J.) is misplaced because in that case the movant demonstrated good cause to assert an inequitable conduct claim. In particular, the movant established that the delay was due to circumstances out of its control, that the movant was diligent in investigating its claims, and that the non-movant

was on notice of the anticipated amendment well in advance of the movant obtaining the evidence needed to make the amendment. *See Ciena Corp.*, 233 F.R.D. at 495-96.

Similarly misplaced is AmeriMerchant's reliance on *Alt v. Medtronic*, No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006). In *Alt*, the Court found that the movant was diligent in seeking to amend its invalidity contentions in light of the plaintiff's moving target as to its infringement claims. *See Alt*, 2006 U.S. Dist. LEXIS at * 11. Thus, the delay in identifying relevant prior art was not due to any lack of diligence on the part of the movant, rather, but rather was solely driven by the plaintiff's failure to focus its infringement contentions. Neither the *Ciena Corp.* nor *Alt* cases apply here.

In short, AmeriMerchant failed to demonstrate that it could not have met the deadlines in the Docket Control Order through the exercise of reasonable diligence, and in fact the evidence overwhelmingly demonstrates that AmeriMerchant did not act diligently in investigating its defenses. Accordingly, the motion must be denied.

### C. AmeriMerchant Has Not Established the Importance of the Bieler Documents.

Even assuming that AmeriMerchant had shown that it could not have met the deadlines in the Docket Control Order despite the exercise of reasonable diligence, the other relevant factors would still weigh overwhelmingly against the grant of this motion. For example, AmeriMerchant contends that the "importance" of the documents weighs in favor of the motion. However, as AmeriMerchant clearly concedes, these documents are merely cumulative of other alleged prior art relating to Litle & Co. that is already included in AmeriMerchant's invalidity contentions. *See* AmeriMerchant's Motion at p. 1 ("this evidence merely identifies another third party merchant creditor associated with the Litle & Co. prior art . . ."). AmeriMerchant failed to demonstrate there is any "importance" in having these additional agreements and contracts relating to infomercial companies — none of which have been the subject of any discovery — considered as well.

PLAINTIFF ADVANCEME, INC.'S
OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO AMEND ITS INVALIDITY
CONTENTIONS

9

Case No. 6:06-CV-082 LED -JDL

AmeriMerchant contends that the documents are important because they show that Litle & Co's practice of the claimed invention was "widespread." AmeriMerchant's Motion at p. 5. But this contention puts the cart before the horse, since it is based on documentation which has not been the subject of any of the extensive discovery the parties have conducted regarding Litle & Co. There is no evidence that the systems allegedly reflected by the agreements (most of which consist of draft agreements containing extensive mark-ups) were implemented before the priority date of the '281 Patent, and no evidence that those systems were publicly available as required for a public use defense. Nor is there any evidence to corroborate any alleged public use. Indeed, the confidentiality provisions in the agreements themselves strongly indicate that the systems allegedly reflected by these documents were *not* available to the public. *RapidPay* Docket No. 277, Exh. 9. Further, on their face, the agreements appear to indicate that numerous elements of the patent claims are completely absent, including the authorization, settling, and forwarding steps in both the method and means-plus-function claims. Ultimately, the only way the parties could investigate the "importance" of the documents is through extensive discovery.

Without citing any legal authority, AmeriMerchant vaguely claims that the public interest favors allowing it to amend its final invalidity contentions months after the deadline to do so. AmeriMerchant's Motion at p. 5. However, AmeriMerchant entirely ignores the more compelling public interest in requiring parties to adhere to the deadlines ordered by the Court, and to diligently pursue an investigation of its case during a year-long discovery period. It is clearly not in the public interest to enable parties to manipulate the Court's Docket Control Order by waiting until after the deadline to assert final invalidity contentions to access a public website, and then using the information "discovered" by reading the website as the basis to introduce brand-new prior art.

### D. The Potential Prejudice to AdvanceMe Weighs Heavily Against AmeriMerchant.

The prejudice to AdvanceMe if AmeriMerchant is permitted to use the Bieler documents at trial would be immense. Over the past year, the parties have conducted a significant volume of discovery specifically targeted to AmeriMerchant's invalidity contentions. With respect to the Litle & Co. prior art alone, the parties conducted five depositions around the country of witnesses AmeriMerchant identified as having knowledge regarding the alleged prior art. It is far too late for AmeriMerchant to amend its invalidity contentions to introduce new alleged prior art documents into this case.

Indeed, this Court has already rejected the *RapidPay* Defendants' attempt to inject a new defense into their invalidity contentions by sustaining AdvanceMe's objection to their assertion of a defense under 35 U.S.C. § 102(g) just weeks prior to the close of discovery in the *RapidPay* action. *RapidPay* Docket No. 266. AdvanceMe vigorously objected on the ground that it was not properly put on notice of Defendants' intent to assert Section 102(g), and had AdvanceMe been on notice it would have conducted substantial discovery relating to the particular requirements of that Section. The Court's sustaining of this objection should have sent a clear message to AmeriMerchant that its never ending efforts to change its invalidity positions must come to an end. Yet, within days of this ruling, AdvanceMe received AmeriMerchant's motion seeking to amend its invalidity contentions to introduce new alleged prior art documents that were not even requested until months after the deadline to submit final invalidity contentions.

The instant motion raises the same kind of prejudice that the Court found with respect to the *RapidPay* Defendants' assertion of Section 102(g). AdvanceMe simply was not put on notice of this information in a timely fashion. Consequently, a belated introduction of the Bieler documents would require AdvanceMe to conduct much of its discovery efforts all over again, at great cost and expense. Given the extensive documentation produced by Bieler and the numerous factual issues under Section 102(b) that would need to be explored, there is a vast amount of

discovery that AdvanceMe would need to take concerning these documents. For example, in addition to deposing Peter Bieler, the documents reveal the existence of at least *nine* different witnesses that would need to be deposed in order to adequately explore the nature of this alleged prior art, including the parties to the draft agreements (*e.g.,* Jonathan Noel), the attorneys that drafted or negotiated the agreements (*e.g.,* Michael Wolf, Matthew Fladell, Helen Athan and Jonathan Rich), the infomercial companies that allegedly were the beneficiaries of the arrangements (*e.g.,* Love it Golf Company, Bermuda Triangle Golf and Golf Solutions, Inc.), and the unknown author of handwritten notes regarding one of the alleged Bieler arrangements. *RapidPay* Docket No. 277, Exh. 10.

AdvanceMe would also be required to reopen several depositions that were completed long ago. For example, when AdvanceMe took the deposition of Tim Litle and Laurent Bouchard of Litle & Co. before the cutoff date, AdvanceMe's deposition questioning was only focused on the Postage Finance Program that was contained in AmeriMerchant's invalidity contentions. AdvanceMe had never heard of Bieler or Media Funding Corporation, and had never received any documentation relating to Litle's alleged relationship with these entities. If AmeriMerchant is allowed to rely on the Bieler documents, AdvanceMe would need to retake the depositions of these Litle-related witnesses, as well as the depositions of other witnesses relating to AmeriMerchant's prior art allegations.

AmeriMerchant apparently contends that the Bieler documents create another basis for a "public use" defense. However, almost all of the agreements produced by Bieler are draft agreements containing strict confidentiality clauses. Further, certain of the agreements post-date the priority date of the '281 Patent, and other agreements are close to that date thereby raising the likelihood that any "use" of the alleged systems did not occur until after the priority date. Numerous depositions would need to be taken, therefore, to explore whether there was any "public use" before the priority date. Indeed, the issues that would need to be explored during additional depositions would be practically endless, including whether the various agreements

were ever finalized, the dates by which agreements were put into operation, the actual operation of the systems allegedly reflected by the draft agreements, the manner in which payments were authorized, settled, and forwarded under the agreements, the meaning and extent of the confidentiality clauses in the agreements, and the alleged use by the contracting parties of the structure required by the means-plus-function claims in the '281 Patent.

These are heavily fact-dependent issues that would require a substantial number of depositions and written discovery. AmeriMerchant cannot seriously deny this. Indeed, when AmeriMerchant asserted the Clever Ideas Prior Art and the Litle Postage Finance Program in its invalidity contentions, it took over eight months for the parties to conduct relevant depositions and other discovery relating to this alleged prior art, even though the documentation relating thereto was not as voluminous as the Bieler documentation. It would clearly take at least as long for the parties to explore — through depositions, written discovery, and expert reports and depositions — all the issues relating to the Bieler documentation.

AmeriMerchant's prior conduct in this case also greatly enhances the prejudice here. It would be one thing if this was AmeriMerchant's first attempt to change its invalidity theories, or to shift its prior art arguments. However, as the Court is aware, AmeriMerchant has repeatedly shifted its invalidity theories during the last year, causing an enormous waste of time and resources. AmeriMerchant has already made multiple amendments to its invalidity contentions, and even shifted its contentions after depositions of relevant witnesses had been taken. Having suffered through AmeriMerchant's repeated attempts to change its invalidity theories, AdvanceMe should not have to suffer further because AmeriMerchant failed to investigate its case diligently prior to the deadline to submit final invalidity contentions. At some point, enough must be enough.

### E.   A Continuance Would Further Prejudice AdvanceMe.

AmeriMerchant contends that no continuance is necessary, all the while understating the impact on AdvanceMe's case should AmeriMerchant be permitted to rely on the Bieler

documents. As described above, such an amendment would require months of additional discovery, and discovery is scheduled to close in this matter on July 17, 2007. AdvanceMe would need to take at least ten *new* depositions concerning the Litle & Co. alleged prior art. Further, AdvanceMe would need to open up its own investigation into Bieler and Media Funding Corporation, and investigate whether there were other witnesses that could testify as to these entities that AmeriMerchant has not disclosed. It would take many months for all this discovery and investigation to be conducted.

AmeriMerchant should not be permitted to simply click on a public website and "discover" new evidence, and use this as a basis to try and bootstrap its own lack of diligence into a complete restructuring of this case. It was AmeriMerchant's responsibility to conduct a full and complete investigation of its case *before* the relevant dates set forth in the Docket Control Order. AmeriMerchant's failure to do so cannot be laid at the feet of AdvanceMe.

## IV.  CONCLUSION

For the foregoing reasons, AdvanceMe respectfully requests that AmeriMerchant's motion be denied.

Date: June 11, 2007

Respectfully submitted,

By:  /s/ Shanée Y. Williams
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Ronald S. Lemieux  (ronlemieux@paulhastings.com)
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Michael N. Edelman (michaeledelman@paulhastings.com)
(CA Bar No. 180948) (Admitted Pro Hac vice)
Vidya R. Bhakar (vidbhakar@paulhastings.com)
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz (robertmatz@paulhastings.com)
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Shanée Y. Williams (shaneewilliams@paulhastings.com)
(CA Bar No. 221310) (Admitting Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  650.320.1800
Facsimile:  650.320.1900

**IRELAND CARROLL & KELLEY**
Otis W. Carroll, Jr. (fedserve@icklaw.com)
LEAD ATTORNEY
State Bar No. 03895700
Deborah J. Race (drace@icklaw.com)
State Bar No. 16448700
6101 S. Broadway, Suite 500
Tyler, TX 75730
Telephone: 903.561.1600
Facsimile: 903.581.1071

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 11th day of June, 2007.

By: /s/ *Shanée Y. Williams*

LEGAL_US_W # 56388605.1