**EXHIBIT 3**

to the Declaration of Shanée Y. Williams in Support of Plaintiff
AdvanceMe, Inc's Opposition to Defendant's Motion for Leave to
Amend its Invalidity Contentions

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., | |
| Plaintiff, | |
| v. | CASE NO. 6:06-CV-082 LED |
| AMERIMERCHANT LLC, | |
| Defendant. | |

## AMERIMERCHANT'S SECOND AMENDED P.R. 3-3
## INVALIDITY CONTENTIONS

Pursuant to Patent Rules ("P.R.") 3-3 and 3-6(a) of the Rules of Practice for Patent Cases before the Eastern District of Texas, Defendant AmeriMerchant LLC ("AmeriMerchant") submits the following amended invalidity contentions.

These contentions pertain to Claims 1-19 of U.S. Patent No. 6,941,281 (the '281 Patent). Defendant submits, however, that AdvanceMe, Inc. ("AdvanceMe") has not fully complied with its obligation to submit specific Infringement Contentions relating to those elements that Plaintiff believes are not literally present in the Accused Instrumentalities, and are alleged to be present under the doctrine of equivalents. AdvanceMe's Amended Infringement Contentions at 3; *see* P.R. 3-1. Nor has AdvanceMe submitted specific Infringement Contentions with respect to separate theories of direct infringement, contributory infringement, or inducement of infringement. Further, Defendant submits that AdvanceMe has not fully complied with its obligation to submit specific Infringement Contentions relating to Claims 8 and 17, in that AdvanceMe's Contentions do not identify any ability of the Accused Instrumentalities to

"accumulate payments until a predetermined amount is reached."    AdvanceMe's Amended

Infringement Contentions at 14, 17; *see* P.R. 3-1.

    Defendant has based these Amended Invalidity Contentions on the Court's claim

construction.    Because AdvanceMe has not yet provided Defendant with reasonably specific

Infringement Contentions, and discovery and fact investigations are ongoing, Defendant reserves

the right to supplement these Amended Invalidity Contentions.

**1.    PRIOR ART**

    Attached as Exhibits 1-6 are claim charts respectively indicating how prior art items 1-6

anticipate every limitation of at least certain of Claims 1-19 of the '281 Patent based on this

Court's claim construction.    To the extent any limitation is deemed not to be exactly met by an

item of prior art, Defendant submits that any differences would have been obvious to one skilled

in the art at the time of the alleged invention in view of the state of the art and knowledge of

those skilled in the art.    Prior art items 1-6 individually and collectively anticipate or render

obvious all claims of the '281 Patent.

| | Publication Title | Item publicly used or known |
|---|---|---|
| 1. | Clever Ideas—LeCard documents[1]<br><br>(1992-1996) | Clever Ideas—LeCard, Inc. ("Clever Ideas") offered a cash or advertising advance that was repaid by a merchant utilizing a system and method of automated payment.  Clever Ideas advanced a sum of money or an amount of advertising to restaurants in exchange for the restaurant providing food and beverage credit for Diners Club/LeCard cardholders.  The restaurant's contractual obligation to repay the credit amount would be automatically repaid as customers paid for food and beverages with a Diners Club/LeCard card.  Diners Club acquired, authorized and settled Diners Club/LeCard cards, then forwarded a portion of the payment to Clever Ideas as payment of the restaurant's outstanding obligation.  Clever Ideas received and applied that portion to the restaurant's cash advance or advertising obligation.  The alleged invention was thus known or used by others in this country before the alleged invention thereof by Barbara Johnson.  The claimed methods and systems were additionally publicly used, and described in a printed publication, more one year prior to the date of the application for a patent in the United States.  *See* 35 U.S.C. § 102(a), (b), (f), and (g).  A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 1.[2] |

---

[1] These documents include Clever Ideas-LeCARD Cash and/or Advertising Advance Agreements; Restaurant Statements; Letters from Clever Ideas to Participating Restaurants; and other related correspondence.

[2] This prior art reference anticipates Claims 1, 5-7, 9-10, 14-16, and 18-19.  It renders obvious Claims 2-4, 8, 11-13, and 17.  *See* Exhibit 1.

| 2. | SEC Form 10-K for Transmedia Network, Inc.<br><br>(December 29, 1995) | Transmedia Network Inc. ("Transmedia") offered a product known as the Transmedia card which allowed merchants to use a system and method of automated payment wherein Transmedia advanced a sum of money to a restaurant or other merchant, via a purchase at a discount of "Rights-to-Receive" (*i.e.*, the right to receive goods and services). After the merchant accepted the Transmedia card as payment and electronically forwarded information related to the payment to Transmedia, Transmedia acquired, authorized and settled the transaction. Transmedia then electronically forwarded a portion of the payment to a computerized payment receiver as payment of at least a portion of the restaurant's cash advance obligation to Transmedia. The computerized payment receiver received and applied that amount to reduce the merchant's outstanding cash advance obligation to Transmedia. The alleged invention was thus known or used by others in this country before the alleged invention thereof by Barbara Johnson. The claimed methods and systems were additionally publicly used, and described in a printed publication, more than one year prior to the date of the application for a patent in the United States. *See* 35 U.S.C. § 102(a), (b), (f), and (g). A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 2.[3] |
| --- | --- | --- |
| 3. | First USA Merchant Services, Inc. Merchant Credit Card Agreement<br><br>(July 1, 1993) | First USA Merchant Services, Inc. ("First USA") provided credit card processing services to merchants that incorporated a system and method of automated payment as claimed in the '281 patent. A merchant in the First USA system and method accepted cards as payment and electronically forwarded information related to the payment to First USA. First USA, the merchant processor, would then acquire, authorize and settle the transaction. First USA electronically forwarded some portion of the payment to computerized payment receivers and/or third parties as payment of at least a portion of an obligation made by the merchant. The alleged invention was thus known or used by others in this country before the alleged invention thereof by Barbara Johnson. The claimed methods and systems were additionally publicly used, and described in a printed publication, more than one year prior to the date of the application for a patent in the United States. *See* 35 U.S.C. § 102(a), (b), (f), and (g). A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 3.[4] |

---

[3] Transmedia anticipates Claims 1, 5-7, 9-10, 14-16, and 18-19. Transmedia renders obvious Claims 2-4, 8, 11-13, and 17. *See* Exhibit 2.
[4] First USA anticipates Claims 1-7, 9-16, and 18-19. First USA renders obvious Claims 8 and 17. *See* Exhibit 3.

| 4. | Bank of America Merchant Services Card Processing Service Agreement Terms and Conditions (November 1994 (Reprinted August 1995)) | Bank of America NT&SA provided card processing services to merchants which incorporated a system and method of automated payment as claimed in the '281 patent. A merchant accepted cards as payment and electronically forwarded information related to the payment to Bank of America. Bank of America, the merchant processor, acquired, authorized, and settled the transaction. Bank of America would electronically forward some portion of the payment to a computerized payment receiver and/or a third party as payment of at least a portion of an obligation made by the merchant. The alleged invention was thus known or used by others in this country before the alleged invention thereof by Barbara Johnson. The claimed methods and systems were additionally publicly used, and described in a printed publication, more than one year prior to the date of the application for a patent in the United States. *See* 35 U.S.C. § 102(a), (b), (f), and (g). A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 4.[5] |
| --- | --- | --- |
| 5. | Credit Card Processing Agreement; Reserve Account Agreement (among Reno Air, Inc., Electronic Data Systems Corporation and First USA Merchant Services, Inc.) (June 1995) | Electronic Data Systems Corporation ("EDS") and First USA Merchant Services, Inc. ("First USA") provided card processing services to merchants that incorporated a system and method of automated payment as claimed in the '281 patent. A merchant accepted cards as payment and electronically forwarded information related to the payment to EDS. EDS, one of the merchant processing entities, acquired, authorized, and settled the transactions and forwarded a portion of the payment to a computerized payment receiver and/or third party as payment of at least a portion of the merchant's obligation. The alleged invention was thus known or used by others in this country before the alleged invention thereof by Barbara Johnson. The claimed methods and systems were additionally publicly used, and described in a printed publication, more than one year prior to the date of the application for a patent in the United States. *See* 35 U.S.C. § 102(a), (b), (f), and (g). A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 5.[6] |

---

[5] Bank of America anticipates Claims 1-7, 9-16, and 18-19. Bank of America renders obvious Claims 8 and 17. *See* Exhibit 4.

[6] EDS/First USA anticipates Claims 1-7, 9-16, and 18-19. EDS/First USA renders obvious Claims 8 and 17. *See* Exhibit 5.

| 6. | Litle & Co. documents[7]<br><br>(1990-1992) | First National Bank of Louisville ("FNBL"), National Processing Company ("NPC"), and Litle & Co. ("Litle") (collectively the "Litle Processing Entity") played a role in a system and method of automated payment used by merchants wherein an entity would, among other things, advance a sum of money or provide a line of credit to a merchant or on behalf of a merchant. A merchant would accept cards as payment and electronically forward information related to the payment to the Litle Processing Entity. The Litle Processing Entity, the merchant processor, would acquire, authorize and settle the transaction and would electronically forward some portion of the payment to a computerized payment receiver and/or third party as payment of at least a portion of the merchant's obligation. The alleged invention was thus known or used by others in this country before the alleged invention thereof by Barbara Johnson. The claimed methods and systems were additionally publicly used, and described in a printed publication, more than one year prior to the date of the application for a patent in the United States. *See* 35 U.S.C. § 102(a), (b), (f), and (g). A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 6.[8] |
|---|---|---|

Defendant's investigation of these products and services is ongoing, and Defendant

reserves the right to supplement these contentions to include additional details regarding these

products and services as discovery in this case continues.

---

[7] These documents include, *inter alia*, the Litle & Co. Member Agreement; Demand Promissory Note for Postage Advances (between Museum Publications of America and Litle & Co.); "People Thought I was Nuts" Forbes Article (6/8/92); Promissory Note Repayment Schedule; and related correspondence.
[8] Litle & Co. anticipates Claims 1-19. *See* Exhibit 6.

2.    INVENTORSHIP – 35 U.S.C. § 102(f)

The '281 patent is invalid because the alleged inventor did not herself invent the subject

matter sought to be patented.  As evidenced during the deposition of the alleged inventor,

Barbara Johnson, she lacks knowledge or familiarity with card processing and many, if not all,

features of the '281 patent.

| Name of person from whom the invention or any part was derived | Circumstances |
|---|---|
| Gary Johnson | Gary Johnson is the husband of the inventor.  On information and belief, he was knowledgeable of the card processing industry at the time of the alleged inventor's invention.  Barbara Johnson testified that she did not directly correspond with the prosecuting attorneys, but instead indirectly corresponded with the prosecuting attorneys through Gary Johnson.  On knowledge and belief, the invention or some part of the invention was derived from Gary Johnson. |
| Les Falk, Glen Goldman, Tom Burnside and/or other employees of Media Works Funding Corporation, Countrywide Business Alliance, Inc. and/or AdvanceMe, Inc. | On information and belief, Les Falk is the former CEO of the assignee of the '281 patent.  Glen Goldman is the current CEO of AdvanceMe, and Tom Burnside is the current President and Chief Operating Officer of AdvanceMe.  On information and belief, the invention or some part of the invention was derived from Les Falk, Glen Goldman, Tom Burnside, and/or other employees of the assignee (which underwent multiple name changes). |
| Paula Campbell, Robert Tosti, John Forcier and/or other attorneys of the law firm Testa, Hurwitz & Thiebeault LLP involved in the prosecution of U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544. | Attorneys from Testa, Hurwitz & Thiebeault LLP were involved in the prosecution of U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544.  On information and belief, the invention or some part of the invention was derived from Paula Campbell, Robert Tosti, John Forcier and/or other attorneys of the law firm Testa, Hurwitz & Thiebeault LLP. |
| David Klein and/or other attorneys of the law firm Shearman & Sterling LLP involved in the prosecution of the U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544. | Attorneys from Shearman & Sterling LLP were involved in the prosecution of U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544.  On information and belief, the invention or some part of the invention was derived from David Klein and/or other attorneys of the law firm Shearman & Sterling LLP. |

| Name of person from whom the invention or any part was derived | Circumstances |
|---|---|
| Tim Litle, Randall Bourne, Larry Bouchard, and/or Lee Suckow. | Each of these individuals was instrumental in the development and operation of the Clever Ideas and Litle & Co. prior art systems and methods described above, which were known and used years before the alleged invention by Barbara Johnson. |

Defendant's investigation of these individuals and the circumstances surrounding their contribution(s) to the alleged invention is ongoing, and Defendant reserves the right to supplement these contentions to include additional details regarding these individuals and circumstances as discovery in this case continues.

3.    P.R. 3-4 DOCUMENT PRODUCTION

Defendant has produced relevant, non-privileged documents required under P.R. 3-4. Defendant's search for documents is ongoing, and Defendant reserves the right to supplement its document production as additional, relevant, non-privileged documents in its possession, custody or control are identified.

Dated: February 12, 2007                          Respectfully submitted,


                                        By: /s/ Joseph D. Gray_____
                                                Willem G. Schuurman
                                                Texas State Bar No. 17855200
                                                Brian K. Buss
                                                Texas State Bar No. 00798089
                                                Joseph D. Gray
                                                Texas State Bar No. 24045970
                                                R. Floyd Walker
                                                Texas State Bar No. 24044751
                                                VINSON & ELKINS L.L.P.
                                                2801 Via Fortuna, Suite 100
                                                Austin, Texas 78746
                                                Phone:  (512) 542-8400 –
                                                Fax:  (512) 236-3476


                                                        - and -


                                                Hilary L. Preston
                                                VINSON & ELKINS L.L.P.
                                                666 Fifth Avenue – 26th Floor
                                                New York, New York 10103
                                                Phone: (212) 237-0000
                                                Fax: (212) 237-0100


                                                        - and -


                                                Douglas McSwane
                                                Texas State Bar No. 13861300
                                                POTTER MINTON, P.C.
                                                110 North College
                                                500 Plaza Tower
                                                Tyler, Texas 75702
                                                Phone:  (903) 597-8311
                                                Fax:  (903) 593-0846


                                                *ATTORNEYS FOR DEFENDANT*
                                                *AMERIMERCHANT LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon all counsel of record on this the 12th day of February, 2007 as indicated:

***Via Electronic Mail and U.S. Mail***
Ronald S. Lemieux
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Otis Carroll
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703

By: /s/ Joseph D. Gray_____