IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | |
| § | **CASE NO: 6:06-CV-082 (LED)-(JDL)** |
| **AMERIMERHCANT, LLC,** § | |
| § | |
| *Defendant.* § | |

**AMERIMERCHANT'S REPLY IN SUPPORT OF ITS MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

This motion, though unnecessary, seeks only to resolve Plaintiff's promised objection to AmeriMerchant's introduction of any evidence (documents or testimony) related to yet another third party repaid through the Litle & Co. prior art system and method. AmeriMerchant's existing invalidity contentions describe the operation of the Litle & Co. system and method, and they already identify multiple third parties repaid through that system and method. *See* Ex. A to AmeriMerchant's Motion at Ex. 6, pp. 3-5 (identifying Litle & Co., merchant creditors, fulfillment companies, and vendors as computerized payment receivers to whom payments were forwarded in the Litle & Co. system and method). AmeriMerchant, through this motion, seeks to ensure that it will be able to present all relevant evidence of the Litle & Co. system and method at trial, including evidence of payments made to Bieler Marketing Associates (a merchant creditor) using the claimed method and system.

The motion in the related *Rapidpay* case, on the other hand, seeks to allow this same highly relevant evidence (which was produced from third party Bieler Marketing

Associates shortly after the close of fact discovery) to be used at trial. The motions present distinct issues, and both should be granted.

In both cases, AdvanceMe attempts to prevent Defendants' use of the Bieler Marketing Associates documents, and testimony regarding the same, because it is abundantly clear from the documents that AdvanceMe's arguments in opposition to Defendants' invalidity arguments based on the Litle & Co. prior art are wholly unsupported. Litle & Co. publicly used the method and system claimed in the '281 patent, and Defendants respectfully request that they be allowed to introduce all evidence concerning its operation in both cases.

**A. AmeriMerchant's Invalidity Contentions Do Not Require Amendment**

Beginning with its preliminary invalidity contentions served July 20, 2006, AmeriMerchant has contended that Litle & Co.'s system and method was used to pay a number of merchant creditors, such as Hanover Finance and Bieler Marketing Associates. *See* Ex. A to AmeriMerchant's Motion at Ex. C, pp. 3-5. AmeriMerchant's contentions were confirmed by the deposition testimony of Tim Litle and Larry Bouchard, who additionally explained that the invalidating system and method were used to repay numerous merchant creditors.

AmeriMerchant seeks only to clarify that yet another creditor (in addition to Litle & Co. and Hanover Finance) was repaid through the same system and method, which does not require any amendment of AmeriMerchant's invalidity contentions. Plaintiff even asserts that these documents are cumulative to other evidence in the case. Response at 9 ("[T]hese documents are cumulative of other alleged prior art relating to Litle & Co.

that is already included in AmeriMerchant's invalidity contentions."). The Court's analysis should end here, and AmeriMerchant's Motion should be granted.

In arguing that leave to amend is required for this additional information, Plaintiff argues that AmeriMerchant's contentions do not make any mention of Bieler or agreements involving Bieler and, therefore, repayments made to Bieler using the same Litle & Co. method and system constitute a "brand-new contention" that requires amendment. However, Plaintiff fails to recognize that its own infringement contentions do not identify *any* merchant or merchant processor in Defendants' accused systems by name. *See* Ex. A hereto, Plaintiff's Infringement Contentions (served January 22, 2007).

Patent Rule 3-1 (relating to infringement contentions) requires that the Plaintiff identify each Accused Instrumentality "as specific[ally] as possible," which in this case must include at least the parties necessary to perform the claimed method. Plaintiff cannot possibly believe that the Local Rules hold AmeriMerchant to an even higher standard—and requires identification by name of every party ever repaid through that method and system—when its own infringement contentions do not name any party involved in the allegedly infringing system or method other than AmeriMerchant.

**B. If the Court Determines an Amendment is Necessary, AmeriMerchant has Shown Good Cause**

Even if the Court finds that an amendment is necessary, AmeriMerchant has shown good cause to amend its Invalidity Contentions as requested. AmeriMerchant has diligently searched for evidence concerning prior art throughout this case. As part of its diligent efforts, AmeriMerchant, concurrently with Plaintiff, obtained additional information in support of its Invalidity Contentions from third party Bieler Marketing Associates on April 27, 2007. Defendants' diligence in searching for and obtaining

documents related to Bieler Marketing Associates is detailed in the briefing on Defendants' Motion concerning these documents in the related *Rapidpay* action (Docket Nos. 264 and 293). To the extent the Court wishes to learn additional details concerning Defendants' diligence, Defendants will further detail their extensive efforts at the hearing on this motion on June 27th.

Evidence of repayments to Bieler using the Litle & Co. system and method is extremely important to AmeriMerchant's invalidity defense, because AdvanceMe has argued, among other things, that evidence of the Litle & Co. prior art does not reveal a payment to a "third party" and is not sufficiently corroborated. And evidence disproving Plaintiff's arguments cannot be considered prejudicial.[1] Discovery currently does not close for another month, and AmeriMerchant has repeatedly requested that AdvanceMe agree to extend the AmeriMerchant discovery deadline (which is not set for trial until January of 2008, with expert reports due September 13th)—which would allow AdvanceMe even more time to conduct any necessary discovery.[2] Even if AdvanceMe needed additional time to conduct discovery on these documents beyond September (it does not), AmeriMerchant would be willing to consider an AdvanceMe proposal to conduct any discovery it wishes prior to trial in January of 2008. By no means is a continuance of the January trial date even remotely necessary to allow AdvanceMe ample time to conduct discovery regarding repayments to Bieler using the Litle & Co. system and method.

---

[1] Plaintiff's argument that it will be forced to conduct unnecessarily excessive discovery regarding these documents should likewise be rejected.

[2] AmeriMerchant hopes to get AdvanceMe's agreement to extend the discovery deadline so that counsel involved in preparing for the *Rapidpay* action (which is the same for both parties in this action) are not forced to scramble to complete discovery in this action while in the midst of *Rapidpay* trial preparation, although AdvanceMe has not yet agreed

### C. Conclusion

AmeriMerchant was diligent in its attempt to identify Bieler Marketing Associates as a merchant creditor that was repaid by Litle & Co. Despite AmeriMerchant's diligent effort, it was unable to obtain this information until two-and-a-half months before the close of fact discovery—and nine months before trial. The importance of the documents and the lack of any prejudice to Plaintiff weigh strongly in favor of granting AmeriMerchant's Motion. Accordingly, AmeriMerchant respectfully request that the Court grant its Motion (or clarify that no amendment to its invalidity contentions is necessary).

Dated: June 21, 2007                              Respectfully submitted,

                                    By :   /s/ R. Floyd Walker
                                           William G. Schuurman (TX State Bar No. 17855200)
                                           bschuurman@velaw.com
                                           Brian K. Buss (TX State Bar No. 00798089)
                                           bbuss@velaw.com
                                           Joseph D. Gray (TX State Bar No. 24045970)
                                           jgray@velaw.com
                                           R. Floyd Walker (TX State Bar No. 24044751)
                                           fwalker@velaw.com
                                           Graham E. Sutliff (TX State Bar No. 24046935)
                                           gsutliff@velaw.com
                                           VINSON & ELKINS L.L.P.
                                           2801 Via Fortuna, Suite 100
                                           Austin, Texas 78746
                                           Telephone: 512.542.8400
                                           Facsimile: 512.236.3476

                                           Hilary L. Preston
                                           hpreston@velaw.com
                                           VINSON & ELKINS L.L.P.
                                           666 Fifth Avenue – 26th Floor
                                           New York, NY 10103
                                           Telephone: 212.237.0000
                                           Facsimile: 212.237.0100

>Douglas R. McSwane, Jr. (TX State Bar No. 13861300)
>J. Matt Rowan (TX State Bar No. 24033137)
>POTTER MINTON
>A Professional Corporation
>110 N. College
>500 Plaza Tower
>Tyler, Texas 75702
>Telephone: 903.597.8311
>Facsimile: 903.593.0846
>E-mail: dougmcswane@potterminton.com
>
>*Counsel for Defendant AmeriMerchant, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of June, 2007. Any other counsel of record will be served by first class mail on this same date.

>*/s/* R. Floyd Walker
>R. Floyd Walker