# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** § | | |
| Plaintiff, § | **CIVIL CASE NO. 6:06-CV-082 LED-JDL** | |
| v. § | | |
| § | | |
| **AMERIMERCHANT, LLC,** § | | |
| Defendant. § | | |
| § | | |

## PLAINTIFF ADVANCEME, INC'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS

ADVANCEME'S SURREPLY IN OPPOSITION TO                         Case No. 6:06-CV-082 LED-JDL
DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS

Dockets.Justia.com

I.    **INTRODUCTION**

AmeriMerchant has utterly failed to establish that it diligently sought information concerning Bieler Marketing Associates ("Bieler") prior to the deadline to submit final invalidity contentions. Indeed, AmeriMerchant offers no explanation for why it waited months after serving its contentions to seek information from Bieler. AmeriMerchant merely contends that it will provide additional details at the hearing. However, it was AmeriMerchant's obligation in briefing this Motion to provide *admissible evidence*, to which AdvanceMe could respond in its Opposition, to explain AmeriMerchant's extreme delay. This burden cannot be satisfied by waiting until the hearing to provide an inadmissible "explanation" by AmeriMerchant's counsel.

AmeriMerchant does not dispute that it has been in contact with Tim Litle since early 2006. AmeriMerchant does not dispute that Tim Litle was largely responsible for handpicking the witnesses that AmeriMerchant identified as having knowledge of the Litle & Co. prior art. AmeriMerchant does not dispute that it did not even attempt to follow up on Tim Litle's September 2006 testimony that disclosed the existence of Litle & Co.'s processing relationships with the infomercial industry until some undisclosed date in March of 2007, after the February 12, 2007 deadline to serve final invalidity contentions.

Rather than respond to these points, AmeriMerchant claims that the Bieler documents so clearly support its position that this motion is not even necessary. Contrary to AmeriMerchant's assertions, however, there is nothing "abundantly clear" from the Bieler documentation. The only thing "clear" from the documents is that they were subject to very broad confidentiality provisions, which weigh against AmeriMerchant's public use defense. The only way the true nature of the relationship between Bieler and Litle & Co. can be understood is through extensive discovery, which is why AmeriMerchant was supposed to diligently investigate its case and disclose this alleged prior art a year ago. Having failed to make the threshold showing of diligence, AmeriMerchant's Motion must be denied.

## II. ANALYSIS

### A. The Bieler Documents Would Require Amendment to Invalidity Contentions.

AmeriMerchant erroneously claims that its Motion for leave is not necessary. P.R. 3-3(a) sets forth specific requirements for a party challenging the validity of a patent, none of which have been fulfilled with respect to the Bieler documents. *See* P.R. 3-3; *see also* 35 U.S.C. § 282; *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1347 (Fed. Cir. 2003) (affirming exclusion of evidence relating to validity of patent for failure to provide proper notice). AmeriMerchant's representation that its invalidity contentions alleged Litle & Co.'s systems and methods were used to repay merchant creditors such as Bieler Marketing Associates is specious. Reply at p. 2. The contentions never mentioned Bieler or even intimated that AmeriMerchant was asserting any of Litle & Co.'s relationships with infomercial companies. AmeriMerchant never put AdvanceMe on notice of its intent to assert such relationships until well after its deadline passed.

Moreover, AmeriMerchant's attempt to compare its deficient invalidity contentions to AdvanceMe's infringement contentions must fail. Reply at 3. AdvanceMe's infringement contentions provide the precise information required by the local rules, including the identity of the infringing programs and the matching up of those programs to the claim elements. The information provided gave full notice to AmeriMerchant of the nature of AdvanceMe's infringement contentions. In contrast, AmeriMerchant's invalidity contentions do not provide any information that could have placed AdvanceMe on notice of the alleged Bieler prior art. The local rules explicitly require AmeriMerchant to identify each person or entity that made use of the alleged prior art, the entity that allegedly made the information known, and where each asserted claim is found in each item of prior art. P.R. 3-3(a), (c). AmeriMerchant never provided <u>any</u> of this information with respect to the Bieler prior art during the year-long discovery period, and indeed AdvanceMe had never even heard of Bieler until weeks <u>after</u> the deadline for final

invalidity contentions had passed. Since AmeriMerchant's invalidity contentions did not even attempt to place AdvanceMe on notice that the Bieler prior art existed, it is absurd to contend that the contentions encompassed that art.

AmeriMerchant tries to avoid this conclusion by attempting to downplay the significance of the Bieler documents. However, AmeriMerchant's arguments on this point are all over the map. On the one hand, AmeriMerchant contends that the documents are critical because they somehow demonstrate the invalidity of the patent claims. On the other hand, AmeriMerchant contends that the documents are not that important because they are similar to other alleged prior art that is already in the case. AmeriMerchant cannot have it both ways. If in fact the documents are important, then it would clearly be prejudicial to AdvanceMe to have them admitted, given that AdvanceMe never received an opportunity to conduct the voluminous discovery concerning the documents that would be required. If, however, the documents are merely cumulative of other prior art in the case, then there would be no reason to introduce them at trial in the first place. Both of these paths lead to the same result -- this motion must be denied.

### B.    AmeriMerchant Has Not Established Good Cause To Amend Its Invalidity Contentions.

AmeriMerchant has made absolutely no showing of diligence prior to the February 12, 2007 deadline to serve final invalidity contentions. In particular, AmeriMerchant has offered no explanation for its delay in subpoenaing Bieler nearly two months after the deadline. Despite having had two chances to provide these details, AmeriMerchant chose not to do so. Rather, AmeriMerchant just assumes that it will be permitted to "further describe Defendants' diligence at the hearing." Reply at p. 1. However, "[a]rguments of counsel are not evidence." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (reversing grant of motion to quash subpoena where movant failed to submit evidence in support of its "bald statement that the subpoena is 'unreasonable and oppressive'' without providing any affidavit or other evidence to support the statements of counsel). Thus, even if AmeriMerchant were to attempt to provide an

explanation at the hearing, its belated explanation cannot be considered for the purposes of this Motion.

It was AmeriMerchant's burden to establish good cause to amend its invalidity contentions. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (E.D.Tex. 2004) (Davis, J.). AmeriMerchant was required to establish that, despite its alleged diligence, the relevant deadlines in the Docket Control Order could not have been met. *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). AmeriMerchant has not made any attempt to explain the steps it took to obtain information from Bieler *prior to* the deadline to serve final validity contentions, or to establish that despite its efforts, it was not possible to locate and produce the Bieler documents prior to that deadline.

For example, AmeriMerchant has yet to articulate how it became aware of Bieler and/or Media Funding Corp., when or how it became aware of the Media Funding Corp. website that has been publicly accessible in its current form since at least 2003, when it first attempted to contact Bieler, when it first requested that Bieler produce information, when Bieler was first requested to look for documents, or why the request was not made until after final contentions were due. Further, AmeriMerchant fails to address why it did not make any attempt to identify prior art from the infomercial industry after the September 6, 2006 deposition of Tim Litle, even though he testified that Litle & Co. did the processing for 95% of all infomercial companies. As AmeriMerchant fails to satisfy the threshold requirement of diligence, its Motion also fails.

    C.    **<u>AmeriMerchant Has Not Established the Importance of the Bieler Documents.</u>**

AmeriMerchant claims the Bieler documents disclose payment to a third party within the meaning of the patent claims, an element AmeriMerchant concedes is not disclosed in the Hanover Finance or Exposures documents that were the subject of several months of discovery (including five depositions of Litle-related witnesses). However, AmeriMerchant's self-serving assessment of the importance of these documents is not supported by any credible evidence. Once

again, AmeriMerchant has submitted nothing more than the conclusory arguments of counsel, which simply cannot satisfy AmeriMerchant's burden on this Motion.

In any event, AmeriMerchant's contention that the Bieler documents disclose an important claim element only underscores the prejudice that would result if these documents were admitted. If the alleged Bieler prior art had been disclosed in a timely fashion, AdvanceMe would have spent months exploring AmeriMerchant's contentions with respect to these documents, and investigating whether the Bieler process could possibly qualify as a "public use" within the meaning of the case law. This discovery would have necessarily included the depositions of the signatories of the relevant agreements and the individuals at Bieler and Media Funding that were allegedly involved in drafting and implementing them. In light of AmeriMerchant's extreme delay, however, AdvanceMe was unable to conduct any of this discovery. The fact, therefore, that AmeriMerchant places importance on the documents only enhances the tremendous prejudice to AdvanceMe.

### D.  **AdvanceMe Would Be Substantially Prejudiced if This Motion Is Granted.**

Remarkably, AmeriMerchant contends that AdvanceMe will not be prejudiced if this Motion is granted because "evidence disproving Plaintiff's arguments cannot be considered prejudicial." Reply at p. 4. It is no surprise that AmeriMerchant fails to cite to any legal authority in support of its assertion. Indeed, it is difficult to conceive of a more extreme form of prejudice than introducing documents that allegedly "disprove" a plaintiff's case, where the plaintiff has had received an opportunity to conduct discovery on all the issues raised by those documents. There is no reason why AdvanceMe should suffer this prejudice simply because AmeriMerchant failed to diligently investigate its case.

### III.     CONCLUSION

For the foregoing reasons, AdvanceMe respectfully requests that the Court deny AmeriMerchant's Motion.


Date:  June 25, 2007                              Respectfully submitted,


By:     /s/ Shanée Y. Williams
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Ronald S. Lemieux  (ronlemieux@paulhastings.com)
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Michael N. Edelman (michaeledelman@paulhastings.com)
(CA Bar No. 180948) (Admitted Pro Hac vice)
Vidya R. Bhakar (vidbhakar@paulhastings.com)
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz (robertmatz@paulhastings.com)
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Shanée Y. Williams (shaneewilliams@paulhastings.com)
(CA Bar No. 221310) (Admitting Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  650.320.1800
Facsimile:  650.320.1900

**IRELAND CARROLL & KELLEY**
Otis W. Carroll, Jr. (fedserve@icklaw.com)
LEAD ATTORNEY
State Bar No. 03895700
Deborah J. Race (drace@icklaw.com)
State Bar No. 16448700
6101 S. Broadway, Suite 500
Tyler, TX  75730
Telephone:  903.561.1600
Facsimile:  903.581.1071

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/ Shanée Y. Williams*

LEGAL_US_W # 56522134.1