IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

**DATE:** 6/28/07

| **JUDGE** JOHN LOVE | **REPORTER:** Jan Mason **LAW CLERK:** Deleith Gossett |
|---|---|
| **ADVANCEME, INC.** Plaintiff vs. **RAPIDPAY LLC, ET AL** Defendant | **CIVIL ACTION NO**: 6:05CV424 & 6:06CV82 **MOTION HEARING** **(DKT # 262, 264 & 132, 133)** |

| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR DEFENDANT** |
|---|---|
| Otis Carroll Robert Matz Mike Edelman Ronald Lemieux | Bill Schuurman Matt Rowan Joey Gray Lisa Dickey |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 1:32 pm         **ADJOURN:** 4:17 pm

| TIME: | MINUTES: |
|---|---|
| 1:32 pm | Case called. Mr. Matz, Mr. Edelman, Mr. Lemieux and Mr. Carroll announced ready on behalf of the plaintiff. Mr. Schuurman, Mr. Rowan, Ms. Dickey and Mr. Gray announced ready on behalf of the Defendants. |
| 1:33 pm | The Court greeted the parties and stated we are here on several Motions and will take up Motions for Sanctions #262 first and its companion of #132 in 6:06cv82. |
| 1:35 pm | The Court stated he did not need to hear how we got here or complaints. He would like to know how documents are relevant. He stated that he will then possibly back track to discuss how we got here and who is to blame. |
| 1:36 pm | Mr. Lemieux began argument on behalf of the Plaintiff on Motion for Sanctions #132. He referred the Court to Exhibit #65 of Declaration of R. Matz. He stated that the Plaintiff doesn't know what is missing. |
| 1:50 pm | The Court asked Mr. Lemieux for the names of the processors. Mr. Lemieux responded. |

**FILED:** 6/27/07

**DAVID J. MALAND, CLERK**

BY: *Mechele Morris*, Courtroom Deputy

| TIME: | MINUTES: |
|---|---|
| 1:53 pm | The Court asked Mr. Lemieux about the damage claim they want to add and not presenting one earlier. Mr. Lemieux responded. He stated that without all the documents, they cannot engage in the analysis. |
| 1:56 pm | The Court asked Mr. Lemieux what is it that he would like to do from this point forward, what discovery, what depositions. Mr. Lemieux responded and asked for damages expert and further fact depositions. He stated that the Court could force First Funds to be limited to the 30B6 discovery testimony in the discovery period. He stated the Court could bifurcate the infringement and damages. |
| 2:03 pm | Mr. Gray began argument on behalf of the Defendants of Motion #262. He stated that the Plaintiff was aware of the size of First Funds Operations in Sept of 06. |
| 2:04 pm | The Court asked for a response from the Plaintiff. Mr. Matz responded. |
| 2:06 pm | Mr. Gray continued further argument on Motion #262 on behalf of the Defendant. He stated that First Funds disclosed both Split and ACH processes early in discovery. He said Plaintiff never accused the ACH process. |
| 2:20 pm | The Court asked what is the connection of First Funds and Northern Leasing. Mr. Gray responded. |
| 2:23 pm | Mr. Carroll added to argument on behalf of the Plaintiff. He stated that he does not agree that Defendant told them they processed in two ways of split and ACH and could not accuse ACH. |
| 2:34 pm | The Court asked Plaintiffs if they want to accuse ACH documents. Mr. Carroll said yes. Mr. Lemieux responded. |
| 2:36 pm | The Court asked Mr. Lemieux about the Defendant saying the agreement of Northern Leasing were never signed. Mr. Lemieux responded. |
| 2:39 pm | Mr. Gray responded and discussed their 30B6 witness and why he was not prepared to testify on ACH method. Mr. Carroll responded about Defendants witness not knowing process and how Plaintiff could not argue infringement. |
| 2:41 pm | Mr. Schuurman responded and stated that witness was not prepared to testify on non accused ACH infringement. |
| 2:46 pm | Mr. Lemieux further discussed ACH processor and how they infringe. Mr. Schuurman responded. Mr. Gray responded and stated Plaintiff knew about the system and stated Plaintiff could have asked for further depositions. |
| 2:56 pm | Mr. Edelman discussed his taking the 30B6 deposition of Defendant and questions about ACH and splitting. Mr. Schuurman responded. |
| 3:00 pm | The Court asked for response from Mr. Edelman of how Plaintiff could not know how ACH process works. Mr. Edelman responded. Mr. Gray responded and stated all ACH process is consistent. |
| 3:03 pm | Recess until 3:15 pm. |

| TIME: | MINUTES: |
|---|---|
| 3:25 pm | Court resumed.  The Court granted Plaintiffs Motion #262 and 132. First Funds is severed from this case and added as Defendant to Amerimerchant in full, Amend its complaint against First Funds to add a claim for money damages, First Funds required to search its files again and produce all relevant documents in its possession, custody, including all documents responsive to the categories AdvanceMe submitted to First Funds in the middle of 2006, permit AdvanceMe to take additional discovery relating to the claim against First Funds after the trial in the RapidPay action has concluded, Permits to supplement its infringement contentions and expert reports after it completes this follow up discovery and in order to account for the information obtained in this discovery and the documents produced by Northern Leasing, and parties to submit an Amended Docket Control Order. All additional relief requested is denied. |
| 3:27 pm | The Court will hear Motion for Leave to Supplement Discovery #264 from the Defendants.  Mr. Schuurman began argument on behalf of the Defendant on Motion for Leave to Supplement Discovery.  He discussed Bieler documents. |
| 3:45 pm | Mr. Edelman began argument on behalf of the Plaintiff on the Motion #264. |
| 3:54 pm | The Court asked Mr. Edelman what would be wrong with having the Bieler documents involved in the Amerimerchant case.  Mr. Edelman responded and further discussed contentions of dilegence. |
| 3:58 pm | Mr. Schuurman responded about Media Funding Corporation website and his conversations with him.  Mr. Edelman responded and further discussed the Bieler system.  Mr. Schuurman responded about Bieler documents and discussed the Litle prior art.   Mr. Edelman further responded. |
| 4:06 pm | The Court denied Motion in the RapidPay case.  The Court will take under advisement the Motion in the Amerimerchant case. |
| 4:06 pm | The Court asked the parties how long they intend to need for Pretrial.  Mr. Edelman responded. |
| 4:08 pm | The Court stated he wants to resolve a lot of issues at Pretrial before Bench trial.  Mr. Edelman responded and discussed objections to deposition testimony.  Mr. Schuurman discussed objections to depositions and exhibits.  Mr. Gray responded. |
| 4:11 pm | The Court stated he will try to rule on as many issues prior to trial.  He urged parties to work together and get some things resolved. |
| 4:12 pm | The Court discussed length of trial.  Mr. Edelman responded and stated three days should be fine.  Mr. Schuurman stated that it might be four days.  Mr. Gray responded. |
|  | The Court asked about mediation set for 6/28 and if mediation is for both cases.  Mr. Edelman responded.  Mr. Schuurman responded.  Ms. Race responded.  Mr. Schuurman further responded and stated he thought is was for RapidPay case.  Mr. Edelman responded. |
| 4:15 pm | The Court discussed the option to consent before him and where the parties stand.  Mr. Lemieux stated there might be a possibility but needs to get with client.  Mr. Schuurman stated he will need to get with his client as well. |
| 4:17 pm | There being nothing further, Court is adjourned. |