IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:06-CV-82 |
| | § | |
| **AMERIMERCHANT LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, AmeriMerchant LLC ("AmeriMerchant"), has filed a Motion for Leave (Doc. No. 133) to Amend its Final Invalidity Contentions (Doc. No. 133, Ex. 6). For the reasons set forth below, the Court **DENIES** AmeriMerchant's motion.

## BACKGROUND

AdvanceMe filed suit against AmeriMerchant on Feb, 27, 2006 alleging infringement of U.S. Patent No. 6,941,281 ("the '281 patent"). Pursuant to the Court's Docket Control Order, AdvanceMe timely filed its Preliminary Infringement Contentions on July 20, 2006 (Doc. No. 25). Similarly, AmeriMerchant also filed its Preliminary Invalidity Contentions[1] on that same day. On October 4, 2006, this Court granted AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions (Doc. No. 61). AmeriMerchant never amended its Contentions pursuant to that order. Rather, on

---

[1] The Court notes that this July 20, 2006 date was the deadline established early in litigation for Defendants to file Invalidity Contentions, but that these disclosures have since been amended. The Court will refer to this initial disclosure as "Preliminary Invalidity Contentions."

November 2, 2006, AmeriMerchant again sought Leave to Amend its Contentions (Doc. No. 74). Once again, leave was granted on December 5, 2006 (Doc. No. 96). These Final Invalidity Contentions[2], served January 10, 2007 (Doc. No. 111), added 35 U.S.C. §§ 102(a) and 102(g) as invalidity defenses.

In a companion case, 6:05-CV-424, AdvanceMe alleged infringement of the same '281 patent in an action against *RapidPay, et al*. Defendants in the instant action share counsel with Defendants in *RapidPay, et al.* and a common theory of invalidity emerged that relied heavily upon proving the public use of Litle & Co. ("Litle"), and Clever Ideas prior art before critical dates for the '281 patent. Both sets of Defendants first identified Litle prior art in Amended Contentions on July 21, 2006 (*See* 6:05-CV-424, Doc. No. 276). Subsequently, on March 12, 2007 the *RapidPay* Defendants filed motions for partial summary judgment of invalidity based on Litle and Clever Ideas prior art (*See* 6:05-CV-424, Doc. Nos. 215, 232). At no time during these briefings was there any mention of third parties that were publicly using the Litle system and method except for the "Hanover Finance Program," whose security agreement with Litle was identified in Amended Invalidity Contentions. The first mention of a third party, Bieler Marketing Associates ("Bieler"), occurred on April 30, 2007 when counsel for AmeriMerchant and Defendants in *Rapidpay, et al.* wrote AdvanceMe a letter (6:05-CV-424, Doc. No. 264, Ex. D) purporting to "add" Bieler to both actions. This letter also reported that a subpoena of Bieler had produced documents that independently established Bieler as having had a third party merchant financing arrangement (*See* 6:05-CV-424, Doc. No. 264, Ex. I-J) that utilized the Litle systems and methods outlined in Defendants' Invalidity Contentions.

---

[2]The Court notes that a series of amendments to Invalidity Contentions took place between July 2006 and January 2007. The Court will refer to the most recently served Contentions as "Final Invalidity Contentions."

Consequently, AmeriMerchant wished to use the documents to advance its invalidity defense under 35 U.S.C. § 102(a), (b), and (g) and add a third party witness, Peter Bieler, to provide testimony at trial.

The April 30, 2007 letter from Defendants' counsel was the first time Bieler was identified to the Plaintiff. AdvanceMe responded with a letter on May 4, 2007 stating that it vigorously disagreed with AmeriMerchant's position: "Defendants have already served their Final Invalidity Contentions and we do not believe (especially given the repeated prior instances in which the Defendants attempted to amend their contentions) that any further amendments would be appropriate or permitted by the Court... Further, the contentions do not mention Bieler Marketing, nor do they provide any information required by the local rules concerning this new alleged prior art" (6:05-CV-424, Doc. No. 264, Ex. E). On May 25, 2007, Defendant then filed this Motion for Leave to Amend its Invalidity Contentions (Doc. No. 133) pursuant to FED. R. CIV. P. 16(b) and Patent Rule 3-6(b). Defendant specifically requested leave to (1) use at trial documents produced by Bieler corroborating its role as a third party merchant creditor associated with Litle & Co. prior art, and (2) to amend its trial witness list to include Peter Bieler, president of Bieler Marketing Associates. AdvanceMe opposes the supplementation of this prior art reference claiming that AmeriMerchant has not shown requisite good cause necessary to amend its Final Invalidity Contentions.

**APPLICABLE LAW**

Federal Rule of Civil Procedure 16(b) requires a showing of good cause to modify dates set forth in the Court's scheduling order. FED. R. CIV. P. 16(b) (providing in part, "a schedule [scheduling order] shall not be modified except upon a showing of good cause and by leave of the district court..."). Patent Rules are considered part of the Court's scheduling order; therefore, a party

3

seeking relief must obtain "the Court's leave on a good cause showing to modify the Patent Rule's deadlines." *Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex Feb. 1, 2006) (Davis, J.) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp.2d 845, 849 (E.D. Tex. 2004)). Patent Rule 3-6(b) incorporates Rule 16(b)'s good cause standard by stating 'amendment or modification of the Preliminary or Final Infringement Contentions may be made only by order of the Court, which shall be entered only upon a showing of good cause. *Id*. (quoting P.R. 3-7).

"The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). A trial court has broad discretion in allowing scheduling order modifications. *Id*. The Court should consider four factors when determining whether to allow a scheduling order modification: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id*. (citing *S&W Enter., L.L.C.*., 315 F.3d at 535-36).

## ANALYSIS

1. **Local Patent Rules Require Invalidity Contentions to Disclose the Identity of the Person or Entity which Produced Each Item of Prior Art**

AmeriMerchant has claimed that its Motion for Leave is not necessary, but P.R. 3-3(a) sets forth specific requirements for a party challenging the validity of a patent:

> Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, **and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which**

**made the information known or to whom it was made known**.

*See* P.R. 3-3 (emphasis added). Despite P.R. 3-3(a)'s requirement that AmeriMerchant specifically identify the entity which made use of the Litle system, and/or the party which produced the evidence corroborating the third party merchant-creditor agreements, the Final Invalidity Contentions make no mention of Bieler Marketing Associates and there is no suggestion in the Contentions that Litle had established relationships with third party informercial merchant creditors, such as Bieler.

Counsel for AmeriMerchant and *RapidPay, et al*. Defendants acknowledged to the Court at a hearing on June 27, 2007, that its first knowledge of Bieler's potential involvement with Litle prior art was in October of 2006. At this time, they identified Bieler through the Media Funding Corporation website. Nonetheless, the Final Invalidity Contentions served in January 2007 did not put AdvanceMe on notice of AmeriMerhcant's intent to assert a relationship between Bieler and Litle, and the local rules explicitly require AmeriMerchant to identify each person or entity: that made use of the prior art, that allegedly made the information known, and where each asserted claim is found in each item of prior art. *Id*. Furthermore, since AmeriMerchant repeatedly argues that the Bieler evidence is critically important to the outcome of this case in establishing invalidity (*See* Doc. No. 133), the principle of fair notice would necessarily require that its Invalidity Contentions provide AdvanceMe with this evidence in a timely manner. Therefore, AmeriMerchant is required to amend its Invalidity Contentions if it wished to introduce Bieler documents or testimony that somehow demonstrate the invalidity of the patent claims based, in part at least, on this prior art. Accordingly, the Court rejects AmeriMerchant's argument that no amendment under the Patent Rules is required.

**2.      AmeriMerchant's Explanation for Its Failure to Meet the Deadline**

AmeriMerchant argues that its failure to identify the Bieler prior art reference before filing Final Invalidity Contentions was not unreasonable, and Defendant claims diligence in attempting to obtain all relevant evidence of invalidating prior art systems and methods. In July of 2006, AmeriMerchant and Defendants in *Rapidpay, et al*. identified the Litle prior art as a publicly used method and system that allegedly invalidates the '281 patent. In October of 2006, Defendants first became aware of a third party, Bieler Marketing Associates that possessed relevant documents corroborating Litle's use of the patented method more than a year before critical dates in AdvanceMe's patent. However, after identifying Bieler as a potential party of interest, Defendants' only action to determine whether Bieler possessed relevant documents consisted of several telephone calls to Bieler and his counsel.

Despite AmeriMerchant's claims that there has been no delay in producing the Bieler documents and informing AdvanceMe of its intent to use these documents (Doc. No. 133, Ex. C), the Court is sensitive to the seven month lull that transpired between the time of identifying Bieler in October of 2006, and the time the Bieler documents were actually produced to AdvanceMe in April 2007. AmeriMerchant's Final Invalidity Contentions were served in January 2007 without any mention of Bieler as relevant prior art. Counsel's declaration (*See* 6:05-CV-424, Doc. No. 264, Ex. A) does not provide a detailed chronology of the steps taken by AmeriMerchant after Bieler was first identified. Such a chronology is also absent in Defendants' briefing for both actions (*See* 6:05-CV-424, Doc. No. 264; 6:06-CV-082 Doc. No. 133), and counsel did not disclose the actions that it took to contact Bieler until it addressed the Court on June 27, 2007. At this time, counsel for Defendants acknowledged that while several calls were placed to Mr. Bieler's attorneys in December 2006 and January 2007, these attempts were met with evasive responses that did not result in corroboration

of the early 1990's Litle-Bieler business relationship until a subpoena was ultimately issued in March 2007. Furthermore, the Court was not provided with a persuasive explanation as to why counsel was not more assertive in establishing this relationship prior to March, or why Bieler could not have been served with a subpoena earlier in litigation.

In order to establish good cause, AmeriMerchant had a duty to establish that it acted diligently to gather the relevant evidence before the deadlines in the Docket Control Order, and that it could not meet those deadlines despite diligent efforts. *S & W Enters., LLC*, 315 F.3d at 535. The Court is realistic in its evaluation and will not penalize parties for best efforts, but there must be a clear and convincing showing of attempts to comply with scheduling deadlines. AmeriMerchant fails to make the required showing of diligence in their briefing, and the explanation provided to the Court at hearing was not sufficient to explain the minimal discovery efforts between October 2006 and March 2007. Given the alleged importance of the relationship between the Bieler documents and the Litle prior art, intensive discovery efforts should have been made once Bieler was identified. Additionally, AmeriMerchant's delay in discovering the Bieler system was not due to Plaintiff's failure to comply with discovery requests. The Court is not persuaded, with respect to the Bieler reference, that AmeriMerchant has shown it acted diligently in disclosing the reference to AdvanceMe.

3.   **The Importance of the Additional Prior Art References**

Invalidity of the '281 patent is a dispositive counter to AdvanceMe's infringement claims; therefore, evidence supporting invalidity is important to this case. AmeriMerchant argues that the Bieler evidence is particularly important to corroborate evidence previously submitted in this case regarding the operation of the Litle & Co. prior art. Although the Court recognizes that these

allegations are important, AdvanceMe argues that it will be prejudiced by the approaching discovery deadline and the necessity for it to conduct discovery on this issue. The Court finds that AmeriMerchant has not established the importance of the Bieler documents to alleviate the prejudice experienced by Plaintiff in conducting additional discovery on the eve of the approaching discovery deadline.

The relative importance of the Bieler documents weighs in favor of AmeriMerchant's Motion to Amend their Invalidity Contentions. However, Defendant has failed to persuade the Court that the Bieler evidence sufficiently departs from other alleged prior art relating to Litle which is already included in AmeriMerchant's Invalidity Contentions. The Court must weigh the importance of AmeriMerchant's ability to demonstrate invalidity, against AdvanceMe's ability to conduct adequate discovery of the noticed prior art. The current claim charts (*See* Doc. No. 133, Ex. 6) detailing the relationship between Litle and Hanover Finance demonstrates the implementation of the Litle system before the date of the '281 patent and provides a trier of fact with information to potentially evaluate whether the system was publicly available. These charts make no mention of Bieler's relationship with Litle in any capacity, and this absence necessarily prevented AdvanceMe from independently verifying the importance of this third party. Corroborating evidence to further reinforce the public use of the Litle system is not warranted if it will be introduced at the expense of AdvanceMe's entitlement to adequately investigate these claims.

**4.     Potential Prejudice to AdvanceMe in Allowing Supplemented Prior Art References**

AmeriMerchant claims that AdvanceMe would not suffer any potential prejudice by the addition of the Bieler documents and testimony to supplement the Litle prior art reference. AmeriMerchant argues that AdvanceMe had notice of its intentions to claim invalidity of the '281

patent. Therefore, Plaintiff will suffer no prejudice in granting this motion because fact discovery is still open and AdvanceMe has had a full opportunity to develop evidence for Litle prior art references. However, the Court recognizes that if the Bieler documents had been produced in a timely fashion, AdvanceMe would have been able to spend months conducting discovery on the issues raised by those documents. As the situations currently stands, AdvanceMe's discovery efforts would be significantly reduced to, at most, a month and a half of investigation in response to documents produced nearly two months after AmeriMerchant served its Final Invalidity Contentions.

AdvanceMe has stated that discovery relating to the 170 pages of the Bieler documents would require additional depositions and substantial written discovery concerning the confidentiality provisions contained in the Litle-Bieler agreements, and factual "public use" and "corroboration" requirements pursuant to 35 U.S.C. § 102(b). Over the past year, the parties have conducted a significant volume of discovery specifically targeted to AmeriMerchant's invalidity contentions, and it would be prejudicial to AdvanceMe to adequately explore these highly fact-dependent issues before the close of discovery on July 17, 2007 (Doc. No. 20). Additionally, AmeriMerchant's has already been granted leave twice to amend its Invalidity Contentions. At some point, efforts to amend Invalidity Contentions must come to an end, and this district has consistently discouraged parties from adopting a 'rolling' approach to invalidity contentions because it thwarts the purposes of the local patent rules designed to require parties to crystallize their theories of the case early in litigation. *See Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667, 669-670 (E.D. Tex. 2007).

## CONCLUSION

For the reasons discussed above, the Court concludes that Defendant has not met the standard of good cause to add the Bieler prior art reference and, therefore, Defendant's Motion for Leave to


Amend is **DENIED**.

**So ORDERED and SIGNED this 3rd day of July, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE