UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.,** § | **CIVIL CASE NO. 6:06-CV-082 LED-JDL** |
| Plaintiff, § | |
| v. § | |
| § | |
| **AMERIMERCHANT, LLC,** § | |
| Defendant. § | |
| § | |

**PLAINTIFF ADVANCEME, INC'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY DEADLINE AND FOR EXPEDITED CONSIDERATION**

ADVANCEME'S OPPOSITION TO DEFENDANTS'   Case No. 6:06-CV-082 LED-JDL
MOTION TO EXTEND FACT DISCOVERY DEADLINE
AND FOR EXPEDITED CONSIDERATION

Dockets.Justia.com

I.      **INTRODUCTION**

First Funds seeks to be rewarded for its own discovery misconduct by placing further discovery burdens on AdvanceMe.   Defendants' motion takes the position that, because *First Funds* violated the discovery rules by withholding thousands of critical documents from AdvanceMe, *First Funds* is entitled to conduct two more months of discovery.  First Funds contends it is entitled to these two months of additional discovery simply because this Court recognized the need to amend the current Docket Control Order in the AmeriMerchant case in light of the additional discovery awarded *against* First Funds at the hearing held on June 27, 2007.  AdvanceMe respectfully submits, however, that the reason for amending the Docket Control Order was not to provide First Funds with two more months of discovery, but rather was to provide a time frame within which *AdvanceMe* could conduct the follow-up discovery that became necessary due to *First Funds'* discovery abuses.  Certainly, First Funds should not be permitted to bootstrap its own misconduct into a right to conduct discovery that it had the full opportunity to complete over the last year.

AdvanceMe further recognizes the difficulty of completing discovery at the same time that the parties are in trial.  To remedy this problem, AdvanceMe has given a two-week extension to First Funds to respond to outstanding requests for admissions, has agreed to postpone the depositions it previously noticed until after the trial, and has otherwise expressed a willingness to meet and confer with Defendants to postpone any other specifically identified depositions that Defendants wish to take before the discovery deadline  (even though Defendants have not noticed any).  However, a willingness to temporarily delay specific discovery for the convenience of the parties until after trial is not  the same thing as giving Defendants a general two-month discovery extension to cure discovery deadlines that have  already passed.  For example, the deadline for Defendants to propound written discovery expired weeks ago, and  a two-month extension of the cutoff date will simply enable Defendants to retroactively cure this and other missed deadlines.

ADVANCEME'S OPPOSITION TO
DEFENDANTS' MOTION TO EXTEND FACT
DISCOVERY DEADLINE AND FOR
EXPEDITED CONSIDERATION

Case No. 6:06-CV-082 LED-JDL

In short, though AdvanceMe remains willing to meet and confer with Defendants to come up with a schedule to accommodate the discovery directed by the Court in its sanctions order, it is not fair or appropriate for First Funds to use its own discovery misconduct as an avenue to grant itself two more months of discovery. Accordingly, the instant motion should be denied.

## II. **BACKGROUND**

On July 2, 2007, the Court issued its order granting in part AdvanceMe's motion for sanctions against First Funds. In the order, the Court found that First Funds violated its discovery obligations by failing to produce all relevant documents, as was revealed by the production of third party Northern Leasing after the discovery cutoff date. [Docket No. 151] The Court further ordered that, as one of the remedies for First Funds' misconduct, AdvanceMe would be entitled to conduct further discovery relating to the First Funds "ACH" process, as well as other issues. To accommodate this discovery, the Court ordered that the parties meet and confer on an Amended Docket Control Order to establish reasonable deadlines for amendment of AdvanceMe's Infringement Contentions and its expert reports. There was no indication in the Order that the Court intended, by permitting *AdvanceMe* more time to conduct discovery on the withheld documents, to give *First Funds* additional time to complete its own discovery.

On July 5, 2007, the Court issued a further Order denying AmeriMerchant's motion to amend its invalidity contentions to include the Bieler prior art. [Docket No. 153] In that order, the Court explained that AmeriMerchant was required to demonstrate it exercised diligence in complying with the deadlines in the Docket Control Order, but did not make this showing. The Court therefore determined that AmeriMerchant was not permitted to amend its invalidity contentions – notwithstanding the July 2, 2007 order permitting AdvanceMe to conduct discovery as a result of the sanctions order.

The parties have long been aware that the discovery cutoff in this action was set for July 17, 2007. [Docket 20] Indeed, it was Defendants that requested a schedule with this cutoff date in the first place. Since the cutoff date is July 17, the deadline for the parties to effectively

serve any remaining written discovery and to notice depositions seeking a production of documents was June 15, 2007, and the effective deadline for the parties to notice depositions without seeking documents was July 6, 2007. Declaration of Shanée Y. Williams ("Williams Decl."), ¶ 2. In compliance with these deadlines, AdvanceMe served a set of requests for admission on June 15, 2007, and it noticed four additional depositions. *Id*. Defendants, however, did not propound any written discovery or notice any depositions, and instead just let the deadlines pass. *Id*.

In addition to propounding discovery, AdvanceMe also sent letters to AmeriMerchant seeking production of additional documents relating to damages issues, and also to confirm that AmeriMerchant had produced all relevant documents (and therefore was not withholding relevant documents as First Funds had done). Williams Decl., ¶ 3. AmeriMerchant continually attempted to delay adequate responses to these concerns, and as an excuse used the fact that the trial in the RapidPay action was forthcoming. *Id*., Exh. 1.

On June 18, 2007, before the hearing on AdvanceMe's motion for sanctions against First Funds, AmeriMerchant contacted AdvanceMe to request an extension of the discovery deadline. In response, AdvanceMe explained that a general extension of the deadline made no sense, as there was no basis for AmeriMerchant to receive further discovery having already missed the written discovery deadlines. Williams Decl., ¶ 4. However, recognizing the burdens imposed by the upcoming trial, AdvanceMe agreed to extend AmeriMerchant's response to the requests for admissions by two weeks, and also agreed that it would postpone conducting the depositions it had noticed until after trial. *Id*. Further, though AmeriMerchant (unlike AdvanceMe) had failed to notice any depositions, AdvanceMe agreed to consider letting AmeriMerchant belatedly notice a limited number of depositions for after the trial, provided AmeriMerchant identify who the witnesses would be. *Id.*

Ultimately, the parties failed to reach an agreement on this issue before the sanctions hearing because AmeriMerchant took the position that it was entitled to a general extension of

discovery for all depositions until September. Williams Decl., Exh. 2. AmeriMerchant took this position even though it had failed to properly notice any depositions at all. AmeriMerchant also took this position despite its representation that it would only need a maximum of two depositions, and therefore should have been able to easily identify the two witnesses involved. *Id.*, Exh. 3.

After the sanctions order was issued, Defendants again raised their request to extend the discovery deadline. Rather than only asking for a general extension to finish the noticed depositions, however, Defendants requested a general extension for *all* discovery until September. Williams Decl., ¶ 7. Defendants incredibly claimed that this extension was appropriate due to the changed circumstances resulting from the sanctions order. Of course, this made no sense because that order was not intended to give Defendants additional time to conduct discovery they should have completed earlier, but rather was intended to give AdvanceMe additional time to finish discovery in light of First Funds' discovery misconduct. Though once again AdvanceMe offered to permit limited depositions after the trial (even though Defendants still had not noticed any), Defendants refused to accept this offer and instead demanded that they receive a two-month extension for all discovery.

On July 5, 2007, Defendants sent a letter to AdvanceMe taking the position that, not only should they be permitted additional discovery as a result of First Funds' own discovery abuses, but that such discovery will be significant and will also include the further amendment of their invalidity contentions to add new prior art. Williams Decl., Exh. 4. This letter makes absolutely clear that Defendants are trying to use First Funds' own discovery misconduct as an excuse to repair their case after the recent sanctions order against them.

### III. THE SANCTIONS ORDER DOES NOT AND SHOULD NOT PERMIT DEFENDANTS TO BENEFIT FROM THEIR WRONGDOING BY RECEIVING ADDITIONAL DISCOVERY

Defendants' main contention is that the discovery deadlines should be pushed back for Defendants as well as for AdvanceMe, so that the Amended Docket Control Order can "allow for the additional discovery outlined in the Court's Order and also any ancillary discovery that may arise pursuant to this additional discovery." Motion, ¶ 4. Defendants contend they want the entire fact deadline to be extended to allow "all parties in this case" to "participate in discovery regarding the new issues present as a result of the inclusion of First Funds, LLC as a Defendant." *Id.*, ¶ 5.

This contention reflects an unwillingness of Defendants to recognize the reason for the Court's sanctions order in the first place. The Court's Order did not find that AdvanceMe had done anything wrong, and therefore did not find that Defendants would be entitled to further discovery. Rather, the Court's Order squarely found that First Funds abused the discovery process, and therefore that AdvanceMe was entitled to further discovery to follow-up on certain issues. There is nothing in the order which contemplated, much less directed, that the benefits of the Order would incur to the very party that engaged in discovery misconduct in the first place.

If Defendants were correct that the order gave them two more months of discovery, this would effectively reward them for the very discovery misconduct that led to the Order. During the discovery period, Defendants had free opportunity to conduct the discovery that they needed. Yet, Defendants now ask the Court to place the very same burdens on AdvanceMe as on the party that had engaged in the misconduct. Such relief, however, would be clearly inequitable.

Defendants contend that the extension is necessary because "[b]y adding a new party to the present case in the form of Defendant First Funds, LLC, the need for additional time for fact discovery is clearly warranted." Motion, ¶ 8. This argument makes no sense. First Funds has been a party in the RapidPay action for a year, had a full and complete opportunity to complete discovery by the current cutoff date, and until the sanctions hearing on June 27, 2007, expected

segmentCase 6:06-cv-00082-LED-JDL    Document 155    Filed 07/09/2007    Page 7 of 9

to be in the trial that starts on July 16, 2007. There is no reason why switching First Funds from one case to the other should permit the *Defendants* to conduct additional discovery.

Lastly, Defendants contend that it would give AdvanceMe an "unfair advantage" if they were not permitted to conduct discovery. This is quite an astonishing contention to make given the recent events in this case. The very reason for the sanctions order was because First Funds received an unfair advantage by improperly withholding discovery. Unlike AdvanceMe, Defendants have already had a full and complete opportunity to complete their discovery. They have had a year to propound whatever discovery was necessary, to notice depositions, and to prepare their case. Defendants' motion does not allege that AdvanceMe has withheld discovery or otherwise prevented Defendants from completing discovery. The only thing that would be "unfair" is if AdvanceMe, having engaged in no misconduct whatsoever, was treated the same for discovery purposes as First Funds.

Further, Defendants' contention of "unfairness" does not satisfy the legal standard they need to meet to obtain two more months of discovery. Defendants do not explain why they could not have completed discovery earlier by exercising reasonable diligence. As the Court has already determined, this showing is a requirement to overcome the deadlines in the Docket Control Order. *See e.g.*, Docket No. 153 at pp. 3-4 (citing Fed. R. Civ. P. 16(b); *S&W Enters., L.L.C., v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Further, Defendants also fail to identify what remaining discovery they need to take, why that discovery could not have been conducted during the fact discovery period, or why an order permitting AdvanceMe to take further discovery in light of First Funds' misconduct should inure to the benefit of Defendants.

In reality, there is little secret in what Defendants are trying to accomplish. Defendants are trying to turn the sanctions order on its head by forcing a general two-month extension of the discovery period, during which time they will try to revise and repair their invalidity contentions, take depositions over again, and otherwise try to rectify any mistakes they may have

committed during discovery over the last year. Indeed, shortly before this opposition was filed (and despite the denial of the Bieler motion), Defendants sent a letter threatening to dramatically change their invalidity contentions and to engage in a large amount of additional discovery. Williams Decl., Exh. 4. Accordingly, Defendants are trying to use First Funds' own misconduct as an excuse for them to redo their own case. Permitting this would only reward First Funds for withholding clearly relevant documents in the first place.

## IV.    CONCLUSION

For the foregoing reasons, AdvanceMe respectfully requests that the Court deny Defendants' Motion.

Date:  July 9, 2007                           Respectfully submitted,

By:    */s/ Shanée Y. Williams*
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Ronald S. Lemieux  (ronlemieux@paulhastings.com)
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Michael N. Edelman (michaeledelman@paulhastings.com)
(CA Bar No. 180948) (Admitted Pro Hac vice)
Vidya R. Bhakar (vidbhakar@paulhastings.com)
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz (robertmatz@paulhastings.com)
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Shanée Y. Williams (shaneewilliams@paulhastings.com)
(CA Bar No. 221310) (Admitting Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  650.320.1800  Facsimile:  650.320.1900

**IRELAND CARROLL & KELLEY**
Otis W. Carroll, Jr. (fedserve@icklaw.com)
LEAD ATTORNEY
State Bar No. 03895700
Deborah J. Race (drace@icklaw.com)
State Bar No. 16448700
6101 S. Broadway, Suite 500
Tyler, TX  75730
Telephone:  903.561.1600  Facsimile:  903.581.1071

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/ Shanée Y. Williams*

LEGAL_US_W # 56608073.1

ADVANCEME'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY DEADLINE AND FOR EXPEDITED CONSIDERATION

8

Case No. 6:06-CV-082 LED -JDL