# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | **CIVIL CASE NO. 6:06-CV-082 LED-JDL** |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| **AMERIMERCHANT, LLC,** | § | |
| Defendant. | § | |

## DECLARATION OF SHANEE Y. WILLIAMS IN SUPPORT OF ADVANCEME INC.'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE AND FOR EXPEDITED CONSIDERATION

I, Shanée Y. Williams, hereby declare as follows:

1.      I am an attorney admitted to practice before this Court *pro hac vice* and am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, attorneys for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-captioned matter. If called upon to testify, I could and would do so competently as to the matters set forth herein.

2.      Since the discovery cutoff date for the AmeriMerchant/First Funds case is July 17, the deadline for the parties to effectively serve any remaining written discovery and to notice depositions seeking a production of documents was June 15, 2007, and the effective deadline for the parties to notice depositions without seeking documents was July 6, 2007. In compliance with these deadlines, AdvanceMe served a set of requests for admission on June 15, 2007, and it served four additional deposition notices on May 30, 2007 (Chase Paymentech and TSYS), June 8, 2007 (Mel Chasen), and June 18, 2007 (David Goldin and AmeriMerchant 30(b)(6)). AmeriMerchant, however, did not propound any written discovery or notice any depositions, and instead just let the deadlines pass.

3.      In addition to propounding discovery, on June 5 and 15 and July 3, 2007, AdvanceMe also sent letters to AmeriMerchant seeking production of additional documents relating to damages issues, and also to confirm that AmeriMerchant had produced all relevant documents (and therefore was not withholding relevant documents as First Funds had done). AmeriMerchant continually attempted to delay adequate responses to these concerns, and as an excuse used the fact that the trial in the RapidPay action was forthcoming. Attached hereto as Exhibit 1 is a true and correct copy of a June 18, 2007 email chain between Joseph Gray, counsel for Defendants, to me; and a July 5, 2007 email from Mr. Gray to James Fazio, counsel

for AdvanceMe, wherein Defendants delay responding to AdvanceMe's discovery concerns in light of the RapidPay trial.

4. On June 18, 2007, before the hearing on AdvanceMe's motion for sanctions against First Funds, AmeriMerchant contacted AdvanceMe to request an extension of the discovery deadline. In response, AdvanceMe explained that a general extension of the deadline made no sense, as there was no basis for AmeriMerchant to receive further discovery having already missed the written discovery deadlines. However, recognizing the burdens imposed by the upcoming trial, AdvanceMe agreed to extend AmeriMerchant's response to the requests for admissions by two weeks, and also agreed that it would postpone conducting the depositions it had noticed until after trial. Further, though AmeriMerchant (unlike AdvanceMe) had failed to notice any depositions, AdvanceMe agreed to consider letting AmeriMerchant belatedly notice a limited number of depositions for after the trial, provided AmeriMerchant identify who the witnesses would be.

5. Ultimately, the parties failed to reach an agreement on this issue before the sanctions hearing because AmeriMerchant took the position that it was entitled to a general extension of discovery for all depositions until September. Attached hereto as Exhibit 2 is a true and correct copy of a June 22, 2007 email chain originating from Matt Rowan, counsel for Defendants, to Deborah Race, counsel for AdvanceMe. Mr. Rowan's email attached a proposed consent motion to extend the deposition deadline. AmeriMerchant took this position even though it had failed to properly notice any depositions at all.

6. AmeriMerchant also represented it would only need a maximum of two depositions. Attached hereto as Exhibit 3 is a true and correct copy of an email chain containing

a June 22, 2007 email from Mr. Gray to Matt Rowan and Deborah Race, wherein AmeriMerchant represented that it would only need a maximum of two depositions.

7. After the sanctions order issued, Defendants again raised their request to extend the discovery deadline. Rather, however, than only asking for a general extension to finish conducting depositions, Defendants now requested a general extension for *all* discovery until September. Defendants stated that this extension was appropriate due to the changed circumstances resulting from the sanctions order. Though once again AdvanceMe offered to permit limited depositions after the trial (even though Defendants still had not noticed any), Defendants refused to accept this offer and instead demanded that they receive a two-month extension for all discovery.

8. Attached hereto as Exhibit 4 is a true and correct copy of the July 5, 2007 letter from Willem Schuurman, counsel for Defendants, to Ronald S. Lemieux, counsel for AdvanceMe.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of July, 2007.

　　　　　　　　　　　　　　　　　　　　　_____/s/ Shanée Y. Williams_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Shanée Y. Williams

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/ Shanée Y. Williams*

LEGAL_US_W # 56608067.1