IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | CASE NO: 6:06-CV-082 (LED)-(JDL) |
| **AMERIMERCHANT, LLC, and** § | |
| **FIRST FUNDS, LLC** § | |
| § | |
| *Defendants.* | |

**REPLY IN SUPPORT OF MOTION TO EXTEND**
**FACT DISCOVERY DEADLINES**

The transfer of First Funds to the *AmeriMerchant* case on June 27, 2007, and the addition of a damages claim against First Funds was based largely upon Plaintiff's representations that First Funds had withheld documents relating to its ACH process, and had therefore concealed from Plaintiff the full scope of First Funds' damages exposure in this case. Defendants pointed out in their briefing: (i) that the First Funds ACH process had been disclosed in documents produced in 2006; (ii) that those documents accurately described the First Funds ACH process; (iii) that those documents contrasted the First Funds ACH process with the First Funds split-funding process; (iv) that those documents identified the merchant processors who performed the split funding process and separately identified the merchant processors involved with the ACH process; and (v) that First Funds had produced detailed spreadsheets in 2006, specifying the full scope of its cash advance program involving both the split-funding process and the ACH process. (*See, e.g.*, Ex. A, E-mail from Krissy Burkey dated August, 24, 2006 and produced

December 19, 2006). Nevertheless, AdvanceMe claimed ignorance of the ACH process, except that it infringes.

Plaintiff's new accusation against First Funds' ACH process has completely altered the landscape of this case and justifies extensive discovery by both Defendants in light of this new theory of infringement.[1] Based on the new theory advanced by Plaintiff in briefing and at the June 27, 2007 hearing, Plaintiff's view of the scope of the '281 patent now goes far beyond all prior infringement allegations. This new theory goes far beyond the methods and systems that were relevant to invalidity and inequitable conduct prior to Plaintiff's expanded contentions. Accordingly, Defendants must be allowed to assess Plaintiff's broadened infringement theory and conduct necessary discovery into systems and methods that were not relevant until two weeks ago.

## I. Plaintiff's New Theory of Infringement

Despite having knowledge of the ACH process since December 2006, Plaintiff made no mention in its Infringement Contentions of any system where the cash advance lender retrieves its own payment to satisfy the merchant's obligation. The '281 Patent, Plaintiff's Infringement Contentions (Final and Preliminary), Plaintiff's expert, and Plaintiff's Summary Judgment briefing in the *Rapidpay* case all took the position that the merchant processor must forward at least a portion of the payment to a computerized payment receiver. Now that Plaintiff has accused a process that does not involve forwarding of payment by a merchant processor, however, Defendants must conduct discovery within this significantly broader scope for purposes of invalidity and inequitable conduct, and beyond this new scope for purposes of non-infringing alternatives. The discovery compelled by this new theory of infringement is of such a

---

[1] The Court's Order, D.E. 151, granted AdvanceMe leave to amend its Infringement Contentions.

magnitude that AdvanceMe's opposition to extending the fact discovery deadline borders on misconduct in its own right.

## II. Non-infringing Alternatives

AmeriMerchant developed its damages position based on Plaintiff's Infringement Contentions which require that the merchant processor forward payment to a computerized payment receiver. One well-known alternative method is the case where the computerized payment receiver is paid directly from the merchant's account. Now that Plaintiff has alleged that forwarding from the merchant processor to the computerized payment receiver is optional, AmeriMerchant must now investigate additional alternatives to ensure that its damages are capped. AdvanceMe has made no effort to explain why AmeriMerchant is not entitled to conduct discovery based on this new theory of infringement, and AmeriMerchant would be significantly disadvantaged—through no fault of its own—by the injection of a new defendant and new infringement theories in its case.

Moreover, First Funds had conducted no discovery into non-infringing alternatives during the *Rapidpay* case because, until June 27, 2007, such systems and methods were not relevant as AdvanceMe had not asserted a damages claim. Plaintiff cannot credibly assert that First Funds had completed its damages discovery during the *Rapidpay* case when damages were not even at issue. The Court did not preclude First Funds from defending itself against this new claim, and three weeks is insufficient to respond to both a claim for damages and a new theory of infringement.

## III. Discovery into New Prior Art

By drastically broadening the claim scope to support its accusation that First Funds' ACH process infringes, Plaintiff has also opened the door to additional prior art. It is axiomatic that as the claim scope gets broadened, more prior art becomes material. Defendants have begun

actively developing evidence of additional prior art relevant only to Plaintiff's expanded infringement theory, but still need additional time to complete such discovery. Based on the *Rapidpay* case, Defendants anticipate responding to allegations that the prior art is incomplete, is not sufficiently corroborated, is not sufficiently disclosed in contemporaneous documentation, or was not widely and publicly known or used. Now that Plaintiff has expanded the scope of the claims, Defendants must naturally expand the scope of their discovery.

Dining à la Card is a classic example of prior art which has become highly material as a results of Plaintiff's new infringement theory.[2] Dining à la Card was a dining program that was in operation years before the critical dates of the '281 patent. In the Dining à la Card program, restaurants received cash advances from Dining á la Card and, in return, agreed to provide food and beverage to Dining à la Card members. Dining à la Card members would pay for their meals at participating restaurants using a Visa or MasterCard credit card that had been registered with Dining à la Card. The participating restaurant's merchant processor would monitor the restaurant's card transactions and inform Dining à la Card of those transactions which involved Dining à la Card members. Dining à la Card would then obtain payment on its cash advance by ACHing money out of the participating restaurant's bank account. Plaintiff's new theory of infringement accuses this well-known process of infringement, and consequently identifies Dining à la Card as anticipatory prior art, which is the highest level of materiality for inequitable conduct.

Plaintiff's accusation of the First Funds ACH process has transformed the Dining à la Card program from a non-infringing alternative into highly material prior art that Defendants must now thoroughly investigate. Plaintiff's attempt to prevent First Funds and AmeriMerchant from conducting any discovery into the operation of this system is extremely disconcerting. It

---

[2] Defendants are currently pursing additional documentary support for the Dining à la Card prior art.

Austin 853002v1                                        4

also magnifies the harm caused by AdvanceMe's decision to withhold all information about dining programs, including Dining à la Card, from the Patent and Trademark Office. The Jury should be given the opportunity to evaluate this highly material prior art—an opportunity that was denied the Patent Examiner. Defendants request time to depose witnesses and issue document requests regarding this now relevant prior art—discovery that has only recently become necessary.

In addition to the Dining à la Card program, there are undoubtedly other variations and forms of ACH processes that now fall squarely under the ambit of Plaintiff's new claim scope. In order to defend themselves against Plaintiff's new contentions, Defendants must conduct discovery into all such ACH processes. Furthermore, Defendants intend to request leave to amend their Invalidity Contentions to include the information developed as part of their investigation into these systems. Defendants wrote to Mr. Lemieux of Plaintiff's counsel on July 5, 2007 asking whether Plaintiff would oppose a Motion for Leave to Amend Defendants' Invalidity Contentions once the new prior art has been developed. (Ex. B, Schuurman Letter to Lemieux.) To date, there has been no response.

### IV. Damages against First Funds

First Funds was not required to defend itself against a damages claim until June 27, 2007. The suggestion by Plaintiff that First Funds "had a full and complete opportunity to complete discovery," even though the *Rapidpay* case did not involve a claim for damages was hopefully made in error because it cannot possibly be accurate. (Pl.'s Opp'n at 5.) Plaintiff has no legitimate basis to assert why First Funds cannot conduct discovery to defend itself against a claim that has been asserted for less than two weeks. There are fifteen (15) *Georgia-Pacific* factors relevant to damages based on a reasonable royalty, and there is no logical reason why First Funds should have conducted any of that discovery during a time when it was not relevant.

*Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers*, 318 F. Supp. 1116, (S.D.N.Y. 1970), *modified,* 446 F.2d 295 (2d Cir. 1971).

## V. Inequitable Conduct Discovery

Plaintiff's new infringement contention will also necessitate additional discovery regarding Defendants' claim for attorney fees. In addition to constituting litigation misconduct, this new theory of infringement changes the scope of material information that was intentionally withheld from the Patent and Trademark Office. Because AdvanceMe never previously asserted that the claim scope was as broad as it now alleges, there was no reason to inquire as to AdvanceMe's knowledge of such systems. However, based on this new theory, not only has the previously identified and withheld information become more relevant, there is simply more relevant information that has been intentionally withheld. Neither First Funds nor AmeriMerchant could be expected to have conducted discovery regarding information that became highly relevant only two weeks ago.

## VI. Conclusion

For all of the reasons discussed, Defendants should be allowed sufficient additional time to conduct the necessary discovery imposed by Plaintiff's new claims. First Funds is not benefiting from the granting of Plaintiff's motion for discovery sanctions as Plaintiff is alleging. Instead, First Funds has been exposed to a belatedly asserted damages claim and drastically amended infringement contentions. Not allowing First Funds an opportunity to defend itself against this new claim and contention goes far beyond the relief that even Plaintiff requested.

AmeriMerchant and First Funds respectfully request a reasonable extension of the close of fact discovery to conduct the additional discovery dictated by Plaintiff's new theories of infringement. With counsel for Defendants occupied by the *Rapidpay* trial, Defendants submit that fairness dictates extending the close of fact discovery until at least September 30, 2007.

July 11, 2007                                    Respectfully submitted,


By: /s/ R. Floyd Walker
    William G. Schuurman (TX State Bar No. 17855200)
    bschuurman@velaw.com
    Brian K. Buss (TX State Bar No. 00798089)
    bbuss@velaw.com
    Joseph D. Gray (TX State Bar No. 24045970)
    jgray@velaw.com
    R. Floyd Walker (TX State Bar No. 24044751)
    fwalker@velaw.com
    Graham E. Sutliff (TX State Bar No. 24046935)
    gsutliff@velaw.com
    VINSON & ELKINS L.L.P.
    2801 Via Fortuna, Suite 100
    Austin, Texas 78746-7568
    Telephone: 512.542.8400
    Facsimile: 512.236.3476

    Hilary L. Preston
    hpreston@velaw.com
    VINSON & ELKINS L.L.P.
    666 Fifth Avenue – 26th Floor
    New York, NY 10103
    Telephone: 212.237.0000
    Facsimile: 212.237.0100

    Douglas R. McSwane, Jr. (TX State Bar No. 13861300)
    J. Matt Rowan (TX State Bar No. 24033137)
    POTTER MINTON
    A Professional Corporation
    110 N. College
    500 Plaza Tower (75702)
    P.O. Box 359
    Tyler, Texas 75710
    Telephone: 903.597.8311
    Facsimile: 903.593.0846
    E-mail: dougmcswane@potterminton.com

    *Counsel for Defendants First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 11th day of July, 2007. Any other counsel of record will be served by first class mail on this same date.

                                                                     */s/* Floyd Walker
                                                                      R. Floyd Walker