IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 6:06-CV-82** |
| § | |
| **AMERIMERCHANT LLC** § | |

## ORDER

Before the Court is Defendants Amerimerchant, LLC and First Funds, LLC's Motion to Extend Fact Discovery Deadline and for Expedited Consideration (Doc. No. 152), Plaintiff AdvanceMe, Inc.'s Opposition to Defendant's Motion to Extend Fact Discovery Deadline and for Expedited Consideration (Doc. No. 155), and Defendants' Reply. Having carefully considered the motion, the Court GRANTS in part and DENIES in part Defendants' motion.

The parties' current deadline for all fact discovery in this matter is presently set for July 17, 2007. The deadline falls in the middle of the dates set for trial in a companion case, *AdvanceMe, Inc. v. RapidPay, LLC, et al.*, Civil Action No. 6:05-cv-424 ("the *RapidPay* case"), of which counsel for both parties are actively involved in.

On July 2, 2007, this Court issued an order in the *RapidPay* case, granting in part Plaintiff AdvanceMe, Inc.'s ("AdvanceMe") motion for sanctions against Defendant First Funds, LLC ("First Funds"). In the order, the Court found that First Funds violated its discovery obligations by failing to produce all relevant documents, as was revealed by the production of third party Northern Leasing after the discovery cutoff date. The Court ordered that, as a sanction for First Funds' misconduct, all claims made by AdvanceMe regarding First Funds were to be severed and added to this case. Also, pursuant to the Court's order, AdvanceMe was granted leave of court to amend its complaint in the above-captioned cause to add a claim for money damages against First Funds. The Court

further granted AdvanceMe leave to obtain additional discovery against First Funds and third parties at the conclusion of the *RapidPay* case. The Court ordered the parties to submit an Amended Docket Control Order assessing deadlines for the additional discovery in the above-captioned cause on or before August 1, 2007.

In the instant motion, First Funds ask the Court to extend the present fact discovery deadline until September 30, 2007, to allow for *all* parties in this case the opportunity to participate in discovery. According to First Funds, "Plaintiff's new accusation against First Funds' ACH process has completely altered the landscape of this case and justifies extensive discovery by both Defendants in light of this new theory of infringement." Defs.' Reply 2.

AdvanceMe strenuously objects to Defendant's motion asking for any additional discovery and argues that First Funds should not be rewarded for its discovery misconduct that caused the sanction in the first place. However, AdvanceMe recognizes the difficulty of completing discovery at the same time that the parties are in trial. To that end, AdvanceMe proposes a two-week extension for First Funds to respond to outstanding requests for admissions, postpone depositions it had previously noticed until after the trial, and postpone any other specifically identified depositions that Defendants wish to take before the discovery deadline.

In its Memorandum Opinion and Order dated July 2, 2007, the Court expressly found that "First Funds was put on notice that AdvanceMe was accusing 'all systems and methods used in connection with First Funds' cash advance program.'" The Court admonishes First Funds for characterizing the Court's decision in a patently erroneous manner. Nevertheless, the Court also noted in its order, "By employing this sanction, the Court is not precluding First Funds from presenting any of its defenses or evidence in the *Amerimerchant* case." In the interest of fairness,

the Court will allow a limited period of discovery that extends beyond the time of the *RapidPay* trial for AdvanceMe and First Funds to address issues added to the *Amerimerchant* case pursuant to the Court's July 2, 2007 order.

Accordingly, the Court **GRANTS** First Funds' motion in part and extends the fact discovery deadline until **August 24, 2007**. However, there will be no further extensions of the discovery deadline absent extraordinary circumstances.

**So ORDERED and SIGNED this 16th day of July, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE