IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | CASE NO: 6:06-CV-082 (LED)-(JDL) |
| AMERIMERCHANT, LLC, § | |
| § | |
| *Defendant.*[1] § | |

**AMERIMERCHANT'S MOTION FOR RECONSIDERATION
UNDER FRCP 59(E) AND 72(A) OF AMERIMERCHANT'S
<u>MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS</u>**

As a result of Plaintiff's baseless speculation, improperly presented as fact, the Court has issued an order, D.E. 153, containing numerous factual errors resulting in the improper denial of AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions, D.E. 133. Accordingly, under Federal Rules of Civil Procedure 59(e) and 72(a), and under 28 U.S.C. § 636(b)(1)(B), AmeriMerchant respectfully requests that District Judge Davis and Magistrate Judge Love reconsider the Court's Order with respect to AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions, D.E.153.

<u>Introduction</u>

The Court's Order is substantially based on Plaintiff's assertions in opposition to AmeriMerchant's motion, and, as a result, the Court's Order is not based on the clearly established facts as shown in the record. The most significant factual error is that the Court erroneously found that AmeriMerchant learned of Bieler's role in the Litle & Co. prior art in

---

[1] Although the style of the case has changed by Court Order, D.E. 151, the above caption is accurate as of the time the underlying motion, D.E. 133, was filed.

Austin852217v1                                     1

October of 2006, when all evidence in the record establishes that AmeriMerchant did not learn of this fact until April 27, 2007—over six months later. In opposition to AmeriMerchant's evidence, Plaintiff submitted only speculation. The Court's reliance on Plaintiff's speculation is clearly erroneous. Furthermore, the Court's Order refers to admissions made by AmeriMerchant during the June 27, 2007 hearing, but AmeriMerchant must respectfully object because no such admission occurred. "In about October last year we were referred to a Website by Bieler Marketing Associates and we looked at that Website and we noticed that what is important about that Website is that it says nothing at all about Litle and Company." (June 27, 2007 Hearing Tr. 70:14-18.)

The Court's Order is based on at least four clearly erroneous findings of facts that, if corrected, AmeriMerchant respectfully submits would result in the granting of AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions. AmeriMerchant respectfully requests that the Court reconsider AmeriMerchant's Motion and find as follows:

(1) AmeriMerchant became aware of the relationship between Bieler Marketing Associates and Litle & Co. on April 27, 2007 and not October of 2006 as stated in the Court's Order.

(2) AmeriMerchant's Invalidity Contentions specifically mention that numerous merchant creditors were paid using the Litle & Co. system and not just Hanover Finance.

(3) Plaintiff became aware of Bieler Marketing Associates no later than March 30, 2007—one month earlier than April 30, 2007 as stated in the Court's Order.

(4) Plaintiff could have conducted discovery into Bieler Marketing Associates during the three and a half months between the time it learned of Bieler Marketing Associates and the close of fact discovery.

The record clearly establishes the fact that AmeriMerchant was not aware of Bieler Marketing Associates' connection to Litle & Co. until April 27, 2007. (6:05-CV-424, Ex. B to D.E. 253, Walker Decl. ¶ 6; June 27, 2007 Hearing Tr. 70:14-18.) AmeriMerchant has never stated otherwise, including at the motion hearing. (June 27, 2007 Hearing Tr. 70:14-18.) The

Austin852217v1                    2

fact that AmeriMerchant diligently sought out information related to Bieler Marketing Associates is abundantly clear from the transcript of the June 27, 2007 hearing. (*Id.*) Because the Court's finding regarding time of discovery was off by over six months, the Court's Order based on that finding should be reconsidered. The Court improperly concluded that AmeriMerchant failed to identify Bieler Marketing Associates, but the truth as shown on the record is that AmeriMerchant was completely unaware of the relevance of Bieler Marketing Associates to Litle & Co. until April 27, 2007—still over two and a half months before the close of fact discovery.

Background

As this type of motion is highly factual in nature, a number of misstated facts must be addressed from the background section of the Court's Order. (Order, at 1.) As an initial matter, both the Plaintiff and the Court adopted the position that AmeriMerchant never amended its Invalidity Contentions pursuant to the Court's October 4, 2006 Order. (*Id.*) As Plaintiff is undoubtedly aware, the Amended Infringement Contentions relating to the October 4, 2006 Order were served on Plaintiff in August of 2006. Plaintiff cannot legitimately claim that it needed to be served an additional time a document that was already clearly in its possession. The changes with respect to the December Order had been served on Plaintiff before the motion was filed in the futile hope that motion practice could be avoided. There can be no dispute on this issue, and this is merely the first of many misstatements by Plaintiff that the Court improperly relied on in denying AmeriMerchant's motion.

Similarly, the Court improperly accepted Plaintiff's statement that the first mention of Bieler Marketing Associates was on April 30, 2007. (Order, at 3.) Plaintiff was served a copy of the subpoena to Bieler Marketing Associates on March 30, 2007 with Bieler Marketing

Austin852217v1  3

Associates clearly identified on the first page of that subpoena. (June 27, 2007 Hearing Transcript 72:4-10 ("So we subpoenaed him on March 30… Of course, a copy of that subpoena was sent to Plaintiff. They knew what was – they could have looked up Websites just like we did but I don't believe they did that."); s*ee* Ex. A to D.E. 133, Subpoena to Bieler Marketing Associates.)  Furthermore, despite the lack of standing, Plaintiff chose to serve an objection to that subpoena which demonstrates that Plaintiff clearly read that subpoena and understood what types of documents AmeriMerchant was seeking.

> 2. Any communications, papers, or publications relating to the payment of obligations out of card receivables, wherein either the communications, papers, or publications were in existence prior to July 9, 1997, or the contents of the communications, papers, or publications concern events, knowledge or acts that took place or was obtained prior to July 9, 1997.
>
> 3. Any agreements or contracts concerning obligations or debts incurred pursuant to an agreement providing that the debt or obligation will be paid out of credit card receivables, wherein the agreement or contract was entered into prior to July 9, 1997.

(*Id*. at 4 (list of documents requested by subpoena))  Nevertheless, armed with the knowledge that AmeriMerchant was seeking prior art documents, Plaintiff failed to conduct any discovery regarding Bieler Marketing Associates. (*See id.*)  In fact, Plaintiff did nothing for a month longer than what is reflected in the background section of the Court's Order.  (Order, at 3.)

Furthermore, Plaintiff asserts, which the Court adopts, that there was no mention of third parties other than Hanover Finance during in the summary judgment briefing in the *Rapidpay* case. (Order, at 2.)  In fact, the opening brief states that "Litle & Co. and/or another merchant creditor (*e.g.,* Hanover Finance) then received and applied the forwarded payments to reduce the obligation that it was owed by the merchant." (6:05-CV-424, D.E. 215, at 19) (emphasis added). The *Rapidpay* Defendants never purported that Hanover Finance was the *only* party that was repaid by the Litle & Co. system because that was not true, as Plaintiff was undoubtedly aware.

The decision to focus on certain instances is not a denial that the other merchant creditors existed. Hanover Finance was never identified as anything more than just an example of a merchant creditor. (*See, e.g., id.*)

The assertion by Plaintiff and the Court that AmeriMerchant's Invalidity Contentions excluded parties like Bieler Marketing Associates is also incorrect. (Order, at 3.) The Litle & Co. section of AmeriMerchant's Invalidity Contentions clearly states, "The Litle Processing Entity … forwarded at least a portion of the payment to computerized payment receivers including: Litle & Co., merchant creditors, fulfillment companies, and vendors." (Ex. 6 to Ex. A of D.E. 133, "Litle & Co. Invalidity Claim Chart" at 3.) AmeriMerchant has never contended that Hanover Finance was the only party that was repaid using the Litle & Co. system and method, and has always stated that numerous merchant creditors were involved. (*See, e.g.*, 6:05-CV-424, May 22, 2007 Hearing Tr. 16:9-11 (Mr. Gray discussing the Hanover Finance program, "The only difference is that Litle would pay a variety of creditors on behalf of merchants pursuant to the claims.")).

Lastly with respect to the Background section, the Court has improperly characterized the relief sought by AmeriMerchant in its motion, D.E. 133. (Order, at 3.) AmeriMerchant only sought leave to include in its Invalidity Contentions two quoted paragraphs from the subpoenaed documents as identified on page 3 of its brief. (D.E. 133, at 3). Leave to amend is the single issue that AmeriMerchant raised in its motion, and thus it is the only issue that is asked to be reconsidered by this motion. AmeriMerchant has not yet served a trial witness list and did not request leave to use the documents produced by Bieler Marketing Associates or *any* documents at trial in this case. AmeriMerchant merely sought clarification that all discovery regarding Invalidity Contentions need not be completed prior to the filing of Invalidity Contentions.

Therefore, any adjudication of any other issues as implied by the Court's Order is premature at this stage in the litigation.

### AmeriMerchant's Invalidity Contentions Disclosed that Various Merchant Creditors were Paid by the Litle & Co. System

The Court's analysis began with the governing Local Rule, namely P. R. 3-3(b) which states in part:

> Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, **and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.**

(Order at 4-5) (emphasis in original). However, the Court does not acknowledge the fact that the '281 patent only tangentially involves Bieler Marketing Associates, and thus Bieler Marketing Associates does not fit into any of the categories required by P. R. 3-3(b) for § 102(b) prior art. (*Id.* at 5.) The '281 patent contains method claims that require action by up to three parties and system claims that require action by only two parties. '281 Patent, 7:19:8-52. Therefore, it is unclear how or why the rules require identification of ancillary parties that have no actions to perform.

In its Invalidity Contentions, AmeriMerchant clearly stated, "The Litle Processing Entity … forwarded at least a portion of the payment to computerized payment receivers including: Litle & Co., merchant creditors, fulfillment companies, and vendors." (Ex. 6 to Ex. A to D.E. 133, "Litle & Co. Invalidity Claim Chart.") Contrary to the Court's Order on page 5, and Plaintiff's argument, AmeriMerchant went beyond suggesting that Litle & Co. paid companies like Bieler Marketing Associates—it was unequivocally stated as a fact. (*Id.*) Plaintiff could not reasonably believe that AmeriMerchant was excluding any merchant creditor or vendor from the

Litle & Co. prior art. Plaintiff's statements to the contrary are false, and the Court's reliance on those statements is clearly erroneous.

It is a crucial fact that AmeriMerchant did not know about the connection between Bieler Marketing Associates and Litle & Co when it served any of its Invalidity Contentions. Plaintiff's speculation cannot counter the facts as supported by evidence. Additionally, the Court's Order is incorrect where it states that, "Defendant[] acknowledged to the Court at a hearing on June 27, 2007, that its first knowledge of Bieler's potential involvement with Litle prior art was in October of 2006." (Order, at 5.) AmeriMerchant respectfully submits that the Court is mistaken, as the transcript accurately reflects. (June 27, 2007 Hearing Transcript ("Your Honor, what I indicated is that we found the Website sometime in October.")) Moreover, AmeriMerchant refers the Court to the Declaration of Mr. Walker which explains that, "The first time counsel for Defendants became aware of the fact that Bieler Marketing Associates used the services of Litle & Co. to receive payment out of card transactions was on Friday, April 27, 2007." (6:05-CV-424, Ex. B to D.E. 253, Walker Decl. ¶ 6; *see also* D.E. 133, at 4 ("In fact, AmeriMerchant was unaware of Bieler Marketing Associates relationship with Litle & Co. until April 27, 2007, when the documents were received.")) There are no contrary facts in the record.

Instead of evidence, Plaintiff submitted its own speculation that AmeriMerchant should have known sooner that Litle & Co forwarded payment to Bieler Marketing Associates just as it did with other merchant creditors. (*See* D.E. 140) However, all evidence in the record shows that AmeriMerchant had no idea of Bieler Marketing Associates' involvement with Litle & Co. If AmeriMerchant had known about the relationship between Bieler Marketing Associates and Litle & Co., then, as an initial matter, the document requests in the subpoena would have specifically related to Litle & Co. (*See* Ex. A to Walker Decl. ISO D.E. 133, Subpoena to Bieler

Marketing Associates, at 4; *see also, supra*, p. 4) Moreover, there is no reason why AmeriMerchant would not have asked Tim Litle and Larry Bouchard specifically about Bieler Marketing Associates at their depositions. As evidenced by the amendment that AmeriMerchant sought to introduce, Bieler Marketing Associates could have easily been included in its Invalidity Contentions by adding a few lines. (D.E. 133, at 3.) First and foremost, however, if AmeriMerchant had any inkling about the relationship between Litle & Co. and Bieler Marketing Associates, Plaintiff would have been promptly notified. The record clearly shows that Plaintiff was notified the very next business day after AmeriMerchant discovered the existence of this relationship. (6:05-CV-424, Ex. B to D.E. 253, Walker Decl. ¶ 6.) There is no reason to believe that AmeriMerchant would have acted any differently had it known sooner, which as the record shows, it clearly did not. Because of the severity of this error and the importance of this fact, AmeriMerchant respectfully asks that the Court reconsider this finding in light of the uncontroverted evidence of its falsity.

Plaintiff could not identify any reason why Defendants would have withheld information about Bieler Marketing Associates. What motive could Defendants possibly have had (a) not to have Litle & Bouchard testify about a specific additional merchant creditor; (b) not to have subpoenaed Bieler earlier if Defendants actually knew enough to issue a subpoena; (c) not to have included a few additional words about Bieler in its Amended Invalidity Contentions related to the December Order; and (d) not to have included Bieler Marketing Associates in its Final Invalidity Contentions served in February, 2007. AmeriMerchant could not have withheld information that it did not have, and thus the Court's reliance of Plaintiff's assertions was in error.

The passage identified by the Court regarding Invalidity Contentions begins with the phrase, "Prior art under 35 U.S.C. § 102(b) shall," therefore the requirements under 35 U.S.C. § 102(a) are unchanged. (Order at 4-5 (citing P. R. 3-3(b).) With respect to P. R. 3-3(b), Litle & Co. has always been identified as the user of the Litle & Co. system, and is the reason why the system is called the "Litle & Co. system." (*See e.g.*, Ex. 6 to Ex. A to D.E. 133, "Litle & Co. Invalidity Claim Chart.") As explained in the briefing and at the hearing, Bieler Marketing Associates is another party paid by the Litle & Co. system, but the user is the same, and in fact for Claim 10, there is no role for Bieler Marketing Associates at all.

The Court's reliance on Plaintiff's baseless speculation, in contrast to the *only* evidence of the relevant facts, is clearly erroneous. Plaintiff should not be allowed to benefit from its mischaracterization of the facts of this case. Therefore, AmeriMerchant respectfully request reconsideration of the Court's Order on its motion in light of its clearly erroneous factual findings.

**AmeriMerchant has also Shown Good Cause
to Grant Leave to Amend**

<u>Diligence</u>

At the hearing, AmeriMerchant stated that it became aware of the bare existence of Bieler Marketing Associates in October of 2006. However, the bare existence of Bieler Marketing Associates is not sufficient to identify Bieler Marketing Associates as relevant prior art. The website makes no mention of when Bieler Marketing Associates began to receive payments out of card receipts, nor does it make any mention of Litle & Co. (*See* 6:05-CV-424, Ex. H to D.E. 253.) We now understand that Bieler Marketing Associates constitutes prior art, but it was also possible that it first began to receive payments out of card receipts after the '281 patent's parent was filed. Without knowing whether or not Bieler Marketing Associates was prior art,

AmeriMerchant could not have reasonably issued a subpoena. As such, AmeriMerchant could not have possibly included Bieler Marketing Associates in its Final Invalidity Contentions, served February 12, 2007.

In addition to not knowing whether or not Bieler Marketing Associates operated as described on its webpage prior to July 9, 1997 for § 102(a) or prior to July 9, 1996 for § 102(b), AmeriMerchant did not know whether or not Bieler Marketing Associates had any documents reflecting its activities during that time. Because the '281 patent issued over 8 years after its parent application was filed, Defendants are required to look for documents that were created almost 10 years ago. Unsurprisingly, 10-year-old documents are not easy to locate, especially with respect to a business method involving three parties. In fact, some document retention policies actively destroy documents in as little as six months, making it nearly impossible to obtain relevant evidence. In the *Rapidpay* Case, for example, the oldest internal documents relating to Plaintiff's business were obtained from third parties as opposed to Plaintiff's own retained documents. For at least those reasons, it would be inappropriate to issue subpoenas for 10-year-old documents without any reasonable belief that the documents exist. As shown in the record and explained at the hearing, AmeriMerchant only obtained sufficient information to issue a subpoena in late March, which is exactly when the subpoena issued. (*See* Ex. A to Walker Decl. ISO D.E. 133.) Without that critical information, Federal Rule of Civil Procedure 45(c)(1) would not have allowed AmeriMerchant to issue a subpoena.

AmeriMerchant did not fail to disclose Bieler Marketing Associates in its Final Invalidity Contentions as stated by the Court, and there was no "seven month lull." (Order at 6.) As AmeriMerchant had previously demonstrated, the actual delay between discovery of the relevance to Litle & Co. of Bieler Marketing Associates and notification to Plaintiff was three

days (one day if weekends are excluded) (6:05-CV-424, D.E. 253, Walker Decl. ¶ 6; Ex. E to Walker Decl. ISO D.E. 133, Gray Letter to Lemieux.) AmeriMerchant respectfully submits that if the Court were to correct its finding with respect to this issue, it would also find that AmeriMerchant was diligent in seeking the Bieler Documents.

Importance

AmeriMerchant does not dispute the Court's finding that, "The relative importance of the Bieler documents weighs in favor of AmeriMerchant's Motion to Amend [its] Invalidity Contentions." (Order at 8.) However, there is no evidence that Plaintiff was not able to adequately investigate Bieler Marketing Associates during fact discovery. Plaintiff was aware of the existence of Bieler Marketing Associates no later than March 30, 2007, when the subpoena was served on Bieler Marketing Associates and the Plaintiff. (6:05-CV-424, Ex. B to D.E. 253, Walker Decl. ¶ 4.) In any case, Plaintiff admits awareness of the association between Bieler Marketing Associates and Litle & Co. no later than April 30, 2007. Therefore, by Plaintiff's own admission, it had over two and a half months to conduct discovery into Bieler Marketing Associates. AmeriMerchant maintains that this would consist solely of a deposition of Peter Bieler, founder of Bieler Marketing Associates. (6:05:-CV-424, D.E. 253, at 8.) AmeriMerchant proposed that Plaintiff depose Peter Bieler over two months ago, and Plaintiff has still failed to act in that regard. (Ex. C to D.E. 133, Letter from Gray to Lemieux; Ex. D to D.E. 133, Letter from Edelman to Gray.)

Prejudice

The Court has made no factual findings directly addressing Plaintiff's claims that it would need substantial discovery regarding the Bieler Marketing Associates documents. Claims 10-19 of the '281 patent only require action by two parties, neither of which is alleged to be

Austin852217v1                                11

Bieler Marketing Associates. The only modification to the Litle System, if it qualifies as such, is the identification of a different account number as the destination of the forwarded money. (See, e.g., Ex. 6 to Ex. A to D.E. 133, "Litle & Co. Invalidity Claim Chart.") AmeriMerchant has always contended that Litle & Co. paid numerous merchant creditors, and adding the clause, "such as Bieler Marketing Associates," is not a new theory of invalidity any more than each individual card transaction constitutes a new theory. *Id.* Claims 10-19 do not require any action on the part of a "third party" because, unlike Claims 1-9, Claim 10 is complete as soon as payment is forwarded. '281 Patent, 8:7-52. Bieler Marketing Associates provides additional evidence that Litle & Co. **used** the system that has already been identified in AmeriMerchant's Invalidity Contentions.

With respect to Claims 1-9, the only additional steps required are that the forwarded money is received and applied.[2] *Id.* 7:19-8:6. It should not be surprising to Plaintiff or this Court that lenders apply payments to outstanding obligations after receiving the payments. Nevertheless, to avoid any argument to the contrary, AmeriMerchant specifically stated that merchant creditors perform this function after receiving payment from the Litle Processing Entity. (Ex. 6 to Ex. A to D.E. 133, "Litle & Co. Invalidity Claim Chart.") "Each of the computerized payment receivers identified above received the portion of the payment forward by the Litle Processing Entity and applied that portion to the outstanding obligation made by the merchant to reduce such obligation." (*Id.* at 5.) Therefore, Plaintiff cannot legitimately claim prejudice or surprise on this issue, and the inclusion of Bieler Marketing Associates does not constitute a new theory with respect to Claims 1-9 as well.

In light of the above facts, AmeriMerchant respectfully asks that the Court reconsider its findings with respect to prejudice to Plaintiff in light of the corrected facts.

---

[2] Claims 1-9 also do not require a "third party," but this distinction is not relevant to Bieler Marketing Associates.

## Conclusion

The Court's Order is based on statements by Plaintiff that have no factual support and an apparent misunderstanding of crucial relevant facts. AmeriMerchant learned that Bieler Marketing Associates was relevant to the Litle & Co. prior art on April 27, 2007 and not a day before. The Court's finding that this was known in October of 2006, as speculated by Plaintiff, should be reconsidered. AmeriMerchant respectfully submits that based on the clearly established facts that this Court should reconsider its Order, D.E. 153, and grant D.E. 133, AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions.

July 16, 2007                                             Respectfully submitted,

By: _____
William G. Schuurman (TX State Bar No. 17855200)
bschuurman@velaw.com
Brian K. Buss (TX State Bar No. 00798089)
bbuss@velaw.com
Joseph D. Gray (TX State Bar No. 24045970)
jgray@velaw.com
R. Floyd Walker (TX State Bar No. 24044751)
fwalker@velaw.com
Graham E. Sutliff (TX State Bar No. 24046935)
gsutliff@velaw.com
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Telephone: 512.542.8400
Facsimile: 512.236.3476

Hilary L. Preston
hpreston@velaw.com
VINSON & ELKINS L.L.P.
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100

Douglas R. McSwane, Jr. (TX State Bar No. 13861300)
J. Matt Rowan (TX State Bar No. 24033137)
POTTER MINTON
A Professional Corporation
110 N. College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846
E-mail: dougmcswane@potterminton.com

*Counsel for Defendants First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC*

Austin852217v1                    14

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of July, 2007. Any other counsel of record will be served by first class mail on this same date.

*/s/* Floyd Walker
R. Floyd Walker

**CERTIFICATE OF CONFERENCE**

The relief sought by this motion has been opposed by Plaintiff as evidenced by its opposition to D.E. 133 in briefings and at the June 27, 2007 motion hearing. As of the time of the filing of this motion, Counsel for Defendants have no reason to believe that Plaintiff will consent to the relief sought by this motion.

*/s/* Floyd Walker
R. Floyd Walker
