UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC., <br> Plaintiff, <br> v. <br> AMERIMERCHANT, LLC, <br> Defendant. | § § § § § § § § § | CIVIL CASE NO. 6:06-CV-082 LED-JDL |

DECLARATION OF SHANÉE Y. WILLIAMS IN SUPPORT OF PLAINTIFF
ADVANCEME, INC.'S OPPOSITION TO AMERIMERCHANT'S
MOTION FOR RECONSIDERATION

I, Shanée Y. Williams, hereby declare as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice* and am an associate with the law firm Paul, Hastings, Janofsky & Walker LLP, attorneys for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-captioned matter. If called upon to testify, I could and would do so competently as to the matters set forth herein.

2. Attached hereto as Exhibit 1 is a true and correct copy of an excerpt from the transcript of the hearing in this case before Magistrate Judge John D. Love on June 27, 2007.

3. Between now and August 24, AdvanceMe will need to devote its time and attention to a significant amount of follow-up discovery arising out of the sanctions order issued against defendant First Funds. [D.E. 151] To this end, AdvanceMe has already noticed the depositions of 11 different third-party entities, and anticipates the need to notice further depositions and subpoenas within the next few weeks. Due to this large volume of upcoming discovery the parties have agreed in principle that they will be permitted until September to complete depositions noticed before the cutoff date.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 30th day of July, 2007, at Palo Alto, California.

                                                        /s/ Shanée Y. Williams
                                                         Shanée Y. Williams

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: _____/s/ Shanée Y. Williams_____
Shanée Y. Williams

LEGAL_US_W # 56755858.1

EXHIBIT 1
TO THE DECLARATION OF
SHANÉE Y. WILIIAMS
IN SUPPORT OF PLAINTIFF ADVANCEME,
INC.'S OPPOSITION TO AMERIMERCHANT'S
MOTION FOR RECONSIDERATION

```
                                                                    1
 1                   UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TEXAS
 2                          TYLER DIVISION

 3
     ADVANCEME                   :       DOCKET NO. 6:05CV424
 4                               :
     VS.                         :       TYLER, TEXAS
 5                               :       June 27, 2007
     RAPID PAY                   :       9:05 A.M.
 6

 7
                           MOTIONS HEARING
 8              BEFORE THE HONORABLE JOHN D. LOVE,
                 UNITED STATES MAGISTRATE JUDGE
 9
     APPEARANCES:
10
     FOR THE PLAINTIFF:          MR. RONALD LEMIEUX
11                               MR. MIKE EDELMAN
                                 MR. ROBERT MATZ
12                               PAUL HASTINGS JANOFSKY &
                                 WALKER
13                               FIVE PALO ALTO SQUARE
                                 SIXTH FLOOR
14                               PALO ALTO, CALIFORNIA  94306

15                               MR. OTIS CARROLL
                                 MS. DEBORAH RACE
16                               IRELAND, CARROLL & KELLEY
                                 P.O. BOX 7879
17                               TYLER, TEXAS  75711

18

19   FOR THE DEFENDANT:          MR. BILL SCHUURMAN
                                 MR. JOSEPH GRAY
20                               VINSON & ELKINS
                                 2801 VIA FORTUNA, SUITE 100
21                               AUSTIN, TEXAS  78746

22                               MR. MATT ROWAN
                                 POTTER MINTON
23                               P.O. BOX 359
                                 TYLER, TEXAS  75710
24

25
```

```
                                                                    2
 1   COURT REPORTER:            MS. JAN MASON
                                CERTIFIED SHORTHAND REPORTER
 2                              221 W. FERGUSON #100
                                TYLER, TEXAS  75702
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
     PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
25
```

```
                                                                    70
 1        But that's the Court's ruling on those motions.  The
 2   additional relief requested is denied.
 3        All right.  Let's move on then to Docket Number 130 or
 4   264, I guess.  Let me hear from the Defendant on that
 5   motion.
 6             MR. SCHUURMAN:  Your Honor, part of the problem
 7   we have in this case is we haven't been able to find prior art
 8   in the form of articles, publications, et cetera, except a
 9   limited amount.  And the Defendants have spent a lot of time
10   trying to find out evidence of public use, commercial use of
11   these prior art systems, and we have found quite a lot of it,
12   and as Your Honor knows, the Litle prior art, the Clever Ideas
13   prior art and other prior art that we have already dealt with.
14        In about October last year we were referred to a
15   Website by Bieler Marketing Associates and we looked at that
16   Website and we noticed that what is important about that
17   Website is that it says nothing at all about Litle and
18   Company.  It says that it was established in 1996.  It
19   doesn't say when it started operating.  Was it before July,
20   1996, which is relevant to 102(b), or was it before July,
21   1997, which is relevant to 102(a).
22        And we tried to contact Mr. Bieler several times.  He
23   eventually responded by getting an attorney to contact me,
24   and this attorney left me a voice mail.  I believe it was in
25   late November.  I'm not absolutely certain about that date.
```

71

1  I called that attorney about four or five times in
2  December and in January.  He never responded.  I left him a
3  voice mail every time.  Then finally on January 25 a
4  different attorney called David Able called me and he said
5  he had been told that -- he had replaced that other attorney
6  and that what did I want.
7  I then explained to him what the situation was.  I
8  explained the lawsuit to him and I asked him -- I told him
9  that we were looking for prior public use, prior commercial
10 use of these prior art cash advance systems, and I said that
11 I would like him to find out whether Bieler had started
12 before July, 1997 or before July, 1996.  I wanted to know
13 what he had actually been doing, and more importantly, did
14 he have any documents for that pre-July, 1997 time period.
15 He said to me that Mr. Bieler was very involved and
16 very busy and he didn't know when he would get time to look
17 into it.  I pointed out that we had the close of discovery
18 coming up.
19 I called him several times and each time I spoke to him
20 he said they're still looking, they're still looking, he
21 can't promise me anything soon.
22 Then I called him again and I said we've got the close
23 of discovery on the 2nd of March in the Rapid Pay case.  He
24 said I'm doing my best, I can't help you.
25 Then in late March he called me and he said that -- he

72

1  gave me the answers.  He said that Bieler had started before
2  1997 and that he had found some documents from that time
3  period.
4      So I said can I have them right away and he said you're
5  going to have to send me a subpoena.  So we subpoenaed him
6  on March 30, and as Your Honor knows, the discovery closed
7  in the Rapid Pay case on March 2nd.
8      Of course, a copy of that subpoena was sent to
9  Plaintiff.  They knew what was -- they could have looked up
10 Websites just like we did but I don't believe they did that.
11     So anyway, in response to that subpoena, the documents
12 were produced on April 27.  They were supposed to be
13 produced by April 14.  We never got them.  We got them on
14 April 27, and Plaintiff got them at the same time.
15     Now, out of those documents produced by Bieler, there
16 are some of those documents that show that Bieler was in
17 fact a third party who was providing cash advances to
18 merchants and was relying on Litle and Company as the
19 processing entity for those transactions.  As Your Honor
20 knows, we have dealt very fully with Litle and Company.
21     Now, Plaintiff says without any basis, of course, that
22 Defendants knew about Bieler beforehand because they have
23 been talking to Litle before and his deposition was in
24 September, '06.
25     Now, Your Honor, if we had known about Bieler, we would

105

1   MR. SCHUURMAN: Your Honor, we would have to discuss
2   it with our client too, of course.
3   THE COURT: Well, y'all do that, discuss it with your
4   clients and see where they stand. Again, I'm only asking that
5   because those are the kinds of questions you're going to get
6   from Judge Davis on July 16th when you're in front of him for a
7   bench trial, so just be prepared for that. Good explanations
8   for why he's trying the case.
9   Okay. I believe that takes care of everything for now.
10  Anything further from the Plaintiff?
11  MR. LEMIEUX: Nothing, Your Honor.
12  THE COURT: Anything further from the Defendants?
13  MR. SCHUURMAN: Nothing. Thank you, Your Honor.
14  THE COURT: Thank you. We are adjourned.
15
16
17
18
19  I certify that the foregoing is a correct transcript from
20  the record of proceedings in the above-entitled matter.
21
22  _____        _____
    Jan Mason                              Date
23
24
25