**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADVANCEME, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO: 6:06-CV-082 (LED)-(JDL)** |
| **AMERIMERHCANT, LLC,** | § | |
| **FIRST FUNDS, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

**AMERIMERCHANT'S REPLY IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION UNDER FRCP 59(E) AND 72(A) OF AMERIMERCHANT'S
MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**

Dockets.Justia.com

In its Motion for Reconsideration, AmeriMerchant explained that the factual underpinnings of the Court's Order, D.E. 153, regarding AmeriMerchant's Motion for Leave are in error. The issues before the Court are twofold: (1) whether the Court's factual findings based on Plaintiff's attorney argument are clearly erroneous; and (2) whether, in light of the established timeline of relevant events, its repeated attempts to discover whether Bieler Marketing Associates ("Bieler") operated prior to 1997, and thus whether it should be burdened with a subpoena, constitute reasonable diligence. AmeriMerchant respectfully submits that when the proper timeline is considered, the record demonstrates that it acted reasonably and diligently and has shown good cause to amend its invalidity contentions to identify Bieler as one of the "merchant creditors" referred to in its existing invalidity contentions.

AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions was originally filed out of an abundance of caution simply to confirm that its existing invalidity contentions included Bieler as one of the many "merchant creditors" repaid using the Litle & Co. system. *See* D.E. 133 at 1-2; Ex. 6 to Ex. A of D.E. 133, Litle & Co. Invalidity Claim Chart at 3 ("The Litle Processing Entity . . . forwarded at least a portion of the payment to computerized payment receivers including: Litle & Co., merchant creditors, fulfillment companies, and vendors."), 5 ("Each of the computerized payment receivers identified above received the portion of the payment forwarded by the Litle Processing Entity and applied that portion to the outstanding obligation made by the merchant to reduce such obligation."). Because AmeriMerchant's existing invalidity contentions are sufficient to put Plaintiff on notice of the Litle & Co. prior art, Plaintiff cannot legitimately claim that it is prejudiced by the introduction of the Bieler documents or testimony related to Bieler.

Given that Plaintiff's primary argument regarding the Litle & Co. prior art at the

1

*Rapidpay* trial was that the testimony was insufficiently corroborated, the nearly 200 pages of additional contemporaneous documentation regarding the Litle & Co. prior art are potentially critical to Defendants' case.  Moreover, because Plaintiff continues to argue, inexplicably, that neither the Litle & Co. postage advance program nor the Litle & Co. Hanover Finance program involved a merchant processor's forwarding payment to a third party, the Litle & Co. merchant processor's forwarding payment directly to Bieler in partial satisfaction of a merchant's obligation is similarly potentially critical.

Even if an amendment is necessary, Plaintiff's Response to AmeriMerchant's Motion does not provide any evidence contradicting the timeline of relevant events set forth in AmeriMerhcant's Motion.  Rather, Plaintiff accuses Defendant of "concealing" the timeline. This is simply untrue, and the established timeline demonstrates AmeriMerchant's diligence in obtaining the Bieler documents.

## TIMELINE OF RELEVANT EVENTS[1]

October 2006:  AmeriMerchant refers its counsel to the Bieler website, which describes a method of repayment that AdvanceMe claims to have invented in 1997.  From the Bieler website and subsequent internet searches, Defendants were unable to determine anything about how Bieler operated, or when it began operating.  Ex. 1, June 27, 2007 Hearing Tr. at 70:14-21.

November and December of 2006:  Defendants attempt to contact Mr. Bieler directly, but are referred to Bieler's attorney, Alan Gabriel.  Mr. Schuurman unsuccessfully attempts to contact Mr. Gabriel several times, and leaves voicemail messages that are never returned.  *Id.* at 70:22-71:3.

End of January 2007:  Mr. Schuurman finally receives a telephone call from David Abel,

---

[1] This timeline of relevant events was established from D.E. 133; D.E. 148; D.E. 264, 293 of 6:05-CV-424; and representations made by Mr. Schuurman at the June 27, 2007 Motions Hearing.

esq.—in response to Mr. Schuurman's several voicemail messages to Mr. Gabriel—who states that he now represents Bieler. This is the first conversation Defendants ever have with either Bieler or Bieler's attorneys. Mr. Schuurman informs him that Defendants are searching for companies that utilized the claimed method of repayment prior to 1997. Mr. Abel states that he will confer with his client and respond to Mr. Schuurman once he learns whether Bieler operated prior to 1997. *Id.* at 71:3-18.

February of 2007: Mr. Schuurman contacts Mr. Abel several times to determine whether Bieler operated before 1997 and whether he is in possession of any contemporaneous documentation. Mr. Abel reports that Mr. Beiler has been extremely busy and has had no time to deal with this issue. He can, however, promise to keep pressing Mr. Bieler to look into the matter and advise Defendants as soon as he has obtained any information at all. *Id.* at 71:19-24.

Late March 2007: Finally, Mr. Abel contacts Mr. Schuurman to tell him, for the first time, that Bieler had in fact operated commercially prior to 1997, and that he is in possession of contemporaneous documentation describing those operations. Mr. Abel insisted that a subpoena would be necessary for Bieler to produce any documents. AmeriMerchant immediately issues a subpoena, which it immediately serves on Plaintiff's counsel, requesting five categories of prior art documents to be produced on April 13, 2007. *Id.* at 71:25-72:10. At no stage did Mr. Abel inform AmeriMerchant that any of the documents were in any way related to Litle & Co.

April 12, 2007: Plaintiff serves objections to the subpoena without asserting prejudice.

April 27, 2007: Belatedly, Bieler produces documents responsive to AmeriMerchant's subpoena to both Defendant and Plaintiff. AmeriMerchant learns, for the first time, that Bieler was associated with Litle & Co. prior to 1997 and was repaid for merchants' obligations directly from the merchant processor. It was on this date that AmeriMerchant discovered that Bieler was

3

one of the "merchant creditors" identified in its previously-served invalidity contentions.  Bieler had produced nearly 200 pages of contemporaneous documentation further establishing the invalidity of all claims of the '281 patent in light of the Litle & Co. prior art.  *Id.* at 72:11-20.

**ARGUMENT**

Given the undisputed timeline, AmeriMerchant respectfully submits that it acted reasonably and diligently in investigating Bieler.  Indeed, Federal Rule of Civil Procedure 45(c)(1) specifically requires that:

> A party or an attorney responsible for the issuance and service of a subpoena **shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena**. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction . . . .

FED. R. CIV. P. 45(c)(1) (emphasis added).  Prior to March 30, 2007, it would have been unreasonable to burden Bieler Marketing Associates, a third party, with a subpoena without any knowledge whatsoever regarding whether Bieler possessed any information or documents relevant to this litigation.  Once AmeriMerchant found out that Beiler had relevant information and documents, at the end of March, it diligently pursued this one of many potential prior art leads being investigated at that time and issued a subpoena immediately.

If any of the Defendants had known that Bieler was associated with Litle & Co. prior to 1997, why would they not have questioned the Litle & Co. witnesses regarding that association during their depositions?  Larry Bouchard, a Litle & Co. witness, was deposed January 31, 2007.  Neither Defendants' counsel nor Plaintiff's counsel questioned Mr. Bouchard about Litle & Co.'s association with Bieler, and Mr. Bouchard never mentioned this association during his testimony.  However, the documents produced by Bieler include extensive correspondence between Mr. Bouchard and a representative of Bieler discussing the claimed method of repayment.  With a summary judgment motion looming, it is inconceivable that Defendants

4

would not have questioned Mr. Bouchard about Litle & Co.'s association with Bieler had they been aware of that association.

Plaintiff continues to assert that numerous depositions would be required to conduct follow-up discovery regarding "broad confidentiality provisions" in the Bieler documents. At the *Rapidpay* trial, however, Plaintiff completely abandoned its confidentiality argument regarding the Litle & Co. prior art and revealed that its tactics during summary judgment and in briefing on AmeriMerchant's Motion for Leave to Amend were a smokescreen to avoid invalidation on summary judgment and to exclude this clear evidence of invalidity. The Bieler documents further corroborate the testimony of Tim Litle and Larry Bouchard, and Plaintiff is not prejudiced by permitting AmeriMerchant to identify this specific merchant creditor that was repaid using the alleged invention. If all claims of the '281 patent are not declared invalid in light of the Litle & Co. postage advance and Hanover Finance programs in the *Rapidpay* case, gross injustice would result from exclusion of this critical evidence of invalidity in this case.

## CONCLUSION

AmeriMerchant respectfully submits that a review of the record shows that the Court's Order contains errors of fact that were likely to have ultimately affected the Court's ruling. Plaintiff's attempts to disparage AmeriMerchant and its counsel are irrelevant to the instant motion and are a distraction from the established timeline of relevant events. AmeriMerchant requests that the Court reconsider its ruling with respect to AmeriMerchant's Motion to Amend its Invalidity Contentions, D.E. 133, find that AmeriMerchant has established good cause for amending its invalidity contentions, and grant AmeriMerchant's Motion for Leave to Amend its Invalidity Contentions, if necessary, to specifically identify Bieler Marketing Associates as one of the "merchant creditors" identified in its existing invalidity contentions.

August 7, 2007       Respectfully submitted,


By: /s/ Floyd Walker
  William G. Schuurman (TX State Bar No. 17855200)
  Brian K. Buss (TX State Bar No. 00798089)
  Hilary Preston (admitted Pro Hac Vice)
  Joseph D. Gray (TX State Bar No. 24045970)
  Graham E. Sutliff (TX State Bar No. 24046935)
  R. Floyd Walker (TX State Bar No. 24044751)
  VINSON & ELKINS L.L.P.
  2801 Via Fortuna, Suite 100
  Austin, Texas 78746
  Telephone: 512.542.8400
  Facsimile: 512.236.3476

  Douglas R. McSwane, Jr. (TX State Bar No. 13861300)
  J. Matt Rowan (TX State Bar No. 24033137)
  POTTER MINTON
  A Professional Corporation
  110 N. College
  500 Plaza Tower
  Tyler, Texas 75702
  Telephone: 903.597.8311
  Facsimile: 903.593.0846
  E-mail: dougmcswane@potterminton.com

  *Counsel for Defendants First Funds LLC and*
  *AmeriMerchant LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 7th day of August, 2007.  Any other counsel of record will be served by first class mail on this same date.

*/s/* Floyd Walker
_____
R. Floyd Walker
