# EXHIBIT 1

```
                                                                            1
 1                     UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF TEXAS
 2                            TYLER DIVISION


 3

     ADVANCEME                         :        DOCKET NO. 6:05CV424
 4                                     :
     VS.                               :        TYLER, TEXAS
 5                                     :        June 27, 2007
     RAPID PAY                         :        9:05 A.M.
 6

 7
                              MOTIONS HEARING
 8              BEFORE THE HONORABLE JOHN D. LOVE,
                 UNITED STATES MAGISTRATE JUDGE
 9
     APPEARANCES:
10
     FOR THE PLAINTIFF:           MR. RONALD LEMIEUX
11                                MR. MIKE EDELMAN
                                  MR. ROBERT MATZ
12                                PAUL HASTINGS JANOFSKY &
                                  WALKER
13                                FIVE PALO ALTO SQUARE
                                  SIXTH FLOOR
14                                PALO ALTO, CALIFORNIA  94306

15                                MR. OTIS CARROLL
                                  MS. DEBORAH RACE
16                                IRELAND, CARROLL & KELLEY
                                  P.O. BOX 7879
17                                TYLER, TEXAS  75711

18

19   FOR THE DEFENDANT:           MR. BILL SCHUURMAN
                                  MR. JOSEPH GRAY
20                                VINSON & ELKINS
                                  2801 VIA FORTUNA, SUITE 100
21                                AUSTIN, TEXAS  78746

22                                MR. MATT ROWAN
                                  POTTER MINTON
23                                P.O. BOX 359
                                  TYLER, TEXAS  75710

24

25
```

70

1    But that's the Court's ruling on those motions.  The
2 additional relief requested is denied.
3    All right.  Let's move on then to Docket Number 130 or
4 264, I guess.  Let me hear from the Defendant on that
5 motion.
6         MR. SCHUURMAN:  Your Honor, part of the problem
7 we have in this case is we haven't been able to find prior art
8 in the form of articles, publications, et cetera, except a
9 limited amount.  And the Defendants have spent a lot of time
10 trying to find out evidence of public use, commercial use of
11 these prior art systems, and we have found quite a lot of it,
12 and as Your Honor knows, the Litle prior art, the Clever Ideas
13 prior art and other prior art that we have already dealt with.
14    In about October last year we were referred to a
15 Website by Bieler Marketing Associates and we looked at that
16 Website and we noticed that what is important about that
17 Website is that it says nothing at all about Litle and
18 Company.  It says that it was established in 1996.  It
19 doesn't say when it started operating.  Was it before July,
20 1996, which is relevant to 102(b), or was it before July,
21 1997, which is relevant to 102(a).
22    And we tried to contact Mr. Bieler several times.  He
23 eventually responded by getting an attorney to contact me,
24 and this attorney left me a voice mail.  I believe it was in
25 late November.  I'm not absolutely certain about that date.

1      I called that attorney about four or five times in
2 December and in January.  He never responded.  I left him a
3 voice mail every time.  Then finally on January 25 a
4 different attorney called David Able called me and he said
5 he had been told that -- he had replaced that other attorney
6 and that what did I want.
7      I then explained to him what the situation was.  I
8 explained the lawsuit to him and I asked him -- I told him
9 that we were looking for prior public use, prior commercial
10 use of these prior art cash advance systems, and I said that
11 I would like him to find out whether Bieler had started
12 before July, 1997 or before July, 1996.  I wanted to know
13 what he had actually been doing, and more importantly, did
14 he have any documents for that pre-July, 1997 time period.
15      He said to me that Mr. Bieler was very involved and
16 very busy and he didn't know when he would get time to look
17 into it.  I pointed out that we had the close of discovery
18 coming up.
19      I called him several times and each time I spoke to him
20 he said they're still looking, they're still looking, he
21 can't promise me anything soon.
22      Then I called him again and I said we've got the close
23 of discovery on the 2nd of March in the Rapid Pay case.  He
24 said I'm doing my best, I can't help you.
25      Then in late March he called me and he said that -- he

72

1  gave me the answers.  He said that Bieler had started before
2  1997 and that he had found some documents from that time
3  period.
4       So I said can I have them right away and he said you're
5  going to have to send me a subpoena.  So we subpoenaed him
6  on March 30, and as Your Honor knows, the discovery closed
7  in the Rapid Pay case on March 2nd.
8       Of course, a copy of that subpoena was sent to
9  Plaintiff.  They knew what was -- they could have looked up
10 Websites just like we did but I don't believe they did that.
11      So anyway, in response to that subpoena, the documents
12 were produced on April 27.  They were supposed to be
13 produced by April 14.  We never got them.  We got them on
14 April 27, and Plaintiff got them at the same time.
15      Now, out of those documents produced by Bieler, there
16 are some of those documents that show that Bieler was in
17 fact a third party who was providing cash advances to
18 merchants and was relying on Litle and Company as the
19 processing entity for those transactions.  As Your Honor
20 knows, we have dealt very fully with Litle and Company.
21      Now, Plaintiff says without any basis, of course, that
22 Defendants knew about Bieler beforehand because they have
23 been talking to Litle before and his deposition was in
24 September, '06.
25      Now, Your Honor, if we had known about Bieler, we would