# EXHIBIT J
TO DECLARATION OF MICHAEL N. EDELMAN
IN SUPPORT OF PLAINTIFF ADVANCEME, INC.'S
MOTION FOR SANCTIONS
AGAINST DEFENDANT FIRST FUNDS, LLC

| | |
|---|---|
| **From:** | Sutliff, Graham [gsutliff@velaw.com] |
| **Sent:** | Tuesday, August 07, 2007 1:24 PM |
| **To:** | Edelman, Michael N. |
| **Cc:** | Williams, Shanee; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Schuurman, Bill; Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Barrington, Janet; Fischer, Kathy; Williams, Jennifer (PSG); Reiley, Amy |
| **Subject:** | RE: AdvanceMe v. AmeriMerchant - First Funds Hard Copy Production |
| **Attachments:** | Index for First Funds_ August 2007 Hard Copy Production (2).XLS; Key to Index for First Funds_ August 2007 Hard Copy Production (2).DOC |

Mike-

Per your recent request, I have attached (1) an index for First Funds' hard copy production and (2) a key to the index in an effort to help you understand the organization of the hard copy documents made available for inspection as they are kept in the usual course of business at First Funds' offices in New York.

As I previously stated, First Funds will have an employee available to assist you with respect to the filing cabinets' (and boxes') organization during your inspection. This (along with other logistical issues) is why it is critical that you contact me to schedule a time for your inspection. To date, you have made no attempt to schedule a time for inspection of the hard copy documents. Again, please allow me two to three days advance notice so that we can find a mutually convenient time for your review of the documents. I am committed to working with you to allow you sufficient time to review the hard copy documents should you choose to do so.

I have been quoted the following two prices for the costs associated with scanning, Bates labeling, stamping, and printing the hard copy documents: $0.20/page and $0.23/page, which would amount to approximately $121,800 and $140,070, respectively (these costs are based on the volume estimate I provided to you yesterday). I did not get an estimate on shipping charges. Please let me know how you would like to proceed.

In addition to making these hard copy documents available for your inspection, First Funds will also be serving (rather than making available for inspection) other responsive documents to the Letter and the Order by the beginning of next week.

With respect to First Funds' electronic document production, I expect to have the details to you by the close of business on Friday. I anticipate that Plaintiff will have access to this production sometime next week.

Regards,

Graham

---

**From:** Edelman, Michael N. [mailto:michaeledelman@Paulhastings.com]
**Sent:** Monday, August 06, 2007 6:53 PM
**To:** Sutliff, Graham
**Cc:** Williams, Shanee; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Schuurman, Bill; Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Barrington, Janet; Fischer, Kathy; Williams, Jennifer (PSG); Reiley, Amy
**Subject:** RE: AdvanceMe v. AmeriMerchant - First Funds Hard Copy Production

Graham:

Your email indicates that indexes have been prepared for the documents in the filing cabinets and boxes. *Please*

*send us a copy of these indexes immediately.* We will further respond to your email tomorrow.

Mike

---

**From:** Sutliff, Graham [mailto:gsutliff@velaw.com]
**Sent:** Monday, August 06, 2007 3:37 PM
**To:** Edelman, Michael N.
**Cc:** Williams, Shanee; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Schuurman, Bill; Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Barrington, Janet; Fischer, Kathy; Williams, Jennifer (PSG); Reiley, Amy
**Subject:** AdvanceMe v. AmeriMerchant - First Funds Hard Copy Production

Mike-

As a follow-up to our discussion on Friday night, First Funds *estimates* that it is making approximately 609,000 pages of responsive hard copy documents available for your inspection as these documents are kept in the usual course of business. Here is how I came to this estimate: First Funds is making approximately 21 filing cabinets available for your inspection. The vast majority of the filing cabinets contain 5 drawers. Per the industry standard estimate, each drawer contains approximately 5,000 pages. Thus, 21 cabinets * 5 drawers * 5,000 pages per drawer = approximately 525,000 pages of documents. Additionally, First Funds is making 21 boxes containing documents available for your inspection as they are kept in the usual course of business (the industry estimate is 4,000 pages per box). Thus, the 84,000 estimated pages in the boxes can be added to the estimated 525,000 pages in the filing cabinets for a total of approximately 609,000 pages. It important to note that these numbers are good faith *estimates* of the hard copy documents being made available for inspection.

It is also important to note that not every filing cabinet at First Funds is being made available for your inspection (despite your previous representations to the contrary - without even seeing the production). In fact, the hard copy documents being made available for inspection are included in approximately half of First Funds' filing cabinets. First Funds has excluded filing cabinets containing nonresponsive documents (e.g., filing cabinets containing documentation of First Funds overhead expenses). First Funds has also excluded filing cabinets containing duplicative documents.

With respect to the volume of documents being made available for your inspection, it is important to note that First Funds has been ordered to produce, among other things, all documents relating to the operation of its cash advance program. Thus, there is a large number of documents being made available for inspection.

As you know, the case law is clear that a party is not required to serve its production on its adversary. Rather, a party has the option of making the responsive documents available for inspection as they are kept in the usual course of business. As I indicated last Friday, First Funds is making responsive documents available for your inspection (as the documents are kept in the usual course of business) at its offices in New York beginning tomorrow. Because you have not indicated your desire to inspect the documents tomorrow, I am assuming you will not be coming. In addition to being available this Wednesday and Thursday, the hard copy documents are also available for inspection in the coming weeks at a mutually convenient time. Please call me to set up a time for review (and please provide reasonable notice - at least two to three days). First Funds is willing to give you as much time as you need to review the documents. But it is imperative that we coordinate your review with each other.

To assist you in this hard copy production, First Funds will have an employee available to answer any questions relating to the filing cabinet or box organization. Further, First Funds will have an index of the filing cabinets and boxes available to help you in your inspection.

You have previously demanded that First Funds pay for copying and serving the responsive hard copy documents on Plaintiff. The case law is clear that the requesting party must bear the copying charges of documents made available for inspection. Thus, Plaintiff must pay for all costs associated with copying the responsive hard copy documents. In order to assist Plaintiff in copying (and serving) these responsive

documents (should Plaintiff choose to copy this production), I met with a third party vendor today to get you an estimate of potential costs to Plaintiff. I expect to have this vendor's estimate of cost later this evening or sometime in the morning. I have a meeting with another vendor at 9 a.m. EST tomorrow morning in an effort to give Plaintiff more copying options.

With respect to the responsive electronically stored information, I will let you know more about this production this week. Because of the large amounts of responsive data (in both hard copy and electronic format), First Funds is making its production available on a rolling basis. First Funds is making the hard copy documents available for inspection now so that Plaintiff does not have to wait until the electronically stored information is produced. That being said, I anticipate that the electronically stored information will be produced in the very near future.

Again, the hard copy documents responsive to both the Order and the Letter are available for inspection (as they are kept in the usual course of business) at First Funds' offices in New York. Please contact me (in advance) to set up a time for your review.

Thank you.

Graham


**Graham E. Sutliff**
Attorney
**Vinson & Elkins LLP**
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel 512.542.8805
Fax 512.236.3290
gsutliff@velaw.com


To the extent this communication contains any statement regarding federal taxes


......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged. This email

Thank You.

_____
************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

# *AdvanceMe v. AmeriMerchant et al.* -
# Index for First Funds' August 2007 Hard Copy Production

| Floor | Cabinet # | Type | Sorting |
|---|---|---|---|
| 14 | 1 | Approved Merchant Applications | Numbers - BE |
| 14 | 2 | Approved Merchant Applications | BE - CO |
| 14 | 3 | Approved Merchant Applications | CO - EX |
| 14 | 4 | Approved Merchant Applications | EX - HU |
| 14 | 5 | Approved Merchant Applications | HU - LY |
| 14 | 6 | Dead Files/Incomplete applications for longer than three months (withdrawals) | Numbers - LO |
| 14 | 7 | Dead Files/Incomplete applications for longer than three months (withdrawals) | LO - Z |
| 14 | 8 | Approved Merchant Applications | MA - PA |
| 14 | 9 | Approved Merchant Applications | PA - SC |
| 14 | 10 | Approved Merchant Applications | SC - TO |
| 14 | 11 | Approved Merchant Applications | TO - Z |
| 14 | 12 | Declined Merchant Applications | Numbers - BE |
| 14 | 13 | Declined Merchant Applications | BG - BO |
| 14 | 14 | Declined Merchant Applications | DO - JE |
| 14 | 15 | Declined Merchant Applications | JE - OR |
| 14 | 16 | Declined Merchant Applications | OR - ST |
| 14 | 17 | Declined Merchant Applications | ST - Z |
| 14 | 18 | Pre-Approved/Incomplete Approved Merchant Applications | A - Z |
| 14 | 19 | Contract/Approved Contracts; Awaiting Batches | A - Z |
| 14 | 20 | Signed Vendor and Processor Agreements | A - Z |
| 16 | 21 | ACH Reports | |
| 16 | Storage | Declined deals prior to 12.1.2006 | 21 Boxes (Storage) |

All of the documents contained in the filing cabinets should be treated as
"CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY."

## Key to Index for First Funds' August 2007 Hard Copy Production

**"Approved Merchant Applications Files"** typically include a credit decision matrix, a credit report, a merchant application, and three months of processing statements.

**"Dead Files"** are approved or Pre-Approved applications that have been incomplete for longer than 3 months.

**"Pre-Approved/Incomplete Approved Merchant Applications"** typically include a credit decision matrix, a credit report, a merchant application, and three months of processing statements. These applications are categorized as Pre-approved for being a qualifying merchant but have submitted incomplete paperwork (i.e. missing required Processing Statements or any other additional documentation requested).

**"Declined Files"** include applications not approved for advance due to not submitting all required documentation or failure to meet applicant requirements.

The 21 boxes include applications declined prior to December 1, 2006 removed from filling cabinets and placed in storage.