**EXHIBIT D**

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square
Sixth Floor
Palo Alto, CA 94306
telephone 650-320-1800 • facsimile 650-320-1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1836
shaneewilliams@paulhastings.com

August 3, 2007

34717.00007

**VIA E-MAIL**

Willem G. Schuurman
Joseph D. Gray
Graham E. Sutliff
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568

Re:    *AdvanceMe, Inc v. AmeriMerchant et al.*, Case No. 6:06-CV-00082 (E.D. Tex)

Dear Counsel:

I respond to Mr. Sutliff's letter of today's date concerning First Funds' improper attempt to avoid the sanctions imposed against First Funds in the July 2, 2007 Order regarding AdvanceMe's Motion for Sanctions. In imposing sanctions for First Funds' discovery misconduct, Magistrate Judge Love issued the following Order:

> (3)  Defendant First Funds *shall* conduct a supplemental search of its files and *produce to AdvanceMe* all documents in its possession, custody, or control that are relevant to the pleaded claims and defenses in Civil Action No. 6:05-cv-424 and Civil Action No. 6:06-cv-82, including but not limited to all documents responsive to the categories of documents requested by AdvanceMe in July of 2006 and all documents relating to AdvanceMe, Inc.'s damages claim.

*Docket No.* 151 at p. 13 (emphasis added).

The July 2, 2007 Order did not authorize First Funds to merely make a bunch of filing cabinets available for inspection. Rather, the July 2, 2007 Order imposed an affirmative obligation on First Funds to "conduct a supplemental search of its files" and to "produce to AdvanceMe all documents in its possession, custody, or control that are relevant to the pleaded claims and defenses . . ." First Funds cannot avoid this sanction by improperly insisting that AdvanceMe scour First Funds' files and do the work that First Funds has been ordered to do.

VIA E-MAIL
Willem G. Schuurman
Joseph D. Gray
Graham E. Sutliff
August 3, 2007
Page 2

Moreover, First Funds' proposed "inspection" overlooks the fact that First Funds' prior "inspection" procedure in November of 2006 was one of the acts of discovery misconduct which formed the basis of AdvanceMe's motion for sanctions. AdvanceMe fully briefed the extent to which First Funds had already shirked its discovery obligations by requiring AdvanceMe to fly to New York and inspect First Funds' files, rather than conducting its own search of its own files and producing all relevant documents to AdvanceMe.

For example, after AdvanceMe's attorneys inspected and flagged for copying a number of documents that were relevant to the pleaded claims and defenses, First Funds unilaterally withheld many documents that were flagged for copying by AdvanceMe's attorneys on the grounds that they were either not relevant or were not business records of First Funds. Given this history, and given that Magistrate Judge Love expressly ordered First Funds to "***produce*** to AdvanceMe all documents in its possession, custody, or control that are relevant to the pleaded claims and defenses . . . including but not limited to all documents responsive to the categories of documents requested by AdvanceMe in July of 2006 and all documents relating to Advance Me's damages claim," First Funds is in no position to once again try to shift the burden to AdvanceMe of collecting responsive documents.

After being given more than a month and a half to comply with the July 2, 2007 Order by collecting and producing all documents responsive to the requests set forth in AdvanceMe's July 12, 2006 letter, First Funds has failed to produce a *single* document to AdvanceMe, electronic or otherwise – notwithstanding Mr. Gray's July 26, 2007 representation that "First Funds is actively searching its documents and intends to fully comply with the Court's order as soon as possible." Given the large number of depositions already scheduled for August and September, First Funds' failure to comply with the July 2, 2007 Order has greatly prejudiced AdvanceMe. First Funds is in serious violation of the July 2, 2007 Order, and given the upcoming schedule we cannot afford to tolerate this state of affairs any longer.

We will provide First Funds with one final opportunity to comply with the July 2, 2007 Order, and to produce the documents it should have produced over a year ago. By Tuesday, August 7, 2007 at 5:00 p.m. PDT, First Funds must comply with the express terms of the July 2, 2007 Order by producing to AdvanceMe all documents that are: (1) relevant to the pleaded claims and defenses in Civil Action No. 6:05-cv-424 and Civil

Paul*Hastings*
**VIA E-MAIL**
Willem G. Schuurman
Joseph D. Gray
Graham E. Sutliff
August 3, 2007
Page 3

Action No. 6:06-cv-82; (2) responsive to the requests set forth in AdvanceMe's July 12, 2006 letter; and (3) relevant to AdvanceMe's damages claim, AdvanceMe will move the Court to impose serious sanctions against First Funds, including but not limited to evidentiary and/or issue sanctions.

Sincerely,

Shanée Y. Williams
for Paul, Hastings, Janofsky & Walker LLP

LEGAL_US_W # 56793783.1