**EXHIBIT I**

## Sutliff, Graham

| **From:** | Sutliff, Graham |
|---|---|
| **Sent:** | Friday, August 03, 2007 8:47 PM |
| **To:** | Edelman, Michael N.; Williams, Shanee |
| **Cc:** | Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Barrington, Janet; Gray, Joseph; Schuurman, Bill; Fischer, Kathy; Williams, Jennifer (PSG) |
| **Subject:** | RE: AdvanceMe v. AmeriMerchant |

Mike-

As I just explained in our telephone conversation, you are blatantly mischaracterizing First Funds' document production. But as we discussed, we will talk again on Monday in an attempt to resolve our difference of opinion. I look forward to hearing from you. Again, the hard copy documents responsive to the Order and the Letter are being produced at First Funds' offices on August 7, 2007 in accordance with FRCP 34.

With respect to Plaintiff's position that documents must be *served* on a party's adversary, I invite you to consider the following case law:

"Nothing in the Federal Rules of Civil Procedure in general, and nothing in those rules relating to discovery in particular *require service* of documents on the adversaries." *Mirak v. McGhan Med. Corp.*, 142 F.R.D. 34, 39 (D. Mass. 1992) (emphasis in original). Federal Rule of Civil Procedure 34(b) permits a party producing documents to choose one of two methods for production – either by producing the documents to the opposing party or by allowing the inspection of the requested documents as they are kept in the usual course of business. *McCall v. Lockheed Martin Corp.*, No. 4:04CV122LP, 2006 WL 1751796, at *2 (S.D. Miss. June 20, 2006)."

Regards-

Graham

---

**From:** Edelman, Michael N. [mailto:michaeledelman@Paulhastings.com]
**Sent:** Friday, August 03, 2007 8:25 PM
**To:** Sutliff, Graham; Williams, Shanee
**Cc:** Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Barrington, Janet; Gray, Joseph; Schuurman, Bill; Fischer, Kathy; Williams, Jennifer (PSG)
**Subject:** RE: AdvanceMe v. AmeriMerchant

Graham:

I am happy to talk as well, but since it is becoming increasingly clear that a further motion for sanctions will be necessary, it is also important that the record is absolutely clear on the egregiousness of First Funds' conduct.

The Court's Order does not permit First Funds to simply wander through its facilities and choose particular filing cabinets that AdvanceMe has to fly to New York and review. Rather, First Funds is required to search all the documents *within* the filing cabinets, determine *which* of those documents is relevant and responsive, and then produce those documents to AdvanceMe. Even if the Court's Order did not exist, selecting entire filing cabinets rather than collecting and producing particular documents from the cabinets would be extremely questionable

discovery conduct. In light of the sanctions order, First Funds' position is even more incredible.

The reason that AdvanceMe has not "seen the production" for itself is that First Funds will not let AdvanceMe see the production unless it sends its attorneys on a cross-country trip to look at more filing cabinets. We are not going to do this. The Court's order is clear that First Funds is required to *search* its documents and *produce* the responsive documents to AdvanceMe, and it cannot be seriously argued that this permits First Funds to simply pick some filing cabinets and insist that AdvanceMe fly across country to see what is in them.

Further, AdvanceMe is obviously not "declining" to receive First Funds' hard copy production. Rather, AdvanceMe has repeatedly requested that First Funds make that production. It is First Funds' responsibility -- not AdvanceMe's -- to go through the filing cabinets, identify all documents in the cabinets that are relevant and responsive, and produce each of those documents to AdvanceMe. First Funds was supposed to have done this last year, and certainly should have been doing this over the last several weeks in compliance with the Court's Order.

Case 6:06-cv-00082-LED-JDL    Document 174    Filed 08/15/2007    Page 3 of 6

As stated before, we expect all responsive documents to be in our office by next Tuesday. Please ensure that they will be.

Mike

---

**From:** Sutliff, Graham [mailto:gsutliff@velaw.com]
**Sent:** Friday, August 03, 2007 6:04 PM
**To:** Edelman, Michael N.; Williams, Shanee
**Cc:** Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Barrington, Janet; Gray, Joseph; Schuurman, Bill; Fischer, Kathy; Williams, Jennifer (PSG)
**Subject:** RE: AdvanceMe v. AmeriMerchant

Mike-

I believe that this situation may be better resolved over the telephone. And, again, I am available to talk.

Your assumption that every filing cabinet is being made available for review is incorrect. Rather, over the past several weeks, First Funds has reviewed its filing cabinets to determine which filing cabinets contain documents potentially responsive to both the Order and the Letter (which contains 83 broad requests). Those filing cabinets containing responsive documents are being made available for inspection as they are kept in the ordinary course of business. Again, I question how Plaintiff can characterize First Funds' production without seeing the production for itself.

I interpret your e-mail to amount to Plaintiff's decline of First Funds' hard copy production, which is in accordance with the Order, the Letter, and Federal Rule of Civil Procedure 34. If I am mistaken, please let me know.

It also appears that Plaintiff's position remains that a party does not "produce" a document if it makes the document available for inspection as it is kept in the ordinary course of business. If this is not Plaintiff's position, please let me know.

As stated in my letter and in my previous e-mail, the hard copy documents responsive to the Order and the Letter will be produced on August 7, 2007 at the offices of First Funds in New York. Please coordinate with me directly if you wish to review the production.

Please let me know if you have any comments or questions. Thanks.

Graham

**From:** Edelman, Michael N. [mailto:michaeledelman@Paulhastings.com]
**Sent:** Friday, August 03, 2007 7:34 PM
**To:** Sutliff, Graham; Williams, Shanee
**Cc:** Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; drace@icklaw.com; Barrington, Janet; Gray, Joseph; Schuurman, Bill; Fischer, Kathy; Williams, Jennifer (PSG)
**Subject:** RE: AdvanceMe v. AmeriMerchant

Graham:

Case 6:06-cv-00082-LED-JDL    Document 174    Filed 08/15/2007    Page 4 of 6

The position taken in your letter and below email to Ms. Williams is simply beyond the pale. If in fact it is true that every single one of the documents contained in the filing cabinets is responsive to the 83 document categories, then First Funds should have weeks ago simply copied those documents and produced them to us. It is absurd to pretend as if making entire filing cabinets available for inspection constitutes compliance with the Court's sanctions order. We are not going to fly to New York (yet again) so that we have to look through filing cabinets in order to locate responsive and relevant documents; that is First Funds' responsibility.

Further, if First Funds seriously believed that telling us the location of filing cabinets constitutes compliance with the Court's sanctions order, the least it could have done was tell us of that position weeks ago rather than repeatedly assuring us that First Funds' documents are being searched and that responsive documents are on their way. We would certainly be fascinated to hear First Funds' explanation for why it took a month and a half to tell us where its filing cabinets are located.

Our position remains as stated in Ms. Williams' letter of today. Either we receive a copy of all responsive documents in our office by the end of Tuesday, or we will be moving for very serious sanctions. Please comply with the Court's order immediately.

Mike

**From:** Sutliff, Graham [mailto:gsutliff@velaw.com]
**Sent:** Friday, August 03, 2007 5:06 PM
**To:** Williams, Shanee
**Cc:** Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; Edelman, Michael N.; drace@icklaw.com; Barrington, Janet; Gray, Joseph; Schuurman, Bill; Fischer, Kathy; Williams, Jennifer (PSG)
**Subject:** RE: AdvanceMe v. AmeriMerchant

Shanee-

I have received your letter. As I previously explained, First Funds has conducted a search of its files and concluded that the filing cabinets being made available for inspection are responsive to both the Order and the Letter. As you know, the Order and the Letter both cover a broad range of topics (the Letter itself requests that First Funds produce all documents responsive to 83 separate requests).

As explained in my letter, First Funds is producing these documents in accordance with Federal Rule of Civil Procedure 34. If it is Plaintiff's position that a party does not "produce" a document if it makes the document available for inspection, please let me know and I will provide you with case law to the contrary. Further, the clear text of Rule 34 makes clear that a party can produce a document by making the document available for inspection. (See FRCP 34(b)(i) which was cited in my letter).

I disagree with your assertion that First Funds was sanctioned for making the documents available

for inspection rather than delivering all of the documents directly to Plaintiff. If you have support for your assertion (via a cite to the Court's Order) please provide the page number so that I can review. I did not see a cite in your letter nor did I find a reference in the Order itself.

Your implication that this inspection will be identical to the November 2006 inspection referred to in your letter is incorrect. This inspection is different from the previous inspection because First Funds is making many more documents available for inspection in direct response to the Court's Order. I question how Plaintiff can characterize the offered production without even seeing the production for itself. As explained in my letter, the documents are being produced in response to the Court's Order beginning this coming Tuesday. As I explained, I will work with you to find times in which you can review the documents as long as you wish.

With respect to Plaintiff's offer of "one final opportunity to comply" with the Order, this offer is moot. As explained in my letter, the hard copy documents that First Funds has been ordered to produce will be produced beginning at 9:00 a.m. EST August 7, 2007 (11 hours before Plaintiff's self-imposed deadline).

Case 6:06-cv-00082-LED-JDL   Document 174   Filed 08/15/2007   Page 5 of 6

If you would like to discuss any issues addressed in this e-mail or in my letter, please let me know. I am available this evening and this weekend to discuss.

Regards-

Graham

---

**From:** Williams, Shanee [mailto:shaneewilliams@Paulhastings.com]
**Sent:** Friday, August 03, 2007 6:06 PM
**To:** Schuurman, Bill; Gray, Joseph; Sutliff, Graham
**Cc:** Buss, Brian; Walker, Floyd; Preston, Hilary; dougmcswane@potterminton.com; mattrowan@potterminton.com; Lemieux, Ronald (Ron) S.; Matz, Robert; Bhakar, Vid; Edelman, Michael N.; drace@icklaw.com; Barrington, Janet
**Subject:** AdvanceMe v. AmeriMerchant

Counsel,

Please see attached correspondence.

---

Shanée Y Williams, Associate | Paul, Hastings, Janofsky & Walker LLP | Five Palo Alto Square, Sixth Floor, Palo Alto, CA 94306 | direct: 650 320 1836 | main: 650 320 1800 | direct fax: 650 320 1936 | shaneewilliams@paulhastings.com | www.paulhastings.com

```
****************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
****************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
```

attachments.

For additional information, please visit our website at www.paulhastings.com.

To the extent this communication contains any statement regarding federal

......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged. This

Case 6:06-cv-00082-LED-JDL   Document 174   Filed 08/15/2007   Page 6 of 6

Thank You.

---

************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

---

************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.