**EXHIBIT Z**

Dockets.Justia.com

# Paul Hastings
ATTORNEYS

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

September 30, 2006

**Via Federal Express and E-mail**

Willem Schuurman
Joseph Gray
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568

Hilary Preston
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103

Re:  *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
     *AdvanceMe, Inc. v. AmeriMerchant, LLC* (No. 6:06-CV-82)(E.D. Tex.).
     Plaintiff AdvanceMe's Production of Documents

Dear Willem, Joey, and Hilary:

This letter is in furtherance of the parties' discussions this week concerning discovery issues, and has been used to inform our local counsel of the status of discovery in this matter at Friday's meet and confer between our respective local counsel.

As we explained during our September 26, 2006 meet and confer, AdvanceMe has conducted, and is continuing to conduct, a diligent search for all documents that are either relevant to the pleaded claims and defenses in this case or reasonably calculated to lead to the discovery of admissible evidence. To date, all such documents that have been located have either been produced or placed on a privilege log. An updated privilege log containing 131 entries will be sent to you today. Moreover, we are also producing to you today relevant excerpts from the deposition transcripts in the *Angrisani* matter, pursuant to the parties' agreement. This production is in addition to other relevant documents from the *Angrisani* matter that were previously produced. In addition, we will be producing all relevant, non-privileged documents related to the '281 and '544 Patents from the prosecuting attorneys' files. We anticipate our search for other relevant documentation will (other than as discussed below) be complete within the next three weeks.

In response to your request that AdvanceMe conduct an extended search of its historical documents for any document that so much as mentions any of the entities listed in your

Amended and Second Amended Invalidity Contentions (amendments that the Court has not approved), we informed you that AdvanceMe is in possession of 48 back-up tapes that could be searched. These back-up tapes, however, are stored in an old format which is not the same as the format currently used by AdvanceMe. Therefore, in order to conduct the type of extended search you requested during our latest meet and confer, these back-up tapes would have to be restored by a vendor. We have consulted a vendor who specializes in the restoration of data from back-up tapes, who has informed us that it is not possible to segregate the tapes by custodian; therefore, there is no way to select or prioritize particular tapes for restoration. This same vendor estimates that the costs involved in restoring the historical documents on these back-up tapes would range from $130,000 to $1.3 million (depending upon the breadth of the search terms that are used). This does not include costs associated with the review of any results from this search to determine if the documents are relevant, likely to lead to the discovery of admissible evidence, or privileged. We believe that given the old format in which the tapes are stored and the huge costs involved in restoring and reviewing these documents, the information stored on these back-up tapes is not "reasonably accessible" under Federal Rule of Civil Procedure 26(b)(2) (to take effect on December 1, 2006).

AdvanceMe believes that the burden of recovering and reviewing the documents on these back-up tapes far outweighs any legitimate need your clients might have for an extended search of AdvanceMe's back-up tapes. Based on your representations as to the type of information you are looking for in these historical documents, we do not believe that an extended search of these back-up tapes would yield any documents that are either relevant to the pleaded claims and defenses in this matter or likely to lead to the discovery of admissible evidence. For this reason, we do not believe AdvanceMe is obligated to engage in the extended search you requested during our latest meet and confer. AdvanceMe would be willing to undertake the effort of restoring and reviewing all of the information on these backup tapes if the Defendants agree to pay for the costs of doing so. Accordingly, please let us know whether (a) the Defendants agree that the information on the back-up tapes need not be restored or searched, or (b) the Defendants wish to pay all costs associated with the restoration and search for documents from these back-up tapes.

If you have any questions, please contact me at the number listed above.

Respectfully,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP