**EXHIBIT AA**

## Gray, Joseph

**From:** Gray, Joseph
**Sent:** Thursday, July 26, 2007 3:26 PM
**To:** Edelman, Michael N.; mattrowan@potterminton.com; Buss, Brian; Walker, Floyd
**Cc:** Deborah Race; Williams, Shanee; Lemieux, Ronald (Ron) S.; Matz, Robert
**Subject:** RE: AmeriMerchant

Mike:

Case 6:06-cv-00082-LED-JDL    Document 174    Filed 08/15/2007    Page 2 of 4

I apologize for the delayed response. I was out of the office yesterday afternoon and this morning. Our responses to each point are below.

(1) Defendants agree, pursuant to discussions between Matt and Deborah, that both Defendants and AdvanceMe will be permitted to serve deposition notices and/or subpoenas seeking production of documents after today.

(2) Many members of our team will likewise be out of the office for substantial periods of time in August, so we are willing to work with you to accommodate schedules, including by agreeing that certain depositions will be taken past the August 24th discovery cutoff. This, of course, assumes AdvanceMe's reciprocal agreement if Defendants need to schedule certain depositions past August 24th. We propose that the parties exchange a list of which depositions will be taken after August 24th, and proposed dates for those depositions, by next Friday. Please confirm that this approach is acceptable. (First Funds' document production is discussed in point 5 below.)

(3) We understand that neither party is currently in danger of exhausting 70 hours of third party depositions - if either side has an issue with this 70-hour limit, we expect that it will be addressed when either side believes the other is approaching its limit. Your email below implies that the 70-hour limit includes actual questioning time per party per deposition, with which we agree.

(4) Please provide us a draft DCO by tomorrow, if possible. We expect that the parties should be able to agree on a joint DCO fairly easily, given the parties' mutual agreement that depositions after August 24th will be necessary. With a January trial date, none of the remaining deadlines should be an issue.

(5) First Funds is actively searching its documents and intends to fully comply with the Court's order as soon as possible. With trial last week, and with the extremely broad categories of documents in Robert's July 2006 letter, we were unable to address First Funds' concerns until we returned a couple of days ago. We should know by tomorrow or early next week when documents will be produced (in hard copy or made available for inspection). Since the parties have agreed to allow certain depositions (including First Funds-related depositions) to take place after August 24th, Defendants are willing to work with AdvanceMe to ensure that AdvanceMe has ample time to review the final round of First Funds' production prior to taking those depositions. Again, First Funds is making every effort to produce all documents pursuant to the Court's order as soon as possible, and we will let you know tomorrow or early next week when AdvanceMe may expect that production.

Please contact me if you have any additional questions.

Regards,
Joey

---

**From:** Edelman, Michael N. [mailto:michaeledelman@Paulhastings.com]
**Sent:** Wednesday, July 25, 2007 3:47 PM
**To:** Gray, Joseph
**Cc:** Deborah Race; Williams, Shanee; Lemieux, Ronald (Ron) S.; Matz, Robert
**Subject:** AmeriMerchant

Joey:

This email concerns several issues relating to the AmeriMerchant matter.

First, I wanted to confirm the parties' agreement that AdvanceMe would be permitted to serve deposition notices and/or subpoenas seeking production of documents after today, despite the fact that this would leave less than 30 days between service of this discovery and the current August 24 cut-off date. Though our reading of the Federal Rules does not indicate that 30 days notice is necessarily required in this instance, we appreciate your confirmation in this regard so that there is no need to serve all remaining subpoenas in the case today. We intend to serve the remaining deposition notices and subpoenas within the next week.

Second, AdvanceMe has requested an additional extension of time for depositions to be completed in this case. We understand Defendants have not yet provided a final response to the request. As we informed you previously, many members of our team (including Mr. Lemieux and myself) will be out of the office for substantial periods of time in August. Further, since we have not yet received any further documents from First Funds in compliance with the July 2 Order, we expect there would be great difficulty in reviewing all of these documents and completing all of the remaining depositions before August 24. Accordingly, we request that AdvanceMe be permitted until the middle of September to complete depositions in the case. Please let us know as soon as possible whether this is acceptable.

Third, we understand that there has been discussion between Deborah and Matt over the hour limits set forth in the Discovery Order. Our reading of the order indicates that AdvanceMe is permitted 70 hours of third party depositions, with no limit placed on party depositions. AdvanceMe has only noticed a few third party depositions in the AmeriMerchant case to date, and its questioning in those depositions has been relatively brief, such that AdvanceMe still has in excess of 60 hours of deposition time remaining. AdvanceMe anticipates that virtually all of this deposition time will be needed in order to complete the remaining third party depositions.

Fourth, pursuant to the Court's July 2, 2007 Order, we will be preparing a proposed amended Docket Control Order for your review. We will provide you with a draft as soon as possible.

Lastly, though this will be the subject of separate correspondence as well, we wanted to express concern over the state of First Funds' document production. As you know, the Court ordered First Funds to conduct another review of its documents and produce all documents responsive to the approximately 80 different document categories that AdvanceMe previously identified. We have not received any of these additional documents. It is frankly impossible for us to prepare for the remaining depositions in this case (or even reach a final conclusion on the identity of all the remaining deponents) until we receive these documents. Please ensure that all documents required by the Court's order are produced no later than the end of this week.

Thanks,

Mike

```
****************************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
****************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential. If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
```

attachments.

For additional information, please visit our website at
www.paulhastings.com.

8/2/2007