## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:06-CV-082 LED** |
| | § | |
| **AMERIMERCHANT, LLC,** | § | |
| **FIRST FUNDS, LLC,** | § | |
| *Defendants.* | § | |

## DEFENDANT FIRST FUNDS, LLC'S ANSWER,
## AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
## IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

### I.      ANSWER

Defendant First Funds, LLC ("First Funds"), by the undersigned counsel, hereby files its

Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint for Patent

Infringement (the "Amended Complaint"). Each of the paragraphs numbered 1-15 below

corresponds to those paragraphs numbered 1-15 in the Complaint. First Funds denies all

allegations made in the Complaint, whether express or implied, that are not specifically admitted

below.

1.      First Funds is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 1 of the Amended Complaint, and therefore denies such

allegations.

2.      First Funds is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 2 of the Amended Complaint, and therefore denies such

allegations.

Dockets.Justia.com

3.      First Funds admits the allegations contained in paragraph 3 of the Amended Complaint.

4.      First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and therefore denies such allegations.

5.      The allegations set forth in paragraph 5 of the Amended Complaint assert legal conclusions to which no response is necessary.

6.      First Funds denies that it has, at any time, offered for sale any services or products that infringe the '281 patent in this or any other judicial district. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint as they pertain to AmeriMerchant.  The remainder of the allegations set forth in paragraph 6 of the Amended Complaint assert legal conclusions to which no response is necessary.

7.      First Funds admits that, according to the face of U.S. Patent No. 6,941,281  (the "'281 patent") it is entitled "Automated Payment" and was issued by the United States Patent and Trademark Office (the "Patent Office") on September 6, 2005.  First Funds is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Amended Complaint, and therefore denies such allegations.

8.      To the extent the allegations in paragraph 8 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and therefore denies them.

9.    First Funds asserts and incorporates by reference its answers to paragraphs 1 through 8 herein.

10.    To the extent the allegations in paragraph 10 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 10 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to AmeriMerchant.

11.    To the extent the allegations in paragraph 11 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 11 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to AmeriMerchant.

12.    To the extent the allegations in paragraph 12 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 12 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to AmeriMerchant.

13.    To the extent the allegations in paragraph 13 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 13 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to AmeriMerchant.

14.     To the extent the allegations in paragraph 14 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 14 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to AmeriMerchant.  First Funds further denies that AdvanceMe, Inc. is entitled to any affirmative relief requested in paragraph 14 of the Amended Complaint.

15.     To the extent the allegations in paragraph 15 of the Amended Complaint constitute legal conclusions, no response is required.  To the extent a response is required, First Funds responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint, and therefore denies such allegations.  First Funds further denies that AdvanceMe, Inc. is entitled to any affirmative relief requested in paragraph 15 of the Amended Complaint.

## II.     AFFIRMATIVE DEFENSES

16.     The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 112.

    (a)     Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publications in this or a foreign country;

    (b)     The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or were in public use or on sale in

this country, more than one year prior to the date of the application for said patent in the United States;

(c)     The alleged invention of the '281 patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

(d)     The patentee did not invent the subject matter claimed in the '281 patent;

(e)     Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it;

(f)     The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g)     The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h)     The '281 patent does not contain a written description of the alleged invention thereof, and the manner and the process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which each alleged invention pertains or to which it is most nearly connected, to make and use the same; and

(i)     The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent that are

expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

17.    First Funds has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

## III.    COUNTERCLAIMS

Without admitting any of the allegations of the Amended Complaint other than those expressly admitted herein, and without prejudice to First Funds' right to plead additional counterclaims as the facts of the matter warrant, First Funds hereby asserts the following counterclaims against Plaintiff.

1.    First Funds is a limited liability company incorporated under the laws of the state of New York, having its corporate offices at 240 West 35th Street, 16th Floor, New York, New York 10001.

2.    Plaintiff alleges that it is a corporation organized under the laws of the state of Delaware with its principal place of business at 600 TownPark Lane, Kennesaw, Georgia 30144.

## JURISDICTION AND VENUE

3.    These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States and, more particularly, under 28 U.S.C. §§ 2201 and 2202, and Title 35 U.S.C. § 100, *et seq.*, respectively.  Jurisdiction is based on 28 U.S.C. §§ 1338 and 2201. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

4.    Plaintiff alleges that based upon agreements it is the owner of all right, title, and interest in the '281 patent.

5.      Plaintiff has asserted claims for patent infringement against First Funds and has filed this suit against First Funds in this Court for such alleged infringement.

6.      There exists an actual justiciable controversy between First Funds and Plaintiff concerning the validity and alleged infringement of the '281 patent based upon Plaintiff's allegations of patent infringement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Invalidity of the '281 Patent)

7.      First Funds incorporates by reference paragraphs 1-6 above as though fully repeated here.

8.      The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 112:

>    (a)      Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publications in this or a foreign country;

>    (b)      The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

>    (c)      The alleged invention of the '281 patent was described in one or more patents granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

>    (d)      The patentee did not invent the subject matter claimed in the '281 patent;

Defendant First Funds, LLC's Answer,
Affirmative Defenses and Counterclaims To Plaintiff's Amended Complaint

(e)     Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by one or more persons who had not abandoned, suppressed, or concealed it;

(f)     The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g)     The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h)     The '281 patent does not contain a written description of the alleged invention thereof, and the manner and the process of making and using them, in such full, clear, concise and exact terms as to enable any person skilled in the art to which each alleged invention pertains or to which it is most nearly connected, to make and use the same; and

(i)     The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent that are expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

Defendant First Funds, LLC's Answer,
Affirmative Defenses and Counterclaims To Plaintiff's Amended Complaint

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment –Non-Infringement of the '281 Patent)

9.      First Funds incorporates by reference paragraphs 1-8 above as though fully repeated here.

10.     First Funds has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – Inequitable Conduct)

11.     First Funds incorporates by reference paragraphs 1-10 above as though fully repeated here.

12.     The '281 patent is unenforceable because the inventor and persons substantively involved in the prosecution of the '281 patent and/or U.S. Patent No. 6, 826,544 (the "'544 patent"), including but not limited to Les Falke, Glenn Goldman, Tom Burnside, Barbara Johnson, and Gary Johnson had knowledge of material information that was not disclosed to the Examiner with intent to deceive.  This failure constituted a breach of the duty of candor and good faith in dealing with the Patent and Trademark Office and thus constitutes inequitable conduct.

    (a)      Those persons were aware of, and intentionally failed to disclose to the Patent Office, material information relating to prior art systems and methods known to them during the prosecution of the '281 patent, including but not limited to:

        (i)   the Clever Ideas-LeCARD system and method for automated payments by a merchant processor to LeCARD as repayment of obligations owed by a merchant to LeCARD, as well as other similar systems and methods;

        (ii)   the systems and methods used by Transmedia;

    (iii) the system and method used by FirstUSA for automated repayment of

        obligations owed by the merchant;

    (iv) the systems and methods used to fund reserve accounts by merchant

        processors; and

    (v)  the systems and methods used by Dining á la Card for repayment of

        obligations owed by merchants, as well as other similar merchant

        processor systems and methods.

(b)     Those persons intentionally misrepresented to the Patent Office the inventorship

of the '281 patent.

(c)     Those persons intentionally withheld the fact that substantially similar claims in a

co-pending application, including but not limited to U.S. Patent Application

09/046,062 (filed March 23, 1998), were rejected as anticipated by a different

examiner during the prosecution of the '544 patent and the '281 patent.

## IV.    EXCEPTIONAL CASE

13.     This is an exceptional case under 35 U.S.C. § 285 and, as such, First Funds is

entitled to recover from Plaintiff First Funds' attorneys' fees and costs incurred in connection

with this action.

## **PRAYER FOR RELIEF**

Wherefore, First Funds respectfully requests that the Court grant it the following relief:

(a)    the entry of judgment for First Funds, dismissing Plaintiff's claims for relief in their entirety, with prejudice and costs;

(b)    a declaration that all claims of the '281 patent are invalid;

(c)    a declaration that First Funds has not and does not infringe any claim of the '281 patent and that First Funds is not liable for inducing or contributing to the infringement of any claim of the '281 patent;

(d)    a declaration that the '281 patent and all related patents are unenforceable for inequitable conduct;

(e)    a declaration that this case is exceptional;

(f)    an award of costs and attorney fees to First Funds; and

(g)    such other and further relief as this Court deems just and proper.

Defendant First Funds, LLC's Answer,
Affirmative Defenses and Counterclaims To Plaintiff's Amended Complaint

Dated:  August 17, 2007                    Respectfully submitted,


By:    */s/* R. Floyd Walker
                                    Willem G. Schuurman
                                    Texas State Bar No. 17855200
                                    bschuurman@velaw.com
                                    Brian K. Buss
                                    Texas State Bar No. 00798089
                                    bbuss@velaw.com
                                    Avelyn M. Ross
                                    Texas State Bar No. 24027817
                                    aross@velaw.com
                                    Hilary L. Preston
                                    Admitted Pro Hac Vice
                                    hpreston@velaw.com
                                    Joseph D. Gray
                                    Texas State Bar No. 24045970
                                    jgray@velaw.com
                                    Graham E. Sutliff
                                    Texas State Bar No. 24046935
                                    gsutliff@velaw.com
                                    R. Floyd Walker
                                    Texas State Bar No. 24044751
                                    fwalker@velaw.com
                                    **VINSON & ELKINS L.L.P.**
                                    2801 Via Fortuna, Suite 100
                                    Austin, Texas 78746
                                    Telephone: 512.542.8400
                                    Facsimile: 512.236.3476

                                    Douglas R. McSwane, Jr.
                                    State Bar No. 13861300
                                    J. Matt Rowan
                                    State Bar No. 24033137
                                    **POTTER MINTON**
                                    A Professional Corporation
                                    110 N. College
                                    500 Plaza Tower (75702)
                                    P.O. Box 359
                                    Tyler, Texas 75710
                                    Telephone: 903.597.8311
                                    Facsimile: 903.593.0846
                                    E-mail: dougmcswane@potterminton.com

                                    *Counsel for Defendant First Funds, LLC*

Defendant First Funds, LLC's Answer,
Affirmative Defenses and Counterclaims To Plaintiff's Amended Complaint

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 17th day of August, 2007.

By:  */s/* R. Floyd Walker
     R. Floyd Walker

Austin 869303_1.DOC